UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
───────────────────────────────

UNITED STATES OF AMERICA

        - against -                                S2 10 CR 228 (LTS)

DANIEL BONVENTRE,

        Defendant.

───────────────────────────────

## DEFENDANTS' JOINT REPLY MEMORANDUM IN SUPPORT OF PRETRIAL MOTIONS

Andrew J. Frisch
Jeremy B. Sporn
The Law Offices of Andrew J. Frisch
40 Fulton Street, 23rd Floor
New York, New York 10038
(212) 285-8000
Fax: (646) 304-0352
*Attorneys for Daniel Bonventre*

Eric R. Breslin
Duane Morris LLP
One Riverfront Plaza
1037 Raymond Boulevard, Suite 1800
Newark, New Jersey 07102
(973) 424-2000
Fax: (973) 424-2001
*Attorneys for Jo Ann Crupi*

Larry Howard Krantz
Krantz & Berman LLP
747 Third Avenue, 32nd Floor
New York, New York 10017
(212) 661-0009
Fax: (212) 335-5009
*Attorneys for George Perez*

Maurice H. Sercarz
Roland Riopelle
Diane Ferrone
Sercarz & Riopelle, L.L.P.
152 West 57th Street, 24th Floor
New York, New York 10019
(212) 586-4900
Fax: (212) 586-1234
*Attorneys for Annette Bongiorno*

Gordon Mehler
Law Offices of Gordon Mehler, P.L.L.C.
747 Third Avenue, 32nd Floor
New York, New York 10017
(212) 661-2414
Fax: (212) 661-8761
*Attorneys for Jerome O'Hara*

Defendants Daniel Bonventre, Annette Bongiorno, Jo Ann Crupi, Jerome O'Hara and George Perez submit this memorandum in reply to the government's brief in opposition to their pretrial motions.

## ARGUMENT

### The Government's Violation of this District's "Rules for the Division of Business Among Judges" Triggers a Disclosure Obligation Under Giglio v. United States, 45 U.S. 150 (1972), and Creates an Appearance of Impropriety Requiring Court Action

Before bringing its "superseding" charges in this case against cooperating defendants Eric Lipkin, Enrica Cotellessa-Pitz, David Kugel and Craig Kugel, the government brought new charges on three previous occasions in this case, but described none of them as "superseding" to the initial charge against Bernard L. Madoff. On each of those occasions, the charges were randomly assigned to different Judges. In responding to the defendants' pretrial motions, the government fails to explain why those charges were randomly assigned to different Judges, while its charges against new cooperators are properly characterized as "superseding." In fact, the government in its response does not even acknowledge the fact of the previous charges -- because it cannot harmonize the random assignment of those cases with its current claim that its "superseders" represent standard operating procedure.

The government's abrupt change in protocol and its labeling of new cases as "superseding" is plainly an artifice. It is devised to ensure that new cases against people who agree to cooperate are steered to a particular Judge, rather than a Judge whom the government fears might undermine its agenda by remanding the cooperator or subjecting the cooperator's prospective cooperation to extensive judicial scrutiny (both of which happened in this case before the government changed course and began labeling its new cooperator cases as "superseding"). No other explanation is plausible.

2

The recent guilty plea of Peter Madoff exposes the government's unprecedented protocol as a sham. Of the crimes to which Peter Madoff pled guilty, not one of them was committed with the shared intent of any of the trial defendants. Peter pled guilty to evading his income and gift taxes; signing or approving false documentation, including certifications of oversight of BLMIS's investment advisory business, BLMIS's registration as an investment advisor, and false reports to the Department of Labor about his wife's purported BLMIS's employment; and conspiring with his brother to use customer funds to make certain payments upon learning of the Ponzi scheme just before his brother's arrest. Plea Minutes of June 29, 2012, at 29-40. The government filed its charges against Peter as a "superseder" not because Peter could conceivably be considered part of the pending case, but because to do otherwise would acknowledge the artifice of the government's previous "superseders."

Other than its citation to the District's Rules, *United States v. Rahman*, (1994 U.S. Dist. LEXIS 10151 (S.D.N.Y. July 22, 1994), cited by the government, has nothing to do with the issue before the Court. The government in *Rahman* returned a true "superseding" indictment by adding new defendants and new charges to an existing case which was to proceed to trial. By contrast, the "superseders" here superseded nothing. The only consequence of the so-called "superseding" informations was to ensure that new cooperators' cases were assigned to a particular Judge whom the government believed would not undermine the government's agenda. As for the government's anecdotal disclosure of one cooperator's purported request that his or her charges not be treated as "superseding," that request can only be fairly considered if the Court requires counsel for *all* the cooperators to disclose all of their conversations with the government about its decision to bypass the rules of random assignment. Otherwise, the one disclosed comment does not provide the full context of the relevant universe of discussions and should be

disregarded.

By ignoring the earlier charges in this case, the government invites Your Honor to follow suit and sustain the government's change of protocol, while turning a blind eye to the fact of the change and the government's blatant judge-shopping. We believe that, if Your Honor acquiesces in the government's artifice, Your Honor will create a risk of a perceived bias in favor of the government's agenda. While we have full confidence in Your Honor's impartiality, we believe it is imperative that Your Honor be mindful of the appearance of bias and cause the cooperators' cases to be randomly reassigned so as to confirm with the local rules of this Court.

Further, the government chooses not to respond to the defendants' request that the government be barred from bolstering the credibility of the cooperators by eliciting from them that they are testifying before the Judge who will sentence him. As the government does not oppose that relief, it should be granted.

Dated:   July 9, 2012

/s/ *Andrew J. Frisch*
Andrew J. Frisch
Jeremy B. Sporn
The Law Offices of Andrew J. Frisch
40 Fulton Street, 23rd Floor
New York, New York 10038
(212) 285-8000
(646) 304-0352 (facsimile)

Eric R. Breslin
Duane Morris LLP
One Riverfront Plaza
1037 Raymond Boulevard, Suite 1800
Newark, New Jersey 07102
(973) 424-2000
Fax: (973) 424-2001
*Attorneys for Jo Ann Crupi*

Gordon Mehler
Law Offices of Gordon Mehler, P.L.L.C.
747 Third Avenue, 32nd Floor
New York, New York 10017
(212) 661-2414
Fax: (212) 661-8761
*Attorneys for Jerome O'Hara*

Larry Howard Krantz
Krantz & Berman LLP
747 Third Avenue, 32nd Floor
New York, New York 10017
(212) 661-0009
Fax: (212) 335-5009
*Attorneys for George Perez*

Maurice H. Sercarz
Roland Riopelle
Diane Ferrone
Sercarz & Riopelle, L.L.P.
152 West 57th Street, 24th Floor
New York, New York 10019
(212)) 586-4900
*Fax: (212) 586-1234*
*Attorneys for Annette Bongiorno*