DJF

THE LAW OFFICES OF
# ANDREW J. FRISCH

40 FULTON STREET
23RD FLOOR
NEW YORK, NEW YORK 10038

(212) 285-8000
FAX: (646) 304-0352

WWW.ANDREWFRISCH.COM

August 7, 2013

By Facsimile

The Honorable Laura Taylor Swain
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/8/13
```

Re:   United States v. Daniel Bonventre, et al.
      Criminal Docket Number 10-228 (LTS)

Dear Judge Swain:

   I write on behalf of Daniel Bonventre in the above-referenced case to supplement a letter which will be submitted to the Court today by Mr. Krantz on behalf of all defendants about the superseding indictment for which arraignment is scheduled for this Friday, August 9, 2013. I write separately to highlight certain issues relevant solely to Mr. Bonventre raised by the superseder.

   The typical practice in this District may be to accommodate a superseding indictment returned a reasonable time within an existing trial schedule, but the timing of this superseder is not reasonable, and this case is not typical. Your Honor recognized as much in requiring the government to produce its exhibits 60 days before trial and its 3500 material 45 days before trial. In this instance, the superseder cannot be accommodated with the existing schedule.

   As early as March 2012 when the defendants filed their first set of pretrial motions (and even before then informally), Mr. Bonventre sought clarification from the government as to whether Mr. Bonventre is charged with knowingly participating in Bernard L. Madoff's Ponzi scheme. As we argued in our motions, the indictment then pending described the Ponzi scheme at great length, but fell short of alleging that Mr. Bonventre was a knowing participant. As your Honor knows, defendants including Enrica Cotellessa-Pitz (who worked with Mr. Bonventre) disclaimed knowing participation in the Ponzi scheme upon entering guilty pleas. As Mr. Bonventre explained when he submitted renewed pretrial motions after return of an earlier superseder, "with charges that span decades and millions of documents, Mr. Bonventre does not know whether he needs to prepare to defend himself from the charge of knowing participation in the Ponzi scheme and/or something else." *Memorandum of Law in Support of Daniel Bonventre's Motion for Severance and Certain Disclosures*, January 28, 2013, at 7 [Document No. 327].

2

In responding to Mr. Bonventre's pretrial motions, the government demurred, responding evasively: "While the jury does not have to find that Bonventre was a knowing participant in Madoff's Ponzi scheme in order to convict him of the crimes charged, there certainly will be sufficient evidence for a jury to find that Bonventre did, in fact, know that Madoff was engaged in a Ponzi scheme." *Government's Memorandum of Law in Opposition to the Defendants' Pretrial Motions*, March 4, 2013, at 81, ECF No. 348. Lest there be any doubt about the government's position, the government later repeated that "the jury need not find that Bonventre knew about Madoff's Ponzi scheme in order to find him guilty of the charged crimes. However, there will be ample evidence from which the jury could conclude that Bonventre committed those crimes in order to knowingly facilitate the Ponzi scheme." *Id.* at 82.

Now, in the latest iteration of the allegations against Mr. Bonventre, the government does an abrupt 180 turn from its prior pronouncements about the case and expressly tethers charges against Mr. Bonventre to the Ponzi scheme. Thus, in a new section entitled "The Ponzi Scheme," the government alleges that Mr. Madoff and *co-conspirators specifically including Mr. Bonventre by name*, knew that funds of clients of Mr. Madoff's Investment Advisory business ("IA") were not invested as promised, and that Mr. Bonventre knowingly misappropriated money from those Ponzi-defrauded IA clients and converted such money to his own use:

> Madoff and his co-conspirators -- *including Daniel Bonventre*, Annette Bongiorno, Joann Cupi, a/k/a "Jodi", Jerome O'Hara, and George Perez, the defendants -- knew that the investment advisory client funds were not being invested as promised. Instead, Madoff and his co-conspirators -- again, *including Bonventre*, Bongiorno, Crupi, O'Hara, and Perez -- misappropriated client money and converted it to their own use, whether by perpetuating the fraud or simply stealing it for their own use and the use of others."

*Indictment* S10 at 4-5 (emphasis added). As evidence of Mr. Bonventre's knowing participation in the Ponzi scheme, new indictment alleges, again for the first time, that, just after Mr. Madoff's arrest, Mr. Bonventre admitted to investigators that he knew that "answers" about the Ponzi scheme were in certain bank records. *Indictment* S10 at 26-27. On top of all that, again for the first time, the new indictment, connects Mr. Bonventre to the Ponzi scheme by alleging that he was among the first to know about the firm's impending demise:

> Besides Madoff and DiPascali, among the first to know about the firm's impending demise were *Daniel Bonventre* and Joann Crupi, a/k/a "Jodi," the defendants, since they were the ones who kept track of the deposits and withdrawals in the Ponzi Account.

*Indictment* S10 at 25 (emphasis added).

These revelations are not cosmetic modifications or mere trifles. The government sat on these allegations for at least the past eighteen months, demurred in response to Mr. Bonventre's repeated and specific inquiries about whether he is alleged to have knowingly

participated in the Ponzi scheme, and elected to reveal precisely what Mr. Bonventre has specifically been asking about just before the deadline set by the Court for production of government exhibits.

Because of these late revelations, Mr. Bonventre joins in Mr. Krantz's request for a 60-day adjustment of the schedule. As it is, the complexity of this case and the volume of documents to review, on top of Mr. Bonventre's counsels' substantial commitments to other clients, will consume virtually every waking hour of their time from now until the date currently set for trial. In addition to the government's production of exhibits (whether or not they consume the terabyte of drive space requested by the government) and voluminous 3500 material, we have over 70,000 emails to review from a recent production made by the government, and four different experts to equip with relevant exhibits and 3500 material in order to comply with the deadline for expert notifications.

If convicted, Mr. Bonventre faces a virtual life sentence or close to it. Our task required Herculean effort before the superseder, and we do not believe we can effectively represent Mr. Bonventre by attending to all of the work already on our plate and, in addition, absorbing these new allegations and preparing to address them at trial, while also considering and preparing whatever severance motions and other requests for relief we believe we must make to protect his interests -- all because the government kept these explosive revelations under its hat for at least the past eighteen months since we first sought clarification about the Ponzi scheme.

For these additional reasons, Mr. Bonventre joins in Mr. Krantz's letter.

                        Respectfully submitted,

                        /s/

                        Andrew J. Frisch

cc: All Counsel