SERCARZ & RIOPELLE, LLP
810 SEVENTH AVENUE, SUITE 620
NEW YORK, NEW YORK 10019

1-212-586-4900
FACSIMILE 1-212-586-1234
www.sercarzandriopelle.com

ROLAND G. RIOPELLE
MAURICE H. SERCARZ*

*ADMITTED IN NY & NJ

September 9, 2013

BY ECF and HAND

Hon. Laura Taylor Swain
United States District Judge
Southern District of New York
500 Pearl Street, Rm. 755
New York, NY 10007

      Re: United States v. Annette Bongiorno, et al.,
        S10 10 Cr. 228 (LTS)

Dear Judge Swain:

  I write on behalf of all five sets of defense counsel with reference to the joint Jury Questionnaire due to the Court on September 9, 2013. I regret to inform Your Honor that the defendants have been unable to fashion a joint submission with the United States.

  I am enclosing the defendants' version of the Jury Questionnaire with this letter. I submitted this document to the government on August 5, 2013 on behalf of all five defendants. As the Court will see, the defendants proposed an extensive Jury Questionnaire, but we believe that it is appropriate given the notoriety of this case and the breadth of the government's allegations.

  We did not hear from the government regarding this document until last Friday, September 6th, when Mr. Zach sent us the government's proposed Jury Questionnaire attached to an email, a few moments before 6:00 p.m. We include that document, its covering email from Mr. Zach, and the defense's response email of later Friday evening for the Court's information.

  The defense version of the Jury Questionnaire and the government's version are polar opposites. While the defense seeks a wealth of information about the potential jury pool in a complicated case of national significance, the government apparently wishes to know next to nothing about the jurors who will be sworn to decide this case, at least until they are questioned during the voir dire process. We are frankly a bit surprised by the government's position and its submission to us so late this past Friday before an anticipated joint submission today.

SERCARZ & RIOPELLE, LLP

      It seems to us that it is important to all parties that they know a significant amount of detail about the jurors who will sit on this case. By including detailed questions in the Questionnaire, the voir dire process can be significantly more focused and limited. We are concerned that voir dire following a questionnaire of the sort proposed by the government – which only inquires as to hardship and media coverage in a cursory way – will need to be very extensive so that the parties will know enough about the prospective jurors to make a reasoned decision on whether they should serve. A lengthy and public voir dire process observed by the press is likely to be time consuming and will seem far more intrusive and prejudicial to the prospective jurors than the questionnaire, which can be completed and reviewed privately. It is our hope that, with an extensive questionnaire in hand for each juror, the voir dire process will be significantly shortened and will not be perceived by the jurors as unnecessarily intrusive or lengthy.

      Both the government and the defendants agree that a compromise is not possible on the issue of the questionnaire, given our widely divergent views of what is appropriate in this case. Accordingly, now that the Court has both proposals before it, we ask that the Court determine which questionnaire will be used during jury selection.

      We respectfully submit that the Court should rule that the defendants' questionnaire be used in connection with jury selection in this case.

Respectfully submitted,

Roland G. Riopelle

Encls.

Cc: AUSAs Matthew Schwartz, John Zach and Randall Jackson (By ECF)