THE LAW OFFICES OF
# Andrew J. Frisch

40 FULTON STREET
23RD FLOOR
NEW YORK, NEW YORK 10038

(212) 285-8000
FAX: (646) 304-0352

WWW.ANDREWFRISCH.COM

September 9, 2013

BY ECF

The Honorable Laura Taylor Swain
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

     Re:  *United States v. Bonventre* et. al., 10-cr-228 (LTS)

Dear Judge Swain:

     On behalf of all defendants in the above-referenced case, I write this letter seeking an order compelling the government to provide material covered by *Giglio v. United States*, 405 U.S. 150 (1972), not produced as part of the government's disclosures which were due on August 23, 2013. As counsel have reviewed the 12,506 pages of 3500 material and related documents, we have come to realize that the government has withheld a category of documents necessary for cross-examination of the government's main witness, Frank DiPascali, Bernard Madoff's lieutenant in the day-to-day operations of Madoff's Ponzi scheme.

     On August 11, 2009, DiPascali, appearing in court for the first time, pled guilty pursuant to a cooperation agreement before the Honorable Richard J. Sullivan. Over strenuous objections from both the government and DiPascali, Judge Sullivan remanded DiPascali. The government opposed remand, arguing that DiPascali's ability to provide substantial assistance to the government would be "hampered" and unduly "cumbersome" were he detained. DiPascali's counsel argued that DiPascali "understands that he has but one way to ever see the light of day and that is to satisfy the government that he is a trustworthy person." Judge Sullivan was unconvinced, citing DiPascali's lifetime of lies. Transcript of August 11, 2009, at 69-73, 81-82, 86-88.

     Thereafter, the government went to bat for Mr. DiPascali in an extraordinary way. It moved Judge Sullivan for reconsideration and wrote an *ex parte* sealed letter in December 2009 outlining DiPascali's historical and prospective cooperation. That letter has since been publicly filed but in such a heavily redacted form making it almost worthless in shedding light on the government's arguments on DiPascali's behalf or to determine the extent to which they contradict DiPascali's proffers.

DiPascali remained in custody for six months. Though Judge Sullivan ultimately accepted the government's arguments on DiPascali's behalf, he remained (and remains) skeptical about DiPascali and required the government to provide periodic updates about DiPascali's cooperation. The government's subsequent six letters, like the initial letter in December 2009, are heavily redacted, disabling the defendants from exercising their Sixth Amendment rights to confront fully the principal witness against them. The government's seven redacted letters are submitted herewith.

The defendants are entitled to the seven letters – unredacted – for at least two reasons. First, they apparently contain or are based on the substance of DiPascali's statements to the government to which the defendants are entitled under the Jencks Act, 18 U.S.C. § 3500, which requires disclosure of "any statement of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified."

Second, the defendants are entitled to the seven unredacted letters pursuant to *Giglio*. In a way unique to few cooperators, the government has provided DiPascali with an extraordinary benefit, even before seeking leniency for him at sentencing. DiPascali has been at liberty for the past three and a half years because the government went to bat for him upon his remand. DiPascali thus has a motive to testify consistent with the government's theory far greater than the typical cooperator. The Sixth Amendment's right to confrontation requires that the defendants be armed with these seven letters submitted by the government on DiPascali's behalf that have helped convince Judge Sullivan that DiPascali has been entitled to his continued liberty.

For these reasons, the defendants respectfully request that Your Honor order the government to produce fully unredacted copies of its seven letters to Judge Sullivan.

Respectfully submitted,

Andrew J. Frisch
The Law Offices of Andrew J. Frisch
40 Fulton Street, 23rd Floor
New York, New York 10038
212-285-8000

cc: All Counsel

Attachments