UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

UNITED STATES OF AMERICA            :

      -v-                                        :       S10 10 cr. 228 (S-2) (LTS)

DANIEL BONVENTRE, et al.             :

                                                   :
                   Defendants.
------------------------------------------------------X


# DEFENDANT BONGIORNO'S REPLY MEMORANDUM
# IN SUPPORT OF HER MOTIONS IN LIMINE


SERCARZ & RIOPELLE, LLP
810 Seventh Avenue, Suite 620
New York, New York 10019
(212) 586-4900
Fax: (212) 586-1234

*Attorneys for Defendant Annette Bongiorno*

## **PRELIMINARY STATEMENT**

Defendant Annette Bongiorno respectfully submits this Reply Memorandum in support of her motions in limine. As the government notes in its responsive brief, it has no issue with some of Ms. Bongiorno's motions. However, it continues to oppose Ms. Bongiorno's motion to preclude evidence of her expenditures and lifestyle. And the government seems "hell bent for leather" to include Ms. Bongiorno's name among those of many who used a Bernard L. Madoff Investment Securities, Inc. ("BLMIS") credit card, even though there is no allegation that she used that card improperly, and even though her usage of that card was de minimus compared to the usage of some others. For the reasons stated in Ms. Bongiorno's initial brief, and for those stated below, the government should be precluded from offering evidence concerning the manner in which Ms. Bongiorno spent the money she was paid by BLMIS or earned as an account holder at BLMIS. The government should also be required to redact Ms. Bongiorno's name from account statements for the BLMIS corporate American Express card, and the government should be directed to limit its proof concerning the use of that credit card by persons not on trial.[1]

I.   **THE GOVERNMENT SHOULD BE PRECLUDED FROM INTRODUCING EVIDENCE OF THE DEFENDANT'S EXPENDITURES AND USE OF THE PROCEEDS OF THE ALLEGED FRAUD**

In her initial Brief, Ms. Bongiorno moved in limine to preclude the government from introducing evidence of her lifestyle and the manner in which she and her husband spent the funds they received from BLMIS. Bongiorno Brief, p. 1-4. The government opposes this motion, and cites United States v. Quattrone, 441 F.3d 153, 187 (2d Cir. 2006), in support of its

---

[1] Ms. Bongiorno also contends that the government should be required to remove the term "fabricated" from its charts marked GX 2000-1 through 2000-5. She has no new arguments to add on this point, and therefore will spare the Court additional ink on this particular topic. She expects the Court will require the government to use a neutral word rather than a loaded one in any chart it intends to use at trial, because the government should not be arguing its case through demonstrative evidence. Ms. Bongiorno believes that she would have a good objection to any question that included the word "fabricated" to describe the trades she entered into clients' account statements because such a question would be argumentative. The same objection applies to the government's charts, which should not be argumentative.

argument that proof of "the defendants' compensation" is generally relevant "because it demonstrates a motive to engage in the charged crimes." Government Brief, p. 5. The government's argument sets up a straw man, and misperceives Ms. Bongiorno's argument.

Ms. Bongiorno recognizes that the government can prove the facts relating to her compensation as a BLMIS employee and that the government can prove the facts relating to her profits as a BLMIS account holder, if that evidence is offered for a proper purpose. For this reason, Ms. Bongiorno does not challenge the government's right to prove the amounts she was paid and the amounts she received from her investment account at BLMIS. Once it has proven that Ms. Bongiorno was paid what it alleges is a lot of money, the government will be free to argue that Ms. Bongiorno had a motive to engage in the alleged fraud by working at BLMIS, because she was being paid a lot of money (in the government's view) by BLMIS, and her income stream would be cut off if BLMIS ceased operating.

What the government may not do in this case is to offer proof of the ways in which Ms. Bongiorno and her husband decided to spend the money they received from BLMIS, *after they received it*. See United States v. Ewing, 936 F.2d 903, 906 (7th Cir. 1991); United States v. Hatfield, 685 F. Supp.2d 320, 326 (E.D.N.Y. 2010) ("it is irrelevant if Mr. Brooks spent his fortune on lavish parties, instead of donating it to starving Malawian orphans"). The government apparently had the good sense not even to try to offer such proof in Quattrone, where the government limited its proof to Mr. Quattrone's "substantial salary." 441 F.3d at 187. The jury in Quattrone apparently never got to hear the sort of unfairly prejudicial proof that the government would like to offer against Ms. Bongiorno – that she owned beautiful homes, drove luxury cars, and liked to buy her sweater sets at Nordstrom's. We still don't know what sort of

house Mr. Quattrone lived in, or what kind of car he drove, where he liked to shop and what he liked to spend his money on. That is as it should be.

Ms. Bongiorno's trial should not be hijacked by reams of proof which will be offered by the government for the sole purpose of inflaming the jury, such as documents relating to the purchase of her husband's Bentley and her Mercedes (GX 105-B485 and 105-B488), both of which were seized long ago and impounded, or the American Express statements relating to Ms. Bongiorno's use of her own credit card (GX 200-59 through GX 200-70). None of this proof is alleged by the government to be "off the books" income paid by BLMIS to Ms. Bongiorno, so none of this proof is relevant to show that Ms. Bongiorno was well compensated for her work at BLMIS, and might therefore have a motive to perpetuate the alleged fraud. The government's misguided hope here is clearly to make the jury jealous of the items Ms. Bongiorno and her husband were able to buy with the proceeds of her work at BLIMIS and the accounts they held at BLMIS. The government seeks to tap into the public's generalized anger at "Wall Street Greed," which has the potential to result in an unjust verdict "fabricated" from the jury's emotional response to proof that is not tethered to any element of the charges against Ms. Bongiorno. Such inflammatory proof is exactly the sort of thing the Court should exclude pursuant to Fed. R. Evid. 403.

