*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

September 24, 2013

BY ECF

Honorable Laura Taylor Swain
United States District Judge
Southern District of New York
500 Pearl Street, Suite 755
New York, New York 10007

     Re:    *United States v. Daniel Bonventre, et al.*
              No. S10 10 Cr. 228 (LTS)

Dear Judge Swain:

      We write in response to the September 22, 2013 letter to the Court from counsel to Daniel Bonventre concerning Dara Schneider, the Government's proposed accounting expert.

      As the Court is aware from the Government's supplemental opposition brief, on or about September 12, 2013, the Government augmented its expert disclosures after the parties conferred in an attempt to resolve various defense objections. In those supplemental disclosures, the Government identified particular instances of accounting misconduct about which Ms. Schneider will testify. By agreement of the parties – an agreement that Bonventre has taken full advantage of which respect to his tax and ERISA experts – the Government consented to allowing defense counsel to make their expert disclosures 30 days from the date of the supplemental disclosure *if, and only if, the defendants withdrew their objection to the corresponding expert.*

      In his letter, however, Bonventre seeks to both press his objection to the Government's expert and to get the benefit of additional time. That request should be denied.

      *First*, as the Government explained in its supplemental opposition brief, the Government's original expert disclosures were sufficient, and its supplemental disclosures were above and beyond what is required by Rule 16. Indeed, Bonventre seems to concede this point, but tries to tie it to Court extending his own due date. *See* 9/22/2013 Letter at 1-2 ("If the Court permits the defense to submit its expert disclosures on these specific transactions on or after October 12, 2013, but does not commence trial until October 15, 2013, Mr. Bonventre does not object to the supplemental notice. . . ."). The two have nothing to do with one another, however – the Government's disclosure is either sufficient, or it is not. And it is. That is true not only of the two customer bond transactions and FOCUS reports mentioned in the Government's disclosures, but for the entirety of Ms. Schneider's proposed testimony. Notably, Bonventre's response fails to grapple with *United States v. Mehta*, 236 F. Supp. 2d 150 (D. Mass. 2002), in

which Judge Gertner found that a Magistrate Judge abused his discretion in requiring a litigant to identify particular instances of GAAP non-compliant accounting – precisely what Bonventre claims is required here.

*Second*, Bonventre should not be afforded additional time to make his own expert disclosures, let alone to make them in the middle of trial. The Government consented to adjournments of certain expert disclosures until October on the condition that defendants withdrew their objections. Having elected to press his objection, Bonventre should not get the benefit of that deal. The deadline for defense expert disclosures has already passed; Bonventre should therefore be required to make his immediately.[1]

*Third*, and finally, Bonventre's letter references a proposed delay between jury selection and opening statements. The parties had agreed, subject of course to the Court's approval, to jointly request a 48-hour pause between the completion of jury selection and the start of opening statements. The reasons for that request are primarily to accommodate logistical concerns associated with what may be a lengthy jury selection process, including giving witnesses – some of whom are coming from out of state or out of the country – sufficient lead time in advance of their testimony. That request, which the parties have been discussing for several weeks and which we were planning to raise at tomorrow's pretrial conference, has nothing to do with the timing of expert disclosures, however.

Thank you for your consideration.

Respectfully,

/s/
MATTHEW L. SCHWARTZ
JOHN T. ZACH
RANDALL W. JACKSON
Assistant United States Attorneys
Tel.: (212) 637-1945

cc:   BY ECF

Andrew Frisch, Esq.
Roland Riopelle, Esq.
Eric Breslin, Esq.
Gordon Mehler, Esq.
Larry Krantz, Esq.

---

[1] By letter dated September 23, 2013, Bonventre disclosed certain proposed defense experts, including a firm with expertise in GAAP accounting. It may be that the September 23, 2013 letter constitutes Bonventre's complete disclosure on accounting issues, in which case that part of his application is moot. If Bonventre's expert will offer additional opinions not fairly encompassed in his September 23, 2013 disclosure, however, he should be required to make them immediately.