UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

UNITED STATES OF AMERICA

   -v-                                                No.  10 Cr. 228 (S10) (LTS)

DANIEL BONVENTRE et al.,

        Defendants.

-------------------------------------------------------x

### ORDER

        To the extent that it was not already resolved by the parties, for the reasons stated on the record at the final pretrial conference on Wednesday, September 25, 2013, Defendant Jo Ann Crupi's motion in limine is granted in part and denied in part.  The Government will be permitted to introduce evidence of Crupi's compensation, but not expenditure evidence; Crupi's request to strike the reference to her purchase of a beach house from the S10 Indictment is denied; and in light of the Government's representations on the record, her request to preclude victim impact testimony is denied without prejudice to renewal during trial in connection with specific testimonial proffers.

        For the reasons stated on the record at the September 25, 2013, conference, the elements of Defendant Annette Bongiorno's motion in limine that were not resolved between the parties are also granted in part and denied in part.  The Government will be permitted to introduce evidence of Bongiorno's compensation, including in-kind compensation from Madoff Securities, but not evidence of purchases made with cash compensation; Bongiorno's motion to strike the word "fabricated" from certain exhibits is denied.  The parties have been instructed to

discuss further the Government's anticipated presentation at trial of monthly corporate credit card statements that include information relating to Bongiorno's use of that card, and are to inform the Court by letter if they are unable to resolve the issue.

Similarly, to the extent that the motion has not already been resolved by the parties and for the reasons stated at the September 25, 2013, conference, Defendant Daniel Bonventre's motion in limine is granted in part and denied in part.  The Government may introduce evidence of Bongiorno's compensation, including in-kind compensation from Madoff Securities, but not evidence of purchases made with cash compensation; the aspects of Bonventre's motion seeking to preclude the Government from introducing evidence derived from Government Exhibit 206-7 and from introducing evidence of Bonventre's alleged tax misconduct prior to 2004 are denied without prejudice to renewal; Bonventre's request to preclude Dara Schneider's testimony on the FOCUS reports is denied as to those reports specified in paragraphs 155, 156 and 157 of the S8 Indictment and the Government has been directed to write a letter to defense counsel and to the Court detailing any other transaction information identified in the S8 Indictment about which Ms. Schneider is expected to testify. The aspects of Bonventre's motion relating to severance and for a bill of particulars, the latter of which is joined by Perez and O'Hara, are denied.

Bonventre's letter motion seeking the unredacted version of the eight letters that the Government sent to Judge Sullivan detailing Frank DiPascali's cooperation is also denied, for the reasons stated on the record at the conference.

Bonventre's letter motion to preclude the admission of photos of the screw sculpture or the sculpture itself is granted, as is his motion to preclude evidence relating to Mark Madoff's suicide, for the reasons stated on the record at the conference.

This Order resolves docket entry numbers 406, 409, 412, 418, 440 and 447.

The Clerk of Court is also instructed to terminate docket entry numbers 399, 443 and 444, which were resolved by earlier Court orders.

SO ORDERED.

Dated: New York, New York
September 26, 2013

>
> _____/S_____
> LAURA TAYLOR SWAIN
> United States District Judge