

Larry H. Krantz
Marjorie E. Berman

Wendy Gerstmann Powell
*Special Counsel*

Kimberly A. Yuhas

David V. Kirby
Aaron Twersky
*Of Counsel*

Writer's E-mail
lkrantz@krantzberman.com

September 30, 2013

**BY ECF**

Honorable Laura Taylor Swain
United States District Judge
Southern District of New York
500 Pearl Street, 8th Floor Mailroom
New York, New York 10007

      Re:    **U.S. v. Bonventre, et al., 10 Cr. 228 (LTS)**

      We represent defendant George Perez in the above matter, and write on his behalf, as well as on behalf of co-defendant Jerome O'Hara. We write to raise an additional evidentiary issue that we respectfully ask the Court to resolve prior to opening statements. We have discussed this issue with the government, but have been unable to reach a resolution. In the alternative, we ask that the issue be excluded from opening statements, and that the evidentiary issue be resolved during the trial.

      Specifically, in paragraph 54 of Superseding Indictment S10 – filed just weeks before trial -- the government raised a brand new allegation against both Perez and O'Hara, regarding conduct that occurred *after* the arrest of Bernard Madoff, while Perez and O'Hara were still working at Madoff Securities. That allegation reads as follows:

> 54.    JEROME O'HARA, and GEORGE PEREZ, the defendants, were also temporarily retained at Madoff Securities. On or about February 24 and 25, and March 5 and 6, 2009, O'HARA and PEREZ accessed the Madoff Securities computer systems without authorization and printed, among other things, numerous programs associated with the fraudulent investment advisory business. When confronted, PEREZ claimed that he had printed programs that he had created in order to show potential employers his work. O'HARA likewise admitted that he had accessed and printed certain files.

There is no dispute that both Perez and O'Hara immediately returned what had been printed, upon being asked to do so by a representative of the Trustee.

Honorable Laura Taylor Swain
Date:  September 30, 2013
Page 2 of 3

      We respectfully move to preclude evidence of these allegations.  Such proof would be both irrelevant under Rule 401 and unfairly prejudicial under Rule 403.

      There is no question but that the allegations contained in paragraph 54 do not constitute part of the charged criminal conduct, since the conspiracy set forth in the Indictment is alleged to have ended by December 11, 2008.  Moreover, the government may not "bootstrap" the admissibility of this evidence simply by including it -- 4 years later -- in S10.  Thus, the only possible basis for admitting this evidence would be as "consciousness of guilt."  However, the proffered evidence fails entirely to support such an inference – and is far more consistent with an innocent explanation.  Moreover, since Perez and O'Hara deny that they lacked authority to access the computer system at that time (indeed, they were kept on specifically for the purpose of accessing the system), or that they had any nefarious intent in printing out these programs, there will of necessity have to be a "trial within a trial" on these issues.  This will overly prolong and confuse what is already a lengthy and confusing trial.  For these reasons, the evidence should be excluded, and that portion of the Indictment redacted.

      Simply put, there is nothing inherent in the act of printing out programs that is suggestive of consciousness of guilt, or reflects any attempt to cover-up illegal actions.  Indeed, the act of merely printing out certain programs did *nothing* to insulate them from liability or to obstruct the government's investigation.  Thus, protecting themselves from criminal exposure could not possibly have been their motive, as it would have made no sense whatsoever.  Accordingly, there is neither evidence nor logic to support the government's argument.  Indeed, there is simply nothing to rebut the innocent explanation provided by Mr. Perez at the time, namely, that he was printing out some examples of his programming "in order to show potential employers his work." Rather, this obvious explanation has both the ring of truth and is uncontradicted by any evidence. Thus, the government's desired inference is rank speculation.  This is surely why this allegation was never made before, in all the prior iterations of the charges stretching back to 2009, despite the fact that the government has been well aware of these facts for several years.  Indeed, the situation is strikingly reminiscent of the Rule 404 (b) tax evidence against our clients that Your Honor recently excluded as insufficiently probative and unfairly prejudicial.  There too, the government never saw fit to charge our clients with tax fraud despite the passage of years and a continuous investigation.

      In short, the government is clearly grasping at straws in seeking to admit this evidence, and it should be excluded as irrelevant and purely speculative.  Moreover, the evidence should be excluded under Rule 403, because it will lead to a wholly unnecessary and confusing "trial within a trial" as to whether Perez and O'Hara were authorized to access the computer system in February and March of 2009, and what their motivation was in printing out certain programs (which they immediately returned upon request).   Alternatively, we ask that this issue be precluded in opening statement, and that Your Honor address the admissibility of this evidence during the trial.

Honorable Laura Taylor Swain
Date:  September 30, 2013
Page 3 of 3

                        Respectfully submitted,

                        By:   /s/ Larry H. Krantz
                            Larry H. Krantz

cc:     Matthew Schwartz, AUSA (by ECF)