THE LAW OFFICES OF
# ANDREW J. FRISCH

| | |
|---|---|
| 40 FULTON STREET | (212) 285-8000 |
| 23RD FLOOR | FAX: (646) 304-0352 |
| NEW YORK. NEW YORK 10038 | WWW.ANDREWFRISCH.COM |

October 6, 2013

BY ECF

The Honorable Laura Taylor Swain
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

> Re:    United States v. Bonventre et. al.
> Criminal Docket No. S10 10-228 (LTS)

Dear Judge Swain:

I write in advance of Tuesday morning's scheduled pretrial conference to advise Your Honor of issues that remain open.

On behalf of all defendants, I write to advise Your Honor that the government has agreed to provide us each Thursday with the following week's witnesses. We appreciate the government's accommodation and expect this advance disclosure will enhance the efficiency of the trial. We have also asked the government to provide us each Thursday with a list of the following week's government exhibits at the same time it discloses the following week's witnesses. In a case with so many exhibits, advance disclosure will enable the defense to pull out the exhibits and discuss them with the defendants each weekend rather than delay trial while we locate and discuss them, and will further enable the parties to tee up for Your Honor as many potential disputes about admissibility before each trial day begins. There may be too many exhibits to promise  that we can give Your Honor advance notice of all potential disputes, but advance notice of exhibits will serve to narrow the universe. The government has yet to agree to advance disclosure of exhibits, but we have every confidence it will.

In addition, on behalf of Mr. Bonventre, the following issues remain unresolved. We maintain our objection to the government's reliance on GX 206-7, the 500,000 page amalgamation of statements, checks and other documents related to BLMIS' Chase Bank accounts used by the investment advisory business. We object to the government's use of any specific checks contained therein as they have not been produced to us. The government has been afforded amply time to make this production, and sufficient time for analysis of the checks by our expert accountants has passed.

We also maintain our objection to the government's reliance on uncharged evidence of Mr. Bonventre's receipt of benefits, the only apparent purpose of which is to show Mr. Bonventre's alleged propensity to evade taxes. This evidence falls into two categories: (1) evidence of Mr. Bonventre's receipt of such benefits as long ago as at least a decade beyond the statute of limitations which we have previously addressed; and (2) another category that has become apparent as we prepare for trial: evidence of benefits that post-date the charged crimes, that is, receipt of benefits after Mr. Bonventre filed his tax returns for 2007. Both categories of evidence should be precluded.

We also maintain our objection to the testimony of government expert Dara Schneider. As we previously advised the Court, we have attempted to accommodate the government's violation of Your Honor's order requiring that expert notice be provided by August 23, 2013. We agreed to accept the government's notice of September 12, 2013, on the condition that our experts may respond by October 12, 2013. But the government has yet again provided additional notice, by letter dated September 26, 2013. Among other things, the thirty days for reciprocal defense notice contemplated by Your Honor would take us to Monday, October 28, 2013 (thirty days falls on a weekend), weeks into the trial, thereby severely prejudicing Mr. Bonventre.

By its September 26th letter, the government gave notice that Ms. Schneider's prospective testimony would, among other things addressed below, embrace paragraphs 158-160 of the S8 indictment. Though that notice is late, it is sufficiently related to an earlier related expert notice for Ms. Schneider, and Mr. Bonventre does not object. But in its September 26th letter, the government, for the first time, advised us of Ms. Schneider's prospective testimony about other paragraphs of the S8 and S10 indictments that are too far afield to be permitted, as described hereinafter. Further, the government's letter makes no attempt to even identify the bases of Ms. Schneider's related opinions, rendering the entirety of the disclosure in violation of Rule 16.

For example, the government cites paragraph 46 of the S10 indictment, alleging Mr. Bonventre's receipt of BLMIS benefits, which has no apparent connection to Ms. Schneider's financial industry expertise (and which is based in part on checks in GX 206-7 to which we independently object for the reasons stated above). Further, the government cites paragraphs 131-34 of the S8 indictment (relating to transfer of funds between bank accounts), paragraphs 218-224 of the S8 indictment (relating to a loan sought in 2008), and paragraphs 161-62 of the S8 indictment (relating to a line of credit), all of which allege complicated transactions and the intricate accounting therefor for which the full thirty days for reciprocal notice ordered by Your Honor is necessary. It is not for the defendant to intuit what subject matters the government may delegate to expert testimony and prepare as if timely notice was provided. We have accommodated the government's late expert notice when we can, but notice on September 26th for an early October trial is inadequate and unfair in a case in which the other preparation by experts and counsel alike is overwhelming.

Finally, we ask permission for a representative of Reliance Hub LLC, Mr. Bonventre's financial industry expert, to be permitted to sit with counsel from time to time during the trial. As Your Honor knows, the government's presentation will include testimony

about complex concepts and protocols related to the financial services industry. To facilitate our ability to cross-examine the relevant witnesses without delay, we ask that one of our experts be permitted to assist us.

Respectfully submitted,

Andrew J. Frisch

cc: All Counsel