# DuaneMorris®

FIRM and AFFILIATE OFFICES

NEW YORK
LONDON
SINGAPORE
PHILADELPHIA
CHICAGO
WASHINGTON, DC
SAN FRANCISCO
SILICON VALLEY
SAN DIEGO
BOSTON
HOUSTON
LOS ANGELES
HANOI
HO CHI MINH CITY
ATLANTA
BALTIMORE
WILMINGTON
MIAMI
PITTSBURGH
NEWARK
LAS VEGAS
CHERRY HILL
BOCA RATON
LAKE TAHOE
MUSCAT, OMAN
"A GCC REPRESENTATIVE
OFFICE OF DUANE MORRIS"

MEXICO CITY
ALLIANCE WITH
MIRANDA & ESTAVILLO

ERIC R. BRESLIN
DIRECT DIAL: +1 973 424 2063
PERSONAL FAX: +1 973 556 1552
E-MAIL: erbreslin@duanemorris.com

www.duanemorris.com

October 7, 2013

**VIA ECF AND HAND DELIVERY**

Hon. Laura Taylor Swain
United States District Judge
Southern District of New York
500 Pearl St., Room 755
New York NY  10007

Re:     *United States v. Joann Crupi, et. al.*, 10-cr-228 (LTS)

Dear Judge Swain:

    We move *in limine* to permit counsel to play for the jury as part of our opening statement, a segment from a videotape of a conference participated in by Bernard L. Madoff on October 20, 2007 in New York City entitled "The Future of the Stock Market."  In this conference, also attended by designated government witness Joshua Stampfli, Mr. Madoff makes certain statements about his business and about the possibility of the commission of acts of financial fraud or misconduct in light of existing government regulations and their sophistication and breadth.  This video received wide media coverage at and around the time of Mr. Madoff's arrest in 2008.

    We believe Mr. Madoff's statements comprise admissible evidence.  Again, in order to save time and make these proceedings as efficient as possible, we bring this matter to Your Honor now.

    On September 23, 2013, we provided the government with a copy of the video and a highlighted transcript with time stamps of the relevant segments.  Copies of these materials are being hand-delivered to Your Honor's chambers today.

    On October 5, 2013, the government indicated that it will stipulate to the authenticity of the video, but may object on hearsay grounds and will object to the video's relevance under Rule

---

Hon. Laura Taylor Swain
October 7, 2013
Page 2

DuaneMorris

401, and its admissibility under Rule 403. There is no valid objection to preclude this evidence, and accordingly, we ask the Court's permission to utilize this videotape in opening statements.

### This Evidence is Not Hearsay

First, there can be no objection to the use of this videotape on hearsay grounds. The video is not hearsay as it is not offered for the truth of the matter asserted. In fact, since all parties recognize that Mr. Madoff was not telling the truth when he spoke at this conference, his statements cannot be offered and are not offered for the truth of the matters contained therein. In fact, they are being offered for the "non-truth" of the matters asserted—the very opposite of prohibited hearsay.

The video shows how Mr. Madoff looked, acted, spoke and carried himself when discussing both the business of Madoff Securities and the securities markets generally. It demonstrates his power and believability; the aura of confidence he exuded, and the purported authority and expertise that Mr. Madoff could bring to bear when discussing these topics. It is being offered for that purpose, not the substance of any statement contained therein. It is just not hearsay.

### The Evidence is Relevant and Should be Admitted

The government has indicated that it will object to the relevance of this video under Rule 401. Far from being irrelevant, this video is directly relevant to the defense. The recording shows how Mr. Madoff handled himself and the ease and fluency with which he would, could, and did dissemble to a large group of people—in this case, a group of industry insiders. We submit it is relevant so that the jury can understand how Mr. Madoff misled so many for so long; not only his customers, but the media, the government and ultimately his employees as well.

The jury will invariably ask itself how these defendants could have worked for Mr. Madoff for so long and now claim that they did not know the full truth of what was occurring at Madoff Securities. Indeed, the juror questionnaires we have already reviewed indicate that over 100 prospective jurors already believe that anyone who worked with Mr. Madoff must be guilty. This video answers the question "how could they have worked there and not have known?"— and it is surely a relevant and important question and answer that the defense needs to address. We intend to try to prove just how believable Mr. Madoff actually could be. Integral to that is our ability to show just how respected he was in his industry, and how terribly plausible he could appear.

We ask the Court to watch this video. There was a moderator, other panelists and an audience. No one jumped up and yelled "liar" or "cheat" when Mr. Madoff was introduced or when he spoke. Mr. Madoff's statements were received respectfully. He was treated with gravitas and the deference befitting a panelist and a leading member of the financial community. Even more startling, is Mr. Madoff's incredible calm and confidence throughout. Knowing the

Hon. Laura Taylor Swain
October 7, 2013
Page 3

DuaneMorris

truth, as he did, this appearance was both an act of daring and bravado, but also a testament to a super-normal ability to face people down and lie convincingly. This "skill"—if one is to call it that—is going to be an important part of our defense.

