

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

October 6, 2013

BY ELECTRONIC DELIVERY/HAND

Honorable Laura Taylor Swain
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:   *United States v. Bonventre, et al.*
              No. 10 Cr. 228 (LTS)

Dear Judge Swain:

      The Government respectfully writes to further detail its suggestion to the Court that the instant trial might be benefited if the Court elected to give its charge, or a substantial portion of it, prior to the parties' summations. For all of the reasons described below, the Government submits that this procedure will make the trial more efficient and will reduce the likelihood of juror confusion during the summations.[1]

**I.**    **Background**

      Rule 30(c) of the Federal Rules of Criminal Procedure provides that "[t]he court may instruct the jury before or after the arguments are completed, or at both times." Nevertheless, the more common practice in the Southern District of New York has been for judges to give jury instructions only after the parties have given summations. Elsewhere, such as in the District of Columbia, district judges more commonly give instructions just before the parties' summations. Until 1987, the Federal Rules required a district judge to give instructions after closing arguments. *See United States* v. *Solomon*, 856 F.2d 1572, 1577 n. 14 (11th Cir. 1988) (discussing then-recent changes to Rule 30(c) allowing instructions to be given before arguments). In 1987, however, the Rule was changed explicitly to allow instructions to be given before arguments; the Advisory Committee Notes state:

---

[1] As described at the last conference before Your Honor, this suggestion was instigated by the observations of an undersigned Assistant U.S. Attorney in two separate trials before the Honorable Thomas F. Hogan in the District of Columbia, in *United States* v. *Marin, et al.* 04-446 (TFH). Specifically, counsel observed that there appeared to be less confusion amongst the jurors regarding the application of the evidence to the law than is common in the Southern District of New York, as evidenced by juror questions submitted during deliberations.

> In its current form, Rule 30 requires that the court instruct the jury after the arguments of counsel. In some districts, usually where the state practice is otherwise, the parties prefer to stipulate to instruction before closing arguments. The purpose of the amendment is to give the court discretion to instruct the jury before or after closing arguments, or at both times. The amendment will permit courts to continue instructing the jury after arguments as Rule 30 had previously required. **It will also permit courts to instruct before arguments in order to give the parties an opportunity to argue to the jury in light of the exact language used by the court**. *See generally* Raymond, *Merits and Demerits of the Missouri System in Instructing Juries*, 5 ST. LOUIS U.L.J. 317 (1959). Finally, the amendment plainly indicates that the court may instruct both before and after arguments, which assures that the court retains power to remedy omissions in pre-argument instructions or to add instructions necessitated by the arguments.

1987 Advisory Committee Notes, Fed. R. Crim. P. 30(c) (emphasis added).

Professor Neil Cohen has observed that, in most courts, "most of the detailed instructions on the law are given after closing arguments. This may mean that the jurors are not fully informed of the law they are to apply until after they have heard all the proof and the lawyers' closing arguments." Neil P. Cohen, *The Timing of Jury Instructions*, 57 TENN. L. REV., 681, 684 (2000). Professor Cohen further observed that "[o]ne author compared jurors in this system to a "scorekeeper of an athletic contest" who does not know "what acts receive points or penalties until after the conclusion of the game." *Id.* (quoting Franklin Strier, *Making Jury Trials More Truthful*, 30 U.C. DAVIS L. REV. 95, 160-61 (1996)).

## II.  Discussion

The significant advantages of charging the jury before closing arguments militate in favor of adopting that procedure. Specifically: (1) the jurors will have the benefit of understanding the law which applies to the charges as they evaluate the arguments of counsel; (2) the jurors will be sensitized to the genuine issues at trial, thus decreasing the likelihood that they will be distracted during closing arguments by irrelevancies; (3) counsel will not be required to waste time during lengthy closing arguments explaining unfamiliar points of law; and (4) counsel will not be required to confusingly suggest to the jury what will be explained in the future by the Court.

A number of commentators have noted that there is significant benefit to charging the jury at a point earlier than just before deliberations. *See, e.g.*, Lisa Kern Griffin, *Narrative, Truth, and Trial*, 101 GEO. L. J., 281, 332, (2013) ("Most juries receive their instructions just before they begin deliberations, once all of the evidence has been presented but, particularly with regard to due process issues, preinstructions might increase both comprehension and compliance"); Dan Simon, *A Third View of the Black Box: Cognitive Coherence in Legal Decision Making*, 71 U. CHI. L. REV., 511, 550-59, (2004) (arguing that earlier instruction, even pretrial instruction, will increase juror comprehension); Cohen, *The Timing of Jury Instructions*, 57 TENN. L. REV. at 695

("The little research on point supports the common-sense logic of giving substantive jury instructions before the final argument. One author summarizes the available studies as showing that this reform 'helps jurors integrate the evidence and the law, enables the jurors to better evaluate the arguments of counsel, and makes it unnecessary for counsel to appear to 'predict' for the jury how the judge will instruct,' thus facilitating counsel's efforts to integrate their arguments of why their client should prevail under the exact wording of the applicable law").

