THE LAW OFFICES OF
# ANDREW J. FRISCH

40 FULTON STREET
23RD FLOOR
NEW YORK. NEW YORK 10038

(212) 285-8000
FAX: (646) 304-0352

WWW.ANDREWFRISCH.COM

October 20, 2013

BY ECF

The Honorable Laura Taylor Swain
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:  United States v. Daniel Bonventre et al,
           Criminal Docket No. 10-228 (LTS)

Dear Judge Swain:

      On behalf of all defendants in the above-referenced case, I write in opposition to the government's letter of October 6, 2013, requesting that the Court depart in this case from the virtually universal procedure of instructing the jury on the law after summations and permitting the prosecutors, not the Court, to have the last word to the jury.

      In sum, the timing of jury instructions, like many hypothetical modifications to tried-and-true protocols, may be worthy of academic discussion and perhaps experimentation, but not in a case as extraordinary as this one, nor where the suggested experiment would secure the government a strategic advantage.  Even if the novel protocol suggested by the government is worthy of consideration, it should first be subject to the laboratory of conventional cases before we test its worthiness in one of the most atypical cases ever brought.  Far more experience with the government's proposed change to settled protocol is necessary before the defendants in this case are used as guinea pigs.

      The government candidly acknowledges that this suggestion was "instigated by the observations" of one of the prosecutors in this case in two trials conducted in the District of Columbia.  Gov't 10/6/13 Letter at 1, n1.  The government's assertion – that in the District of Columbia, district judges "more commonly" give a pre-argument charge – may be true, as virtually *any* pre-argument charge there would make the practice "more common" than what occurs in this District, elsewhere in the Second Circuit and around the country.  But that hardly

makes it common or typical. Post-argument jury instructions remain the norm. Our own informal survey of colleagues in the District of Colombia establishes that the novel practice suggested by the government is not common.

It is standard practice, as it should be, that the Court's legal instructions are the final thing the jury hears before commencing deliberations. The government already has the last word among the parties in its rebuttal summation. It should not be permitted to supplant even the Court in its already powerful advantages in addressing the jury. Due process of law protects against upsetting the "balance of factors" between the accused and the government. *See Wardius v. Oregon*, 412 U.S. 470, 474 (1973). Neither the fact of the government's burden of proof nor the importance of this case to the government justifies discarding longstanding and near-universal protocols and giving the government the last word even over the Court.

The government's own authorities for its position discuss the merits of departing from convention in some circumstances, but they hardly provide a blanket endorsement of the type of shift urged by the government. For example, the government relies substantially on an article written thirteen years ago by a professor at the University of Tennessee at Knoxville, but even he concedes that changing the timing of jury instructions from what he describes as an "almost sacred" practice should only be considered if there is some persuasive basis to believe it would actually be helpful to the jury and where it would be "administratively feasible." Neil P. Cohen, *Symposium: Communicating with Juries: The Timing of Jury Instructions*, 67 TENN. L. REV. 681, 694 (2000). The Tennessee author opined that earlier legal instructions might facilitate lawyer arguments based on legal instructions already given, and otherwise might help ensure that jurors hear the law from the judge before lawyers stray into forbidden territory. *See id.* at 695. But Rule 30 itself accommodates the parties' ability to refer to the charge in their closing arguments by requiring the Court before summation to inform them how it intends to rule on requested instructions. And a lawyer who misleads the jury on the law will surely draw a reprimand from the Court and otherwise does so at his or her own peril. The author's piece is not so much a clarion call for pre-argument jury instructions as it is an invitation to further study and dialogue. Nor is it sufficiently attuned to the unique concerns of unusual criminal cases as opposed to conventional criminal cases and their civil counterparts.

Another of the government's authorities suggests that post-argument jury instructions might help ensure that jurors remain "open to all information" until they have heard all the evidence and the arguments. *See* Franklin Strier, *Making Jury Trials More Truthful*, 30 U.C. DAVIS L. REV. 95, 160 (1996). But that piece only proposes a preliminary introduction of legal principles prior to the evidence, not a wholesale abandonment of time-tested practice by moving final instructions to before the closing arguments. *See id.* Moreover, the author's analogy to a scorekeeper who remains ignorant of how players accrue points [*see* Gov't Letter at 2], is facile and not helpful. *See id.* A more appropriate analogy would be one side in a world championship game suddenly seeking to change the rules if it senses the slightest advantage.

The government offers no compelling basis to think that a pre-argument charge

would be a salve for juror confusion. If jurors are unclear about a point of law, they will be unclear regardless of the timing of the Court's charge. The jury in this case can resolve any misunderstanding the same way as juries always do in this Circuit: by asking questions during deliberations, or by having a written copy of the court's charge. Further, the government's professed concern about jury confusion, whether genuine or tactical, should not allow the government to secure an unfair tactical advantage. *See United States v. Wyly*, 193 F.3d 289, 300 (5th Cir. 1999 ) (noting that "the timing of the charge also mitigated any prejudicial effect [because the] charge, *not closing arguments*, immediately preceded the jury's deliberations") (emphasis in original). At bottom, the government offers only hypothetical concerns couched as conclusions, perhaps worthy of academic discussion, but not for experimentation in this case.

Respectfully submitted,

Andrew J. Frisch

cc: All counsel