Law Offices of

# GORDON MEHLER PLLC

747 Third Avenue ◊ 32nd Floor ◊ New York, NY 10017-2803

Gordon Mehler
*Principal*

Nathaniel Burney
Rebecca Campbell
Michael Rakower
Daniel Rothstein
Harvey Stuart
Joyce Young
Mengtao Yu
*Of Counsel*

Rick Guimond
Ben Stadler
*Paralegals*

October 20, 2013

**BY ECF**

Hon. Laura Taylor Swain
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street
New York, NY 10007

      Re:   <u>**United States v. Bonventre, et. al., 10 Cr. 228 (S10) (LTS)**</u>

Dear Judge Swain:

      We represent defendant Jerome O'Hara in the above matter. We write regarding the proffered testimony of Matthew Cohen – in particular, his sudden, new recollection, after nearly five years and after the trial has already begun, of a statement allegedly made by George Perez shortly after Bernard Madoff's arrest. As set out in the government's letter of October 16, 2013, the statement is as follows: "[A]t some point in [Cohen's] work [which was in late December 2008 and early 2009], he learned that O'Hara and Perez's personal investment advisory accounts had been funded with nearly identical journal entries . . . on the same day, and had later been closed on the same day. *When Cohen asked Perez about these coincidences, Perez explained that Bernard Madoff had asked the programmers to create certain computer programs that made them uncomfortable, and had paid them $100,000.*" (emphasis added). According to AUSA Matthew Schwartz, he first heard this recollection from Mr. Cohen only last week.

      We agree with the reasons ably sketched by co-counsel Larry Krantz, in his letter of earlier today to Your Honor, as to why this new formulation of Mr. Cohen's expected testimony is troubling. We write separately to object, on *Bruton* and hearsay grounds, to the newly proffered recollection. Mr. Perez purportedly links the payment of $100,000 to "the programmers," (meaning both Mr. OHara and Mr. Perez), and the $100,000 is said to be for writing programs that made

Tel: (212) 661-2414 ◊ Fax: (212) 661-8761 ◊ E-mail: gmehler@mehlerlaw.com ◊ Website: www.mehlerlaw.com

made them "uncomfortable". As Mr. Schwartz puts it, "if Perez's statements to Cohen were true, then he was admitting to conduct that comprised the charged crime," Govt. Letter at 2, and Mr. O'Hara is clearly implicated in that statement. The Court should exclude the statement on two grounds.

First, the statement is inadmissible because it violates the Confrontation Clause of the Sixth Amendment. *See Bruton v. United States,* 391 U.S. 123 (1968) (confrontation rights violated by admission of co-defendant's statement that implicated defendant). *See also Ryan v. Miller,* 303 F.3d 231 (2d Cir. 2002) (vacating state court conviction in habeas petition because of improperly admitted hearsay testimony of co-defendant which implicated defendant and violated Confrontation Clause). The Second Circuit explained that:

> Although the Supreme Court has held that a codefendant's statements containing accusations against the defendant may be admissible against the defendant if the statements are properly redacted so that all reference to the defendant is eliminated, . . . the Court has also held that even redacted statements cannot be admitted if they include obvious or implied references to the defendant, *see Gray v. Maryland,* 523 U.S. 185, 196, 118 S.Ct. 1151, 140 L.Ed.2d 294 (1998) (holding that "statements that, despite redaction, obviously refer directly to someone, often obviously the defendant" allow the jury to make sufficient inferences of an accusation to violate Bruton.

*Id.* at 248. Here, it would be obvious that Mr. Perez was referring only to Mr. O'Hara, given that they are the only two programmers Mr. Cohen is discussing in connection with the $100,000. This is not like *United States v. Jass,* 569 F.3d 47, 62 (2nd Cir. 2009), where the other person referred to by substituting a pronoun for the defendant "could have been anyone." Thus, a limiting instruction would be insufficient to offset the resulting prejudice to Mr. O'Hara.

Second, the statement is inadmissible because it is unreliable hearsay. The statement is not an admission as to Mr. O'Hara, and Mr. Perez cannot be cross-examined in this trial. Moreover, the statement bears no indicia of reliability. Quite the opposite. As described in Mr. Krantz's letter, this recent formulation of Mr. Cohen's recollection seems suspect for many reasons. These include: 1) the absence of any notes by Mr. Cohen; 2) no previous mention of such a statement in nearly five years despite multiple meetings with the FBI; 3) a prior inconsistent statement that did not tie the discomfort of Mr. Perez and Mr. O"Hara to any payment; and 4), the fact that the statement makes no sense because the payments

were made in 2004 and the statements about discomfort, as the Court may recall from the opening statements, were made in 2006. *See* Krantz Letter at 2.

Third, at the very least, the statement should be redacted to omit any reference to another person. There is significant potential prejudice to Mr. O'Hara, given no ability by his counsel to cross-examine Mr. Perez. Full redactions of this sort have been implemented, out of a sense of fairness, in a number of cases. *See, e.g., Richardson v. Marsh,* 481 U.S. 200, 203 (1987) (redaction to omit "all reference to respondent'[s]" existence).

As is the Court's preference, we have been in discussion with the government most of the weekend, exchanging cases and arguments, in an effort to resolve the issue informally. But apparently, Mr. Schwartz is still studying the latest case we sent him. Thus, we thought it prudent to write this short letter, though the hour is late, to memorialize our objection if, as now seems likely, we will be unable to reach agreement.

Sincerely,

Gordon Mehler
/s/ Sarah Lum
Gordon Mehler
Sarah Lum

GM:rjg

cc: AUSA Matthew Schwartz
    AUSA John Zach
    AUSA Randall Jackson
    All Counsel