**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - -x
UNITED STATES OF AMERICA       :

v.                           :

DANIEL BONVENTRE,       : **S10 10 Cr. 228 (LTS)**
ANNETTE BONGIORNO,
JOANN CRUPI,            :
JEROME O'HARA, and      :
GEORGE PEREZ,

                             :

Defendants.

                             :
- - - - - - - - - - - - - - - - - -x


### JOINT REQUESTS TO CHARGE



PREET BHARARA
United States Attorney for the
Southern District of New York
Attorney for the United States
of America

RANDALL W. JACKSON
MATTHEW L. SCHWARTZ
JOHN T. ZACH
Assistant United States Attorneys



ANDREW FRISCH, ESQ.
ROLAND RIOPELLE, ESQ.
ERIC BRESLIN, ESQ.
GORDON MEHLER, ESQ.
LARRY KRANTZ, ESQ.

Counsel for Defendants

Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the parties respectfully request that the Court include the following in its charge to the jury.

REQUEST NO. 1

<u>General Requests</u>

The Parties respectfully request that the Court
give its usual instructions to the jury on the following
matters:
a. Function Of Court And Jury.
b. Jury's Recollection Governs.
c. Note-taking by Jurors.
d. Indictment Not Evidence.
e. Statements Of Court And Counsel Not Evidence.
f. Burden Of Proof And Presumption Of Innocence.
g. Reasonable Doubt.
h. Government Treated Like Any Other Party.
i. Definitions, Explanations And Example Of Direct
And Circumstantial Evidence.
j. Credibility Of Witnesses.
k. Right To See Exhibits And Have Testimony Read
During Deliberations.
l. Duty to Base Verdict on Evidence.
m. Guilt is Personal
n. Sympathy: Oath Of Jurors.
o. Punishment Is Not To Be Considered By The Jury.
p. Verdict Of Guilt Or Innocence Must Be Unanimous.

REQUEST NO. 2

<u>The Indictment</u>

The defendants, DANIEL BONVENTRE, ANNETTE BONGIORNO, JOANN CRUPI, JEROME O'HARA, and GEORGE PEREZ, are formally charged in an Indictment. As I instructed you at the outset of this case, the Indictment is simply a charge or accusation. It is not evidence.

The Indictment in this case contains a total of thirty-three counts. Each count charges one or more of the defendants with a separate crime. Although there are facts in common to all of the defendants and the different counts, each defendant and each count must be considered separately. You must return a separate, unanimous verdict as to each defendant on each count he or she is charged with.

Count One of the Indictment charges all five of the defendants with a knowingly and willfully conspiring to commit securities fraud, to fail to make and keep the records of a registered broker-dealer, to fail to make and keep the records required of an investment adviser, and to commit mail fraud.

As I will explain in more detail in a few moments, a conspiracy, such as the one charged in Count One here, is a criminal agreement to violate the law. Counts Two, Three, Four, Five, and Sixteen also charge certain of the defendants with participating in conspiracies. The other charges in the Indictment, which are set forth in Counts Six through Fifteen and Counts Seventeen through Thirty-Three, allege what are called "substantive" violations. Unlike a conspiracy charge, which is a charge of *agreeing* to commit certain offenses, the substantive counts allege the *actual* commission of specified offenses.

REQUEST NO. 3

## Counts One, Two, Three, Four, Five, and Sixteen: Conspiracy - General Instructions

       Counts One, Two, Three, Four, and Five of the Indictment charges that various combinations of the defendants and their coconspirators violated Section 371 of Title 18 of the United States Code. That section provides in relevant part:

> "If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose and one or more of such persons do any act to effect the object of the conspiracy, each. . ." is guilty of a crime.

       The defendants are charged in these counts with participating in a conspiracy to violate several federal statutes. Specifically, Count One charges that:

> [The Court is respectfully requested to summarize Count One of the Indictment and to specify which defendants are charged, excluding the overt acts.]

Count Two charges that:

> [The Court is respectfully requested to summarize Count Two of the Indictment and to specify which defendants are charged, excluding the overt acts.]

Count Three charges that:

> [The Court is respectfully requested to summarize Count Three of the Indictment and to specify which defendants are charged, excluding the overt acts.]

Count Four charges that:

> [The Court is respectfully requested to summarize Count Four of the Indictment and to specify which defendants are charged, excluding the overt acts.]

And Count Five charges that:

[The Court is respectfully requested to summarize
Count Five of the Indictment and to specify which
defendants are charged, excluding the overt acts.]

Additionally, Count Sixteen of the Indictment charges that
defendant Crupi participated with others in a conspiracy to
commit bank fraud, which violated Section 1349 of Title 18 of
the United States Code. That section provides in relevant part:

"Any person who attempts or conspires to
commit any offense [constituting bank
fraud]" is guilty of a crime.

In summary, the Indictment charges that the defendants
and others participated in various conspiracies in connection
with their roles at BLMIS, including conspiracies to
commit securities fraud, bank fraud, and to make a number of
false filings and false records.

The Indictment also alleges the overt acts that the
government contends were committed in furtherance of the
conspiracy.

A conspiracy is a kind of criminal partnership -- a
combination or agreement of two or more persons to join together
to accomplish some unlawful purpose.
The crime of conspiracy to violate a federal law is an
independent offense. It is separate and distinct from the
actual violation of any specific federal statutes, which the law
refers to as "substantive crimes."

Indeed, you may find the defendant you are considering
guilty of the crime of conspiracy to violate federal law even
though none of the substantive crimes which were the object of
the conspiracy was actually committed.

REQUEST NO. 4

<u>Counts One, Two, Three, Four, Five, and Sixteen: Conspiracy</u>
<u>Elements of Conspiracy</u>

Now, in order to sustain its burden of proof with respect to its various allegations of conspiracy, the Government must separately establish beyond a reasonable doubt each of the following three essential elements:

<u>First</u>, that the conspiracy charged existed -- that is, the existence of an agreement or understanding to commit at least one of the object crimes charged in the Indictment;

<u>Second</u>, that the individual defendant you are considering
knowingly and willfully became a member of the conspiracy; that is that he or she had the necessary intent or state of mind, about which I will instruct you shortly, and

<u>Third</u>, that any one of the conspirators -- not necessarily one of the defendants you are considering, but any co-conspirator -- knowingly committed at least one overt act in the Southern District of New York in furtherance of the conspiracy during the relevant period. The Southern District of New York includes Manhattan.

Now let us separately consider these elements.

REQUEST NO. 5

<u>Counts One, Two, Three, Four, Five, and Sixteen: Conspiracy</u>
<u>First Element -- Existence of the Conspiracy</u>

Starting with the first element, what is a conspiracy? A conspiracy is an agreement or an understanding of two or more persons to accomplish by joint action a criminal or unlawful purpose. The gist, or the essence, of the crime of conspiracy is the unlawful combination or agreement to violate the law.

In order to prove this element beyond a reasonable doubt, the Government is not required to show that two or more people sat around a table and entered into a solemn pact, orally or in writing, stating that they had formed a conspiracy to violate the law.

To show that a conspiracy existed, then, it is sufficient if the evidence shows that two or more persons in some way or manner, through any contrivance, explicitly or implicitly, came to an understanding to violate the law and to establish an unlawful plan.

It is sufficient to establish the existence of the conspiracy if, after considering all of the relevant evidence, you find beyond a reasonable doubt that the minds of at least two alleged conspirators met in an understanding, and that they agreed to work together, by the means alleged, to accomplish at least one object of the conspiracy.

REQUEST NO. 6

<u>Counts One, Two, Three, Four, Five, and Sixteen: Conspiracy
Objects of the Conspiracy</u>

As I mentioned a few moments ago, each of the
conspiracy charges in the Indictment charges specific unlawful
purposes -- also referred to as "objects" -- of the conspiracy.
I will now review each of those objects.

<u>Securities Fraud</u>

The first crime alleged to be an object of the
conspiracies charged in Counts One, Two and Three is securities
fraud. The Indictment charges, in summary, with regard to Count
One, that it was an object of the conspiracy that the
defendants, DANIEL BONVENTRE, ANNETTE BONGIORNO, JOANN CRUPI,
JEROME O'HARA, and GEORGE PEREZ, in connection with the purchase
and sale of securities at BLMIS, would and did employ a scheme
to defraud and did make false and fraudulent misrepresentations.
With regard to Count Two, the Indictment charges that it was an
object of the conspiracy that defendants DANIEL BONVENTRE, JOANN
CRUPI, JEROME O'HARA, and GEORGE PEREZ, in connection with the
purchase and sale of securities at BLMIS, would and did employ a
scheme to defraud and did make false and fraudulent
misrepresentations and omissions. With regard to Count Three,
the Indictment charges that it was an object of the
conspiracy that DANIEL BONVENTRE, in connection with the
purchase and sale of securities at BLMIS, would and did employ a
scheme to defraud and did make false and fraudulent
misrepresentations and omissions.

The relevant law here, with regard to the securities
fraud object of Counts One, Two and Three, is Title 15, United
States Code, Section 78j(b) and 78ff and Title 17, Code of
Federal Regulations, Section 240.10b-5, which prohibits
securities fraud. Later, when I explain Counts Six, Seven and
Eight, which pertain to the substantive crime of securities
fraud, I will give you more detailed instructions regarding
securities fraud as charged in Counts One, Two, and
Three.

## Falsifying Records of a Broker Dealer

The second crime alleged to be an object of the conspiracies charged in Counts One, Two and Three is knowingly and willfully failing to make and keep records as the Securities and Exchange Commission, by rule, required of BLMIS as a Broker-Dealer. The relevant law here is Title 15, United States Code, Sections 78q(a) and 78ff; and Title 17, Code of Federal Regulations, Section 240.17a-3. Because this object is also charged in separate substantive offenses, I will be giving you further instructions about it later on, when I discuss with you the substantive charges set forth in Counts Nine, Ten and Eleven of the Indictment.

