*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

October 27, 2013

BY ECF

Honorable Laura Taylor Swain
United States District Judge
Southern District of New York
500 Pearl Street, Suite 755
New York, New York 10007

> Re:   *United States v. Daniel Bonventre, et al.*
>        No. S10 10 Cr. 228 (LTS)

Dear Judge Swain:

    We write to briefly respond to Mr. Frisch's letter dated yesterday, which seeks an extension of time in which to make his tax expert's disclosures.  While not explicitly asking for relief, Mr. Frisch also asks that the Government produce certain documents that his experts apparently wish to review, and that the Government "not call David Friehling (Mr. Madoff's accountant), its tax expert[,] or any other witness who will give testimony related to the tax charges against Mr. Bonventre until [his] tax experts are able to complete their analysis."

    As an initial matter, the Government has no objection to a further two week extension of the time for Mr. Bonventre to make his tax expert's disclosure.  We expect, however, that Mr. Bonventre will not seek further extensions, and the Government certainly will not consent to them.  Making an initial expert disclosure fully one month into trial already risks prejudicing the Government, as the experts can tailor their opinions to the evidence and defense counsel can seed the record with important facts for his expert without affording the Government proper notice or time to prepare.  In addition, our own expert will need to analyze Mr. Bonventre's experts' conclusions and be prepared to respond to them, not only in the Government's rebuttal case (if any), but on her own direct and cross-examination.[1]

---

[1]   Depending on the quality of the disclosures, the Government may also need to seek the Court's assistance to actually understand Mr. Frisch's expert's opinions.  For example, Mr. Frisch recently disclosed his accounting experts' opinions.  Typical of those disclosures was, for instance (and in full), that certain identified "transactions were reasonably accounted for if assumptions about separate procedures and separate accounting methods in the investment advisory business were correct," without identifying those assumptions in any way.  Depending on the assumptions made by the experts, this opinion could well be objectionable; at the very least, the Government needs to understand the assumptions to understand the corresponding opinions, since the assumptions constitute the "bases" for the experts' conclusions.  *See* Fed. R.

Mr. Frisch's other two requests – raised for the very first time in his letter to the Court – on the other hand, are not acceptable to the Government. With respect to the request that the Government not put on certain aspects of its case until Mr. Frisch is ready, the Court has already rejected this argument. Moreover, the jury has already heard a great deal of evidence "related to the tax charges," and counsel has been at no disadvantage in cross-examining the Government's witnesses. There is simply no authority – and counsel has certainly not cited any – that would preclude the Government from calling its witnesses in the order it chooses, as opposed to the order that a defendant would like us to call them.

Nor is there any basis for Mr. Frisch's document request. The Government previously provided summary charts that explicitly cross-referenced the trial exhibits they relied upon. At the Court's suggestion, the Government then further provided counsel with physical copies of the particular pages of those documents relied upon. The Government has therefore provided counsel with all of the documents relied upon in generating the Government's summary charts. What Mr. Frisch now characterizes as "gaps in the government's backup" are simply documents that the Government's witnesses did not rely upon in making their charts – either because the Government did not have those documents, or because the witness did not deem them necessary to create the relevant chart.[2] But Mr. Frisch has not pointed to, for example, any document cited in the charts as one relied upon, which we did not subsequently produce as "back up."

Instead, what Mr. Frisch requests are additional documents that his own experts want, in order to prepare *their* analysis. The Government simply has no obligation – and again, counsel cites no legal authority suggesting otherwise – to either sift through the discovery material to identify particular documents that the defense wishes to use, or to obtain from third parties additional material. Counsel has had access to the Government's discovery material for literally years; it should not fall on the Government, mid-trial, to locate documents that the defense has now decided are relevant. And it certainly does not fall on the Government to conduct Mr. Frisch's investigation for him, by obtaining third-party documents not in the Government's possession.

---

Crim. P. 16(b)(1)(C) (requiring defense expert to disclosure "the bases and reasons" for her opinions). The Government has contacted Mr. Frisch directly about these concerns and experts him to make a further disclosure, such that the Court's intervention is not necessary at this time. But given the quality of Mr. Frisch's disclosures to date, receiving expert notices mid-trial for the first time presents a particular risk of prejudice to the Government.

[2]   As we have explained to counsel on several occasions, moreover, the summary charts produced by the Government are not the work of its experts, and the experts did not rely on the data underlying those charts to perform their work. Rather, the Government's summary charts – even those that pertain to compensation in kind, and so relate to the tax charges in addition to the securities charges – are the work of agents, financial analysts, and/or paralegals acting at the direction of the supervisory attorneys and agents. As with all summary charts, the Government's summary charts in this case are just that: an accessible summary of voluminous data. *See* Fed. R. Evid. 1006. They do not incorporate or rely upon any expert opinions, and were not created at the direction or even with the input of the Government's experts.

In short, the Government has no objection to Mr. Frisch taking a final, additional two weeks to make his expert disclosures, but there is no basis either to make the Government find or obtain the documents those experts wish to review, or to force the Government to delay putting on part of its case while those experts do their work.

Thank you for your consideration.

Respectfully,

/s/ Matthew L. Schwartz
MATTHEW L. SCHWARTZ
JOHN T. ZACH
RANDALL W. JACKSON
Assistant United States Attorneys
Tel.: (212) 637-1945

cc: BY ECF

All defense counsel