

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

January 24, 2014

BY ELECTRONIC DELIVERY

Honorable Laura Taylor Swain
United States District Judge
Southern District of New York
500 Pearl Street, Suite 755
New York, New York 10007

    Re:    *United States v. Daniel Bonventre, et al.*
              No. S10 10 Cr. 228 (LTS)

Dear Judge Swain:

    The Government respectfully submits this letter in response to the defendants' January 22 2014 letter requesting four additional instructions in the Court's jury charge. Specifically, the defendants have requested: (1) an instruction on substantial assistance within the context of U.S.S.G § 5K1.1; (2) an instruction on defendants' Perez and O'Hara's "theory of the case"; (3) an instruction on the significance of "general suspicion" within the context of aiding and abetting; and (4) an instruction on the significance of "mere suspicion" within the context of conscious avoidance. For the reasons set forth in more detail below, the Court should decline to give all four of the requested instructions.

    **1. The Court Should Decline to Give the Defendants' Requested Instruction On Substantial Assistance Within the Context of U.S.S.G. § 5K1.1**

    The defendants have proposed that the Court give a lengthy instruction on substantial assistance which includes a partial quotation from Section 5K1.1 of the Guidelines (Def. Let. at 2)[1]. The defendants have cited no authority for this requested instruction and have identified no cases in which courts provided such an instruction on portions of the sentencing guidelines. The requested instruction is both inappropriate and unnecessary. It is inappropriate because it requests that the Court give a legal instruction on an issue which is collateral to the determinations the jury will be required to make during deliberations. It is unnecessary because the witnesses affected by Section 5K1.1 have testified on direct and cross examination regarding their understanding of their cooperation agreements. Moreover, their agreements are all in evidence, including provisions explaining the very application of Section 5K1.1 under the agreements. Defense counsel will have every opportunity to argue the significance of those provisions during their summations, but their request that the Court emphasize one limited

---

[1] "Def. Let." refers to the defendants' January 22, 2013 letter to the Court.

portion of the cooperation agreement out of context will be confusing to the jury and is legally and factually unnecessary.

###     2. The Court Should Decline to Give the Defendants' Requested Instruction on The Defense "Theory of the Case"

The defendants have proposed that the Court give an instruction on the defense theory of the case, which essentially articulates the intricacies of defendants Perez and O'Hara's beliefs that they contend constitute evidence of lack of criminal intent. (Def. Let. at 2). While the defendants are correct that they are entitled to an appropriate instruction on the defense theory of the case, they are not "entitled to have that instruction communicated to the jury in the language of [their] choice." *See United States* v. *Salerno*, 66 F.3d 544, 549 (2d Cir. 1995). Thus, in *Salerno*, the Second Circuit rejected the defendant's claim that the district court erred where it declined to give the specific defense theory instruction requested by the defendant but instead gave legally accurate instructions on the affirmative defense upon which the defense relied. Importantly, the "theory of the case" in *Salerno* was entrapment, a complicated affirmative defense which required its own legal instructions to the jury. *See id.* Here, the defendants' proposed theory of the case instruction merely marshals the arguments regarding knowledge and criminal intent that the defendants would have the jury consider. It is expected that the Court will already give instructions on criminal knowledge and intent, as well as good-faith. The Court is not required to read the defendants' articulation of their favorite arguments, and it should decline to do so. *See United States* v. *Rodriguez*, 222 Fed. Appx. 61, 62 (2d Cir. 2007) (noting that refusal to give defense theory is not error if the theory is "effectively presented elsewhere in the charge") (citing *United States* v. *Prawl*, 168 F.3d 622, 626 (2d Cir. 1999)).

Indeed, *Rodriguez*, the sole authority cited by the defendants in support of their defense theory, does not support their argument that the requested defense theory instruction should be given. In *Rodriguez*, the Court of Appeals noted that it will reverse for failure to give a requested defense theory only if "(1) the requested instruction represents a theory of defense with basis in the record that would lead to acquittal, (2) the theory is not effectively presented elsewhere in the charge, and (3) the requested instruction is legally correct in every respect." 222 Fed. Appx. at 62. Here, the first prong is not met, because the jury could agree that Perez and O'Hara "at some point in time . . . became uncomfortable" and still conclude that they possessed the requisite criminal knowledge and intent to be guilty of all of the crimes charges in the Indictment. That is to say – the requested instruction does not explain a legal theory that would necessarily lead to acquittal, but rather simply muddies the waters on intent, knowledge and good-faith.

