KRANTZ & BERMAN LLP

Larry H. Krantz
Marjorie E. Berman

Wendy Gerstmann Powell
*Special Counsel*

Kimberly A. Yuhas

David V. Kirby
Aaron Twersky
*Of Counsel*

Writer's E-mail
lkrantz@krantzberman.com

January 28, 2014

BY ECF

Honorable Laura Taylor Swain
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    U.S. v. Bonventre, et al., 10 Cr. 228 (LTS)

Dear Judge Swain:

    We represent defendant George Perez in the above matter, and write on his behalf, as well as on behalf of co-defendant Jerome O'Hara.  We received from the Government the below quoted e-mail during the lunch break today, and reviewed it for the first time this evening:

> We write to advise you of certain statements by Messrs. O'Hara and Perez in the months following the collapse of Madoff Securities that we intend to elicit from Haresh Hemrajani, which we heard in the course of preparing him last night.  After reviewing the 3500 material, we believe that these may not be fully memorialized, so we write to provide you notice of the statements.  In sum and substance, we expect Mr. Hemrajani to testify as follows:
>
> Shortly after Madoff's arrest, Mr. O'Hara was on sick leave, but Mr. Perez was in the office.  At first, the Trustee's staff's requests went to Mr. Perez, but at some point requests started coming to Mr. Hemrajani, too.  Mr. Hemrajani did special print requests for the Trustee of House 17 programs.  When Mr. Perez found out that Mr. Hemrajani was doing House 17 requests, he said to Mr. Hemrajani, you can't give them what they're asking for because you're not familiar with the system, and that all requests should go through Mr. Perez. Mr. Perez also wanted to know details of the requests that Mr. Hemrajani had already fulfilled.  Mr. Perez complained to Kevin Fong that Mr. Hemrajani was giving the Trustee whatever they asked for.
>
> After a few weeks, Mr. O'Hara came back, and when he found out what Mr. Hemrajani was doing, Mr. O'Hara told Mr. Hemrajani to drag things out and not give the Trustee everything they were asking for in a timely fashion, and not to be

To:  Hon. Laura Taylor Swain
January 28, 2014
Page 2 of 3

      too helpful, such as by explaining the computer systems and code in common English.

      At one point, in a glass-walled conference room outside Liz Weintraub's office, Mr. Hemrajani was reviewing a version of STMTPRO with an FBI agent.  The computer code was marked in large marked [sic] with the name of the program, such that it was visible from a distance.  Mr. O'Hara walked by, and later asked Mr. Hemrajani what the FBI was asking about.  When Mr. Hemrajani refused to tell Mr. O'Hara, Mr. O'Hara pressed for more information, and ultimately expressed his anger and walked away when Mr. Hemrajani did not tell him more.

      We strenuously object to the admission of this eleventh-hour – indeed near midnight -- evidence.  Such proof is both irrelevant under Rule 401 and unfairly prejudicial under Rule 403.

      There is no question but that the allegations contained the email do not constitute part of the charged criminal conduct, since the conspiracy set forth in the Indictment is alleged to have ended by December 11, 2008.  Thus, the only possible basis for admitting this evidence would be as "consciousness of guilt."  However, the proffered evidence fails entirely to support such an inference, as all of the conduct alleged is far too ambiguous.  Moreover, since the alleged statements concern a time period involving complex interactions between the Trustee, the FBI, the SEC,  various consultants, and the defendants, the allegations will of necessity cause a "trial within a trial" on these issues.  This will overly prolong and confuse what has already been a lengthy and complicated trial.  Moreover, it is simply too late for the defense to rebut the unfair inference from these ambiguous facts, given that many of the relevant witnesses from the FBI, the SEC and AlixPartners have already testified. Additionally, this is yet another iteration of evidence previously excluded by the Court, concerning the alleged improper printing of documents by Mr. Perez and Mr. O'Hara --  months after the demise of Madoff Securities.  Finally, the reference to a statement to Kevin Fong would constitute hearsay.

      In short, the government is yet again grasping at straws in seeking to admit this belated evidence, and it should be excluded as irrelevant.  Moreover, the evidence should be excluded under Rule 403, because it is unfairly prejudicial and will lead to a wholly unnecessary and confusing "trial within a trial" as to the interactions between the Trustee, the FBI, the SEC, various consultants, and the defendants, concerning the orderly provision of Madoff-related materials to the Government and the Trustee.

To: Hon. Laura Taylor Swain
January 28, 2014
Page 3 of 3

We thank the Court for its consideration of this letter.

Respectfully submitted,

Larry H. Krantz

cc:    All Counsel (By ECF)