**Duane**Morris®

FIRM and AFFILIATE OFFICES

NEW YORK
LONDON
SINGAPORE
LOS ANGELES
CHICAGO
HOUSTON
HANOI
PHILADELPHIA
SAN DIEGO
SAN FRANCISCO
BALTIMORE
BOSTON
WASHINGTON, DC
LAS VEGAS
ATLANTA
MIAMI
PITTSBURGH
NEWARK
BOCA RATON
WILMINGTON
CHERRY HILL
PRINCETON
LAKE TAHOE
HO CHI MINH CITY

ERIC R. BRESLIN
DIRECT DIAL: 973.424.2063
PERSONAL FAX: +1 973 556 1552
*E-MAIL:* erbreslin@duanemorris.com

*www.duanemorris.com*

February 7, 2014

**VIA ECF**

Honorable Laura Taylor Swain
United States District Court
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007-1312

     **Re:**    **United States of America v. Jo Ann Crupi, 1:10-CR-00228-LTS**

Dear Judge Swain:

      We write to set forth comments on the draft Requests to Charge circulated last week. We join with the government in expressing our appreciation to the Court for its expenditure of time and effort in crafting this document. No comment in this letter or in any letter or statement on the record which may follow, will dilute our gratitude all for Your Honor's work in this regard.

      1. We do join in and adopt the comments by Mr. Riopelle submitted to the Court last week. We assume other letters from defense counsel will be forthcoming.

      2. As we indicated on the record, many of our comments on behalf of Ms. Crupi are short and/or somewhat stylistic in nature. Accordingly, to make things run easier at the charge conference, since it is the Court's practice to move through the draft charges one at a time, I am attaching to this letter some of the draft pages on which we have short comments with handwritten notations included. This will hopefully save time and apprise the Court of the proposed changes in the most efficient manner possible.

      We have some individual comments as well.

      Page 135. The taxable income number for 2004 of $179,290 is different from the Dabney chart number. There needs to be a reconciliation.

---

DuaneMorris

Honorable Laura Taylor Swain
February 7, 2014
Page 2

     Pages 115 and 123.  There is a reference to "another purchaser" or "a third purchaser" on both of these pages regarding the bank fraud counts.  Is this a reference to Heather Kugel?  I am not sure the evidence bears this out and I am not sure why, if the Court finds it does, she would be entitled to anonymity.  We submit that the reference to an unnamed "third purchaser" may unintentionally confuse or mislead the jury.  This was not the methodology used in the testimony.

     Pages 121 to 123.  We respectfully oppose the long list of possible acts constituting the alleged aiding and abetting by the defendants as unduly suggestive and prejudicial.  They are also unnecessary as a legal matter.

     We appreciate Your Honor's consideration.

Respectfully submitted,

_____/s/_____
Eric R. Breslin

ERB:da

cc. All Counsel of Record (VIA ECF)

DM1\2457833.1

DRAFT (1) – FOR DISCUSSION AT CHARGE CONFERENCE

1    about the nature or effect of any discussion between Court and counsel held out of

2    your hearing or sight.

3

4

5                         **CONDUCT OF COUNSEL**

6              It is the duty of the attorney for each party in the case to object when

7    the other side offers testimony or other evidence which the attorney believes is not

8    properly admissible.  Counsel also have the right and duty to ask the Court to make

9    rulings of law and to request conferences out of the hearing of the jury.  All those

10   questions of law must be decided by me, the Court.  You should not show any

11   prejudice against an attorney or the party the attorney represents because the

12   attorney objected to the admissibility of evidence, or asked for a conference out of

13   the hearing of the jury, or asked the Court for a ruling on the law.

14

15             As I have already indicated, my rulings on the admissibility of

16   evidence do not, unless expressly stated by me, indicate any opinion ⌐on my part as to the

17   weight or effect of such evidence.  You are the sole judges of the credibility of all

18   witnesses and the weight and effect of all evidence.

DRAFT (1) – FOR DISCUSSION AT CHARGE CONFERENCE

1    Your verdict should be based on the facts as found by you from the

2    evidence and the law as instructed by the Court.

3

4

5    **REMARKS TO COUNSEL**

6    It is the duty of the attorneys to offer evidence and press objections on

7    behalf of their side.  It is my function to cut off counsel from an improper line of

8    argument or questioning, to strike offending remarks and to reprimand counsel

9    when I think it is necessary.  But you should draw no inference from that.  It is

10   irrelevant whether you like a lawyer or whether you believe I like a lawyer.

11

12   I would like to express my gratitude to each of the attorneys for their

13   conscientious efforts and for work well done.

14

15

16   **PRESUMPTION OF INNOCENCE & BURDEN OF PROOF**

17   Each of the Defendants has pleaded not guilty to the Indictment,

18   which contains the charges for which he or she is now on trial.

2/11/14  4:30

<u>DRAFT (1)</u> – FOR DISCUSSION AT CHARGE CONFERENCE

1    As a result of each Defendant's plea of not guilty, the burden is on the

2    prosecution, which I refer to in this Charge as the Government, to prove each of

3    the Defendants guilty beyond a reasonable doubt.  This burden never shifts to a

4    defendant for the simple reason that the law never imposes upon a defendant in a

5    criminal case the burden or duty of calling any witness or producing any evidence.

6

7    The law presumes each of the Defendants to be innocent of all the

8    charges against him or her.  I therefore instruct you that each Defendant is to be

9    presumed by you to be innocent throughout your deliberations until such time, if

10   ever, you as a jury are satisfied that the Government has proven that Defendant

11   guilty beyond a reasonable doubt.

12

13   Each of the Defendants begins the trial here with a clean slate.  This

14   presumption of innocence alone is sufficient to acquit a Defendant unless you as

15   jurors are, unanimously, convinced beyond a reasonable doubt of the Defendant's

16   guilt, after a careful and impartial consideration of all of the evidence in this case.

