Law Offices of
# GORDON MEHLER PLLC

747 Third Avenue ◊ 32nd Floor ◊ New York, NY 10017-2803

Gordon Mehler
*Principal*

Nathaniel Burney
Rebecca Campbell
Michael Rakower
Daniel Rothstein
Harvey Stuart
Joyce Young
Mengtao Yu
*Of Counsel*

Rick Guimond
Ben Stadler
*Paralegals*

February 9, 2014

**BY ECF**

Honorable Laura Taylor Swain
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   U.S. v. Bonventre, et al., 10 Cr. 228 (LTS)

Dear Judge Swain:

      In anticipation of the Tuesday afternoon's charging conference, we write to add some brief comments on the draft jury charge. (I had hoped to complete this project before today, but the press of other client matters prevented that.) Because co-counsel have already weighed in with both substantive and stylistic suggestions, we have tried, with a couple of notable exceptions, to limit this submission to those points that are not duplicative. Finally, as approved by the Court last week, we are following the lead of Mr. Breslin and Ms. Geller in attaching a PDF of a few additional handwritten corrections, though it is futile to compete with Mr. Breslin's stylish penmanship.

      Our primary concern is to flag for the Court several instances of no doubt inadvertent imbalance in the charge. One lengthy example on pages 122-23 has already been pointed out. On those pages the Court seems to marshal in one place the government's various fraud theories, and to do so without even differentiating between the various defendants—not all of whom are charged in all of the applicable counts. Because Title 18 U.S.C. Section 2 liability applies to all counts, we suggest that the Court substitute the following language at the bottom of page 121: "First, did the individual Defendant you are considering intend to commit the crime described in the Count of the Indictment you are considering?" Similar

concision is already employed by the court in the middle of page 123 ("Second, did the individual Defendant you are considering intentionally cause another person to take the action described in the Count of the Indictment that you are considering."). Such a correction will dissolve any appearance of the Court marshaling in one place more than a dozen separate government fraud theories. A similar problem exists on page 47, in describing "a broad-ranging" conspiracy. To denominate a conspiracy "broad-ranging" is to give it ballast in the eyes of the jury. The Court uses the phrase "criminal conspiracy elsewhere. Why not here too?

When it comes to particularizing concepts important to the defense and documents important to the government, the latter are spelled out in multiple places while the former are not. For example, the long list of books and records spotlights DTC reports five separate times--on page 96, page 101, page 105, page 109 and page 111. SIAC reports and similar compilations receive no mention at all. Even more fundamental, the government has no authority for denominating DTC records, and certain others records such as commission reports, part of Madoff Securities' required books and records. These records by regulation include trade confirmations, trade blotters, and general ledgers setting forth all assets and liabilities, income, expenses and capital accounts of, for example, a broker-dealer. See Title 17, Code of Federal Regulations, Section 240.17a-3. (We submitted this alternative list both for broker-dealers and for investment advisors in the supplemental request to charge previously filed by Mr. Krantz and Ms. Yuhas, which we attach.) DTC, we have learned during this trial is a members-only organization that holds securities in its custody. (Trial Tr. 6577). A DTC record is hardly on par with a general ledger.

In addition, a shorthand is employed in spelling out more than once important defense concepts , such as at the bottom of page 100 ("I have defined the term 'material' for you previously, and you should use that definition here. I have also defined the terms 'knowingly' and 'willfully.' Those same definitions and the defense of good faith, as I have previously explained it, apply here."). We would respectfully request that the court employ a similar shorthand in repeat definitions of books and records and limit those books and records to those set out in the CFR, as set forth in the previously submitted request to charge.

On page 12, the Court explains why the case is important to the government, to wit, that "the enforcement of criminal laws is a matter of prime concern to the community." But the case's importance to the defendants is explained simply as: they "are charged with serious crimes." In fact, the case's importance to the

defendants is that they have contested the charges for many years and hope for a favorable verdict. Thus, to balance these competing notions of "importance," we would suggest the following amendment to the sentence: "Equally, it is important to each of the Defendants, who are contesting serious charges to which they have entered pleas of not guilty."

In a more minor vein, the Court on page 45, second paragraph, discusses "facts in common to all of the Defendants." Given that it is the trial that decides what "facts" have been proven, we suggest "charges in common" in place of "facts in common." On page 57, we see the only instance of an indictment paragraph number highlighted in a footnote. This footnote seems out of place, indeed forlorn. Does that paragraph of the indictment have a special resonance? On page 65 the court quotes the well-worn language about how "[s]cience has not yet devised a manner of looking into a person's mind… ." Given that science will probably never devise such a method because intent is never precise, we propose: "There is no reliable way of looking into a person's mind… ."

We thank the Court for its consideration.

Respectfully,

*Gordon Mehler*

Gordon Mehler
Sarah Lum

GM:rjg

cc: All counsel (by ECF)