Once it proves that Ms. Bongiorno received substantial funds from BLMIS, the government has all the proof it needs to argue motive. Whether Ms. Bongiorno chose to spend those funds on beautiful homes, luxury cars, or trips to nice department stores is utterly irrelevant to her motive to commit the crimes she is charged with or any element of those crimes. In fact, the government does not even try to argue that Ms. Bongiorno's expenditures of the funds she

3

received are relevant to any element of any crime charged against her, and it does not even try to argue that Ms. Bongiorno's expenditures were "off the books" income to her.

For all the foregoing reasons, as well as those stated in Ms. Bongiorno's initial brief, Fed. R. 403 requires that evidence of Ms. Bongiorno's expenditures be excluded, because it will only distract and confuse the jury, and unfairly prejudice Ms. Bongiorno.

## II. THE GOVERNMENT SHOULD BE PRECLUDED FROM OFFERING PROOF CONCERNING MS. BONGIORNO'S USE OF THE BLMIS CREDIT CARD

In footnote 1 of its brief, the government misconstrues Ms. Bongiorno's argument concerning her use of the BLMIS American Express card. Ms. Bongiorno does not "seek an order excluding statements from the corporate Madoff Securities American Express card." Government brief, p. 5, n. 1. All Ms. Bongiorno seeks is the redaction of references to her from the government's exhibits relating to the use of the BLMIS credit card account. Bongiorno brief, p. 4. As Ms. Bongiorno pointed out in her opening brief, "there is no allegation in the indictment that Ms. Bongiorno used this card improperly, and there has been no disclosure under Federal Rule of Evidence 404(b) to suggest that Ms. Bongiorno's use of a BLMIS credit card is somehow evidence that sheds light on the charges in the indictment." Bongiorno brief, p. 4.

In its responsive brief, the government does not even suggest that Ms. Bongiorno misused the BLMIS credit card in any way by making unauthorized purchases, or that her use of the BLMIS credit card was somehow unreported income to her. In addition, Ms. Bongiorno's relatively modest and authorized use of the BLMIS credit card adds nothing to the government's argument that her compensation at BLMIS is proof of her motive to help BLMIS succeed – the amounts Ms. Bongiorno properly spent on the BLMIS credit card are quite small in comparison to her total compensation at the BLMIS firm. Nothing in the government's responsive brief argues to the contrary. Therefore, her lawful and modest use of the BLMIS credit card is not

4

relevant to the issue of her guilt or innocence and adds nothing to the government's arguments. This evidence should be precluded insofar as it relates to Ms. Bongiorno, by redacting her name from the BLMIS credit card statements.

In its brief, the government argues that "the *fact* that Bongiorno had a corporate card is relevant because the universe of people who had them was confined to those closest to Madoff." Government Brief, p. 5, n. 1. More than 20 different friends, employees of BLMIS and others used the BLMIS credit card in some months, and many of the persons using the BLMIS credit card were not designated unindicted co-conspirators by the government in its August 23, 2013 letter. So the government concedes that many of those who were close to Mr. Madoff and used the BLMIS credit card – Ruth Madoff, Daniel Pennachio, Charles Weiner and Stephen Kay, for example – were not co-conspirators. If the use of the BLMIS credit card was not limited to Mr. Madoff's co-conspirators, mere proof that a person used the card is not proof that the person was a member of the conspiracy itself, and the probative value of mere usage of the card is minimal.

For all the reasons stated above and in her opening brief, Ms. Bongiorno respectfully requests that the Court direct the government to redact all references to her from any records the government will offer relating to the BLMIS American Express account. References to Ms. Bongiorno are irrelevant and unfairly prejudicial. Fed. R. Evid. 401, 403. If references to Ms. Bongiorno are not redacted, the jury is likely to be bamboozled into believing that Ms. Bongiorno's conduct in using the BLMIS American Express card is somehow evidence of her guilt, simply because some BLMIS employees and others appear to have used the BLMIS American Express card improperly.

Ms. Bongiorno also requests that the Court direct the government to limit its proof to the expenditures on the BLMIS American Express card which it contends amount to the improper

use of the credit card by a defendant or a government witness, or which it contends are a defendant's undeclared income. Proof that other persons used the BLMIS credit card should be excluded from the jury's consideration as an unnecessary "waste of time" and "cumulative." Fed. R. Evid. 403. Such proof has nothing at all to do with any defendant's guilt or innocence, and it has nothing to do with the credibility of any witness. Proof of this sort will only inflame the jury and distract it from the evidence it *should* consider, unfairly prejudicing Ms. Bongiorno.

## CONCLUSION

For all the foregoing reasons, as well as those stated in her opening brief, Ms. Bongiorno respectfully requests that the Court grant her motions in limine in their entirety.

Dated: New York, New York
September 19, 2013

Respectfully submitted,

SERCARZ AND RIOPELLE, LLP

By: _____
Roland G. Riopelle, Esq. (RR-2950)
Maurice H. Sercarz, Esq. (MS-7040)
810 Seventh Avenue, Suite 620
New York, New York 10019
Telephone: (212) 586-4900
Email: rriopelle@sercarzandriopelle.com

*Attorneys for Defendant
Annette Bongiorno*