Bernard L. Madoff was not some "down-at-the heels" grifter, but was rather an industry insider and business titan, with all the rights and privileges that such status afforded. This video demonstrates to the jury, as much or more than any testimony will, just how it was possible that the defendants could have believed in this man for many years. It makes this asserted fact more probable than it would be without the videotape and is of consequence to determining state of mind. *See* Fed. R. Evid. 401. The video is clearly relevant.

### The Rule 403 Balance Favors Admission of the Evidence

The balance of factors from Rule 403 favor admission, not preclusion of this evidence. Rule 403 permits the exclusion of relevant evidence if the probative value of that that evidence outweighs the danger of unfair prejudice, confuses the issues, misleads the jury, causes undue delay, wastes time, or presents cumulative evidence.

We can conceive of no argument by which the government can argue that this videotape somehow creates unfair prejudice. We offer it for the exact same proposition that the government will repeat over and over: that Mr. Madoff was a liar. We believe it is essential to show the jury the face and mannerisms of the man at the center of this case and the center of our defense. It is powerful evidence for the defense, showing as it does, Mr. Madoff's utter and complete believability, his cold control under pressure, and his convincing fabrications. Nor will it serve to create any confusion since there really is no question who served as the liar-in-chief in the charade at Madoff Securities. Finally, it wastes no time, consisting of a few short minutes of footage.

Considering the powerful nature of this evidence, the Rule 403 balance should fall squarely in favor of the admissibility of the video.

### The Court Has the Discretion to Permit the Video in Opening Statements

The Court has the discretion to permit the playing of the video in opening statements where the video may be properly admitted into evidence. *See, e.g., Jordan v. Binns*, 712 F.3d 1123, 1134-35 (7th Cir. 2013) (permitting use of police crash report as a demonstrative aid during opening statements).

While the Second Circuit has not ruled on this definitively, other Federal and state courts have indicated that video presentations during openings are perfectly acceptable or, at the very least, subject to the trial court's discretion. *See, e.g., Sadler v. Advanced Bionics, LLC*, No. 3:11-cv-00450-TBR, 2013 WL 1340350, *3 (W.D. Ky. Apr. 1, 2013) (permitting videotaped deposition excerpts to be used in opening statements); *MBI Acquisition Partners, L.P. v.*

Hon. Laura Taylor Swain
October 7, 2013
Page 4

DuaneMorris

*Chronicle Pub. Co.*, No. 01-c-0177-C, 2002 WL 32349903 (W.D. Wis. Oct. 2, 2002) (permitting use of excerpts from video depositions during opening); *State v. Brink*, No. 34391, 2008 WL 9471256, *5-6 (Ct. App. Idaho Nov. 7, 2008) (playing of videotape not later admitted into evidence not error or prosecutorial misconduct as it allowed jurors to place later evidence in context.); *see also Brown v. Paul*, No. 2002-CA-001766-MR, 2003 WL 21512549, *2-3 (Ct. App. Ky. Jul. 2, 2003) (replaying videotape during deliberations that was played at opening, but never offered into evidence, not error where properly authenticated).

Of the circuit courts, both the Third and the Seventh Circuits have determined that demonstrative evidence may be used opening statements. In *Jordan*, the Seventh Circuit upheld the use of a police report during the opening, noting that the jury was instructed that opening statements are not evidence and that such an instruction "protects against any prejudice resulting from a lawyer's reference during opening statements to evidence that ultimately is not admitted during trial." *Jordan*, 712 F.3d at 1135. In *United States v. De Peri*, the Third Circuit refused to find error where the government introduced a summary chart in its opening. *See* 778 F.2d 963, 979 (3d Cir. 1985). The court found that "as long as the opening statement avoids references to matters that cannot be proved or would be inadmissible there can be no error…" and that the use of the chart "certainly did not 'poison the jury's mind'. . .nor did it allude to 'items of highly questionable evidence." *Id.* (quoting *Gov't of Virgin Islands v. Turner*, 409 F.2d 102, 103 (3d Cir. 1968); *see also United States v. Crockett*, 49 F.3d 1357, 1360 (8th Cir. 1995) (visual aids summarizing evidence admissible in closing arguments in the discretion of the trial judge).

The government has agreed to the authenticity of this video. As demonstrated above, the video is not hearsay. It is further admissible under Rules 401 and 403.[1] It is, in fact, a powerful defense video that serves as a potential fulcrum for all defendants. The Court may, in its discretion, permit the video to be used during opening. We respectfully request that the Court permit us to do so here.

Respectfully Submitted,

Eric R. Breslin

Enclosures to Follow via Hand Delivery

---

[1] Ms. Crupi, on behalf of all defendants, reserves the defendants' right to seek admission of this videotape into evidence at trial on grounds independent from this argument. For example, the videotape may be admissible if a testifying defendant independently saw the video or the conference, and it contributed to his or her belief in Mr. Madoff's legitimacy. Such an eventuality is premature and not addressed by this motion.

DuaneMorris

Hon. Laura Taylor Swain
October 7, 2013
Page 5

cc:     All Counsel (*via ECF*)