Professor's Cohen's full analysis of the problem posed by jury instructions given after the closing arguments merits particular attention:

> Although most rules of procedure permit a judge to give jury instructions before closing argument by either side, many judges prefer to wait until after closing arguments to give anything more than perfunctory jury instructions about closing arguments in general. The reasons for this practice are unclear. The typical rationale is that the last-minute instructions will help ensure that the instructions are fresh in the jurors' minds when they retire to deliberate. Although this logic makes some sense at first blush, there is no inherent reason why jury instructions on the important issues should be delayed until after closing arguments. The issue is especially puzzling because lawyers giving the closing argument will often state or predict the law that the jurors are to use in analyzing the facts. If the judge has not already instructed the jury on the applicable law, this creates the real possibility that the jury will first learn about the law from the lawyers instead of from the court. On the other hand, if before closing argument the judge instructs the jury on the applicable law, the lawyers will be free to use these instructions to assist the jurors in applying the law to the facts. . . . .If before closing arguments the jury is instructed about the burden and standard of proof as well as the definition of intentional homicide and the meaning of "intentional," it will be better able to understand and evaluate the arguments of both the prosecutor and defense lawyer. Surely this will assist the jury in performing their tasks of applying the law to the facts.

Cohen, *The Timing of Jury Instructions*, 57 TENN. L. REV. at 694-95 (footnote omitted).

For at least two reasons, all of this analysis has even more resonance in the instant case than in most trials in this district. First, this case involves a thirty-three count Indictment with charges including securities fraud, falsification of books and records, tax evasion, and multiple charges of conspiracy to commit these offenses. In the matter of a simple bank robbery, the relevant legal issues would likely be apparent to the jury from even a basic description of the facts. Here, each of the various charges will likely be entirely foreign to the jury – an explanation from the Court of the relevant law will undoubtedly advance juror comprehension during the closing arguments. Second, this is a five-defendant trial, which will likely involve certain unique legal arguments from each defense attorney. It will also undoubtedly involve somewhat lengthy

closing arguments. There is a real possibility that, in the absence of instructions prior to days of argument, the jury's ability to process information will suffer from fatigue and lack of comprehension.

Indeed, there are well-known examples in the public record of trials, in which the jury was instructed after the closing arguments, where jurors reported significant confusion during deliberations. *See, e.g.,* Monica Davey and Susan Saulney, *Jurors Fault Complexity of the Blagojevich Trial*, **N. Y. Times**, Aug. 18, 2010, at A1 (describing interviews of jurors in which they described significant confusion regarding application of jury instructions in trial of former governor of Illinois Rod Blagojevich, including a juror who described experience by stating "[i]t was like, 'Here's a manual, go fly the space shuttle'"); Dawn Reiss, *The 12 Jurors Deciding Rod Blagojevich's Fate*, **Time**, July 30, 2010, (describing jury instructions being given after summations and noting that, on the first day after the judge gave jury instructions, "the jury sent a note to Judge Zagel asking for a transcript of the prosecution's closing arguments"), available at http://content.time.com/time/nation/article/0,8599,2007397,00.html. The first trial of Governor Blagojevich ended, of course, with a mistrial on all but one of the twenty-four counts of the Indictment.

### III. Conclusion

The current common practice of charging the jury just before deliberations is likely a product of the understandable desire to adhere to a tradition established in the decades before the 1987 amendment to Rule 30(c). The Rule, however, was changed for good reason. The bulk of commentators who have actually assessed the issue have concluded that there are significant benefits to giving earlier instructions. To the extent that closing arguments raise any issues, the Court would of course have the opportunity to give additional or curative instructions just before deliberations. Indeed, it seems probable that such instructions are more likely to be appropriately digested if not buried in the significant overall instructions the Court will give. In any event, the Court will have the opportunity to give final instructions to the jury regarding deliberations and clerical matters just before the jurors retire to the jury room. Given these facts, and given the particular circumstances of this case, the Government believes that the interests of justice could be advanced by the Court electing to charge the jury before closing arguments.

Respectfully submitted,

_____/s_____
RANDALL W. JACKSON
MATTHEW L. SCHWARTZ
JOHN T. ZACH
Assistant United States Attorneys
Tel.: (212) 637-1029/1945/2410

cc: BY E-MAIL
all defense counsel