## Falsifying Records of an Investment Advisor

The third crime alleged to be an object of the conspiracies charged in Counts One, Two, and Three is knowingly and willfully failing to make and keep records required by the SEC of BLMIS as an investment advisor. The relevant law here is Title 15, United States Code, Sections 80b-4 and 80b-17; and Title 17, Code of Federal Regulations, Section 275.204-2. Because this object is also charged in separate substantive offenses, I will be giving you further instructions about it later on, when I discuss with you the substantive charges set forth in Counts Twelve, Thirteen, and Fourteen.

## Mail Fraud

The fourth crime alleged to be an object of the conspiracy charged in Count One is mail fraud. The relevant law here is Title 18, United States Code, Section 1341, which makes it a crime to use the U.S. mail system in connection with a scheme to defraud. The mail fraud statute provides, in pertinent part, as follows:

> Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, . . . for the purpose of executing such scheme or artifice or attempting so to do, . . . knowingly causes to be delivered by mail or [commercial interstate] carrier according to the direction thereon, or at the place at which it is directed to be delivered by the

person to whom it is directed to be
        delivered by the person to whom it is
        addressed, any such matter or thing, shall
        [be guilty of a crime].

The elements of mail fraud are thus:

        First, that at or around the times alleged in the
Indictment, there was a scheme or artifice to defraud others of
money or property by false or fraudulent pretenses,
representations, or promises;

        Second, that the individual defendant knowingly and
willfully participated in the scheme or artifice with knowledge
of its fraudulent nature and with specific intent to defraud, or
that that defendant knowingly and intentionally aided and
abetted others in the scheme; and

        Third, that in execution of that scheme, the
individual defendant used, or caused the use of, the mails as
specified in the Indictment.

        I have instructed you on the elements of mail fraud
here, unlike the other alleged objects of the conspiracy,
because mail fraud is not a substantive charge in the
indictment.

        You need not find that there was an agreement to
specifically accomplish each one of these objects. An agreement
to accomplish any one of these objects is sufficient. As I
stated earlier, I will provide you more information on the
elements of the objects charged as substantive offenses when I
instruct you on those counts.

        Although finding one unlawful objective is
sufficient to satisfy the illegal purpose element, you must
unanimously agree on which object, if any, was the specific
object or objects of the alleged conspiracy. If the Government
fails to prove beyond a reasonable doubt that at least one of
the objects alleged in Count One was in fact an objective of the
conspiracy, you must find the defendant you are considering not
guilty as to the conspiracy charge you are considering.

REQUEST NO. 7

<u>Counts One, Two, Three, Four, Five, and Sixteen: Conspiracy
Second Element -- Membership in the Conspiracy</u>

If you conclude, when you consider each count, that
the Government has proven beyond a reasonable doubt that the
conspiracies charged in Counts One, Two, Three, Four, Five, and
Sixteen existed, you must next determine the second element,
whether the individual defendant you are considering
participated in the conspiracy with knowledge of its unlawful
purpose or purposes, and in furtherance of its unlawful
objective or objectives.

The Government must prove beyond a reasonable doubt
that each defendant you are considering unlawfully, willfully,
and knowingly entered into the conspiracy, the agreement, with a
criminal intent, that is, with a purpose to violate the law, and
agreed to take part in the conspiracy to further promote and
cooperate in its unlawful objectives.

<u>"Unlawfully," "Willfully" and "Knowingly" Defined</u>

"Knowingly" means to act voluntarily and deliberately,
rather than mistakenly or inadvertently.

"Willfully" means to act knowingly and purposely, with
an intent to do something the law forbids, that is to say, with
bad purpose either to disobey or to disregard the law.

"Unlawfully" simply means contrary to law. The
defendant in question need not have known that he was violating
any particular statute or any particular rule. He or she need
only have been aware of the generally unlawful nature of his
acts.

As I mentioned a moment ago, before an individual
defendant can be found to have been a conspirator, you must
first find that he or she knowingly joined in the unlawful
agreement or plan. The key question, therefore, is whether the
defendant you are considering joined the conspiracy with an
awareness of the basic aims and purposes of the unlawful
agreement.

Now, a defendant's knowledge can sometimes be a matter
of inference from the facts proved. Science has not yet devised

a manner of looking into a person's mind and knowing what that person is thinking. It is for you to determine whether the Government has established beyond a reasonable doubt that such knowledge and intent existed on the part of the defendant you are considering.

It is not necessary that a defendant be fully informed as to all the details of the conspiracy in order to justify an inference of knowledge on his part. To have guilty knowledge, an individual defendant need not have known the full extent of the conspiracy or all of its activities or all of its participants. It is not even necessary that a defendant know every other member of the conspiracy.

You have heard evidence that the defendants' employer, Bernard Madoff, told certain of the defendants that it was acceptable to engage in some of the actions underlying the charges in the Indictment. You may consider that evidence in deciding whether the defendant acted willfully and with knowledge.

You must ask yourselves whether the defendant honestly and in good faith believed his employer's advice to be correct. No one, however, can willfully and knowingly violate the law and excuse himself from the consequences of his conduct by pleading that he or she followed someone else's orders. In other words, if the defendant knew he was breaking the law, it is no defense that the defendant was just following his or her boss's orders.

The duration and extent of a defendant's participation in the conspiracy has no bearing on the issue of a defendant's guilt. A defendant need not have joined the conspiracy at the outset. A defendant may have joined it for any illegal purpose at any time during its progress, and that defendant will still be held responsible for all that was done during the conspiracy's existence while the defendant was a member. Each member of a conspiracy may perform separate and distinct acts and may perform them at different times. Some conspirators play major roles, while others play minor roles in the scheme. The law does not require an equal role.

However, I want to caution you that the mere association by one person with another does not make that person a member of the conspiracy even if coupled with knowledge that a conspiracy is taking place. Mere presence at the scene of a crime, even coupled with knowledge that a crime is taking place, is not sufficient to support a conviction. In other words,

knowledge without concrete and willful participation is not sufficient, and you must acquit.

You may not infer that any defendant is guilty of participating in criminal conduct merely from the fact that he or she was present at the time a crime was being committed, even if you find that he or she had knowledge that it was being committed. Nor may you infer that any defendant is a member of a conspiracy merely from the fact that he or she was present at the time and place where the conspiracy was being carried on, even if you find that he or she had knowledge that it was being carried on.

Nor may you infer an individual defendant's participation in criminal conduct merely from the fact that he or she associated with other people, including co-workers, who were guilty of wrongdoing. Mere association with conspirators or those involved in a criminal enterprise is insufficient to prove a defendant's participation in a conspiracy.

The fact that the acts of a defendant, without knowledge of the conspiracy and its unlawful objectives, merely happen to further the purposes or objectives of the conspiracy does not make him or her a member of the conspiracy. What is necessary is that the defendant has participated in the conspiracy with knowledge of its unlawful purpose or purposes, and with an intent to aid in the accomplishment of its unlawful objective or objectives.

In sum, before a finding of guilt, you must be satisfied beyond a reasonable doubt that the defendant you are considering, with an understanding of the unlawful character of the specific conspiracy charged in the Indictment, intentionally engaged, advised or participated in it for the purpose of furthering its illegal objectives. He or she thereby became a knowing and willing participant in the unlawful agreement -- that is to say, a conspirator.

A conspiracy, once formed, may continue until either its objectives are accomplished or there is some affirmative act of termination by its members. So, too, once a person is found to be a member of a conspiracy, that person is presumed to continue being a member in the venture until the venture is terminated, unless it is shown by some affirmative proof that the person withdrew or disassociated himself from it.

REQUEST NO. 8

<u>Counts One, Two, Three, Four, Five, and Sixteen: Conspiracy
Third Element -- Overt Acts</u>

The third element of a conspiracy is the requirement
of an overt act. To sustain its burden of proof with respect to
the conspiracy charged in the Indictment, the Government must
show beyond a reasonable doubt that at least one overt act was
committed in furtherance of that conspiracy by at least one of
the coconspirators -- not necessarily by one of the defendants
on trial here -- in the Southern District of New York.

The purpose of the overt act requirement is clear.
There must have been something more than mere agreement; some
overt step or action must have been taken by at least one of the
conspirators in furtherance of the conspiracy.

The Indictment alleges numerous overt acts the
Government alleges were made by the conspirators in furtherance
of the conspiracy. I will not read all of the overt acts listed
in the Indictment because in order for the Government to satisfy
the overt act requirement, it is not necessary for the
Government to prove the existence of all of the overt acts
alleged in the Indictment or even any of the overt acts
contained in the Indictment. Indeed, you may find that overt
acts were committed which were not alleged at all in the
Indictment. In short, it is sufficient for the Government to
show that a defendant, or one of his or her alleged co-
conspirators, knowingly committed any overt act in furtherance
of the conspiracy during the life of the conspiracy. You must,
however,  be unanimous on what the overt act is.

However, there is a limit on how much time the
government has to obtain an indictment.  Thus, in addition to
unanimity and proof beyond a reasonable doubt as to the overt
act, you may not convict unless you find unanimously and beyond
a reasonable doubt that the overt act in furtherance of the
conspiracy occurred after November 17, 2005.

An overt act, standing alone, may be an innocent,
lawful act. Frequently, however, an apparently innocent act
sheds its harmless character if it is a step in carrying out,
promoting, aiding or assisting a conspiratorial scheme. You are
therefore instructed that the overt act does not have to be an
act which in and of itself is criminal or constitutes an
objective of the conspiracy.