At best, the ambiguous wording of the requested instruction improperly suggests that acquittal is appropriate if the jury concludes that Perez and O'Hara were ever made uncomfortable in their duties – that is plainly incorrect, and for this very reason the Second Circuit in *Rodriguez* rejected the defendant's argument that the district court erred in refusing to give a requested defense instruction. *See id.* at 63 ("given the requested instruction's ambiguous wording, it also suggested that the jury members could find Rodriguez not guilty if they determined he had not impersonated a federal officer with Concepcion even if they concluded that he had done so with the other witnesses. That is clearly not correct as a matter of law. Because the requested instruction did not 'accurately represent[ ] the law in every respect,' we

cannot vacate defendant's conviction on the basis of the district court's failure to give it.") (citing *United States* v. *Gonzalez*, 407 F.3d 118, 122 (2d Cir. 2005)). Moreover, as described above, the instruction covers ground that the Court is expected to better explain elsewhere. For all of these reasons, the Court should decline to give the requested defense theory instruction.

### 3. The Court Should Decline to Give the Defendants' Requested Instructions on "Mere Suspicion" and "General Suspicion"

The defendants have requested that the Court give two additional instructions related to the significance of "suspicion" in the context of the aiding and abetting and conscious avoidance instructions. (Def. Let. at 3-4). Specifically, the defendants request that the Court instruct the jury that: "A general suspicion that an unlawful act may occur or that something criminal is happening is not enough to show aiding and abetting" and they further request that the Court instruct the jury that "Mere suspicion of a fact, even if followed by failure to make full inquiry, would not be enough, in and of itself, to constitute conscious avoidance of knowledge."

The Government's proposed charge on aiding and abetting articulates the conclusions that the jury is required to reach in order to conclude that a defendant is guilty of aiding and abetting. (Gov. Request No. 38). The first question is: "did the defendant you are considering take some action without which the crime would not have occurred?" The second question the jury is required to ask is: "did the defendant you are considering intend that the crime would be actually committed by others." Given these requirements, it is entirely unclear how the jury could find aiding and abetting liability on the basis of "general suspicion." There is an almost limitless list of activities and states of mind which would not constitute aiding and abetting. The Court should decline to give an instruction plucked from this list seemingly at random which bears no relationship to the core charge. To do so would be to invite serious confusion for the jury.

Similarly, the Government's proposed charge on conscious avoidance notes, among other information, that "the necessary knowledge on the part of a defendant with respect to each of the charges cannot be established by showing that the defendant was careless, negligent, or foolish." To this list, the defendants seek to add "mere suspicion." For several reasons, this suggestion should be rejected. First, the defendants' proposed charge seems likely to be legally inaccurate. The first definition of "suspicion" in the Oxford dictionary is "a feeling or though that something is possible, likely, or true." Oxford Dictionaries, Oxford University Press 2014, available at www.oxforddictionaries.com. Thus, suspicion of a fact, if the fact was that one was engaged in activity constituting the largest Ponzi scheme in history, literally means belief that it was true that one was engaging in this form of criminal activity. The language which follows in the defense proposed charge, "even if followed by failure to make a full inquiry," is impermissibly vague – the failure to make a full inquiry suggests that a defendant is innocent where he believes he is involved in criminal activity and makes only a partial inquiry. The situation thus described, of course, is a situation where a defendant very well may be guilty under a theory of conscious avoidance, depending on the nature of the partial inquiry. *See United States* v. *Goffer*, 721 F.3d 113 (2d Cir. 2013) (affirming securities fraud conviction where court appropriately gave conscious avoidance instruction, "which permits a jury to convict a defendant for deliberately clos[ing] his eyes to what would otherwise have been obvious to him.") (internal quotation

marks omitted). That is all to say, the defendants' proposed additional language on conscious avoidance is unnecessary at best and misleading at worst.

In sum, the Court should decline to give all four of the requested defense instructions.

Respectfully submitted,

_____/s_____
RANDALL W. JACKSON
MATTHEW L. SCHWARTZ
JOHN T. ZACH
Assistant United States Attorneys
Tel.: (212) 637-1029

cc: BY E-MAIL
    Andrew Frisch, Esq.
    Roland Riopelle, Esq.
    Eric Breslin, Esq.
    Gordon Mehler, Esq.
    Larry Krantz, Esq.