17   If the Government fails to sustain its burden as to the Defendant you are

18   considering, you must find that Defendant not guilty.

DRAFT (1) – FOR DISCUSSION AT CHARGE CONFERENCE

1        In a criminal case, the burden is at all times upon the Government to

2   prove guilt beyond a reasonable doubt.  The law does not require that the

3   Government prove guilt beyond all possible doubt; proof beyond a reasonable

4   doubt is sufficient to convict.  This burden never shifts to any Defendant, which

5   means that it is always the Government's burden to prove each of the elements of

6   each of the crimes charged against each of the Defendants beyond a reasonable

7   doubt.

8

9        If, after fair and impartial consideration of all of the evidence, you

10  have a reasonable doubt as to the guilt of a Defendant, it is your duty to acquit that

11  Defendant of the charge you are considering.  On the other hand, if after fair and

12  impartial consideration of all the evidence, you are satisfied of that Defendant's

13  guilt beyond a reasonable doubt, it is your duty to convict on that charge.

14

15

16          **THE GOVERNMENT AS A PARTY**

17        You are to perform the duty of finding the facts without bias or

18  prejudice as to any party.  You are to perform this duty in an attitude of complete

**DRAFT (1)** – FOR DISCUSSION AT CHARGE CONFERENCE

1    fairness and impartiality.

2

3          This case is important to the Government, for the enforcement of

4    criminal laws is a matter of prime concern to the community.  Equally, it is

5    important to each of the Defendants, who are charged with serious crimes.

6

7          The fact that the prosecution is brought in the name of the United

8    States of America entitles the Government to no greater consideration than that

9    accorded to any other party to a litigation.  By the same token, it is entitled to no

10   less consideration.  All parties, whether government or individuals, stand as equals

11   at the bar of justice.

12

13

14          **WHAT IS AND IS NOT EVIDENCE**

15          The evidence in this case is the sworn testimony of the witnesses, the

16   exhibits received in evidence and stipulations. *the  agreed  to  by  the  parties.*

17

18          By contrast, the question of a lawyer is not to be considered by you as

**DRAFT (1)** – FOR DISCUSSION AT CHARGE CONFERENCE

1    evidence.  It is the witnesses' answers that are evidence, not the questions.  At

2    times, a lawyer on cross-examination may have incorporated into a question a

3    statement which assumed certain facts to be true, and asked the witness if the

4    statement was true.  If the witness denied the truth of a statement, and if there is no

5    direct evidence in the record proving that assumed fact to be true, then you may not

6    consider it to be true simply because it was contained in the lawyer's question.

7

8         An example of this is a lawyer's question of a witness: "When did you

9    stop drinking excessively?"  You would not be permitted to consider as true the

10   assumed fact that the witness had ever been drinking excessively unless the witness

11   herself indicated that she had, or unless there was some other evidence in the

12   record that the witness had been drinking excessively.

13                                                  *or a subgroup but not the ten [illegible] all of the defendants*

14        Testimony that has been stricken or excluded is not evidence and may

15   not be considered by you in rendering your verdict.  Also, if certain testimony was

16   received for a limited purpose – such as for the purpose of assessing a witness's

17   credibility, or as against a particular Defendant only *one* – you must follow any

18   limiting instructions I have given.

**DRAFT (1)** – FOR DISCUSSION AT CHARGE CONFERENCE

1   instances] during the trial, I admitted certain evidence against only [one Defendant]

2   [only certain, but not all, Defendants.]  You must consider this evidence only

3   against the Defendant [or Defendants] in question.  You must not consider the

4   evidence in the case against any other Defendant [or Defendants].  Each Defendant

5   is entitled to have his or her case decided just on the evidence which applies to him

6   or her.

7

8         Likewise, when I have admitted certain evidence only for a particular

9   purpose and not generally, you may give this evidence the weight you feel it

10  deserves for the limited purpose for which the evidence was received.  You may

11  not use this evidence for any other purpose not specifically mentioned.

*But you must honor the limitation I have imposed.*

12

13

14         **DIRECT AND CIRCUMSTANTIAL EVIDENCE**

15         There are two types of evidence which you may properly use in

16  reaching your verdict.

17

18         One type of evidence is direct evidence.  Direct evidence is testimony

<u>**DRAFT (1)**</u> – FOR DISCUSSION AT CHARGE CONFERENCE

1    Circumstantial evidence is of no less value than direct evidence.  It is

2    a general rule that the law makes no distinction between direct evidence and

3    circumstantial evidence.

4

5

6    **<u>INFERENCE DEFINED</u>**

7    You have heard the term "infer," and in their arguments the attorneys

8    may have asked you to infer, on the basis of your reason, experience, and common

9    sense, from one or more established facts, the existence of some other fact.

10

11    An inference is not a suspicion or a guess.  It is a reasoned, logical

12    conclusion that a disputed fact exists on the basis of another fact which has been

13    shown to exist.

14                                        *or even inconsistent*

15    There are times when different inferences may be drawn from facts,

16    whether proved by direct or circumstantial evidence.  The Government may ask

17    you to draw one set of inferences, while the defense may ask you to draw another.

18    It is for you, and you alone, to decide what inferences you will draw.

<u>**DRAFT (1)**</u> – FOR DISCUSSION AT CHARGE CONFERENCE

1    biased, you should view his or her testimony with caution, weigh it with care and

2    subject it to close and searching scrutiny.

3

4

5                          <u>**DISCREPANCIES IN TESTIMONY**</u>

6           You may have heard evidence of discrepancies in the testimony of

7    certain witnesses, and counsel may have argued that such discrepancies are a

8    reason for you to reject the testimony of those witnesses.

9

10          You are instructed that evidence of discrepancies may be a basis to

11   disbelieve a witness's testimony.  On the other hand, discrepancies in a witness's

12   testimony or between his testimony and that of others do not necessarily mean that

13   the witness's entire testimony should be discredited.