REQUEST NO. 9

<u>Counts One, Two, Three, Four, Five, and Sixteen: Conspiracy
Time of Conspiracy</u>

        The Indictment charges that the conspiracy alleged in
Count One existed from at least in or about the early 1970s up
to and including on or about December 11, 2008. The Indictment
charges that the conspiracy set forth in Count Two existed from
at least in or about 2003 up to and including on or about
December 11, 2008. The Indictment charges that the conspiracy
set forth in Count Three existed from at least in or about 1992
up to and including on or about December 11, 2008. The
Indictment charges that the conspiracy set forth in Count Four
existed from at least in or about 1991 up to and including on or
about December 11, 2008. The Indictment charges that the
conspiracy set forth in Count Five existed from at least in or
about 1998 up to and including on or about December 11, 2008.
The Indictment charges that the conspiracy set forth in Count
Sixteen existed from at least in or about 2002 up to and
including on or about 2007. It is not essential that the
Government prove that the conspiracy started and ended in any
specific month. Indeed, it is sufficient if you find that in
fact the charged conspiracy was formed and that it existed for
some time within the period set forth in the Indictment, and
that at least one overt act was committed in furtherance of the
charged conspiracy within that period.

        However, because of the limit on how much time the
government has to obtain an indictment, before you convict any
defendant of any conspiracy charge, you must unanimously
conclude beyond a reasonable doubt that the conspiracy in
question existed after November 17, 2005.

REQUEST NO. 10

Counts Six through Fifteen and Seventeen through Thirty-Three:
The Substantive Counts

   I will now instruct you regarding the substantive
counts of the Indictment, but before I do so I would like to
further clarify the difference between the conspiracy counts, as
charged in Counts One, Two, Three, Four, Five and Sixteen, and
the substantive counts, as charged in Counts Six through Fifteen
and Seventeen through Thirty-Three of the Indictment.

   A conspiracy, as I said, is a separate crime of
agreeing to commit an unlawful objective. Here, the Government
contends that the substantive violations alleged to be objects
of the conspiracy actually occurred, with the exception of the
alleged mail fraud object charged in Count One. The defendants
are charged in the Indictment with committing the substantive
offenses that are the alleged objects of the conspiracy, as well
as with conspiracy itself, again with the exception of mail
fraud.

   I will now instruct you on the substantive crimes
charged in the Indictment.

REQUEST NO. 11

<u>Counts Six, Seven and Eight: Securities Fraud</u>
<u>The Statute and Rule 10B-5</u>

Count Six, Seven and Eight of the Indictment charge that the defendants committed fraud in connection with their work at BLMIS.

Count Six alleges the following:

[The Court is respectfully requested to read Count Six of the Indictment and to specify which defendants are charged.]

Count Seven alleges the following:

[The Court is respectfully requested to read Count Seven of the Indictment and to specify which defendants are charged.]

Count Eight alleges the following:

[The Court is respectfully requested to read Count Eight of the Indictment and to specify which defendants are charged.]

The relevant law here is Section 10(b) of the Securities Exchange Act of 1934, which is codified as Title 15, United States Code, Section 78j(b). Section 10(b) provides, in pertinent part, as follows:

It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce or of the mails, or of any facility of any national securities exchange . . .

(b) To use or employ, in connection with the purchase or sale of any security registered on a national securities exchange or any security not so registered, ... , any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the [SEC] may prescribe as necessary or appropriate in the public interest or for the protection of investors.

Based on its authority under this statute, the SEC has created a number of rules and regulations, one of which, known as Rule 10b-5 is relevant here. Rule 10b-5 reads as follows:

It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange,

(a) to employ any device, scheme, or artifice to defraud,

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person, in connection with the purchase or sale of any security.

REQUEST NO. 12

<u>Counts Six, Seven and Eight: Securities Fraud</u>
<u>Elements of the Offense</u>

To prove a violation of Section 10(b), the Government must prove each of the following elements beyond a reasonable doubt for each and every defendant charged:

<u>First</u>, that in connection with the purchase or sale of securities, the defendant you are considering did any one or more of the following:

(1) employed a device, scheme or artifice to defraud, or
(2) made an untrue statement of a material fact or omitted to state a material fact which made what was said, under the circumstances, misleading, or
(3) engaged in an act, practice or course of business that operated, or would operate, as a fraud or deceit upon a purchaser or seller;

<u>Second</u>, that the defendant you are considering acted knowingly, willfully and with the intent to defraud a purchaser or seller; and

<u>Third</u>, that the defendant you are considering used or caused to be used, any means or instruments of transportation or communication in interstate commerce or the use of the mails in furtherance of the fraudulent conduct, and

I will now explain these elements.

REQUEST NO. 13

Count Six, Seven and Eight: Securities Fraud
First Element -- Fraudulent Act

       The first element that the Government must prove
beyond a reasonable doubt is that in connection with the
purchase or sale of securities, the defendant you are
considering did any one or more of the following:

       (1) employed a device, scheme or artifice to defraud,
       or
       (2) made an untrue statement of a material fact or
       omitted to state a material fact which made what was
       said, under the circumstances, misleading, or
       (3) engaged in an act, practice or course of business
       that operated, or would operate, as a fraud or deceit upon
       a purchaser or seller.

       It is not necessary for the Government to establish
all three types of unlawful conduct in connection with the
purchase or sale of securities. Any one will be sufficient for
a conviction, if you so find. However, you must be unanimous as
to which type of unlawful conduct took place.

"Device, Scheme, Or Artifice To Defraud"

       A device, scheme or artifice to defraud is merely a
plan for the accomplishment of any objective. Fraud is a
general term which embraces all ingenious efforts and means that
individuals devise to take advantage of others. It includes all
kinds of manipulative and deceptive acts. The fraudulent or
deceitful conduct alleged need not relate to the actual
investment value of the securities involved in this case.

False Statements And Omissions

       A statement, representation, claim, or document is
false if it is untrue when made and was then known to be untrue
by the person making it or causing it to be made at the time it
was made. A representation or statement is fraudulent if it was
falsely made with the intention to deceive. The concealment of
material facts in a manner that makes what is said or
represented deliberately and materially misleading may also
constitute false or fraudulent statements under the statute.

The deception need not be based upon spoken or written words alone. The arrangement of the words, or the circumstances in which they are used, may convey the false and deceptive appearance.

## "In Connection With"

You need not find that the defendant you are considering actually participated in any specific purchase or sale of a security if you find that the defendant participated, or agreed to participate, in fraudulent conduct that was "in connection with" a purchase or sale of securities.

The requirement that the fraudulent conduct be "in connection with" a purchase or sale of securities is satisfied so long as there was some nexus or relation between the allegedly fraudulent conduct and the sale or purchase of securities.

It is not a defense to an overall scheme to defraud that the defendant you are considering was not involved in the scheme from its inception. Nor is it necessary for you to find that the individual defendant was or would be the actual seller of the securities. It is sufficient if the misrepresentation or omission of material fact involved the purchase or sale of stock. By the same token, the Government need not prove that a defendant personally made the misrepresentation or that he omitted the material fact. It is sufficient if the Government establishes beyond a reasonable doubt that the defendant caused the statement to be made or the fact to be omitted. With regard to the alleged misrepresentations and omissions, you must determine whether the statements were true or false when made, and, in the case of alleged omissions, whether the omissions were materially and deliberately misleading.

## "Material Fact"

If you find that the Government has established beyond a reasonable doubt that a statement was false or a statement was omitted rendering the statements that were made misleading, you must next determine whether the statement or omission was material under the circumstances.

The word "material" is used to describe the kind of false statements or omissions that are wrongful under the fraud statutes. A material fact is one that would have been important

to a reasonable investor in making an investment decision. We use the word "material" to distinguish between the kinds of statements we care about and those that are of lesser significance.

If you find that the conspiracy involved the making of material misrepresentations or omissions of material facts, it does not matter whether the intended victims were gullible buyers or sophisticated investors, because the securities laws protect the gullible and unsophisticated as well as the experienced investor.

Nor does it matter whether the alleged unlawful conduct was or would have been successful, or whether the defendant you are considering profited. Success is not an element of a violation of Section 78j(b) or Rule 10b-5. However, if you find that the defendant you are considering expected to or did profit from the alleged scheme, you may consider that in relation to the element of intent, which I will discuss in a moment.

REQUEST NO. 14

           Counts Six, Seven and Eight: Securities Fraud
           Second Element -- Knowledge, Intent and Willfulness

          The second element that the Government must establish
beyond a reasonable doubt is that the defendant you are
considering participated in the scheme to defraud knowingly,
willfully and with the specific intent to defraud a purchaser or
seller.

          As I explained earlier, "knowingly" means to act
voluntarily and deliberately, rather than mistakenly or
inadvertently, while "willfully" means to act knowingly and
purposely, with an intent to do something the law forbids.
"Intent to defraud" in the context of the securities laws means
to act knowingly and with intent to deceive. The question of
whether a person acted knowingly, willfully and with intent to
defraud beyond a reasonable doubt is a question of fact for
you to determine, like any other fact question. This question
involves one's state of mind.

          The ultimate facts of knowledge and criminal intent,
though subjective, may be established by circumstantial
evidence, based upon a person's outward manifestations, his
words, his conduct, his acts and all the surrounding
circumstances disclosed by the evidence and any rational or
logical inferences that might be drawn therefrom.

          What is referred to as drawing inferences from
circumstantial evidence is no different from what people
normally mean when they say, "use your common sense." Using
your common sense means that, when you come to decide whether
the defendant possessed or lacked an intent to defraud, you
don't limit yourself to what the defendant said, but you also
look at what he did and what others did in relation to the
defendant and, in general, everything that occurred.
Circumstantial evidence, if believed, is of no less
value than direct evidence. In either case, the essential
elements of the crime charged must be established beyond a
reasonable doubt.