14

15          People sometimes forget things and even a truthful witness may be

16   nervous and contradict him or herself.  It is also a fact that two people witnessing

17   an event ~~will~~ may see or hear it differently.  Whether a discrepancy pertains to a fact of

18   importance or only to a trivial detail should be considered in weighing its

DRAFT (1) – FOR DISCUSSION AT CHARGE CONFERENCE

1   require the witnesses to, among other things, testify truthfully.  They also provide

2   that, if the Government determines that the witness has abided by the terms of the

3   cooperation agreement and has provided substantial assistance in an investigation

4   or prosecution, the Government will file a so-called "5K1.1" letter.  Section

5   5.K.1.1 of the United States Sentencing Guidelines authorizes a court to depart

6   downward from the Sentencing Guidelines when sentencing the cooperating

7   witness, upon a motion by the Government stating that the witness has "provided

8   substantial assistance in the investigation or prosecution of another person who has

9   committed an offense."

10

11        In evaluating the testimony of cooperating witnesses, you should ask

12   yourselves whether these accomplices would benefit more by lying, or by telling

13   the truth.  Was their testimony made up in any way because they believed or hoped

14   that they would somehow receive favorable treatment by testifying falsely?  Or did

15   they believe that their interests would be best served by testifying truthfully?  If

16   you believe that the witness was motivated by hopes of personal gain, was the

17   motivation one that would cause the witness to lie, or was it one that would cause

18   him to tell the truth?  Did this motivation color the witness's testimony?

DRAFT (1) – FOR DISCUSSION AT CHARGE CONFERENCE

## EXPERT TESTIMONY

1

2          You have heard testimony from certain witnesses who were proffered

3   as experts in different areas.  An expert is allowed to express his or her opinion on

4   those matters about which he or she has special knowledge, training and

5   experience.  Expert testimony is presented to you on the theory that someone who

6   is experienced in the field can assist you in understanding the evidence or in

7   reaching an independent decision on the facts.

8

9          In weighing the expert's testimony, you may consider the expert's

10  qualifications, opinions, reasons for testifying, as well as all of the other

11  considerations that ordinarily apply when you are deciding whether or not to

12  believe a witness's testimony.  You may give the expert testimony whatever

13  weight, if any, you find it deserves in light of all the evidence in this case.  You

14  should not, however, accept the witness's testimony merely because he or she is an

15  expert.  Nor should you substitute it for your own reason, judgment, and common

16  sense.  The determination of the facts in this case rests solely with you.

17

18

DRAFT (1) – FOR DISCUSSION AT CHARGE CONFERENCE

## CHARTS AND SUMMARIES

1

2        Now, some of the exhibits that were admitted into evidence were in

3   the form of charts and summaries.  I decided to admit these charts and summaries

4   in place of and, at times, along with the underlying documents that they represent

5   in order to save time and avoid unnecessary inconvenience.  You should consider

6   these charts and summaries as you would any other evidence.

7

8        Where I have admitted summaries along with the underlying

9   evidence, I have done so in order to aid you in considering the evidence.  They are

10  no better than the testimony or documents upon which they are based, and are not

11  themselves independent evidence.  Therefore, you are to give no greater

12  consideration to these charts and summaries than you would give to the evidence

13  upon which they are based.

14

15       It is for you to decide whether the charts or summaries correctly

16  present the information contained in the testimony and in the exhibits on which

17  they were based.  You are entitled to consider the charts and summaries if you find

18  they are of assistance to you in analyzing and understanding the evidence.

DRAFT (1) – FOR DISCUSSION AT CHARGE CONFERENCE

1  partnership status, family members, race, gender, national origin, age or other

2  social or ethnic characteristics of the parties, witnesses and trial participants.  The

3  parties in this case are entitled to a trial free from prejudice and our judicial system

4  cannot work unless you reach your verdict through a fair and impartial

5  consideration of the evidence.  It would also be improper for you to allow any

6  feelings you might have about the nature of the crimes charged to interfere with

7  your decision-making process.

8  *[handwritten: or the notoriety and publicity they have generated]*

9

10  **PUNISHMENT**

11  The question of possible punishment of any Defendant is of no

12  concern to the jury and should not, in any sense, enter into or influence your

13  deliberations.  The duty of imposing a sentence, if necessary, rests exclusively with

14  the Court.  Your function is to weigh the evidence in the case and to determine,

15  solely upon the basis of such evidence, whether or not each Defendant is guilty

16  beyond a reasonable doubt.  Under your oath as jurors, you cannot allow a

17  consideration of the punishment that may be imposed upon a Defendant, if he or

18  she is convicted, to influence your verdict in any way or to enter into your

19  deliberations in any sense.

<u>**DRAFT (1)**</u> – FOR DISCUSSION AT CHARGE CONFERENCE

*individual*

1    In reaching your verdict, bear in mind that innocence and guilt are

2    personal and individual.  You must separately consider the evidence against each

3    Defendant on each offense charged, and you must return a separate verdict for each

4    Defendant on each count.  For each Defendant and each count, you must decide

5    whether the Government has proved beyond a reasonable doubt that the particular

6    Defendant is guilty of the particular offense charged.  Your verdict of guilty or not

7    guilty must be based solely upon the evidence.

8

9    The case against each Defendant, on each count, stands or falls upon

10   the proof or lack of proof at trial against that Defendant alone, and your verdict as

11   to any Defendant on any count should not influence your decision as to any other

12   Defendant or any other count.

13

14

15

16   **<u>THE INDICTMENT</u>**

17   ** ***The Government has undertaken to prepare a redacted version of the***
18   ***Indictment that strikes the allegations as to which the Court granted motions <u>in</u>***
19   ***<u>limine</u>.***
20
21   The Defendants, DANIEL BONVENTRE, ANNETTE

DRAFT (1) – FOR DISCUSSION AT CHARGE CONFERENCE

1    BONGIORNO, JO ANN CRUPI, JEROME O'HARA, AND GEORGE PEREZ,

2    are formally charged in the Indictment.  As I instructed you at the outset of this

3    case, the Indictment is simply a charge or accusation.  It is not evidence.