          Each of the counts requires what is called a "specific
intent" to commit the crime charged on the part of each
defendant individually.  A defendant who has the specific intent
to commit a particular crime  is someone who knows he or she is

doing something illegal, and who engages in those illegal acts
knowingly, willfully, and with the specific intent to commit the
crime charged.

A defendant's good faith is a complete and absolute
defense to the charges in this case.  A defendant acting in good
faith cannot be acting knowingly, willfully, and with a specific
intent to commit the crime charged.

Thus, if you find that the defendant you are
considering had an honest or genuine belief that his or her
actions were lawful, you must find him or her not guilty of all
counts that require a specific intent.  A defendant's honestly
or genuinely held belief that his or her actions were lawful is
a complete and absolute defense, no matter how misleading or
deceptive his or her actions turn out to be, and no matter how
much harm ultimately results, because such a defendant is acting
in good faith.

In considering each individual defendant's good faith,
I instruct you that each defendant has no burden to prove his or
her good faith or anything else.  Rather, the government has the
burden of proving each defendant's specific intent to commit
each of the charged crimes beyond a reasonable doubt.  If, after
hearing all the evidence, you are left with a reasonable doubt
that the defendant whom you are then considering acted with the
specific intent to commit the crime charged against him or her,
it is your duty to acquit that defendant of that charge.

As a practical matter, then , to sustain the charges
against the defendant you are considering, the government must
establish beyond a reasonable doubt that he or she knew that his
or her conduct as a participant in the alleged scheme was
calculated to deceive and nonetheless, he or she associated
himself with the alleged fraudulent scheme.

To conclude on this element, if you find that the
government has not proven beyond a reasonable doubt that the
defendant in questions was a knowing participant in the scheme
and had the intent to defraud,  then you must acquit that
defendant.

On the other hand, if you find that the Government has
established beyond a reasonable doubt not only the first
element, namely, the existence of a scheme to defraud, but also
this second element, that the defendant you are considering was

a knowing participant and acted with intent to defraud, then you should proceed to consider the third element, as to which I am about to instruct you.

REQUEST NO. 15

Counts Six, Seven and Eight: Third Element
Instrumentality of Interstate Commerce

The third and final element that the Government must prove beyond a reasonable doubt is that the defendant you are considering knowingly used, or caused to be used, the mails or the instrumentalities of interstate commerce in furtherance of the scheme to defraud or fraudulent conduct.

It is not necessary that the defendant in question be or would have been directly or personally involved in any mailing or use of an instrumentality of interstate commerce. If the conduct alleged would naturally and probably result in the use of the mails or an instrumentality of interstate commerce, this element would be satisfied.

Nor is it necessary that the items sent through the mails or communicated through an instrumentality of interstate commerce did or would contain the fraudulent material, or anything criminal or objectionable. The matter mailed or communicated may be entirely innocent so long as it is in furtherance of the alleged scheme to defraud or fraudulent conduct.

The use of the mails or instrumentality of interstate commerce need not be central to the execution of the alleged scheme or even be incidental to it. All that is required is that the use of the mails or instrumentality of interstate commerce bear some relation to the object of the alleged scheme or fraudulent conduct.

In fact, the actual purchase or sale of a security need not be accompanied by the use of the mails or instrumentality of interstate commerce, so long as the mails or instrumentality of interstate commerce are used in furtherance of the scheme and the defendant is still engaged in actions that are part of a fraudulent scheme when the mails or the instrumentalities of interstate commerce are used.

However, because of the limit on how much time the government has to obtain an indictment, before you convict any defendant of any securities fraud count, you must unanimously conclude beyond a reasonable doubt that the conduct at issue occurred after November 17, 2005.

REQUEST NO. 16

## Counts Nine, Ten, and Eleven: Falsifying Records of a Broker Dealer

Counts Nine, Ten, and Eleven charge the defendants with falsifying, or causing the falsification of, the books and records of a broker-dealer, here, BLMIS.

[The Court is respectfully requested to read Counts Nine, Ten and Eleven of the Indictment and to specify which defendants are charged in each.]

"Broker" under federal law "means any person engaged in the business of effecting transactions in securities for the account of others." (Title 15, United States Code, Section 78c). A "Dealer" under federal law " means any person engaged in the business of buying and selling securities . . . for such person's own account through a broker or otherwise." (Title 15, United States Code, Section 78c). Federal law mandates that companies which are registered as broker-dealers are required to maintain certain records as prescribed by the SEC. These records include client account statements, trade confirmations, trade blotters, order entry and execution reports, commission reports, documents relating to the profit, loss, and revenue of the broker dealer, Depository Trust Corporation Reports, general ledgers, stock records, and reports derived from the general ledgers and stock records. (Title 17, Code of Federal Regulations, Section 240.17a-3). Registered broker-dealers are required to "make and keep for prescribed periods such records, furnish such copies thereof, and make and disseminate such reports as the Commission, by rule, prescribes as necessary or appropriate in the public interest, for the protection of investors, or otherwise." (Title 15, United States Code, Section 78q(a)).

These counts also charge violations of Section 32 of the Securities Exchange Act of 1934, Title 15, United States Code, Section 78ff. Section 78ff provides in relevant part:

[A]ny person who willfully and knowingly makes, or causes to be made, any statement in any application, report, or document required to be filed under this title or any rule or regulation thereunder . . . which statement was false or misleading with respect to any material fact [shall be guilty of a crime].

This section is the general provision of the federal securities laws which makes it unlawful to willfully violate any provision of the Securities Exchange Act of 1934, or any rule or regulation thereunder, by making materially false and misleading statements in applications, reports, and documents required to be filed with the SEC.

REQUEST NO. 17

<u>Counts Nine, Ten, and Eleven: Falsifying Records of a Broker
Dealer</u>
<u>Elements of the Offense</u>

For each of Counts Nine, Ten and Eleven, to establish
a violation of Title 15, United States Code, Sections 78q(a) and
78ff, the Government must prove each of the following elements
beyond a reasonable doubt:

<u>First</u>, that BLMIS was required by the Securities
Exchange Act of 1934 to make and keep the records
charged in that Count; and

<u>Second</u>, that the defendant you are considering
knowingly and willfully made, or caused to be made, a materially
false or misleading statement in those records.

Now I will explain these two elements in more detail.

REQUEST NO. 18

## Counts Nine, Ten, and Eleven: Falsifying Records of a Broker Dealer

First Element -- Required Records

THE DEFENDANTS RESERVE THEIR RIGHT TO SUBMIT A SUPPLEMENTAL
REQUEST ON THESE COUNTS

With respect to each of Counts Nine, Ten and Eleven,
respectively, the Government must show, first, that BLMIS was
required by the Securities Exchange Act of 1934 to maintain the
records charged in that Count. I have already instructed you
that registered broker-dealers are required to make and keep
certain records as prescribed by the SEC. These records
include client account statements, trade confirmations, trade
blotters, order entry and execution reports, Depository Trust
Corporation Reports, general ledgers, stock records, and reports
derived from the general ledgers and stock records. As I
explained previously, if you find that BLMIS was a
registered broker-dealer, then it was required to make and keep
these records.

REQUEST NO. 19

<u>Counts Nine, Ten, and Eleven: Falsifying Records of a Broker
Dealer</u>
<u>Second Element -- Falsity</u>

The Government next must prove, with respect to each
of Counts Nine, Ten and Eleven, that the defendant you are
considering knowingly and willfully made, or caused to be made,
materially false and misleading statements in the records you
are considering.

A statement or representation is "false" if it was
untrue when made, and known at the time to be untrue by the
person making it or causing it to be made. As I have explained
previously, a statement is misleading if it is either an untrue
statement as to a material fact or if it omits to state a
material fact necessary in order to make the statements made, in
light of the circumstances under which they were made, not
misleading.

I have defined the term "material" for you previously
and you should use that definition here.  I have also defined
the terms and "knowingly" and "willfully". Those same
definitions and requirements apply here.

To establish this element, the Government need not
prove that the defendant in question himself physically made or
otherwise personally prepared the statements in question. It is
sufficient if the Government has proved the defendant in
question knowingly and willfully  caused materially false
information to be included in a required record by some person.

I have previously instructed you that the defendants'
good faith is a complete defense to the Securities Fraud counts
and any other conspiracy count requiring knowledge, willfulness,
or an intent to defraud.  I have defined good faith for you
previously, and you should use that definition here.

Now, each of Counts Nine, Ten and Eleven is based on a
different set of records required to be maintained by BLMIS as a
broker-dealer. The Government contends that each of these
records contains a number of materially false statements and

misleading omissions. The Government is not required to prove all of these false statements and omissions. However, in order to convict the defendant you are considering, each juror must agree with each of the other jurors that the same statement in the same record that you are considering was in fact materially false or misleading. You may not convict the defendant you are considering unless you find unanimously that the government has proven beyond a reasonable doubt that at least one particular statement in a required record was materially false and misleading.

REQUEST NO. 20

<u>Counts Twelve, Thirteen, and Fourteen: Falsifying Records of an
Investment Adviser</u>


THE DEFENDANTS RESERVE THEIR RIGHT TO SUBMIT A SUPPLEMENTAL JURY
REQUEST AS TO THESE CHARGES

        Counts Twelve, Thirteen, and Fourteen charge the
defendants with falsifying, or causing the falsification of, the
books and records of an investment adviser, here, BLMIS.

        [The Court is respectfully requested to read
        Counts Twelve, Thirteen and Fourteen of the
        Indictment and to specify which defendants are charged
        in each.]