4

5            The Indictment in this case contains a total of thirty-three counts.

6    Each count charges one or more of the Defendants with a separate crime.

7    Although there are facts in common to all of the Defendants and the different

8    counts, each Defendant and each count must be considered separately.  You must

9    return a separate, unanimous verdict as to each Defendant on each count under

10   which he or she is charged.

11

12           Count One of the Indictment charges all five of the Defendants with

13   knowingly and willfully conspiring: to commit securities fraud; to fail to make and

14   keep the records of a registered broker-dealer; to fail to make and keep the records

15   required of an investment advisor; and to commit mail fraud.

16

17           As I will explain in more detail in a few moments, a conspiracy, such

18   as the one charged in Count One here, is a criminal agreement to violate the law.

19   Counts Two, Three, Four, Five, and Sixteen also charge certain of the Defendants

BonventreDraftChargeCC1.wpd  version 01/31/14                                        45

DRAFT (1) – FOR DISCUSSION AT CHARGE CONFERENCE

1    **GENERAL CONCEPT OF A CONSPIRACY**
2    **(COUNTS ONE, TWO, THREE, FOUR, FIVE AND SIXTEEN)**
3

4        A conspiracy is a kind of criminal partnership – a combination or

5    agreement of two or more persons to join together to accomplish some unlawful

6    purpose.  The crime of conspiracy to violate a federal law is an independent

7    offense.  It is separate and distinct from the actual violation of any specific federal

8    statutes, which the law refers to as "substantive crimes."

9

10        Indeed, you may find the defendant you are considering guilty of the

11    crime of conspiracy to violate federal law even though none of the substantive

12    crimes which were the object of the particular alleged conspiracy was actually

13    committed.  ~~Congress has deemed it appropriate to~~ make conspiracy, standing

14    alone, a separate crime, even if the conspiracy is not successful.

15

16

17

18    **ELEMENTS OF THE CRIME OF CONSPIRACY:**
19    **(COUNTS ONE, TWO, THREE, FOUR, FIVE AND SIXTEEN)**
20
21        As I have told you earlier, Counts One, Two, Three, Four, Five and

**DRAFT (1)** – FOR DISCUSSION AT CHARGE CONFERENCE

1    Sixteen of the Indictment charge the Defendants with participating in conspiracies.

2

3    Now, in order to sustain its burden of proof with respect to each of

4    the charges of conspiracy, the Government must separately establish beyond a

5    reasonable doubt each of the following three essential elements:

6

7    First, that the conspiracy charged existed – that is, the existence of an

8    agreement or understanding to commit at least one of the object crimes charged in

9    the Indictment;

10

11    Second, that the individual Defendant you are considering knowingly

12    and wilfully became a member of the conspiracy, that is, that he or she had the

13    necessary intent or state of mind; and

14

15    Third, that any one of the conspirators – not necessarily one of the

16    Defendants you are considering, but any member of the conspiracy – knowingly

17    committed at least one overt act in the Southern District of New York in

18    furtherance of the conspiracy during the ~~life~~ time frame of the conspiracy.  The Southern

19    District of New York includes Manhattan, the Bronx and several counties to the

DRAFT (1) – FOR DISCUSSION AT CHARGE CONFERENCE

1   north of the Bronx.

2

3       Now, let us separately consider these elements in detail.

4

5

6           **CONSPIRACY FIRST ELEMENT –**
7          **EXISTENCE OF THE CONSPIRACY:**
8    **(COUNTS ONE, TWO, THREE, FOUR, FIVE AND SIXTEEN)**
9
10          Starting with the first element – existence of the conspiracy – we ask –

11   what is a conspiracy?  A conspiracy is an agreement or an understanding of two or

12   more persons to accomplish by joint action a criminal or unlawful purpose.  The

13   gist, or the essence, of the crime of conspiracy is the unlawful combination or

14   agreement to violate the law.  The success of the conspiracy, or the actual

15   commission of the criminal act which is the object of the conspiracy, is not an

16   essential element of that crime.

17

18          In order to prove this element beyond a reasonable doubt, the

19   Government is not required to show that two or more people sat around a table and

20   entered into a solemn pact, orally or in writing, stating that they had formed a

21   conspiracy to violate the law and setting forth details of the plans or the part to be

DRAFT (1) – FOR DISCUSSION AT CHARGE CONFERENCE ✓

1   played by each conspirator.  Indeed, it is ~~rare~~ infrequent that a conspiracy can be proven by

2   direct evidence of an explicit agreement.  Common sense tells you that when

3   people, in fact, agree to enter into a criminal conspiracy, much is can be left to the

4   unexpressed understanding.  From its very nature, a conspiracy is ~~almost invariably~~ often

5   secret in its origin and execution.

6

7          To show that a conspiracy existed, then, it is sufficient if the evidence

8   shows that two or more persons in some way or manner, through any contrivance,

9   explicitly or implicitly, came to an understanding to violate the law and to establish

10  an unlawful plan.

11

12          The adage "actions speak louder than words" is applicable here.

13  Usually, the only evidence available with respect to the existence of a conspiracy is

14  that of disconnected acts on the part of the alleged individual coconspirators.

15  When taken together and considered as a whole, however, such acts may show a

16  conspiracy or agreement as conclusively as would direct proof.

17

18          So, in considering the first element of the crime of conspiracy as

19  charged in Counts One, Two, Three, Four, Five, and Sixteen – whether the

BonventreDraftChargeCC1.wpd  version 01/31/14                                          55

<u>**DRAFT (1)**</u> – FOR DISCUSSION AT CHARGE CONFERENCE

1    "**Willfully**" means to act knowingly and purposely, with an intent to

2    do something the law forbids, that is to say, the actions of the Defendant in

3    question must have been the product of his or her conscious objective, with a bad

4    purpose either to disobey or to disregard the law.