        Federal law mandates that companies which are
investment advisors, who make use of the mails or any
instrumentalities of interstate commerce in connection with
their business, are required to make and keep records as
prescribed by the SEC. These records include client account
statements, trade confirmations, trade blotters, order entry and
execution reports, commission reports, documents relating to the
profit, loss, and revenue of BLMIS, Depository Trust Corporation
Reports, general ledgers, stock records, and reports
derived from the general ledgers and stock records. (Title 17,
Code of Federal Regulations, Section 275.204-2). Investment
advisors are required to "make and keep for prescribed periods
such records . . . furnish such copies thereof, and make and
disseminate such reports as the Commission, by rule, may
prescribe as necessary or appropriate in the public interest or
for the protection of investors" (Title 15, United States Code,
Section 80b-4). These counts also charge violations of Title 15,
United States Code, Section 80b-17. Section 80b-17 provides in
relevant part:

        Any person who willfully violates any provision of
        this subchapter, or any rule, regulation, or order
        promulgated by the Commission under authority thereof,
        shall [shall be guilty of a crime].

        This section makes it unlawful to willfully violate
the provisions of law which require investment advisers to
maintain records required by the SEC.

REQUEST NO. 21

Counts Twelve, Thirteen, and Fourteen: Falsifying Records of an
                    Investment Adviser

Elements

          For each of Counts Twelve, Thirteen, and Fourteen, to
establish a violation of Title 15, United States Code, Sections
80b-4 and 80b-17, the Government must prove each of the
following three elements beyond a reasonable doubt:

          First, that BLMIS was required by law to
make and keep the records charged in that Count;

          Second, that BLMIS made use of the mails or any
instrumentalities of interstate commerce in connection with
their investment advisory business; and

          Third, that the defendant you are considering
knowingly and willfully caused BLMIS to fail to make and keep
those records required by law.

          Now I will explain these three elements in more
detail.

REQUEST NO. 22

## Counts Twelve, Thirteen, and Fourteen: Falsifying Records of an Investment Adviser

### First Element -- Required Records

With respect to each of Counts Twelve, Thirteen, and Fourteen, respectively, the Government must show, first, that BLMIS was required by law to maintain the records charged in that Count. I have already instructed you that investment advisors who make use of the mails or any instrumentalities of interstate commerce in connection with their business are required to make and keep records as prescribed by the SEC. These records include client account statements, trade confirmations, trade blotters, order entry and execution reports, Depository Trust Corporation Reports, general ledgers, stock records, and reports derived from the general ledgers and stock records. As I explained previously, if you find that BLMIS was an investment advisor and that that it made use of the mails or any instrumentalities of interstate commerce in connection with its business, it was required to make and keep these records.

REQUEST NO. 23

<u>Counts Twelve, Thirteen, and Fourteen: Falsifying Records of an
Investment Adviser</u>

<u>Second Element -- Use of the Mails or any Instrumentalities of
Interstate Commerce in Connection with their Investment Advisory
Business</u>

       The Government next must prove, with respect to each
of Counts Twelve, Thirteen, and Fourteen, that BLMIS made use of
the mails or any instrumentalities of interstate commerce in
connection with their investment advisory business. The use of
the mails or any instrumentalities of interstate commerce can be
from one state to another, or just within a state or even a
single city; it does not matter, as long as the United States
mails or any instrumentalities of interstate commerce were used.
"Instrumentalities of interstate commerce" include the national
telephone system, even when used only for local calls, the
internet, and e-mail systems, even when used only within one
state.

       The mailing or use of an instrumentality of interstate
commerce need not involve a false record or any fraudulent
representation. Moreover, it is not necessary for the defendant
to be directly or personally involved in the mailing or use of
an instrumentality of interstate commerce.

REQUEST NO. 24

## Counts Twelve, Thirteen, and Fourteen: Falsifying Records of an Investment Adviser

### Third Element – Failure to Make and Keep Required Records

The Government next must prove, with respect to each of Counts Twelve, Thirteen and Fourteen, that the defendant you are considering knowingly and willfully caused BLMIS to fail to make and keep those records required by law.

I have defined the terms and "knowingly" and "willfully". Those same definitions apply here.

I have previously instructed you that the defendants' good faith is a complete defense to the Securities Fraud counts and any other conspiracy count requiring knowledge, willfulness, or an intent to defraud. I have defined good faith for you previously, and you should use that definition here.

To establish this element, the Government need not prove that the defendant in question physically made or otherwise personally prepared or personally failed to maintain those records required by law. It is sufficient if the Government has proved the defendant in question knowingly and willfully caused required records to be improperly maintained by some person.

Now, each of Counts Twelve, Thirteen and Fourteen is based on a different set of records required to be maintained by BLMIS as an investment adviser. In order to convict the defendant you are considering on a particular count, each juror must agree with each of the other jurors that the record that you are considering was required and knowingly and willfully false.

REQUEST NO. 25

<u>Count Fifteen: False Filing With the SEC</u>

Count Fifteen of the Indictment charges DANIEL
BONVENTRE, the defendant, with aiding and abetting the filing of
false and misleading BLMIS FOCUS report with the SEC. I will
explain the concept of "aiding and abetting" in more
detail later.

Count Fifteen alleges as follows:

[The Court is respectfully requested to read
Count Fifteen of the Indictment.]

In order for Daniel BONVENTRE to be found guilty, the
Government must prove each of the following elements beyond a
reasonable doubt:

<u>First</u>, that BLMIS was required by the Securities
Exchange Act of 1934 to file the FOCUS report charged in Count
Fifteen;

<u>Second</u>, that an individual knowingly and willfully
made, or caused to be made, a materially false or misleading
statement in those records; and

<u>Third</u>, that Mr. BONVENTRE aided and abetted the filing
of the materially false and misleading FOCUS report.

I have already defined the words "knowingly"
"willfully," and "materially," and you should apply those
definitions here. I have previously instructed you that the
defendants' good faith is a complete defense to the Securities
Fraud counts and any other conspiracy count requiring knowledge,
willfulness, or an intent to defraud. I have defined good faith
for you previously, and you should use that definition here.

REQUEST NO.26

Counts Seventeen and Eighteen: Bank Fraud

Count Seventeen of the Indictment charges that JOANN CRUPI, the defendant, committed bank fraud in connection with loans on behalf of David Kugel, Craig Kugel, and a third purchaser. Count Eighteen of the Indictment charges that DANIEL BONVENTRE, the defendant, committed bank fraud in connection with loans obtained for BLMIS.

Count Seventeen of the Indictment reads in pertinent part as follows:

[The Court is respectfully requested to read Count Seventeen of the Indictment.]

Count Eighteen of the Indictment reads in pertinent part as follows:

[The Court is respectfully requested to read Count Eighteen of the Indictment.]

These counts charge violations of Title 18, United States Code, Section 1344, the federal bank fraud statute. In order to establish the defendants' guilt of this crime, the Government must prove beyond a reasonable doubt the following three elements:

First, that there was a scheme to defraud a financial institution or to obtain money or funds owned or under the custody or control of a bank by means of materially false or fraudulent pretenses, representations or promises;

Second, that the defendant executed or attempted to execute the scheme with the intent to defraud the bank; and

Third, that at the time of the execution of the scheme, the bank had its deposits insured by the Federal Deposit Insurance Corporation.

A "scheme to defraud" is defined in this context as a pattern or course of conduct concerning a material matter designed to deceive a federally insured bank into releasing property with the intent to cause the bank to suffer an actual or potential loss.

A representation is fraudulent if it was knowingly and falsely made with the intent to deceive. Deceitful statements of half truth, the concealment of material facts, and the expression of an opinion not honestly entertained may constitute false or fraudulent representations under the statute.

I have previously instructed you that the defendants' good faith is a complete defense to the Securities Fraud counts and any other conspiracy count requiring knowledge, willfulness, or an intent to defraud. I have defined good faith for you previously, and you should use that definition here.

A fraudulent representation must relate to a material fact or matter. A material fact is one which would reasonably be expected to be of concern to a reasonable and prudent person in relying upon the representation or statement in making a decision. This means that if you find a particular statement of fact to have been false, you must determine whether that statement was one that a reasonable person might have considered important in making his or her decision. The same principle applies to fraudulent half truths or omissions of material facts.

Although it is not necessary for the government to prove an actual loss of funds by the bank, the government must prove beyond a reasonable doubt that by executing or attempting to execute the scheme alleged in the indictment, the defendant placed the bank at a risk of loss and that the bank did not knowingly accept such a risk.

You may not convict a defendant of bank fraud unless you find beyond a reasonable doubt that the defendant executed the scheme knowingly, willfully and with specific intent to defraud the bank. Again, "Knowingly" means to act voluntarily and deliberately, rather than mistakenly or inadvertently. "Willfully" means to act knowingly and purposely, with an intent to do something the law forbids, that is to say, with bad purpose either to disobey or to disregard the law. To act with intent to defraud means to act willfully and with the specific intent to deceive, for the purpose of causing some financial loss to another.

Finally, the government has to prove beyond a reasonable doubt that the defendant you are considering intended to expose the banks to losses, that is that he or she was acting with the specific intent to victimize the bank by fraud and cause it harm.

REQUEST NO. 27

<u>Count Nineteen: Falsifying Statements in Relation to Documents<br>Required by ERISA</u>

   Count Nineteen charges DANIEL BONVENTRE, the defendant, with making false statements in connection with the employment of his son at BLMIS. Count Nineteen alleges that:

  [The Court is respectfully requested to read<br>  Count Nineteen of the Indictment.]

   The Employee Retirement Income Security Act, or "ERISA," is a law which requires certain documents to be filed with the United States Department of Labor. These documents include the records of a company's employee welfare benefit plans and employee pension benefit plans.