5

6    "**Unlawfully**" simply means contrary to law.  The Defendant in

7    question need not have known that he or she was violating any particular statute or

8    any particular rule.  He or she need only have been aware of the generally unlawful

9    nature of his acts.

10

11    As I mentioned a moment ago, before an individual defendant can be

12    found to have been a conspirator, you must first find that he or she knowingly

13    joined in the unlawful agreement or plan.  The key question, therefore, is whether

14    the Defendant you are considering joined the conspiracy with an awareness of at

15    least some of the basic aims and purposes of the unlawful agreement.

16

17    Now, a defendant's knowledge can sometimes be a matter of

18    inference from the facts proved.  Science has not yet devised a manner of looking

19    into a person's mind and knowing what that person is thinking.  It is for you to

DRAFT (1) – FOR DISCUSSION AT CHARGE CONFERENCE

1    determine whether the Government has established beyond a reasonable doubt that

2    such knowledge and intent existed on the part of the Defendant you are

3    considering.  In making that determination you may consider all of the evidence,

4    which may include evidence of certain acts and conversations alleged to have taken

5    place with certain Defendants or in their presence.

6

7        It is not necessary that a defendant be fully informed as to all the

8    details of the conspiracy in order to justify an inference of knowledge on his or her

9    part. To have guilty knowledge, an individual defendant need not have known the

10   full extent of the conspiracy or all of its activities or all of its participants.  It is not

11   even necessary that a defendant know every other member of the conspiracy.  In

12   fact, a defendant may know only one other member of the conspiracy and still be a

13   coconspirator.  However, mere suspicion or discomfort is not sufficient, standing

14   alone, to constitute knowledge.  It is up to you, the jury, to determine based on all

15   of the evidence whether the Defendant you are considering acted with knowledge

16   of the unlawful purpose or purposes of the agreement.

17

18        You have heard evidence that Bernard Madoff, or Frank DiPascali,

19   told certain of the Defendants that it was acceptable to engage in some of the

<u>**DRAFT (1)**</u> – FOR DISCUSSION AT CHARGE CONFERENCE

1   actions underlying the charges in the Indictment.  You may consider that evidence

2   in deciding whether a particular Defendant acted willfully and with knowledge of

3   the unlawful purpose or purposes of the agreement, but the mere fact that the

4   Defendant may have been told something by his employer does not, in itself,

5   necessarily mean that a person lacked the required knowledge and intent.

6

7        You must ask yourselves whether the Defendant honestly and in good

8   faith believed the ~~advice~~ *representations by* of his or her employer that the actions were proper was

9   correct.  No one can willfully and knowingly violate the law and excuse himself

10  from the consequences of his conduct simply by pleading that he or she followed

11  someone else's orders.  In other words, if the Defendant knew that he or she was

12  breaking the law, it is no defense that the Defendant was just following the orders

13  of his or her employer.

14

15       Nor is it necessary that the Defendant in question received any

16  monetary benefit from participating in the conspiracy.  While proof of a financial

17  interest in the outcome of a scheme is not essential, if you find that the Defendant

18  in question had such an interest, that is a factor which you may properly consider

19  in determining whether or not the Defendant was a member of the conspiracy

**DRAFT (1)** – FOR DISCUSSION AT CHARGE CONFERENCE

1      Nor may you infer an individual Defendant's participation in criminal

2  conduct merely from the fact that he or she associated with other people, including

3  co-workers who were guilty of wrongdoing.  Mere association with conspirators or

4  those involved in a criminal enterprise is insufficient to prove a Defendant's

5  participation in a conspiracy.

6

7      Moreover, the fact that the acts of a defendant, without knowledge of

8  the conspiracy and its unlawful objectives, merely happen to further the purposes

9  or objectives of the conspiracy does not make him or her a member of the

10  conspiracy.  What is necessary is that the defendant has participated in the

11  conspiracy with knowledge of its unlawful purpose or purposes, and with an intent

12  to aid in the accomplishment of its unlawful objective or objectives.

13

14      In sum, before a finding of guilt, you must be satisfied beyond a

15  reasonable doubt that the individual Defendant you are considering, with an understanding of

16  the unlawful character of the specific conspiracy charged in the Indictment,

17  intentionally engaged, advised or participated in it for the purpose of furthering its

18  illegal objectives.  He or she thereby becomes a knowing and willing participant in

19  the unlawful agreement – that is to say, a conspirator.

DRAFT (1) – FOR DISCUSSION AT CHARGE CONFERENCE

1    A conspiracy, once formed, is presumed to continue until either its

2    objectives are accomplished or there is some affirmative act of termination by its

3    members.  So, too, once a person is found to be a member of a conspiracy, that

4    person is presumed to continue being a member in the venture until the venture is

5    terminated, unless it is shown by some affirmative proof that the person withdrew

6    or disassociated himself from it.

7

8

9        CONSPIRACY THIRD ELEMENT –
10            OVERT ACTS:
11   (COUNTS ONE, TWO, THREE, FOUR, FIVE AND SIXTEEN)
12

13   The third element of a conspiracy is the requirement of an overt act.

14   To sustain its burden of proof with respect to each conspiracy charged in the

15   Indictment, the Government must show beyond a reasonable doubt that at least one

16   overt act was committed in furtherance of the particular conspiracy by at least one

17   of the coconspirators – not necessarily by one of the Defendants on trial here – in

18   the Southern District of New York, within a particular period of time.

19

20        The overt act requirement is simple.  There must have been something

21   more than mere agreement: some overt step or action must have been taken by at

DRAFT (1) – FOR DISCUSSION AT CHARGE CONFERENCE

1    least one of the conspirators in furtherance of the conspiracy.