   Count Nineteen alleges a violation of Title 18, Section 1027. The elements of that offense are that:

   <u>First</u>, the defendant knowingly and willfully made a false statement or knowingly and willfully concealed or failed to disclose certain facts;

   <u>Second</u>, in a document required under the ERISA laws;

   <u>Third</u>, where the fact or facts are required to be disclosed in the document at issue; and

   <u>Fourth</u>, when plan to which the documents relate is an employee welfare benefit plan or pension benefit plan as those terms are defined by ERISA.

   I have previously instructed you that the defendants' good faith is a complete defense to the Securities Fraud counts and any other conspiracy count requiring knowledge, willfulness, or an intent to defraud. I have defined good faith for you previously, and you should use that definition here.

   The terms "employee welfare benefit plan" and "welfare plan" mean any plan, fund, or program which is maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or

otherwise, medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment, or vacation benefits, apprenticeship or other training programs, or day care centers, scholarship funds, or prepaid legal services. These terms also refer to any plan, fund or program which provides retirement income to employees or results in a deferral of income by employees for periods extending to the termination of covered employment or beyond.

An employee pension benefit plan is subject to ERISA if it is established or maintained by an employer engaged in commerce or in any industry or activity affecting commerce, or by an employee organization or organizations representing employees engaged in commerce or any industry or activity affecting commerce, or by both such an employer and employee organization(s). The term "commerce" means trade, traffic, commerce, transportation, or communication between any State and any place outside thereof. The term "industry or activity affecting commerce" means any activity, business, or industry in commerce or in which a labor dispute would hinder or obstruct commerce or the free flow of commerce.

Before you may convict Daniel Bonventre on this count, you must find beyond a reasonable doubt that the BLMIS benefit plans at issue in this case were employee pension benefit plans subject to ERISA.

A finding that Mr. Bonventre made false statements, or caused false statements to be included in the Form 5500 submitted to the Department of Labor is not sufficient by itself. Instead, in order to convict on this count, you must find beyond a reasonable doubt that Daniel Bonventre had knowledge of falsity and of the form itself. That is, you must be convinced beyond a reasonable doubt that Mr. Bonventre knew of the existence of the Form 5500 and that he knowingly caused false statements to be included in it, that is, that he acted willfully. Otherwise, you must acquit on this count.

REQUEST NO. 28

<u>Counts Twenty, Twenty-One, Twenty-Two and Twenty-Three:</u>

<u>Subscribing to a False U.S. Individual Tax Return for the Tax Years 2003, 2004, 2006, and 2007</u>

Counts Twenty, Twenty-One, Twenty-Two and Twenty-Three each charge DANIEL BONVENTRE, the defendant, with filing a false or fraudulent tax return in each of the years specified 2003, 2004, 2006 and 2007. The Indictment reads as follow:

[The Court is respectfully requested to read, in pertinent part, Counts Twenty, Twenty-One, Twenty-Two and Twenty-Three of the Indictment.]

The Indictment alleges that the defendant violated Section 7206(1) of Title 26 of the United States Code, which provides that:

Any person who willfully makes and subscribes any return, statement, or other document, which contains or is verified by a written declaration that it is made under the penalties of perjury, and which he does not believe to be true and correct as to every material matter [shall be guilty of a crime]

REQUEST NO. 29

<u>Counts Twenty, Twenty-One, Twenty-Two and Twenty-Three:
Subscribing to a False U.S. Individual Tax Return for the Tax
Years 2003, 2004, 2006, and 2007</u>


<u>Elements of the Offense</u>

Filing a false or fraudulent tax return requires the Government prove each of the following elements beyond a reasonable doubt:

<u>First</u>, that the defendant made or caused to be made, a federal income tax return for the year in question which he verified to be true;

<u>Second</u>, that the tax return was false as to a material matter;

<u>Third</u>, that the defendant signed the return willfully and knowing it was false; and

<u>Fourth</u>, that the return contained a written declaration that it was made under the penalty of perjury.

The false statement in the return must be material. In this context, "material" means that it must be essential to an accurate determination of the defendant's tax liability. The Government must also prove that the defendant knew that the statement was false as to that material matter. I have already defined the terms "willfully," and "knowingly," and those definitions apply here. You are reminded that willfulness means that the defendant knew he was doing something which the law forbids.

Thus, in order for the government to prove willfulness, it must establish beyond a reasonable doubt that the defendant acted voluntarily and intentionally, with the specific intent to make a statement that the defendant knew was false, when it was the legal duty of the defendant to answer truthfully, and the defendant knew it was his legal duty to answer truthfully. If you cannot make that finding beyond a reasonable doubt, then you must acquit.

REQUEST NO. 30

<u>Counts Twenty-Four and Thirty: Obstructing and Impeding the Due Administration of the Internal Revenue Laws</u>

Counts Twenty-Four and Thirty charge DANIEL BONVENTRE, and ANNETTE BONGIORNO, respectively, with corruptly obstructing and impeding the due administration of the internal revenue laws.

The Indictment alleges as follows:

[The Court is respectfully requested to read, in pertinent part, Counts Twenty-Four and Thirty of the Indictment and to specify which defendants are charged in which count.]

The Indictment alleges that the defendants violated Section 7212(a) of Title 26 of the United States Code, which provides, in pertinent part, that:

Whoever corruptly . . . obstructs or impedes, or endeavors to obstruct or impede, the due administration of [the internal revenue laws shall be guilty of a crime].

REQUEST NO. 31

<u>Counts Twenty-Four and Thirty: Obstructing and Impeding the Due
Administration of the Internal Revenue Laws</u>

<u>Elements of the Offense</u>

In order to prove DANIEL BONVENTRE and ANNETTE
BONGIORNO guilty of the crimes charged in Counts Twenty-
Four and Thirty, the Government must prove each of the following
elements beyond a reasonable doubt:

<u>First</u>, that the defendant acted corruptly; and

<u>Second</u>, with the intent to impede or obstruct the due
administration of the federal tax laws.

To act corruptly simply means to act with the intent
to secure an unlawful advantage or benefit either for oneself or
for another. The due administration of the internal revenue laws
refers to the uncorrupted and unimpeded collection of taxes by
the federal government.

REQUEST NO. 32

<u>Counts Twenty-Five through Twenty-Nine and Thirty-One through
Thirty-Three: Tax Evasion</u>

The Indictment charges, in Counts Twenty-Five through
Twenty-Nine, defendant ANNETTE BONGIORNO with evasion of income
tax. The Indictment charges, in Counts Thirty-One through
Thirty-Three, defendant JOANNE CRUPI with evasion of income tax.
The Indictment reads as follows:

> [The Court is respectfully requested to
> read, in pertinent part, Counts Twenty-Five
> through Twenty-Nine and Thirty-One through
> Thirty-Three of the Indictment and to specify which
> defendants are charged in each count.]

The Indictment alleges that the defendants violated
Section 7201 of Title 26 of the United States Code, which
provides, in pertinent part, that:

> Any person who willfully attempts in any
> manner to evade or defeat any tax imposed by
> [the Internal Revenue Code shall be guilty
> of a crime].

REQUEST NO. 33

<u>Counts Twenty-Five through Twenty-Nine and Thirty-One through
Thirty-Three: Tax Evasion</u>

In order to prove the crime of tax evasion, the
Government must establish beyond a reasonable doubt each of the
following elements:

First, that the defendant owed (substantially) more
federal income tax for the calendar year specified in the charge
than was declared due on her income tax return; Second, that the
defendant committed the affirmative act constituting tax evasion
described in the Indictment; and Third, that the defendant acted
willfully.

REQUEST NO. 34

<u>Counts Twenty-Five through Twenty-Nine and Thirty-One through
Thirty-Three: Tax Evasion</u>

<u>First Element- Tax Due</u>

        The first element of the offense which the government must prove is that the defendant owed substantially more federal income tax for the specified calendar year than tax declared on her income tax return.

        The Government does not have to prove the exact amount the defendant owes. Nor does the government have to prove that all of the tax charged in the indictment was evaded.

REQUEST NO. 35

## Counts Twenty-Five through Twenty-Nine and Thirty-One through Thirty-Three: Tax Evasion

## Second Element-Affirmative Act Constituting Evasion

The second element of the offense which the government must prove is that the defendant committed the affirmative act constituting tax evasion described in the Indictment. The Internal Revenue Code makes it a crime to attempt, in any manner, to evade or defeat any income tax imposed by law. There are many different ways in which a tax may be evaded, or an attempt may be made to evade it. In this case, the indictment alleges that the defendants engaged in the specific activities I referenced when reading these counts of the Indictment.

REQUEST NO. 36

<u>Counts Twenty-Five through Twenty-Nine and Thirty-One through
Thirty-Three: Tax Evasion</u>

<u>Third Element - Willfulness</u>

The third element of the offense which the Government
must prove is that the individual you are considering defendant
acted knowingly and willfully.

To satisfy this element, the Government must prove
beyond a reasonable doubt that the defendant knew that she owed
substantially more federal income tax for the specified calendar
year than was declared on her income tax return. Whether or not
the defendant had this knowledge is a question of fact to be
determined by you on the basis of all of the evidence. Of
course, an act is done knowingly only if it is done purposely
and deliberately and not because of mistake, accident,
negligence or other innocent reason. Simply, filing a tax return
that might be incorrect, is not by itself a crime.

In this regard, I instruct you that the Internal
Revenue Code provides that the fact that an individual's name is
signed to a return is evidence that the return was actually
signed by that person. In other words, unless there is evidence
in the case which leads you to conclude otherwise, you may find
that a tax return was in fact signed by the person whose name
appears to be signed on it. If the evidence leads you to
conclude, beyond a reasonable doubt, that the defendant signed
her tax return, you may also draw the inference that the
defendant had knowledge of the contents of the return.