2

3            The Indictment sets forth numerous overt acts the Government alleges

4    were done by conspirators in furtherance of the charged conspiracies.  I will not

5    read all of the overt acts listed in the Indictment because, in order for the

6    Government to satisfy the overt act requirement, it is not necessary for the

7    Government to prove that any of the overt acts specifically alleged in the

8    Indictment were committed.  Indeed, you may find that overt acts were committed

9    that were not alleged in the Indictment at all.  In short, it is sufficient for the

10   Government to show that the Defendant you are considering, or one of his or her

11   alleged coconspirators, knowingly committed at least one overt act in furtherance

12   of the particular conspiracy during the life of the conspiracy.  You must, however,

13   be unanimous on what each particular overt act was. *for each of the 5th conspiracies charged.*

14

15           An overt act, standing alone, may be an innocent, lawful act.

16   Frequently, however, an apparently innocent act sheds its harmless character if it is

17   a step in carrying out, promoting, aiding or assisting the conspiratorial scheme.

18   You are therefore instructed that the overt act does not have to be an act that in and

19   of itself is criminal or constitutes an objective of the conspiracy.

**DRAFT (1)** – FOR DISCUSSION AT CHARGE CONFERENCE

1    Count Thirty charges Defendant ANNETTE BONGIORNO with

2    corruptly obstructing the lawful administration of the Internal Revenue laws.

3

4                                                    *for the years 2004, 2007 & 2008.*

5    Counts Thirty-One through Thirty-Three charge Defendant JO ANN

6    CRUPI with Tax Evasion.

7

8    As you may have noticed, all of the objectives of the conspiracy

9    charges, with the exception of mail fraud, are also charged as substantive offenses.

10

11   Before I give you further detailed instructions as to what it takes to

12   prove these substantive charges, let me further clarify the difference between the

13   conspiracy counts, which are charged in Counts One, Two, Three, Four, Five and

14   Sixteen, and the substantive counts, which are charged in Counts Six through

15   Fifteen and Seventeen through Thirty-Three of the Indictment.

16

17   A conspiracy, as I said, is a separate crime of agreeing to commit an

18   unlawful objective.  Here, the Government contends that the substantive violations

19   alleged to be objects of the conspiracies, with the exception of the alleged mail

**DRAFT (1)** – FOR DISCUSSION AT CHARGE CONFERENCE

1

2

3  **SECURITIES FRAUD SECOND ELEMENT - KNOWLEDGE, INTENT**
4  **AND WILLFULNESS:**
5  **(COUNTS SIX, SEVEN AND EIGHT)**

6

7        The second element that the Government must establish beyond a

8  reasonable doubt is that the [*individual*] Defendant you are considering participated in the

9  scheme to defraud knowingly, willfully and with the intent to defraud a purchaser

10  or seller.

11

12        As I explained earlier, "knowingly" means to act voluntarily and

13  deliberately, rather than mistakenly or inadvertently, while "willfully" means to act

14  knowingly and purposely, with an intent to do something the law forbids.  "Intent

15  to defraud" in the context of the securities laws means to act knowingly and with

16  intent to deceive.  The question of whether a person acted knowingly, willfully and

17  with intent to defraud is a question of fact for you to determine, like any other fact

18  question. [*in this case*] This question involves one's state of mind.  Direct proof of knowledge

19  and fraudulent intent is almost never available.  It would be a rare case where it

20  could be shown that a person wrote or stated that as of a given time in the past he

21  committed an act with fraudulent intent.  Such direct proof is not required.  The

**DRAFT (1)** – FOR DISCUSSION AT CHARGE CONFERENCE

1   ultimate facts of knowledge and criminal intent, though subjective, may be

2   established by circumstantial evidence, based upon a person's outward

3   manifestations, his words, his conduct, his acts and all the surrounding

4   circumstances disclosed by the evidence and the rational or logical inferences that

5   may be drawn therefrom.

6

7        What is referred to as drawing inferences from circumstantial

8   evidence is no different from what people normally mean when they say, "use your

9   common sense."  Using your common sense means that, when you come to decide

10  whether the defendant possessed or lacked an intent to defraud, you don't limit

11  yourself to what the defendant said, but you also look at what he or she did and

12  what others did in relation to the defendant and, in general, everything that

13  occurred.  ~~As I have said before,~~ Circumstantial evidence, if believed, is of no less value than direct

14  evidence.  In either case, the essential elements of the crime charged must be

15  established beyond a reasonable doubt.

16

17        Since an essential element of the crime charged is intent to defraud, it

18  follows that good faith on the part of a defendant (that is, belief in the truth of the

19  matter asserted and lack of intent to defraud) is a complete defense to a charge of

DRAFT (1) – FOR DISCUSSION AT CHARGE CONFERENCE

1    securities fraud.  A defendant, however, has no burden to establish a defense of

2    good faith.  The burden is on the Government to prove fraudulent intent and

3    consequent lack of good faith beyond a reasonable doubt.  Under the anti-fraud

4    statutes, even false representations or statements or omissions of material facts do

5    not amount to a fraud unless done with fraudulent intent.  However misleading or

6    deceptive a plan may be, it is not fraudulent if it was carried out in good faith.  An

7    honest belief by a defendant in the truth of the representations made is a good

8    defense, however inaccurate the statements may turn out to be.

9

10          In considering whether or not a defendant acted in good faith, you are,

11    however, instructed that a belief by the defendant, if such belief existed, that

12    ultimately everything would work out so that no investors would lose any money

13    does not require a finding by you that he acted in good faith.  No amount of honest

14    belief on the part of a defendant that the scheme will ultimately make a profit for

15    the investors will excuse fraudulent actions or false representations by him.