REQUEST NO. 37

<u>Counts Twenty-Five through Twenty-Nine and Thirty-One through
Thirty-Three: Tax Evasion (If Applicable)</u>

<u>Unlawfully Received Income</u>

In the course of your deliberations concerning the
determination of whether any particular portion of the
defendant's income was taxable, you should consider income which
may have been illegally acquired, as well as funds which the
evidence indicates have been lawfully acquired.
If you find from the evidence that the defendant received
taxable income and failed to report it as the law requires, it
makes no difference in determining the defendant's tax liability
whether such income was lawfully or unlawfully acquired.

REQUEST NO. 38

## Aiding and Abetting: Willfully Causing A Crime

In all of the substantive charges except for the tax charges contained in Counts Twenty through Twenty-Three, the defendants are charged as aiders and abettors as well as principals. Thus, the Government does not contend that the defendants personally committed every physical act or crime charged in the Indictment. Instead, it contends that the one defendant you are considering may have performed certain acts, and caused others to physically do certain acts.

Section 2(b) of the aiding and abetting statute, which relates to willfully causing a crime, reads as follows:

> Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States [shall be guilty of a federal crime].

What does the term "willfully caused" mean? It does not mean that the defendant himself need have physically committed the crime or necessarily supervised the actual criminal conduct charged in the Indictment.

The meaning of the term "willfully caused" can be found in the answers to the following questions:

First, did the individual defendant you are considering take some action without which the crime would not have occurred?

Second, did the individual defendant you are considering intend that the crime would be actually committed by others?

You may not find that a defendant aided and abetted a crime unless you find that the government has proven that another person actually committed the offense with which the defendant is charged, and that the defendant knowingly and willfully aided and abetted that person in committing the charged crime.  Obviously, no one can be convicted of aiding or abetting the criminal acts of another if no crime was  actually committed by the other person in the first place.

In order to aid and abet another to commit a crime, it is necessary that the defendant willfully and knowingly associated himself or herself with the criminal venture, and that he or she willfully and knowingly sought by his or her actions to make that criminal venture succeed. I have previously defined the terms willfully and knowingly, and you should again use those definitions here.

Again you are instructed that a defendant's mere presence when some crime is being committed, even if coupled with knowledge by that defendant that a crime is committed, is not sufficient to prove a crime. The same holds for mere association, or mere acquiescence by a defendant in the criminal conduct of others. You may not convict a defendant for aiding and abetting criminal conduct unless you find that the government has proven beyond a reasonable doubt both that he or she had a knowing and willful involvement in the criminal venture and sought through his or her actions and efforts to make it succeed. That is, you must be satisfied beyond a reasonable doubt that the defendant in question acted with the specific intent and purpose of bringing about the charged crime. Otherwise, you must acquit.

REQUEST NO. 39

## Multiple Counts/Multiple Defendants

As I noted at the outset, the Indictment contains a total of thirty-three counts. As I also noted, there are five defendants on trial before you: DANIEL BONVENTRE, ANNETTE BONGIORNO, JOANN CRUPI,JEROME O'HARA, AND GEORGE PEREZ. You must consider each count of the Indictment and each defendant's involvement, if any, in that count separately, and you must return a separate verdict on each defendant for each count in which he is charged.

The number of counts charged against any particular is not evidence of guilt of that individual, and should not influence your decision in any way.

In reaching your verdict, bear in mind that innocence and guilt are personal and individual. You must separately consider the evidence against each defendant on each offense charged, and you must return a separate verdict for each defendant on each count. For each defendant and count, you must decide whether the government has proved beyond a reasonable doubt that the particular defendant is guilty of the particular offense. Your verdict must be based solely upon the evidence about each defendant.

The case against each defendant, on each count, stands or falls upon the proof or lack of proof against that defendant alone, and your verdict as to any defendant on any count should not influence your decision as to any other defendant or any other count.

REQUEST NO. 40

<u>LIMITED ADMISSIBILITY - EVDIENCE ADMITTED AGAINST ONLY ONE
DEFENDANT AND FOR PARTICULAR PURPOSES</u>

        Along the same line, in certain instances during the
trial, I admitted certain evidence against only one defendant or
only certain, but not all defendants.  You must consider this
evidence only against the defendant or defendants in question..
You must not consider that evidence in the case against any
other defendant or defendants.  Each defendant is entitled to
have his or her case decided just on the evidence which applies
to him or her.

        Likewise, when I have admitted certain evidence only
for a particular purpose and not generally, you may give this
evidence the weight you feel it deserves for the limited purpose
for which the evidence was received. You may not use this
evidence for any other purpose not specifically mentioned.

REQUEST NO. 41

## Cooperating Witnesses

        You have heard from witnesses who testified that they
were actually involved in carrying out aspects of the crimes
charged in the Indictment. There has been a great deal said
about cooperating witnesses in the summations of counsel and
about whether you should believe them.

        The Government argues that frequently it must rely on
the testimony of witnesses who have admitted to participating in
the alleged crimes at issue, and who have agreed to testify
against defendants who elect to go to trial, in exchange for
leniency.

        I do not express an opinion one way or another.  But
the law allows the use of such testimony.

        That said, because of the possible interest a
cooperating witness may have in testifying, that testimony
should be scrutinized with special care and particular caution
in deciding how much, if anything, to believe of a cooperating
witness's testimony.

        Whether a witness committed a crime can be considered
by you as bearing upon his or her credibility. It does not
follow, however, that simply because a person has admitted
participating in one or more crimes, he or she is incapable of
telling the truth about what happened or did not happen.

        The testimony of a cooperating witness should be given
such weight as it deserves in light of the particular facts and
circumstances before you, taking into account the witness's
demeanor and candor, the strength and accuracy of his or her
recollection, his background, the extent to which his or her
testimony is or is not corroborated by other evidence in the
case, and his or her motive or reasons for testifying and
cooperating with the government.

        You may consider whether a cooperating witness has an
interest in the outcome of the case or the proceedings, and if
so, whether it influenced his or her testimony. You have heard
testimony about agreements between the Government and
cooperating witnesses. Your concern should be whether a witness
has given truthful testimony here in this courtroom.

In evaluating the testimony of cooperating witnesses, you should ask yourselves whether they would benefit more by lying, or by telling the truth. Was their testimony made up in any way because they believed or hoped that they would receive favorable treatment by testifying to what the government wanted to hear? If you believe that the witness was motivated by hopes of personal gain, was the motivation one that would cause him to lie? Did this motivation color his testimony?

If you find that the testimony was false, you may reject it. If, however, after a cautious and careful examination of a cooperating witness's testimony and demeanor on the witness stand, you are satisfied that the witness told the truth, you may accept it.

As with any witness, the issue of credibility need not be decided in an all-or-nothing fashion. Even if you find that a witness testified falsely in one part, you still may accept his testimony in other parts, or you may disregard all of it.

If you believe that a witness testified falsely, you may distrust his or her testimony concerning other matters. You may reject all of the testimony or you may accept such parts of the testimony that you believe are true and give it such weight as you think it deserves.

REQUEST NO. 42

<u>Testimony of Cooperating Witnesses – Guilty Plea</u>

You have heard testimony from Government witnesses who have pleaded guilty to charges arising in part out of some of the same facts that are at issue in this case. You are instructed, however, that you are to draw no conclusions or inferences of any kind about the guilt of any individual defendant merely from the fact that a prosecution witness pleaded guilty to charges that may be similar.

The decision of that witness to plead guilty was a personal decision that witness made. It may not be used by you in any way as evidence against or unfavorable to any of the defendants on trial here.

REQUEST NO. 43

<u>Non-Prosecution Agreements</u>

You have heard testimony from Government witnesses who testified pursuant to agreements with the Government that, that in exchange for their truthful testimony, the Government promised them that they will not be prosecuted for any crimes that they may have committed.

The Government is permitted to make these kinds of promises and is entitled to call as witnesses people to whom such promises are given. The fact that the Government has agreed not to prosecute a witness does not disqualify him or her from testifying and does not preclude you from accepting that testimony as true.

As with testimony of those who have pleaded guilty and agreed to cooperate with the government, in evaluating the testimony of a witness who has a non-prosecution agreement you should ask yourselves whether he or she would benefit more by lying or by telling the truth. Was the testimony made up in any way because the witness believed or hoped that he or she would receive favorable treatment by testifying falsely, or did the witness believe that his or her interest would best be served by testifying truthfully?

If you believe that the witness was motivated by hopes of personal gain, was the motivation one that would cause the witness to lie, or was it one that would cause him or her to tell the truth? Did this motivation color the witness' testimony? If you find that the testimony was false, you should reject it. However, if, after a caution and careful examination of the witness' testimony and demeanor upon the witness stand you are satisfied that the witness told the truth, you may accept it as credible.

As I have previously instructed you, the issue of credibility need not be decided in an all or nothing fashion. Credibility is a determination entirely for you, the jury.

REQUEST NO. 44

<u>INTEREST IN OUTCOME</u>

        In evaluating credibility of the witnesses, you should
take into account any evidence that the witness who testified
may benefit in some way from the outcome of this case. Such an
interest in the outcome creates a motive to testify falsely and
may sway the witness to testify in a way that advances his or
her own interests.  Therefore, if you find that any witness
whose testimony you are considering may have an interest in the
outcome of this trial, then you should bear that factor in mind
when evaluating the credibility of his or her testimony and
accept it with great care.

        This is not to suggest that every witness who has an
interest in the outcome of a case will testify falsely.  It is
for you to decide to what extent, if at all, the witness'
interest has affected his or her testimony.