16

17          As a practical matter, then, to sustain any fraud charge against a

18    particular Defendant, the Government must establish beyond a reasonable doubt

19    that the particular Defendant you are considering knew that his or her conduct as a

<u>**DRAFT (1)**</u> – FOR DISCUSSION AT CHARGE CONFERENCE

1   participant in the alleged scheme was calculated to deceive and nonetheless, he or

2   she associated himself with the alleged fraudulent scheme.

3

4            To conclude on this element, if you find that the Government has not

5   proven beyond a reasonable doubt that the Defendant in question was a knowing

6   participant in the scheme and had the intent to defraud, then you must acquit that

7   defendant.

8

9            On the other hand, if you find that the Government has established

10  beyond a reasonable doubt not only the first element, namely, the existence of a

11  scheme to defraud, but also this second element, that the individual defendant you are

12  considering was a knowing participant and acted with intent to defraud, then you

13  must proceed to consider the third element, as to which I am about to instruct you.

14

15

16          **SECURITIES FRAUD THIRD ELEMENT -**
17              **INTERSTATE COMMERCE:**
18           **(COUNTS SIX, SEVEN AND EIGHT)**
19
20          The third and final element that the Government must prove beyond a

21  reasonable doubt is that the defendant you are considering knowingly used, or

1

2

3   **FALSIFYING RECORDS OF A BROKER DEALER**
4   **SECOND ELEMENT - FALSITY:**
5   **(COUNTS NINE, TEN AND ELEVEN)**
6

7          The Government next must prove, with respect to each of Counts

8   Nine, Ten and Eleven, that the Defendant you are considering knowingly and

9   willfully made, or caused to be made, materially false and misleading statements in

10  the records you are considering.

11

12          A statement or representation is "false" if it was untrue when made,

13  and known at the time to be untrue by the person making it or causing it to be

14  made.  As I have explained previously, a statement is misleading, either if it is an

15  untrue statement as to a material fact or if it omits to state a material fact necessary

16  in order to make the statements made, in light of the circumstances under which

17  they were made, not misleading.  I have defined the term "material" for you

18  previously and you should use that definition here.  I have also defined the terms

19  "knowingly" and "willfully".  Those same definitions, and the defense of good

20  faith, as I have previously explained it, apply here.

21

**DRAFT (1)** – FOR DISCUSSION AT CHARGE CONFERENCE

1    General Ledgers and/or stock records.

2

3            Count Eleven charges that Defendant DANIEL BONVENTRE made,

4    or caused to be made, fraudulent required books and records including general

5    ledgers, stock records, and/or reports derived from the general ledgers and stock

6    records.

7

8            The Government contends that each of these types of records

9    maintained by Madoff Securities contained a number of materially false statements

10   and misleading omissions.  The Government is not required to prove all of these

11   false statements and omissions.  However, in order to convict each defendant on

12   the false broker-dealer books and records charge or charges against that defendant,

13   each juror must agree with each of the other jurors that the same statement in the

14   same required record that you are considering was in fact materially false or

15   misleading.  You need not unanimously agree on each such statement alleged, but,

16   you may not convict the Defendant you are considering of a particular count,

17   unless you find unanimously that the Government has proven beyond a reasonable

18   doubt that at least one particular statement in a required record was materially false

19   and misleading and that the Defendant you are considering knowingly and

<u>**DRAFT (1)**</u> – FOR DISCUSSION AT CHARGE CONFERENCE

<u>**FALSIFYING RECORDS OF AN INVESTMENT ADVISER -**</u>
<u>**ELEMENTS OF THE OFFENSE:**</u>
<u>**(COUNTS TWELVE, THIRTEEN AND FOURTEEN)**</u>

For each of Counts Twelve, Thirteen, and Fourteen, to establish a

violation of Title 15 of the United States Code, Sections 80b-4 and 80b-17, the

Government must prove each of the following four elements beyond a reasonable

doubt:

<u>First</u>, that Madoff Securities was a registered or unregistered

investment adviser;

<u>Second</u>, that Madoff Securities made use of the mails or any

instrumentalities of interstate commerce in connection with its investment advisory

business;

<u>Third</u>, that Madoff Securities was required by law to make and keep

the records charged in that Count;

<u>Fourth</u>, that the [individual] Defendant you are considering knowingly and

**DRAFT (1)** – FOR DISCUSSION AT CHARGE CONFERENCE

1    DTC reports, documents relating to the profit, loss and revenue of Madoff

2    Securities, and/or stock records.

3

4              Count Fourteen charges that Defendant DANIEL BONVENTRE

5    caused Madoff Securities to keep false and fraudulent books and records including

6    general ledgers, stock records and/or reports derived from the general ledgers or

7    stock records.

8

9

10   **FALSIFYING RECORDS OF AN INVESTMENT ADVISER**
11   **FOURTH ELEMENT - FAILURE TO MAKE AND KEEP REQUIRED**
12   **RECORDS:**
13   **(COUNTS TWELVE, THIRTEEN AND FOURTEEN)**
14

15            The Government next must prove, with respect to each of Counts

16   Twelve, Thirteen and Fourteen, that the Defendant you are considering knowingly

17   and willfully caused Madoff Securities to fail to make and keep those records

18   required by law.

19

20            I have defined the terms and "knowingly" and "willfully".  Those

21   same definitions apply here, as does my earlier explanation of the defense of good

22   faith.

BonventreDraftChargeCC1.wpd  version 01/31/14

**DRAFT (1)** – FOR DISCUSSION AT CHARGE CONFERENCE

1       To establish this element, the Government need not prove that the

2   defendant in question physically made or otherwise personally prepared or

3   personally failed to maintain those records required by law.  It is sufficient if the

4   Government has proved that the Defendant in question knowingly and willfully

5   caused required records to be improperly maintained by some person.