REQUEST NO. 45

<u>Character and Reputation Testimony</u>

You have heard testimony that a defendant has a good reputation for truthfulness and honesty in his or her community. Along with all the other evidence you have heard, you may take into consideration what you believe about a defendant's reputation for truthfulness and honesty when you decide whether the Government has proven, beyond a reasonable doubt, that that defendant committed the crimes charged.

Character evidence alone may indicate to you that it is improbable that person of good reputation would knowingly commit the crimes charged. In fact, character evidence, considered with all the other evidence in the case, may create a reasonable doubt. Accordingly, if, after considering the question of the defendant's good reputation, you find a reasonable doubt, you must acquit him or her of all the charges.

REQUEST NO. 46

<u>Defendant's Testimony</u>

A defendant in a criminal case never has any duty to testify or come forward with any evidence. This is because, as I have told you, the burden of proof beyond a reasonable doubt remains on the Government at all times, and the defendant is presumed innocent until and unless you find guilt beyond a reasonable doubt.

In this case, defendants[s] [_____] did testify and was subject to cross-examination like any other witness. You should examine and evaluate the testimony just as you would the testimony of any other witness.

REQUEST NO. 47

<u>Defendant's Right Not to Testify</u>

The defendant[s] [_____] did not testify in this case. Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove a defendant guilty beyond a reasonable doubt. That burden remains with the Government throughout the entire trial and never shifts to a defendant. A defendant is never required to prove that he or she is innocent. Therefore, you may not attach any significance to the fact that a defendant did not testify. You may not draw any adverse inference against any defendant because he or she did not take the witness stand. You may not consider this against a defendant in any way in your deliberations in the jury room.

REQUEST NO. 48

## Admission of A Defendant

There has been evidence that certain of the defendants made statements in which the Government claims they made admissions relevant to the charges in the Indictment. I instruct you that you are to give the statements such weight as you feel they deserve in light of all the evidence.

REQUEST NO. 49

<u>Preparation of Witnesses</u>

You have heard evidence during the trial that witnesses have discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.

Although you may consider that fact when you are evaluating a witness's credibility, there is nothing unusual or improper about a witness meeting with lawyers before testifying. In fact, it might be unusual for a lawyer to call a witness without such consultation.

Again, the weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

REQUEST NO. 50

## <u>Uncalled Witnesses</u>

There are persons whose names you have heard during the course of the trial but who did not appear here to testify, and one or more of the attorneys has referred to their absence from the trial. You should not draw any inferences or reach any conclusions as to what they would have testified to had they been called. Their absence should not affect your judgment in any way. You should, however, remember my instruction that no defendant in a criminal case has a burden or duty of calling any witness or producing any evidence.

You should remember that there is no duty on either side to call a witness whose testimony would be merely cumulative of testimony already in evidence, or who would merely provide additional testimony to facts already in evidence.

REQUEST NO. 51

<u>Charts and Summaries – Admitted as Evidence</u>

Now, some of the exhibits that were admitted into evidence were in the form of charts and summaries. I decided to admit these charts and summaries in place of and, at times, along with the underlying documents that they represent in order to save time and avoid unnecessary inconvenience. You should consider these charts and summaries as you would any other evidence.

REQUEST NO. 52

<u>Stipulations of Evidence</u>

In this case you have heard evidence in the form of stipulations of testimony. A stipulation of testimony is an agreement between the parties that, if called as a witness, the person would have given certain testimony. You must accept as true the fact that the witness would have given that testimony. However, it is for you to determine the effect to be given that testimony.

REQUEST NO. 53

<u>Stipulations of Fact</u>

In this case you have heard evidence in the form of stipulations that contained facts that were agreed to be true. In such instances, you must accept those facts as true.

REQUEST NO. 54

<u>Variance in Dates</u>

   It may not matter if the indictment alleges that a specific transaction or event occurred on or about a certain date or month and the testimony indicates that in fact it was a different date or month. The law requires only a substantial similarity between the dates and months alleged in the Indictment and the dates and months established by the evidence. Nevertheless, where I have instructed you that certain acts or the alleged agreements themselves must have been performed or existed past a certain date, you must acquit unless you have made such a finding beyond a reasonable doubt that the acts were performed or the alleged agreement existed after a certain date.

REQUEST NO. 55

<u>Venue</u>

In addition to the elements I have described for you, you must decide whether the alleged criminal acts in this case occurred within the Southern District of New York. The Government has offered evidence that some of the events occurred in Manhattan. I instruct you that Manhattan, the Bronx and Westchester County are all in the Southern District of New York.

I should note that on this issue -- and this alone -- the Government need not prove venue beyond a reasonable doubt, but only by a mere preponderance of the evidence. Thus, the Government has satisfied its venue obligations if you conclude that it is more likely than not that the activity at issue occurred in the Southern District of New York.

If you find that the Government has failed to prove this venue requirement, then you must acquit the defendant you are considering of this charge.

REQUEST NO. 56

<u>Particular Investigative Techniques Not Required</u>

You have heard reference to the fact that certain investigative techniques were not used by the Government. There is no legal requirement, however, that the Government prove its case through any particular means. While you are to carefully consider the evidence adduced by the Government, you are not to speculate as to why they used the techniques they did or why they did not use other techniques.

Your concern is to determine whether or not the Government has proven the guilt of each defendants beyond a reasonable doubt.

REQUEST NO. 57

<u>Expert Testimony</u>

You have heard testimony from certain witnesses who were proffered as experts in different areas. An expert is allowed to express his or her opinion on those matters about which he or she has special knowledge, training, and experience. Expert testimony is presented to you on the theory that someone who is experienced in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing the expert's testimony, you may consider the expert's qualifications, opinions, reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony. You may give the expert testimony whatever weight, if any, you find it deserves in light of all the evidence in this case. You should not, however, accept this witness's testimony merely because he is an expert. Nor should you substitute it for your own reason, judgment, and common sense. The determination of the facts in this case rests solely with you.

REQUEST NO. 58

## <u>Persons Not on Trial</u>

You may not draw any inference, favorable or unfavorable, towards the Government or the defendants from the fact that any person other than the defendants are not on trial here. You may also not speculate as to the reasons why other persons are not on trial. Those matters are not your concern and have no bearing on your function as jurors.

You may also not draw any inference, favorable or unfavorable, towards the Government or the defendants from the fact that certain persons were not named in the Indictment. The fact that these persons were not named in this Indictment must play no part in your deliberations. Whether a person should be named as a co-conspirator or indicted as a defendant is a matter within the sole discretion of the United States Attorney and the Grand Jury. Therefore you may not consider it in reaching your verdict as to the defendants on trial.

REQUEST NO. 59

## Conduct of Counsel

        The attorney for all parties has the duty to object when an opposing party offers testimony or other evidence which the attorney believes is not properly admissible.  Counsel also have the right and duty to ask the court to make rulings of law and to request conferences at the side bar out of the hearing of the jury.  All those questions of law must be decided by me, the court.  You should not show any prejudice against an attorney or his or her client because the attorney objected to the admissibility of evidence, or asked for a conference out of the hearing of the jury or asked the court for a ruling of law.

        As I already indicated, my rulings on the admissibility of evidence do not indicate any opinion on my part about the weight or effect of such evidence.  You are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.

REQUEST NO. 60

## <u>SIDEBARS</u>

       Occasionally you saw counsel confer with the Court at what we call sidebar.  These conferences between the Court and counsel concern legal questions on which I have ruled.  All of these conferences pertain solely to legal phases of the case and do not concern your function as jurors.  You should not speculate on such matters in your deliberations.  Also, you should not be influenced by any sidebar conferences you may have inadvertently overheard.

REQUEST NO. 61

<u>Conclusion</u>

Your function now is to weigh the evidence in this case and to determine the innocence or guilt of each defendant with respect to each count of the Indictment.

You must base your verdict solely on the evidence and these instructions as to the law, and you are obliged under your oath as jurors to follow the law as I have instructed you, whether you agree or disagree with the particular law in question.

The verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree to it. Your verdict, whether you find the defendant you are considering guilty or not, must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can possibly do so without violence to individual judgment. Each of you must decide the case for yourself, but do so only after an impartial discussion and consideration of all the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views, and change an opinion if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors.

Remember at all times, you are not partisans. You are judges – judges of the facts. Your sole interest is to seek the truth from the evidence in this case.

If you are divided, do not report how the vote stands, and, if you have reached a verdict, do not report what it is until you are asked in open court.

In conclusion, ladies and gentlemen, I am sure that if you listen to the views of your fellow jurors and if you apply your own common sense you will reach a fair verdict here. Remember that your verdict must be rendered without fear, without favor, and without prejudice or sympathy. You are free to select any foreperson you like [if applicable]. The

foreperson will preside over your deliberations, and will be your spokesperson here in court.

        That is simply for convenience, and it gives him or her no greater authority, and his or her vote has no greater weight than that of any other juror.

        I will give each of you a verdict form for your convenience; the foreperson will have a verdict form on which you should record any verdict you reach unanimously.


Dated: New York, New York
October 4, 2013

                              Respectfully submitted,

                              PREET BHARARA

                              United States Attorney for the
                              Southern District of New York
                              Attorney for the United States
                              of America

                              By: _____/s/_____
                              RANDALL W. JACKSON
                              MATTHEW L. SCHWARTZ
                              JOHN T. ZACH
                              Assistant United States Attorneys
                              (212) 637-1029

                              ANDREW FRISCH, ESQ.
                              ROLAND RIOPELLE, ESQ.
                              ERIC BRESLIN, ESQ.
                              GORDON MEHLER, ESQ.
                              LARRY KRANTZ, ESQ.
                              -Counsel for Defendants