6

7       Now, each of Counts Twelve, Thirteen and Fourteen is based on a

8   different set of records required to be maintained by Madoff Securities as an
    *as differentiated from those required of a broker-dealer*

9   investment adviser.  The Government contends that each of these records was

10   knowingly and willfully improperly maintained at Madoff Securities.  The

11   Government is not required to prove all of these failures to make and keep required

12   records of an investment adviser.  However, in order to convict a *individual* defendant on a

13   particular count, each juror must agree with each of the other jurors that the

14   particular Defendant you are considering knowingly and willfully caused the

15   particular record that you are considering to be improperly maintained.  You need

16   not unanimously agree on each such record alleged, but, in order to convict the

17   Defendant you are considering of a particular count, you must unanimously agree

18   upon at least <u>one</u> such record that is at issue in that Count was knowingly and

19   willfully improperly maintained by or at the direction of the particular Defendant

**DRAFT (1)** – FOR DISCUSSION AT CHARGE CONFERENCE

1   [The Court reads Count Fifteen of the Indictment (Indictment ¶ 112).]

2

3   In order for DANIEL BONVENTRE to be found guilty, the

4   Government must prove each of the following three elements beyond a reasonable

5   doubt:

6

7   First, that Madoff Securities was required by the Securities Exchange

8   Act of 1934 to file the FOCUS report identified in Count Fifteen;

9

10   Second, that an individual knowingly and willfully made, or caused to

11   be made, a materially false or misleading statement in the FOCUS report; and

12

13   Third, that DANIEL BONVENTRE aided and abetted the filing of

14   the materially false and misleading FOCUS report.

15

16   I have already defined the words "knowingly" "willfully," and

17   "materially," and you should apply those definitions here.   ✓

18

19

<u>DRAFT (1)</u> – FOR DISCUSSION AT CHARGE CONFERENCE

1
2
3      <u>TAX EVASION THIRD ELEMENT -</u>
4            <u>WILLFULNESS:</u>
5      <u>(COUNTS TWENTY-FIVE TO TWENTY-NINE AND THIRTY TO</u>
6                 <u>THIRTY-THREE)</u>
7

8          The third element of the tax evasion offense which the Government

9    must prove is that the individual Defendant you are considering acted knowingly

10   and willfully.

11

12          To satisfy this element, the Government must prove beyond a

13   reasonable doubt that the defendant knew that she owed substantially more federal

14   income tax for the specified calendar year than was declared on her income tax

15   return.  Whether or not the defendant had this knowledge is a question of fact to be

16   determined by you on the basis of all of the evidence.  Of course, an act is done

17   knowingly only if it is done purposely and deliberately and not because of mistake,

18   accident, negligence or other innocent reason.  Simply filing a tax return that might

19   be incorrect, is not by itself a crime.

20

21          In this regard, I instruct you that the Internal Revenue Code provides

22   that the fact that an individual's name is signed to a return is evidence that the

BonventreDraftChargeCC1.wpd  version 01/31/14

139

DRAFT (1) – FOR DISCUSSION AT CHARGE CONFERENCE

1   return was actually signed by that person.  In other words, unless there is evidence

2   in the case which leads you to conclude otherwise, you may find that a tax return

3   was in fact signed by the person whose name appears to be signed on it.  If the

4   evidence leads you to conclude, beyond a reasonable doubt, that the individual

5   Defendant you are considering signed her tax return, you may ~~also~~ draw the *but are not required to*

6   inference that the individual Defendant you are considering had knowledge of the

7   contents of the return.

8

9


10   **[TAX EVASION - UNLAWFULLY RECEIVED INCOME:**
11   **(COUNTS TWENTY-FIVE TO TWENTY-NINE AND THIRTY TO**
12   **THIRTY-THREE)]**
13

14   **(If Requested)**

15   [In the course of your deliberations concerning the determination of

16   whether any particular portion of the defendant's income was taxable, you should

17   consider income which may have been illegally acquired, as well as funds which

18   the evidence indicates have been lawfully acquired.

19

20

**DRAFT (1)** – FOR DISCUSSION AT CHARGE CONFERENCE



1    If you find from the evidence that the individual Defendant you are

2   considering received taxable income and failed to report it as the law requires, it

3   makes no difference in determining the Defendant's tax liability whether such

4   income was lawfully or unlawfully acquired.]

5

6

7   **CONSCIOUS AVOIDANCE**

8    As I have explained, each Count charged in the Indictment requires

9   the Government to prove beyond a reasonable doubt that each individual

10   Defendant that you are considering acted "knowingly," because he or she had

11   knowledge of particular material facts.  In determining whether a Defendant acted

12   knowingly, you may consider whether he or she deliberately closed his or her eyes

13   to what would otherwise have been obvious to him or her, and acted with

14   deliberate disregard of the facts.  But the Government cannot prove a Defendant's

15   knowledge of a particular fact merely by showing that the Defendant was careless,

16   foolish, negligent or reckless.  To find knowledge on this basis, it is not sufficient

17   that the particular defendant may not have tried hard enough to learn the truth.

18

19    Thus, if you find there is proof beyond a reasonable doubt that the

BonventreDraftChargeCC1.wpd  version 01/31/14                                                                   141

DRAFT (1) – FOR DISCUSSION AT CHARGE CONFERENCE

1    about this case.

2

3            Each of your requests, and any communication with the Court,

4    should be made to me in writing, initialed by your foreperson, and given to the

5    U.S. Marshal, who will be available outside the jury room throughout your

6    deliberations.  After consulting with counsel, I will respond to any question or

7    request you have as promptly as possible, either in writing or by having you return

8    to the courtroom so that I can speak with you in person.

9

10

11            **DUTY TO CONSULT AND NEED FOR UNANIMITY**

12            The Government, to prevail as to each Defendant with respect to each

13   Count of the Indictment, must prove the essential elements of the crime charged

14   beyond a reasonable doubt, as I have already explained in these instructions.  If the

15   Government succeeds, your verdict should be guilty; if the Government fails, your

16   verdict should be not guilty.

17

18            To report a verdict, your decision must be unanimous.

19