**Final Version of Charge**~~DRAFT (2) – Reflecting Charge Conference and Consideration of Subsequent Submissions~~

1    **<u>United States v. Bonventre et al., 10 cr. 228</u>**

2    **<u>JURY INSTRUCTIONS</u>**

3

4    Ladies and gentlemen, I now am going to instruct you on the law,

5    before you begin your deliberations.  You must pay close attention and I will be as

6    clear as possible.

7

8    It has been obvious to me and to counsel that you have faithfully

9    discharged your duty to listen carefully and observe each witness who testified.

10   Your interest has never flagged, and you have followed the testimony with close

11   attention.

12

13   I ask you to give me that same careful attention as I instruct you on

14   the law.

15

16   The following instructions are rather extensive, so let me provide you

17   with a brief overview of what to expect.  I'll begin by instructing you on very

18   important rules that are generally applicable to all criminal jury trials.  Then, I will

**Final Version of Charge** ~~DRAFT (2) – Reflecting Charge Conference and Consideration of Subsequent Submissions~~

1    proceed to review the counts which are charged in the Indictment and instruct you

2    on the specific rules of law that you will have to consider in deciding each count.

3    Finally, I will instruct you on the procedures you should follow while conducting

4    your deliberations.

5

6

7                          **ROLE OF THE COURT**

8            You have now heard all of the evidence in the case as well as the final

9    arguments of the lawyers for the Government and for the Defendants.

10

11           My duty at this point is to instruct you as to the law.  It is your duty to

12   accept these instructions of law and apply them to the facts as you determine them,

13   just as it has been my duty to preside over the trial and decide what testimony and

14   evidence is relevant under the law for your consideration.

15

16           On these legal matters, you must take the law as I give it to you.  If

17   any attorney has stated a legal principle different from any that I state to you in my

18   instructions, it is my instructions that you must follow.

**Final Version of Charge**~~DRAFT (2) – Reflecting Charge Conference and Consideration of Subsequent Submissions~~

1      You should not single out any instruction as alone stating the law, but

2   you should consider my instructions as a whole when you retire to deliberate in the

3   jury room.

4

5      You should not, any of you, be concerned about the wisdom of any

6   rule that I state.  Regardless of any opinion that you may have as to what the law

7   may be – or ought to be – it would violate your sworn duty to base a verdict upon

8   any other view of the law than that which I give you.

9

10

11                          **ROLE OF THE JURY**

12      As members of the jury, you are the sole and exclusive judges of the

13   facts.  You pass upon the evidence.  You determine the credibility of the witnesses.

14   You resolve such conflicts as there may be in the testimony.  You draw whatever

15   reasonable inferences you decide to draw from the facts as you have determined

16   them, and you determine the weight of the evidence.

17

18      In determining these issues, no one may invade your province or

**Final Version of Charge**~~DRAFT (2) – Reflecting Charge Conference and Consideration of Subsequent Submissions~~

1    function as jurors.  In order for you to determine the facts, you must rely upon your

2    own recollection of the evidence.  What the lawyers have said in their opening

3    statements, in their closing arguments, in the objections, or in their questions is not

4    evidence.  Nor is what I may have said – or what I may say in these instructions –

5    about a fact issue, evidence.  In this connection, you should bear in mind that a

6    question put to a witness is never evidence; it is only the answer which is evidence.

7    But you may not consider any answer that I directed you to disregard or that I

8    directed struck from the record.  Do not consider such answers.

9

10          Since you are the sole and exclusive judges of the facts, I do not mean

11   to indicate any opinion as to the facts or what your verdict should be.  The rulings I

12   have made during the trial are not any indication of my views of what your

13   decision should be as to whether or not the Government has proven its case.

14

15          You are to understand that the Court has no opinion as to the verdict

16   you should render in this case.

17

18          As to the facts, ladies and gentlemen, you are the exclusive judges.

**Final Version of Charge**~~DRAFT (2) – Reflecting Charge Conference and Consideration of Subsequent Submissions~~

1    You are to perform the duty of finding the facts without bias or prejudice for or

2    against any party.

3

4

5    <u>**JUROR OATH**</u>

6        In determining the facts, you are reminded that you took an oath to

7    render judgment impartially and fairly, without prejudice or sympathy and without

8    fear, solely upon the evidence in the case and the applicable law.  I know that you

9    will do this and reach a just and true verdict.

10

11

12    <u>**JURY TO DISREGARD COURT'S VIEW**</u>

13        I have not expressed, nor have I intended to intimate, any opinion as

14    to which witnesses are or are not worthy of belief, what facts are or are not

15    established, or what inference or inferences should be drawn from the evidence.  If

16    any expression of mine has seemed to indicate an opinion relating to any of these

17    matters, I instruct you to disregard it.  You are, I repeat, the exclusive, sole judges

18    of all of the questions of fact submitted to you and of the credibility of the

**Final Version of Charge**~~DRAFT (2) – Reflecting Charge Conference and Consideration of Subsequent Submissions~~

1    witnesses.  Your authority, however, is not to be exercised arbitrarily; it must be

2    exercised with sincere judgment, sound discretion, and in accordance with the rules

3    of law that I give you.  In making your determination of the facts in this case, your

4    judgment must be applied only to that which is properly in evidence.  Arguments

5    of counsel are not in evidence, although you may give consideration to those

6    arguments in making up your mind on what inferences to draw from the facts

7    which are in evidence.

8

9            From time to time the Court has been called upon to pass upon the

10   admissibility of certain evidence.  I have tried to do so, in so far as it was

11   practicable, out of your hearing.  The reasons for any such rulings are not your

12   concern and you are not to draw any inferences from them.  Whether evidence is

13   admissible is purely a question of law in the province of the Court and outside the

14   province of the jury.  In admitting evidence to which objection has been made, the

15   Court does not determine what weight should be given to such evidence, nor does

16   it pass on the credibility of the evidence.  Of course, you will dismiss from your

17   mind completely, entirely, any evidence which has been ruled out of the case by

18   the Court, and you must refrain from speculation or conjecture or any guesswork

**Final Version of Charge**~~DRAFT (2) – Reflecting Charge Conference and Consideration of Subsequent Submissions~~

1    about the nature or effect of any discussion between Court and counsel held out of

2    your hearing or sight.

3

4

5                              **CONDUCT OF COUNSEL**

6               It is the duty of the attorney for each party in the case to object when

7    the other side offers testimony or other evidence which the attorney believes is not

8    properly admissible.  Counsel also have the right and duty to ask the Court to make

9    rulings of law and to request conferences out of the hearing of the jury.  All those

10   questions of law must be decided by me, the Court.  You should not show any

11   prejudice against an attorney or the party the attorney represents because the

12   attorney objected to the admissibility of evidence, or asked for a conference out of

13   the hearing of the jury, or asked the Court for a ruling on the law.

14

15               As I have already indicated, my rulings on the admissibility of

16   evidence do not, unless expressly stated by me, indicate any opinion on my part as

17   to the weight or effect of such evidence.  You are the sole judges of the credibility

18   of all witnesses and the weight and effect of all evidence.

**Final Version of Charge**DRAFT (2) – Reflecting Charge Conference and Consideration of
Subsequent Submissions

1    Your verdict should be based on the facts as found by you from the

2    evidence and the law as instructed by the Court.

3

4

5    ## REMARKS TO COUNSEL

6    It is the duty of the attorneys to offer evidence and press objections on

7    behalf of their side.  It is my function to cut off counsel from an improper line of

8    argument or questioning, to strike offending remarks and to reprimand counsel

9    when I think it is necessary.  But you should draw no inference from that.  It is

10   irrelevant whether you like a lawyer or whether you believe I like a lawyer.

11

12   I would like to express my gratitude to each of the attorneys for their

13   conscientious efforts and for work well done.

14

15

16   ## PRESUMPTION OF INNOCENCE & BURDEN OF PROOF

17   Each of the Defendants has pleaded not guilty to the Indictment,

18   which contains the charges for which he or she is now on trial.

**Final Version of Charge**~~DRAFT (2) – Reflecting Charge Conference and Consideration of Subsequent Submissions~~

1    As a result of each Defendant's plea of not guilty, the burden is on the

2    prosecution, which I refer to in this Charge as the Government, to prove

3    individually each of the Defendants guilty beyond a reasonable doubt.  This burden

4    never shifts to a defendant for the simple reason that the law never imposes upon a

5    defendant in a criminal case the burden or duty of calling any witness or producing

6    any evidence.

7

8    The law presumes each of the individual Defendants to be innocent of

9    all of the charges against him or her.  I therefore instruct you that each Defendant

10   is to be presumed by you to be innocent throughout your deliberations until such

11   time, if ever, you as a jury are satisfied that the Government has proven that

12   individual Defendant guilty beyond a reasonable doubt.

13

14   Each of the Defendants begins the trial here with a clean slate.  This

15   presumption of innocence alone is sufficient to acquit a Defendant unless you as

16   jurors are, unanimously, convinced beyond a reasonable doubt of that Defendant's

17   guilt, after a careful and impartial consideration of all of the evidence in this case.

18   If the Government fails to sustain its burden as to any Defendant you are

**Final Version of Charge** ~~DRAFT (2) – Reflecting Charge Conference and Consideration of Subsequent Submissions~~

1    considering, you must find that Defendant not guilty.

2

3        This presumption was with each Defendant when the trial began and

4    remains with each Defendant even now, as I speak to you, and will continue with

5    each Defendant into your deliberations unless and until you are convinced that the

6    Government has proven that Defendant guilty beyond a reasonable doubt.

7

8

9                    **<u>REASONABLE DOUBT</u>**

10       I have said that the Government must prove each Defendant guilty

11   beyond a reasonable doubt.  The question naturally is: what is a reasonable doubt?

12   The words almost define themselves.  It is a doubt based upon reason and common

13   sense.  It is a doubt that a reasonable person has after carefully weighing all of the

14   evidence.  It is a doubt that would cause a reasonable person to hesitate to act in a

15   matter of importance in his or her personal life.  Proof beyond a reasonable doubt

16   must, therefore, be proof of such a convincing character that a reasonable person

17   would not hesitate to rely and act upon it in the most important of his or her own

18   affairs.  A reasonable doubt is not a caprice or whim; it is not speculation or

**Final Version of Charge**DRAFT (2) – Reflecting Charge Conference and Consideration of Subsequent Submissions

1    suspicion.  It is not an excuse to avoid the performance of an unpleasant duty.  And

2    it is not sympathy.

3

4              In a criminal case, the burden is at all times upon the Government to

5    prove guilt beyond a reasonable doubt.  The law does not require that the

6    Government prove guilt beyond all possible doubt; proof beyond a reasonable

7    doubt is sufficient to convict.  This burden never shifts to any Defendant, which

8    means that it is always the Government's burden to prove each of the elements of

9    each of the crimes charged against each of the Defendants beyond a reasonable

10   doubt.

11

12             If, after fair and impartial consideration of all of the evidence, you

13   have a reasonable doubt as to the guilt of an individual Defendant, it is your duty to

14   acquit that Defendant of the charge you are considering.  On the other hand, if after

15   fair and impartial consideration of all the evidence, you are satisfied of that

16   Defendant's guilt beyond a reasonable doubt, it is your duty to convict on that

17   charge.

18

Final Version of Charge~~DRAFT (2) – Reflecting Charge Conference and Consideration of Subsequent Submissions~~

1                   **THE GOVERNMENT AS A PARTY**

2                   You are to perform the duty of finding the facts without bias or

3   prejudice as to any party.  You are to perform this duty in an attitude of complete

4   fairness and impartiality.

5

6                   This case is important to the Government, for the enforcement of

7   criminal laws is a matter of prime concern to the community.  Equally, it is

8   important to each of the Defendants, who have pleaded not guilty to serious

9   criminal charges.

10

11                   The fact that the prosecution is brought in the name of the United

12   States of America entitles the Government to no greater consideration than that

13   accorded to any other party to a litigation.  By the same token, it is entitled to no

14   less consideration.  All parties, whether government or individuals, stand as equals

15   at the bar of justice.

16

17

18

**Final Version of Charge**~~DRAFT (2) – Reflecting Charge Conference and Consideration of Subsequent Submissions~~

1       ## WHAT IS AND IS NOT EVIDENCE

2       The evidence in this case is the sworn testimony of the witnesses, the

3   exhibits received in evidence and the stipulations agreed to by the parties.

4

5       By contrast, the question of a lawyer is not to be considered by you as

6   evidence.  It is the witnesses' answers that are evidence, not the questions.  At

7   times, a lawyer on cross-examination may have incorporated into a question a

8   statement which assumed certain facts to be true, and asked the witness if the

9   statement was true.  If the witness denied the truth of a statement, and if there is no

10  direct evidence in the record proving that assumed fact to be true, then you may not

11  consider it to be true simply because it was contained in the lawyer's question.

12

13      An example of this is a lawyer's question of a witness: "When did you

14  stop drinking excessively?"  You would not be permitted to consider as true the

15  assumed fact that the witness had ever been drinking excessively unless the witness

16  herself indicated that she had, or unless there was some other evidence in the

17  record that the witness had been drinking excessively.

18

**Final Version of Charge**DRAFT (2) – Reflecting Charge Conference and Consideration of Subsequent Submissions

1    Testimony that has been stricken or excluded is not evidence and may

2    not be considered by you in rendering your verdict.  Also, if certain testimony was

3    received for a limited purpose – such as for the purpose of assessing a witness's

4    credibility, or as against a particular Defendant only – you must follow any

5    limiting instructions I have given.

6

7    Arguments by lawyers are not evidence, because the lawyers are not

8    witnesses.  What they have said to you in their opening statements and in their

9    summations is intended to help you understand the evidence to reach your verdict.

10   However, if your recollection of the facts differs from the lawyers' statements, it is

11   your recollection which controls.

12

13   To constitute evidence, exhibits must be received in evidence.

14   Exhibits which have been marked for identification may not be considered by you

15   as evidence until and unless they have been received in evidence by the Court.

16

17   Materials brought forth only to refresh a witness's recollection are not

18   evidence.

**Final Version of Charge** ~~DRAFT (2) – Reflecting Charge Conference and Consideration of Subsequent Submissions~~

1    Finally, statements that I may have made concerning the quality of the

2    evidence do not constitute evidence.  It is for you alone to decide the weight, if

3    any, to be given to the testimony you have heard and the exhibits you have seen.

4

5    To follow up on a statement I made a moment ago, during the trial, I

6    admitted certain evidence against only one Defendant.  You must consider this

7    evidence only against the Defendant in question.  You must not consider the

8    evidence in the case against any other Defendant.  Each Defendant is entitled to

9    have his or her case decided just on the evidence which applies to him or her.

10

11    Likewise, when I have admitted certain evidence only for a particular

12    purpose and not generally, you may give this evidence the weight you feel it

13    deserves for the limited purpose for which the evidence was received.  You may

14    not use this evidence for any other purpose not specifically mentioned.

15

16

17    <u>**DIRECT AND CIRCUMSTANTIAL EVIDENCE**</u>

18    There are two types of evidence which you may properly use in

**Final Version of Charge**DRAFT (2) – Reflecting Charge Conference and Consideration of Subsequent Submissions

1   reaching your verdict.

2

3          One type of evidence is direct evidence.  Direct evidence is testimony

4   about something the witness knows by virtue of his or her own senses – something

5   he or she has seen, felt, touched, or heard.  Direct evidence may also be in the form

6   of an exhibit, where the fact to be proved is embodied in a document or other

7   object.

8

9          Circumstantial evidence is evidence that tends to prove a disputed fact

10  by proof of other facts.  Here is a simple example of circumstantial evidence.

11  Assume that, when you came into the courthouse this morning, it was a nice day.

12  Assume that the courtroom blinds were drawn and you could not look outside.  As

13  you were sitting here, someone walked in with a wet coat and hat.  Then, a few

14  minutes later, another person entered with a wet umbrella.  Now, you cannot look

15  outside of the courtroom and you cannot see whether or not it is raining.  So you

16  have no direct evidence of that fact.  But on the combination of facts which I have

17  asked you to assume, it would be reasonable and logical for you to conclude that it

18  had begun to rain.

**Final Version of Charge**~~DRAFT (2) – Reflecting Charge Conference and Consideration of Subsequent Submissions~~

1

2          That is all there is to circumstantial evidence.  You infer on the basis

3   of reason and experience and common sense, from one established fact, the

4   existence or non-existence of some other fact.

5

6          Circumstantial evidence is of no less value than direct evidence.  It is

7   a general rule that the law makes no distinction between direct evidence and

8   circumstantial evidence.

9

10

11                          **<u>INFERENCE DEFINED</u>**

12          You have heard the term "infer," and in their arguments the attorneys

13   may have asked you to infer, on the basis of your reason, experience, and common

14   sense, from one or more established facts, the existence of some other fact.

15

16          An inference is not a suspicion or a guess.  It is a reasoned, logical

17   conclusion that a disputed fact exists on the basis of another fact which has been

18   shown to exist.

**Final Version of Charge** ~~DRAFT (2) – Reflecting Charge Conference and Consideration of Subsequent Submissions~~

1    There are times when different inferences may be drawn from facts,

2    whether proved by direct or circumstantial evidence.  The Government may ask

3    you to draw one set of inferences, while the defense may ask you to draw another.

4    It is for you, and you alone, to decide what inferences you will draw.

5

6    The process of drawing inferences from facts in evidence is not a

7    matter of guesswork or speculation.  An inference is a deduction or conclusion that

8    you, the jury, are permitted to draw – but are not required to draw – from the facts

9    which have been established by either direct or circumstantial evidence.  In

10   drawing inferences, you should exercise your common sense.

11

12   So, while you are considering the evidence presented to you, you are

13   permitted to draw, from the facts which you find to be proven, such reasonable

14   inferences as would be justified in light of your experience.

15

16

17   **<u>WITNESS CREDIBILITY</u>**

18   You have had the opportunity to observe all the witnesses.  It is now

**Final Version of Charge**DRAFT (2) – Reflecting Charge Conference and Consideration of Subsequent Submissions

1    your job to decide how believable each witness was in his or her testimony.  You

2    are the sole judges of the credibility of each witness and of the importance of his or

3    her testimony.

4

5            It must be clear to you by now that you are being called upon to

6    resolve various factual issues raised by the parties in the face of very different

7    pictures painted by the Government and by the various Defendants.  In making

8    these judgments, you should carefully scrutinize all of the testimony of each

9    witness, the circumstances under which each witness testified, and any other matter

10   in evidence which may help you decide the truth and the importance of each

11   witness's testimony.

12

13           How do you determine where the truth lies?  You watched the

14   witnesses testify.  Everything a witness said or did on the witness stand counts in

15   your determination.  How did the witness impress you?  Did he or she appear to be

16   frank, forthright and candid, or evasive and edgy as if hiding something?  How did

17   the witness appear; what was his or her demeanor – that is, the person's carriage,

18   behavior, bearing, manner and appearance while testifying?  Often it is not what a

**Final Version of Charge** ~~DRAFT (2) – Reflecting Charge Conference and Consideration of Subsequent Submissions~~

1    person says but how he or she says it that moves us.

2

3          You should use all the tests for truthfulness that you would use in

4    determining matters of importance to you in your everyday life.  You should

5    consider any bias or hostility the witness may have shown for or against any party

6    as well as any interest the witness has in the outcome of the case.  You should

7    consider the opportunity the witness had to see, hear, and know the things about

8    which he or she testified, the accuracy of the witness's memory, the witness's

9    candor or lack of candor, the witness's intelligence, the reasonableness and

10   probability of his or her testimony and its consistency or lack of consistency, and

11   its corroboration or lack of corroboration with other credible testimony.

12

13          If you find that a witness has testified falsely as to any material fact or

14   if you find that a witness has been previously untruthful when testifying under oath

15   or otherwise, you may reject that witness's testimony in its entirety or you may

16   accept only those parts that you believe to be truthful or that are corroborated by

17   other independent evidence in the case.

18

**Final Version of Charge** ~~DRAFT (2) – Reflecting Charge Conference and Consideration of Subsequent Submissions~~

1        There has been evidence that a witness who testified at this trial lied

2    under oath at another proceeding.  I must warn you that the testimony of this

3    witness should be viewed cautiously and weighed with great care.  It is, however,

4    for you to decide how much of his testimony, if any, you wish to believe.

5

6        It is for you, the jury, and for you alone, not the lawyers, or the

7    witnesses, or me as the judge, to decide the credibility of witnesses who appeared

8    here and the weight that their testimony deserves.

9

10        What you must try to do in deciding credibility is to size a witness up

11    in light of the witnesses's demeanor, the explanations given and all of the other

12    evidence in the case.  Always remember that you should use your common sense,

13    your good judgment and your own life experience.

14

15

16                                    **BIAS**

17        In deciding whether to believe a witness, you should specifically note

18    any evidence of hostility or affection which the witness may have towards one of

**Final Version of Charge**DRAFT (2) – Reflecting Charge Conference and Consideration of Subsequent Submissions

1  the parties.  Likewise, you should consider evidence of any other interest or motive

2  that the witness may have in cooperating with a particular party.

3

4        It is your duty to consider whether the witness has permitted any such

5  bias or interest to color his or her testimony.  In short, if you find that a witness is

6  biased, you should view his or her testimony with caution, weigh it with care and

7  subject it to close and searching scrutiny.

8

9

10                **DISCREPANCIES IN TESTIMONY**

11        You may have heard evidence of discrepancies in the testimony of

12  certain witnesses, and counsel may have argued that such discrepancies are a

13  reason for you to reject the testimony of those witnesses.

14

15        You are instructed that evidence of discrepancies may be a basis to

16  disbelieve a witness's testimony.  On the other hand, discrepancies in a witness's

17  testimony or between his testimony and that of others do not necessarily mean that

18  the witness's entire testimony should be discredited.

**Final Version of Charge** ~~DRAFT (2) – Reflecting Charge Conference and Consideration of Subsequent Submissions~~

1        People sometimes forget things and even a truthful witness may be

2   nervous and contradict him or herself.  It is also a fact that two people witnessing

3   an event may see or hear it differently.  Whether a discrepancy pertains to a fact of

4   importance or only to a trivial detail should be considered in weighing its

5   significance; but a willful falsehood always is a matter of importance and should

6   be considered seriously.

7

8        It is for you to decide, based on your total impression of the witness,

9   how to weigh the discrepancies in his or her testimony. You should, as always, use

10  common sense and your own good judgment.

11

12

13  **<u>IMPEACHMENT BY PRIOR INCONSISTENT STATEMENTS</u>**

14       You have heard evidence that at some earlier time a witness has said

15  or done something which counsel argues is inconsistent with the witness's trial

16  testimony.

17

18       Evidence of a prior inconsistent statement is not to be considered by

**Final Version of Charge**DRAFT (2) – Reflecting Charge Conference and Consideration of
Subsequent Submissions

1    you as affirmative evidence in determining whether the criminal charges in this

2    case have been proven or not.  Evidence of a prior inconsistent statement was

3    placed before you for the more limited purpose of helping you decide whether to

4    believe the trial testimony of the witness who contradicted himself or herself.  If

5    you find that the witness made an earlier statement that conflicts with his or her

6    trial testimony, you may consider that fact in deciding how much of his or her trial

7    testimony, if any, to believe.

8

9            In making this determination, you may consider whether the witness

10   purposely made a false statement or whether it was an innocent mistake; whether

11   the inconsistency concerns an important fact, or whether it had to do with a small

12   detail; whether the witness had an explanation for the inconsistency, and whether

13   that explanation appealed to your common sense.

14

15           It is exclusively your duty, based upon all the evidence and your own

16   good judgment, to determine whether the prior statement was inconsistent, and if

17   so how much, if any, weight to give to the inconsistent statement in determining

18   whether to believe all or part of the witness's testimony.

**Final Version of Charge** ~~DRAFT (2) – Reflecting Charge Conference and Consideration of Subsequent Submissions~~

1

2

3                              **EVIDENCE OF MOTIVE**

4              You have heard evidence about the Defendants' motives for

5    committing the crimes charged.  Proof of motive is not a necessary element of the

6    crimes with which the Defendants are charged.  Proof of motive does not establish

7    guilt, nor does lack of motive establish that a Defendant is innocent.

8

9              If the guilt of the Defendant that you are considering is shown beyond

10   a reasonable doubt, it is immaterial what the motive for the crimes may be, but the

11   presence or absence of motive is a circumstance which you may consider as

12   bearing on the intent of the Defendant that you are considering.

13

14

15            **ACCOMPLICE/COOPERATING WITNESS TESTIMONY**

16              You have heard from witnesses who testified that they were actually

17   involved in carrying out aspects of the crimes charged in the Indictment.  There has

18   been a great deal said about these so-called accomplice or cooperating witnesses in

**Final Version of Charge**DRAFT (2) – Reflecting Charge Conference and Consideration of Subsequent Submissions

1    the summations of counsel and about whether you should believe them.  The

2    Government argues, as it is entitled to do, that it frequently must rely on the

3    testimony of witnesses who admit to participating in the alleged crimes at issue.  It

4    argues that it must take its witnesses as it finds them and frequently must use such

5    testimony in a criminal prosecution, because otherwise it would be difficult or

6    impossible to detect and prosecute wrongdoers.  For these very reasons, the law

7    allows the use of such testimony.

8

9            Indeed, it is the law in federal courts that the testimony of an

10   accomplice may be enough in itself for conviction, if the jury believes that the

11   testimony establishes guilt beyond a reasonable doubt.  That said, because of the

12   possible interest an accomplice or a cooperating witness may have in testifying,

13   such a witness's testimony should be scrutinized with special care and particular

14   caution in deciding how much, if any, of the cooperating witness's testimony to

15   believe.

16

17           Whether a witness has admitted to committing a crime, can be

18   considered by you as bearing upon his or her credibility.  It does not follow,

**Final Version of Charge**DRAFT (2) – Reflecting Charge Conference and Consideration of Subsequent Submissions

1   however, that simply because a person has admitted to participating in one or more

2   crimes, he or she is incapable of telling the truth about what happened or did not

3   happen.

4

5          The testimony of an accomplice or a cooperating witness should be

6   given such weight as it deserves in light of the particular facts and circumstances

7   before you, taking into account the witness's demeanor and candor, the strength

8   and accuracy of his or her recollection, his or her background, the extent to which

9   his or her testimony is or is not corroborated by other evidence in the case, and his

10  or her motive or reasons for testifying and cooperating with the Government.

11

12         You may consider whether an accomplice or cooperating witness has

13  an interest in the outcome of the case, or had any other incentive to fabricate, and if

14  so, whether it influenced his or her testimony.  You have heard testimony about

15  agreements between the Government and the accomplice or cooperating witnesses.

16  I caution you that it is not your concern why the Government made an agreement

17  with a witness.  Your sole concern is whether a witness has given truthful

18  testimony here in this courtroom before you.  You may, however, consider in this

1  connection the provisions of the cooperation agreement between a witness and the

2  Government in making your determination as to whether the witness has given

3  truthful trial testimony.

4

5  The cooperation agreements that have been admitted into evidence

6  require the witnesses to, among other things, testify truthfully.  They also provide

7  that, if the Government determines that the witness has abided by the terms of the

8  cooperation agreement and has provided substantial assistance in an investigation

9  or prosecution of another person, the Government will file a so-called "5K1.1"

10  letter.  Section 5.K.1.1 of the United States Sentencing Guidelines authorizes a

11  court to depart downward from the Sentencing Guidelines when sentencing the

12  cooperating witness, upon a motion by the Government stating that the witness has

13  "provided substantial assistance in the investigation or prosecution of another

14  person who has committed an offense."

15

16  In evaluating the testimony of cooperating witnesses, you should ask

17  yourselves whether these accomplices would benefit more by lying, or by telling

18  the truth.  Was their testimony made up in any way because they believed or hoped

**Final Version of Charge**DRAFT (2) – Reflecting Charge Conference and Consideration of Subsequent Submissions

1    that they would somehow receive favorable treatment by testifying falsely?  Or did

2    they believe that their interests would be best served by testifying truthfully?  If

3    you believe that the witness was motivated by hopes of personal gain, was the

4    motivation one that would cause the witness to lie, or was it one that would cause

5    him to tell the truth?  Did this motivation color the witness's testimony?

6

7              If you find that the testimony was false, you should reject it.  If,

8    however, after a cautious and careful examination of an accomplice or a

9    cooperating witness's testimony and demeanor on the witness stand, you are

10   satisfied that the witness told the truth, you should accept the testimony as credible

11   and act upon it accordingly.

12

13             As with any witness, the issue of credibility need not be decided in an

14   all-or-nothing fashion.  Even if you find that a witness testified falsely in one part,

15   you still may accept his or her testimony in other parts, or you may disregard all of

16   it.  This is a determination that is entirely for you, the jury.

17

18

**Final Version of Charge**DRAFT (2) – Reflecting Charge Conference and Consideration of Subsequent Submissions

1  **ACCOMPLICE/COOPERATING WITNESS TESTIMONY-GUILTY PLEA**

2

3          You have heard testimony from Government witnesses who have

4  pleaded guilty to charges arising in part out of some of the same facts that are at

5  issue in this case.  You are instructed, however, that you are to draw no

6  conclusions or inferences of any kind about the guilt of any individual Defendant

7  merely from the fact that a prosecution witness pleaded guilty to charges that may

8  be similar.

9

10         The decision of that witness to plead guilty was a personal decision

11  that witness made about that witness's own guilt.  It may not be used by you in any

12  way as evidence against or unfavorable to any of the Defendants on trial here.

13

14         You may not infer that a particular Defendant was guilty of

15  participating in criminal conduct merely from the fact that he or she associated

16  with other people who were guilty of wrongdoing.

17

18

19

**Final Version of Charge**~~DRAFT (2) – Reflecting Charge Conference and Consideration of Subsequent Submissions~~

1          <u>**CHARACTER TESTIMONY**</u>

2          Some Defendants have called witnesses who have given their opinion

3    of the good character of the Defendants.  This testimony is not to be taken by you

4    as the witness's opinion as to whether a particular Defendant is guilty or not guilty.

5    That question is for you alone to determine.  You should, however, consider this

6    character evidence together with all the other facts and all the other evidence in the

7    case in determining whether a particular Defendant is guilty or not guilty of the

8    charges against that Defendant.

9

10          Accordingly if, after considering all the evidence including testimony

11   about a Defendant's good character, you find a reasonable doubt has been created,

12   you must acquit him or her of all the charges.

13

14          On the other hand, if after considering all the evidence including that

15   of a Defendant's character, you are satisfied beyond a reasonable doubt that the

16   Defendant you are considering is guilty, you should not acquit the Defendant

17   merely because you believe that Defendant to be a person of good character.

18

**Final Version of Charge**DRAFT (2) – Reflecting Charge Conference and Consideration of Subsequent Submissions

1

## UNCALLED WITNESS - EQUALLY AVAILABLE TO BOTH SIDES

2

3    There are persons whose names you have heard during the course of

4    the trial but who did not appear here to testify, and one or more of the attorneys has

5    referred to their absence from the trial.  I instruct you that every party had an equal

6    opportunity or lack of opportunity to call any of these witnesses.

7

8    You should not draw any inferences or reach any conclusions as to

9    what they would have testified to had they been called.  Their absence should not

10   affect your judgment in any way.  You should, however, remember my instruction

11   that no defendant in a criminal case has a burden or duty of calling any witness or

12   producing any evidence.  You should remember that there is no duty on either side

13   to call a witness whose testimony would be merely cumulative of testimony

14   already in evidence, or who would merely provide additional testimony to facts

15   already in evidence.

16

17

18                    ## PERSONS NOT ON TRIAL

**Final Version of Charge**~~DRAFT (2) – Reflecting Charge Conference and Consideration of Subsequent Submissions~~

1    You may not draw any inference, favorable or unfavorable, towards

2  the Government or the Defendants from the fact that any person other than the

3  Defendants is not on trial here.  You also may not speculate as to the reasons why

4  other persons are not on trial.  Those matters are wholly outside your concern and

5  have no bearing on your function as jurors.

6

7    You may also not draw any inference, favorable or unfavorable,

8  toward the Government or the Defendants from the fact that certain persons were

9  not named in the Indictment.  The fact that these persons were not named in this

10  Indictment must play no part in your deliberations.  Whether a person should be

11  named as a coconspirator or indicted as a defendant is a matter within the sole

12  discretion of the United States Attorney and the Grand Jury.  Therefore, you may

13  not consider it in any way in reaching your verdict as to the Defendants on trial.

14

15

16    **PARTICULAR INVESTIGATIVE TECHNIQUES NOT REQUIRED**

17    You have heard reference to the fact that certain investigative

18  techniques were not used by law enforcement authorities.  There is no legal

1    requirement, however, that the Government prove its case through any particular

2    means.  The Government is not on trial, and law enforcement techniques are not

3    your concern.

4

5           Your concern is to determine whether or not the Government has

6    proven the guilt of each Defendant beyond a reasonable doubt.

7

8

9                               **EXPERT TESTIMONY**

10          You have heard testimony from certain witnesses who were proffered

11   as experts in different areas.  An expert is allowed to express his or her opinion on

12   those matters about which he or she has specialized knowledge, training and

13   experience.  Expert testimony is presented to you on the theory that someone who

14   is experienced in a given field can assist you in understanding the evidence or in

15   reaching an independent decision on the facts.

16

17          In weighing the expert's testimony, you may consider the expert's

18   qualifications, opinions, reasons for testifying, as well as all of the other

**Final Version of Charge** ~~DRAFT (2) – Reflecting Charge Conference and Consideration of Subsequent Submissions~~

1    considerations that ordinarily apply when you are deciding whether or not to

2    believe a witness's testimony.  You may give the expert testimony whatever

3    weight, if any, you find it deserves in light of all the evidence in this case.  You

4    should not, however, accept the witness's testimony merely because he or she is an

5    expert.  Nor should you substitute it for your own reason, judgment, and common

6    sense.  The determination of the facts in this case rests solely with you.

7

8

9                        **CHARTS AND SUMMARIES**

10            Now, some of the exhibits that were admitted into evidence were in

11   the form of charts and summaries.  I decided to admit these charts and summaries

12   in place of and, at times, along with the underlying documents that they represent

13   in order to save time and avoid unnecessary inconvenience.  You should consider

14   these charts and summaries as you would any other evidence.

15

16            Where I have admitted summaries along with the underlying

17   evidence, I have done so in order to aid you in considering the evidence.  The

18   charts themselves are no better than the testimony or documents upon which they

**Final Version of Charge** ~~DRAFT (2) – Reflecting Charge Conference and Consideration of Subsequent Submissions~~

1    are based, and are not themselves independent evidence.  Therefore, you are to

2    give no greater consideration to these charts and summaries than you would give to

3    the evidence upon which they are based.

4

5            It is for you to decide whether the charts or summaries correctly

6    present the information contained in the testimony and in the exhibits on which

7    they were based.  You are entitled to consider the charts and summaries if you find

8    they are of assistance to you in analyzing and understanding the evidence.

9

10

11                   **STIPULATIONS OF TESTIMONY**

12            In this case you have heard evidence in the form of stipulations of

13    testimony.  A stipulation of testimony is an agreement between the parties that, if

14    called as a witness, the person would have given certain testimony.  You must

15    accept as true the fact that the witness would have given that testimony.  However,

16    it is for you to determine the effect to be given that testimony.

17

18

**Final Version of Charge**~~DRAFT (2) – Reflecting Charge Conference and Consideration of Subsequent Submissions~~

1

## STIPULATIONS OF FACT

3          In this case you have also heard evidence in the form of stipulations

4   that contained facts that were agreed to be true.  In such instances, you must accept

5   those facts as true.

6

7

## PREPARATION OF WITNESSES

9          You have heard evidence during the trial that witnesses have

10   discussed the facts of the case and their testimony with the lawyers before the

11   witnesses appeared in Court.

12

13          Although you may consider that fact when you are evaluating a

14   witness's credibility, there is nothing either unusual or improper about a witness

15   meeting with lawyers before testifying so that the witness can be aware of the

16   subjects he or she will be questioned about, focus on those subjects and have the

17   opportunity to review relevant exhibits before being questioned about them.  Such

18   consultation helps conserve your time and the Court's time.  In fact, it would be

**Final Version of Charge**~~DRAFT (2) – Reflecting Charge Conference and Consideration of Subsequent Submissions~~

1   unusual for a lawyer to call a witness without such consultation.

2

3           Again, the weight you give to the fact or the nature of the witness's

4   preparation for his or her testimony and what inferences you draw from such

5   preparation are matters completely within your discretion.

6

7

8                      **DEFENDANT'S TESTIMONY**

9           A defendant in a criminal case never has any duty to testify or come

10  forward with any evidence.  This is because, as I have told you, the burden of proof

11  beyond a reasonable doubt remains on the Government at all times, and the

12  defendant is presumed innocent until and unless you find guilt beyond a reasonable

13  doubt.

14

15          In this case, Defendant Daniel Bonventre [and_____] did testify and

16  was/[were] subject to cross-examination like any other witness.  You should

17  examine and evaluate the testimony just as you would the testimony of any other

18  witness with an interest in the outcome of the case.

1

## [DEFENDANT'S RIGHT NOT TO TESTIFY]

3  [The Defendant[s] [_____] did not testify in this case.  Under our

4  Constitution, a defendant has no obligation to testify or to present any evidence,

5  because it is the Government's burden to prove each defendant guilty beyond a

6  reasonable doubt.  That burden remains with the Government throughout the entire

7  trial and never shifts to any defendant.

8

9  A defendant is never required to prove that he or she is innocent.

10  Therefore, you may not attach any significance to the fact that a Defendant did not

11  testify.  You many not draw any adverse inference against any Defendant because

12  he or she did not take the witness stand.  You many not consider this against a

13  Defendant in any way in your deliberations in the jury room.]

14

15

## NOT CRIMINAL TO FAIL TO REPORT A CRIME

17  Furthermore, mere failure to report a felony is not a crime, and there is

18  no general duty to report criminal activity to the authorities.

1

2          ## ADMISSION OF A DEFENDANT

3          There has been evidence that certain of the Defendants made

4   statements in which the Government claims that they made admissions relevant to

5   the charges in the Indictment.  I instruct you that you are to give the statements

6   such weight as you feel that they deserve in light of all the evidence.

7

8

9          ## IMPROPER CONSIDERATIONS:
10         ## RACE, RELIGION, SEXUAL ORIENTATION, FAMILY STATUS,
11         ## NATIONAL ORIGIN, SEX, AGE, ETC.
12
13         Your verdict must be based solely upon the evidence developed at

14   trial or the lack of evidence.  It would be improper for you to consider, in reaching

15   your decision as to whether the Government sustained its burden of proof, any

16   issues relating to the sexual orientation, same sex or other marriage or domestic

17   partnership status, family status, race, gender, national origin, age or other social or

18   ethnic characteristics of the parties, witnesses and trial participants.  The parties in

19   this case are entitled to a trial free from prejudice and our judicial system cannot

20   work unless you reach your verdict through a fair and impartial consideration of

1    the evidence.  It would also be improper for you to allow any feelings you might

2    have about the nature or the notoriety of the crimes charged to interfere with your

3    decision-making process.

4

5

6                    **IMPROPER CONSIDERATION: PUNISHMENT**

7                    The question of possible punishment of any Defendant is of no

8    concern to the jury and should not, in any sense, enter into or influence your

9    deliberations.  The duty of imposing a sentence, if necessary, rests exclusively with

10   the Court.  Your function is to weigh the evidence in the case and to determine,

11   solely upon the basis of such evidence, whether or not each Defendant is guilty

12   beyond a reasonable doubt.  Under your oath as jurors, you cannot allow a

13   consideration of the punishment that may be imposed upon a Defendant, if he or

14   she is convicted, to influence your verdict in any way or to enter into your

15   deliberations in any sense.

16

17                    This concludes the general portion of the Instructions.  I now turn to

18   the specific charges against the Defendants and what is required to prove each

**Final Version of Charge**DRAFT (2) – Reflecting Charge Conference and Consideration of Subsequent Submissions

1    charge.

2

3                              ********

4

5                **MULTIPLE COUNTS/MULTIPLE DEFENDANTS**

6            The Indictment in this case contains a total of thirty-threeone counts.

7    You will be asked to render verdicts upon thirty-one of those counts.upon which

8    you will be asked to render verdicts.  There are five Defendants on trial before you:

9    DANIEL BONVENTRE, ANNETTE BONGIORNO, JO ANN CRUPI, JEROME

10   O'HARA AND GEORGE PEREZ.

11

12           You must consider each count of the Indictment and each Defendant's

13   involvement, if any, in that count separately, and you must return a separate verdict

14   on each Defendant for each count in which he or she is charged.

15

16           The number of counts charged against any particular Defendant is not

17   evidence of the guilt of that individual, and should not influence your decision in

18   any way.

**Final Version of Charge** ~~DRAFT (2) – Reflecting Charge Conference and Consideration of Subsequent Submissions~~

1    In reaching your verdict, bear in mind that innocence and guilt are

2    personal and individual.  You must separately consider the evidence against each

3    individual Defendant on each offense charged, and you must return a separate

4    verdict for each Defendant on each count.  For each individual Defendant and each

5    count, you must decide whether the Government has proved beyond a reasonable

6    doubt that the particular Defendant is guilty of the particular offense charged.

7    Your verdict of guilty or not guilty must be based solely upon the evidence.

8

9    The case against each Defendant, on each count, stands or falls upon

10   the proof or lack of proof at trial against that Defendant alone, and your verdict as

11   to any Defendant on any count should not influence your decision as to any other

12   Defendant or any other count.

13

14

15                            **<u>THE INDICTMENT</u>**

16   The Defendants, DANIEL BONVENTRE, ANNETTE

17   BONGIORNO, JO ANN CRUPI, JEROME O'HARA, AND GEORGE PEREZ,

18   are formally charged in the Indictment.  As I instructed you at the outset of this

**Final Version of Charge**DRAFT (2) – Reflecting Charge Conference and Consideration of Subsequent Submissions

1    case, the Indictment is simply a charge or accusation.  It is not evidence.

2

3         The Indictment in this case contains a total of thirty-oneone counts

4    upon which you will be asked to render verdicts.  Each count charges one or more

5    of the Defendants with a separate crime.  Although there are allegations in

6    common to all of the Defendants and the different counts, each individual

7    Defendant and each count must be considered separately.  You must return a

8    separate, unanimous verdict as to each individual Defendant on each count on

9    which you are asked to render a verdict. under which he or she is charged.

10

11        Count One of the Indictment charges all five of the Defendants with

12   knowingly and willfully conspiring: to commit securities fraud; to fail to make and

13   keep the records required of a registered broker-dealer; to fail to make and keep the

14   records required of an investment adviseor; and to commit mail fraud.

15

16        As I will explain in more detail in a few moments, a conspiracy, such

17   as the one charged in Count One here, is a criminal agreement to violate the law.

18   Counts Two, Three, Four, and Sixteen also charge certain of the Defendants with

**Final Version of Charge**DRAFT (2) – Reflecting Charge Conference and Consideration of Subsequent Submissions

1    participating in additional conspiracies.

2

3              The remaining charges in the Indictment that you must consider,

4    which are set forth in Counts Six through Fifteen, Counts Seventeen and Eighteen

5    and Counts Twenty through Thirty-Three, allege what are called "substantive"

6    violations.  Unlike a conspiracy charge, which is a charge of agreeing to commit

7    certain offenses, the substantive counts allege the actual commission of specified

8    offenses.  There are two groups of substantive charges.  The first group consists of

9    charges alleging various types of fraud.  The second group consist of charges

10   alleging violations of the federal income tax laws.

11

12                        **CONSPIRACY CHARGES –**
13                         **GENERAL OVERVIEW:**
14        **(COUNTS ONE, TWO, THREE, FOUR AND SIXTEEN**)

15              Counts One, Two, Three and Four of the Indictment charge that

16   various combinations of the Defendants and others entered into conspiracies

17   violating Section 371 of Title 18 of the United States Code.  That section of the

18   United States Code provides in relevant part that:

19

**Final Version of Charge**~~DRAFT (2) – Reflecting Charge Conference and Consideration of Subsequent Submissions~~

1              If two or more persons conspire either to commit

2              any offense against the United States, or to defraud

3              the United States, or any agency thereof in any

4              manner or for any purpose, and one or more of

5              such persons do any act to effect the object of the

6              conspiracy, each. . . [is guilty of a crime.]

7

8              The Defendants are charged in these counts with participating in

9  conspiracies to violate several federal statutes.

10

11             Because the language of each of the conspiracy charges is lengthy, I

12  will just summarize the charges at this point.  You will receive copies of the actual

13  Indictment when you retire to deliberate.  I remind you that the Indictment itself is

14  not evidence.

15

16             Count One charges that Defendants DANIEL BONVENTRE,

17  ANNETTE BONGIORNO, JO ANN CRUPI, JEROME O'HARA and GEORGE

18  PEREZ participated in a criminal conspiracy to deceive investors −dealing with

**Final Version of Charge**~~DRAFT (2)~~ ~~– Reflecting Charge Conference and Consideration of~~
~~Subsequent Submissions~~

1    Madoff Securities, involving securities fraud, the falsification of books and records

2    concerning Madoff Securities' business, and mail fraud.  The Indictment alleges

3    that this conspiracy existed from at least in or about the 1970s until in or about

4    2008.  It alleges that this conspiracy had four different objectives or objects: <u>first</u>,

5    to commit securities fraud; <u>second</u>, to falsify records that the Securities and

6    Exchange Commission (known as the "SEC") requires registered broker-dealers to

7    keep; <u>third</u>, to falsify records that the SEC requires investment advisers to keep;

8    and, <u>fourth</u>, mail fraud.

9

10

11            Count Two charges that Defendants DANIEL BONVENTRE, JO

12   ANN CRUPI, JEROME O'HARA and GEORGE PEREZ participated in a criminal

13   conspiracy involving securities fraud and falsification of books and records in

14   connection with audits of Madoff Securities.  The Indictment alleges that this

15   conspiracy existed from at least in or about 2003 until in or about 2008.  It alleges

16   that this conspiracy had three different objectives or objects: <u>first</u>, to commit

17   securities fraud; <u>second</u>, to falsify records the SEC required registered broker-

18   dealers to keep; and, <u>third</u>, to falsify records the SEC required investment advisers

**Final Version of Charge**~~DRAFT (2) – Reflecting Charge Conference and Consideration of Subsequent Submissions~~

1    to keep, all in connection with reviews of Madoff Securities conducted by the SEC

2    and an accounting firm known as KPMG.

3

4

5            Count Three charges that Defendant DANIEL BONVENTRE

6    participated in a criminal conspiracy at Madoff Securities to engage in accounting

7    fraud and to defraud banks.  The Indictment alleges that this conspiracy existed

8    from at least in or about 1992 until on or about December 11, 2008.  It alleges that

9    this conspiracy had six objects: first, to commit securities fraud; second, to falsify

10   records of a broker-dealer; third, to falsify records of an investment adviser; fourth,

11   to make false filings with the SEC; fifth, to commit mail fraud; and sixth, to

12   commit bank fraud.

13

14

15           Count Four charges that Defendant DANIEL BONVENTRE

16   participated in a criminal conspiracy to commit tax fraud at Madoff Securities from

17   at least in or about 1991 until on or about December 11, 2008.  The Indictment

18   alleges that the object of this conspiracy was to defeat the lawful government

**Final Version of Charge**~~DRAFT (2) – Reflecting Charge Conference and Consideration of Subsequent Submissions~~

1    function of the Internal Revenue Service, which I will refer to as the "IRS."

2

3

4    ~~Count Five charges that Defendant DANIEL BONVENTRE~~

5    ~~participated in a criminal conspiracy to violate the Employee Retirement Income~~

6    ~~Security Act (known as "ERISA") in connection with a fictitious job at Madoff~~

7    ~~Securities.  The Indictment alleges that the object of this conspiracy was to submit~~

8    ~~false documentation allowing MR. BONVENTRE's son to participate in employee~~

9    ~~benefit plans based on a so-called "no show" job at Madoff Securities and to file~~

10   ~~false Form 5500 reports with the United States Department of Labor.~~

11

12

13   Additionally, Count Sixteen of the Indictment charges that Defendant

14   JO ANN CRUPI participated with others in a conspiracy to commit bank fraud in

15   connection with loans obtained on behalf of Madoff Securities employee David

16   Kugel, in violation of Section 1349 of Title 18 of the United States Code.

17

18

**Final Version of Charge**~~DRAFT (2) – Reflecting Charge Conference and Consideration of Subsequent Submissions~~

1    That section of the United States Code provides in relevant part as

2    follows:

3

4    Any person who attempts or conspires to commit

5    any offense [constituting bank fraud is guilty of a

6    crime].

7
8    Count Sixteen alleges that the object of the charged conspiracy was to

9    defraud a financial institution, the deposits of which were insured by the Federal

10   Deposit Insurance Corporation, the "FDIC."

11

12   The Indictment also alleges that overt acts were committed in

13   furtherance of these various conspiracies.  I will not read those allegations out loud

14   to you at this time.

15

16   With that summary of the conspiracy charges as background, I will

17   now give you detailed instructions on each charge and what it takes to prove each

18   charge, beginning with the conspiracy charged in Count One.

19

1    First, I will explain the legal concept of a conspiracy.

2

3

4                **GENERAL CONCEPT OF A CONSPIRACY**
5          **(COUNTS ONE, TWO, THREE, FOUR, ~~FIVE~~ AND SIXTEEN)**
6

7    A conspiracy is a kind of criminal partnership – a combination or

8    agreement of two or more persons to join together to accomplish some unlawful

9    purpose.  The crime of conspiracy to violate a federal law is an independent

10   offense.  It is separate and distinct from an actual violation of any specific federal

11   statute, which the law refers to as a "substantive crime."

12

13   Indeed, you may find the Defendant you are considering guilty of the

14   crime of conspiracy to violate federal law even though none of the substantive

15   crimes which were the objects of the particular alleged conspiracy was actually

16   committed.  The law makes conspiracy, standing alone, a separate crime, even if

17   the conspiracy is not successful.

18

19

**Final Version of Charge**DRAFT (2) – Reflecting Charge Conference and Consideration of Subsequent Submissions

## ELEMENTS OF THE CRIME OF CONSPIRACY:
## (COUNTS ONE, TWO, THREE, FOUR, FIVE AND SIXTEEN)

1
2
3
4      As I have told you earlier, Counts One, Two, Three, Four, Five and

5  Sixteen of the Indictment charge the Defendants with participating in conspiracies.

6

7      Now, in order to sustain its burden of proof with respect to each of

8  the charges of conspiracy, the Government must separately establish beyond a

9  reasonable doubt each of the following three essential elements:

10

11      First, that the conspiracy charged existed – that is, the existence of an

12  agreement or understanding to commit at least one of the object crimes charged in

13  the Indictment;

14

15      Second, that the individual Defendant you are considering knowingly

16  and willfully became a member of the conspiracy, that is, that he or she had the

17  necessary intent or state of mind; and

18

19      Third, that any one of the conspirators – not necessarily one of the

20  Defendants you are considering, but any member of the conspiracy – knowingly

**Final Version of Charge** ~~DRAFT (2) – Reflecting Charge Conference and Consideration of Subsequent Submissions~~

1    committed at least one overt act in the Southern District of New York in

2    furtherance of the conspiracy during the time frame of the conspiracy.  The

3    Southern District of New York includes Manhattan, the Bronx and several counties

4    to the north of the Bronx.

5

6              Now let us separately consider these elements in detail.

7

8

9              **CONSPIRACY FIRST ELEMENT –**
10             **EXISTENCE OF THE CONSPIRACY:**
11      **(COUNTS ONE, TWO, THREE, FOUR, ~~FIVE~~ AND SIXTEEN)**
12
13             Starting with the first element – existence of the conspiracy – we ask –

14   what is a conspiracy?  A conspiracy is an agreement or an understanding of two or

15   more persons to accomplish by joint action a criminal or unlawful purpose.  The

16   gist, or the essence, of the crime of conspiracy is the unlawful combination or

17   agreement to violate the law.  The success of the conspiracy, or the actual

18   commission of the criminal act which is the object of the conspiracy, is not an

19   essential element of that crime.

20

**Final Version of Charge** ~~DRAFT (2) – Reflecting Charge Conference and Consideration of Subsequent Submissions~~

1        In order to prove this element beyond a reasonable doubt, the

2    Government is not required to show that two or more people sat around a table and

3    entered into a solemn pact, orally or in writing, stating that they had formed a

4    conspiracy to violate the law and setting forth details of the plans or the part to be

5    played by each conspirator.  Indeed, it is rare that a conspiracy can be proven by

6    direct evidence of an explicit agreement.  Common sense tells you that when

7    people, in fact, agree to enter into a criminal conspiracy, much is left to the

8    unexpressed understanding.  From its very nature, a conspiracy is almost invariably

9    secret in its origin and execution.

10

11        To show that a conspiracy existed, then, it is sufficient if the evidence

12    shows that two or more persons in some way or manner, through any contrivance,

13    explicitly or implicitly, came to an understanding to violate the law and to establish

14    an unlawful plan.

15

16        The adage "actions speak louder than words" is applicable here.

17    Usually, the only evidence available with respect to the existence of a conspiracy is

18    that of disconnected acts on the part of the alleged individual coconspirators.

**Final Version of Charge**~~DRAFT (2) – Reflecting Charge Conference and Consideration of Subsequent Submissions~~

1   When taken together and considered as a whole, however, such acts may show a

2   conspiracy or agreement as conclusively as would direct proof.

3

4        So, in considering the first element of the crime of conspiracy as

5   charged in Counts One, Two, Three, Four, ~~Five,~~ and Sixteen – whether the

6   conspiracy actually existed – you should consider all the evidence which has been

7   admitted with respect to the acts, conduct and declarations of each alleged

8   coconspirator, and the reasonable inferences to be drawn from such evidence.

9

10       It is sufficient to establish the existence of the conspiracy if, after

11  considering all of the relevant evidence, you find beyond a reasonable doubt that

12  the minds of at least two alleged conspirators met in an understanding way, and

13  that they agreed to work together, by the means alleged, to accomplish at least one

14  object of the conspiracy.

15

16
17            **CONSPIRACY FIRST ELEMENT –**
18            **OBJECTS OF THE CONSPIRACY:**
19  **(COUNTS ONE, TWO, THREE, FOUR, ~~FIVE~~ AND SIXTEEN)**
20
21

**Final Version of Charge**~~DRAFT (2) – Reflecting Charge Conference and Consideration of Subsequent Submissions~~

1        An illegal conspiracy is an agreement to accomplish an unlawful

2    purpose.  As I mentioned a few moments ago, each of the conspiracy counts in the

3    Indictment charges specific unlawful purposes, which are also referred to as

4    "objects," of the particular conspiracy.  I will now review each of those objects.

5

6

7    **Securities Fraud**

8        The first crime alleged to be an object of the conspiracies charged in

9    Counts One, Two and Three is securities fraud.  Count One of the Indictment

10   charges (and here I am again summarizing) that it was an object of the conspiracy

11   that the Defendants, DANIEL BONVENTRE, ANNETTE BONGIORNO, JO

12   ANN CRUPI, JEROME O'HARA, and GEORGE PEREZ, in connection with the

13   purchase and sale of securities, would and did employ a scheme to defraud, make

14   false and fraudulent misrepresentations and omissions in communications to

15   persons who invested in and through Madoff Securities and engaged in acts,

16   practices and courses of business that would operate as a fraud and deceit on

17   persons who invested in and through Madoff Securities.

18

**Final Version of Charge**DRAFT (2) – Reflecting Charge Conference and Consideration of Subsequent Submissions

1    Count Two of the Indictment charges, in summary, that it was an

2    object of the conspiracy that Defendants DANIEL BONVENTRE, JO ANN

3    CRUPI, JEROME O'HARA, and GEORGE PEREZ, in connection with the

4    purchase and sale of securities, would and did, in connection with audits at Madoff

5    Securities, employ a scheme to defraud and did make false and fraudulent

6    misrepresentations and omissions, and engaged in acts, practices and courses of

7    business that would operate as a fraud and deceit on persons who invested in and

8    through Madoff Securities.

9

10   Count Three of the Indictment charges that it was an object of the

11   conspiracy that Defendant DANIEL BONVENTRE, in connection with the

12   purchase and sale of securities, would and did, in connection with his creation and

13   filing of accounting records at Madoff Securities and his obtaining loans and lines

14   of credit from banks, employ a scheme to defraud and did make and cause Madoff

15   Securities to make false and fraudulent misrepresentations and omissions, and

16   engaged in acts, practices and courses of business that would operate as a fraud and

17   deceit on persons who invested in and through Madoff Securities.

18

**Final Version of Charge** ~~DRAFT (2) – Reflecting Charge Conference and Consideration of Subsequent Submissions~~

1    The relevant law here, with regard to the securities fraud object of

2    Counts One, Two and Three, is Title 15, United States Code, Section 78j(b) and

3    78ff and Title 17, Code of Federal Regulations, Section 240.10b-5, which prohibits

4    securities fraud.  Later, when I explain Counts Six, Seven and Eight, which pertain

5    to the substantive crime of securities fraud, I will give you more detailed

6    instructions regarding the securities fraud crime that is alleged to have been an

7    object of the conspiracies charged in Counts One, Two, and Three.

8

9

10   **Falsifying Records of a Broker-Dealer**

11   The second crime alleged to be an object of the conspiracies charged

12   in Counts One, Two and Three is knowingly and willfully failing to make and keep

13   records that the SEC, by rule, required Madoff Securities to make and keep as a

14   broker-dealer.  The relevant law here is Title 15, United States Code, Sections

15   78q(a) and 78ff; and Title 17, Code of Federal Regulations, Section 240.17a-3.

16   Because this object is also charged as a crime in separate substantive offenses, I

17   will be giving you further instructions about it later on, when I discuss the

18   substantive charges set forth in Counts Nine, Ten and Eleven of the Indictment.

**Final Version of Charge**~~DRAFT (2) – Reflecting Charge Conference and Consideration of Subsequent Submissions~~

1

2  **Falsifying Records of an Investment Adviser**

3          The third crime alleged to be an object of the conspiracies charged in

4  Counts One, Two, and Three is knowingly and willfully failing to make and keep

5  records that the SEC required Madoff Securities to make and keep as an

6  investment adviser.  The relevant law here is Title 15, United States Code, Sections

7  80b-4 and 80b-17; and Title 17, Code of Federal Regulations, Section 275.204-2.

8  Because this object is also charged in separate substantive offenses, I will be giving

9  you further instructions about it later on, when I discuss the substantive charges set

10  forth in Counts Twelve, Thirteen, and Fourteen.

11

12

13  **Mail Fraud**

14          The fourth crime alleged to be an object of the conspiracy charged in

15  Count One is mail fraud.  The relevant law here is Title 18, United States Code,

16  Section 1341, which makes it a crime to use the United States mail system in

17  connection with a scheme to defraud.  The mail fraud statute provides, in pertinent

18  part, as follows:

**Final Version of Charge** ~~DRAFT (2) – Reflecting Charge Conference and Consideration of Subsequent Submissions~~

1        Whoever, having devised or intending to devise

2        any scheme or artifice to defraud, or for obtaining

3        money or property by means of false or fraudulent

4        pretenses, representations, or promises, . . . for the

5        purpose of executing such scheme or artifice or

6        attempting so to do, . . . knowingly causes to be

7        delivered by mail or [commercial interstate] carrier

8        according to the direction thereon, or at the place

9        at which it is directed to be delivered by the person

10        to whom it is addressed, any such matter or thing,

11        shall [be guilty of a crime].

12
13        The three elements of mail fraud are thus:
14
15
16        <u>First</u>, that at or around the times alleged in the Indictment, there was a

17  scheme or artifice to defraud others of money or property by false or fraudulent

18  pretenses, representations, or promises;

19

20        <u>Second</u>, that the individual Defendant you are considering would and

**Final Version of Charge** ~~DRAFT (2) – Reflecting Charge Conference and Consideration of Subsequent Submissions~~

1   did knowingly and willfully participate in the scheme or artifice with knowledge of

2   its fraudulent nature and with specific intent to defraud; and

3

4        <u>Third</u>, that in execution of that scheme, the individual Defendant

5   would and did use, or cause the use of, the mails as specified in the Indictment.

6

7        I have instructed you on the specific elements of mail fraud here,

8   unlike the other alleged objects of the conspiracy, because there is no separate

9   substantive mail fraud charge in the Indictment.

10

11       You need not find that there was an agreement to specifically

12  accomplish each one of these objects.  An agreement to accomplish any one of

13  these objects – securities fraud, falsifying records of a broker-dealer, falsifying

14  records of an investment adviser, or mail fraud – is sufficient to satisfy this

15  requirement as to Count One.  Similarly, as to the conspiracy charged in Count

16  Two, a finding of an agreement to accomplish any one of the three alleged

17  objectives – securities fraud, falsifying books and records of a broker-dealer, or

18  falsifying books and records of an investment adviser – is sufficient.

**Final Version of Charge**DRAFT (2) – Reflecting Charge Conference and Consideration of Subsequent Submissions

1

2              Although, when the particular conspiracy charge alleges more than

3     one object, finding one unlawful objective is sufficient to satisfy the illegal purpose

4     element, you must unanimously agree on which object, if any, was the specific

5     object or objects of the alleged conspiracy.  You may find that there was more than

6     one illegal object of a particular conspiracy, but you must agree unanimously as to

7     each such object.  If the Government fails to prove beyond a reasonable doubt that

8     at least one of the objects alleged in the conspiracy charge that you are considering

9     was in fact an objective of the conspiracy, you must find the individual Defendant

10    you are considering not guilty as to the conspiracy charge you are considering.

11

12             As to each of the three remaining conspiracy charges, the Indictment

13    alleges just one object.  There are also substantive charges with respect to each of

14    these objects, so I will simply mention these counts and objects now.  Count Four

15    of the Indictment charges that the object of the alleged conspiracy was to commit

16    tax fraud. Count Five of the Indictment charges that the object of the alleged

17    conspiracy was to violate ERISA by submitting false information to the United

18    States Department of Labor concerning eligibility to participate in employeebenefit

1    ~~plans~~.  And bank fraud was the alleged object of the conspiracy charged in Count

2    Sixteen.  As I stated earlier, I will provide you with more information on the

3    elements of the objects charged as substantive offenses when I instruct you on the

4    separate counts charging those offenses.

5

6                        **CONSPIRACY SECOND ELEMENT –**
7                        **MEMBERSHIP IN THE CONSPIRACY:**
8          **(COUNTS ONE, TWO, THREE, FOUR,~~ FIVE~~ AND SIXTEEN)**
9
10                  If you conclude, when you consider each count, that the Government

11   has proven beyond a reasonable doubt that the conspiracies charged in Counts One,

12   Two, Three, Four,~~ Five,~~ and Sixteen existed, you must next determine the second

13   element, whether the individual Defendant you are considering participated in the

14   conspiracy with knowledge of its unlawful purpose or purposes, and in furtherance

15   of its unlawful objective or objectives.

16

17                  As to each of the conspiracy charges, the Government must prove

18   beyond a reasonable doubt that the particular Defendant you are considering

19   unlawfully, willfully, and knowingly entered into the conspiracy, the agreement,

20   with a criminal intent, that is, with a purpose to violate the law, and agreed to take

1     part in the conspiracy to further promote and cooperate in its unlawful objectives.

2

3

4     **"Knowingly," "Willfully" and "Unlawfully" Defined**

5     　　　　　　"**Knowingly**" means to act voluntarily and deliberately, rather than

6     mistakenly or inadvertently.

7

8     　　　　　　"**Willfully**" means to act knowingly and purposely, with an intent to

9     do something the law forbids, that is to say, the actions of the Defendant in

10    question must have been the product of his or her conscious objective, with a bad

11    purpose either to disobey or to disregard the law.

12

13    　　　　　　"**Unlawfully**" simply means contrary to law.  The Defendant in

14    question need not have known that he or she was violating any particular statute or

15    any particular rule.  He or she need only have been aware of the generally unlawful

16    nature of his acts.

17

18    　　　　　　As I mentioned a moment ago, before an individual Defendant can be

**Final Version of Charge** ~~DRAFT (2) – Reflecting Charge Conference and Consideration of Subsequent Submissions~~

1  found to have been a conspirator, you must first find that he or she knowingly

2  joined in the unlawful agreement or plan.  The key question, therefore, is whether

3  the individual Defendant you are considering joined the conspiracy with an

4  awareness of at least some of the basic aims and purposes of the unlawful

5  agreement.

6

7          Now, a defendant's knowledge can sometimes be a matter of

8  inference from the facts proved.  Science has not yet devised a manner of looking

9  into a person's mind and knowing what that person is thinking.  It is for you to

10  determine whether the Government has established beyond a reasonable doubt that

11  such knowledge and intent existed on the part of the Defendant you are

12  considering.  In making that determination you may consider all of the evidence,

13  which may include evidence of certain acts and conversations alleged to have taken

14  place with certain Defendants or in their presence.

15

16          It is not necessary that a defendant be fully informed as to all the

17  details of the conspiracy in order to justify an inference of knowledge on his or her

18  part.  To have guilty knowledge, an individual defendant need not have known the

**Final Version of Charge** ~~DRAFT (2) – Reflecting Charge Conference and Consideration of Subsequent Submissions~~

1    full extent of the conspiracy or all of its activities or all of its participants.  It is not

2    even necessary that a defendant know every other member of the conspiracy.  In

3    fact, a defendant may know only one other member of the conspiracy and still be a

4    coconspirator.  However, mere suspicion or discomfort is not sufficient, standing

5    alone, to constitute knowledge.  It is up to you, the jury, to determine based on all

6    of the evidence whether the individual Defendant you are considering acted with

7    knowledge of the unlawful purpose or purposes of the agreement.

8

9          You have heard evidence that Bernard Madoff, or Frank DiPascali,

10    told certain of the Defendants that it was acceptable to engage in some of the

11    actions underlying the charges in the Indictment.  You may consider that evidence

12    in deciding whether a particular Defendant acted willfully and with knowledge of

13    the unlawful purpose or purposes of the agreement.  You may also consider that

14    evidence in deciding questions of intent in connection with other charges in the

15    Indictment.  However, the mere fact that the Defendant may have been told

16    something by his or her employer does not, in itself, necessarily mean that a person

17    lacked the required knowledge and intent.

18

**Final Version of Charge**~~DRAFT (2) – Reflecting Charge Conference and Consideration of Subsequent Submissions~~

1    You must ask yourselves whether the Defendant honestly and in good

2    faith believed statements by his or her employer that the actions were proper.  No

3    one can willfully and knowingly violate the law and excuse himself from the

4    consequences of his conduct simply by pleading that he or she followed someone

5    else's orders.  In other words, if the Government has sustained its burden of

6    proving that the Defendant knew that he or she was breaking the law, it is no

7    defense that the Defendant was just following the orders of his or her employer.

8

9    Nor is it necessary that the Defendant in question received any

10   monetary benefit from participating in the conspiracy.  Proof of a financial interest

11   in the outcome of a scheme is not essential, because obtaining a financial benefit is

12   not an element of a conspiracy charge.  However, if you find that the individual

13   Defendant in question had a financial interest in the conspiracy's success , that is a

14   factor you may properly consider in determining whether or not the Defendant was

15   a member of the conspiracy charged in the Indictment.

16

17   The duration and extent of a defendant's participation in the

18   conspiracy has no bearing on the issue of a defendant's guilt.  A defendant need

**Final Version of Charge**~~DRAFT (2) – Reflecting Charge Conference and Consideration of Subsequent Submissions~~

1   not have joined the conspiracy at the outset.  A defendant may have joined it for

2   any illegal purpose at any time during its progress, and that defendant will still be

3   held responsible for all that was done before he or she joined and all that was done

4   during the conspiracy's existence while the defendant was a member.  Each

5   member of a conspiracy may perform separate and distinct acts and may perform

6   them at different times.  Some conspirators play major roles, while others play

7   minor roles in the scheme.  The law does not require an equal role.  In fact, even a

8   single act may be sufficient to draw a defendant within the ambit of a conspiracy.

9

10   However, I want to caution you that mere association ~~presence~~ by one

11   person with another does not make that person a member of the conspiracy even

12   when coupled with knowledge that a conspiracy exists.  Mere presence at the scene

13   of a crime, even if that presence ~~association~~ is coupled with knowledge that a crime

14   is being committed, is not sufficient to support a conviction.  In other words,

15   knowledge without willful participation is not sufficient to support a conviction.

16

17   Nor may you infer an individual Defendant's participation in criminal

18   conduct merely from the fact that he or she associated with other people, including

**Final Version of Charge** ~~DRAFT (2) – Reflecting Charge Conference and Consideration of Subsequent Submissions~~

1    co-workers who were guilty of wrongdoing.  Mere association with conspirators or

2    those involved in a criminal enterprise is insufficient to prove a Defendant's

3    participation in a conspiracy.

4

5            Moreover, the fact that the acts of a defendant, without knowledge of

6    the conspiracy and its unlawful objectives, merely happen to further the purposes

7    or objectives of the conspiracy does not make him or her a member of the

8    conspiracy.  What is necessary is that the defendant has participated in the

9    conspiracy with knowledge of its unlawful purpose or purposes, and with an intent

10   to aid in the accomplishment of its unlawful objective or objectives.

11

12           In sum, before a finding of guilt, you must be satisfied beyond a

13   reasonable doubt that the individual Defendant you are considering, with an

14   understanding of the unlawful character of the specific conspiracy charged in the

15   Indictment, intentionally engaged, advised or participated in it for the purpose of

16   furthering its illegal objectives.  He or she thereby becomes a knowing and willing

17   participant in the unlawful agreement – that is to say, a conspirator.

18

**Final Version of Charge** ~~DRAFT (2) – Reflecting Charge Conference and Consideration of Subsequent Submissions~~

1    A conspiracy, once formed, is presumed to continue until either its

2    objectives are accomplished or there is some affirmative act of termination by its

3    members.  So, too, once a person is found to be a member of a conspiracy, that

4    person is presumed to continue being a member in the venture until the venture is

5    terminated, unless it is shown by some affirmative proof that the person withdrew

6    or disassociated himself or herself from it.

7

8

9    **CONSPIRACY THIRD ELEMENT –**
10   **OVERT ACTS:**
11   **(COUNTS ONE, TWO, THREE, FOUR,** ~~FIVE~~ **AND SIXTEEN)**
12
13   The third element of a conspiracy is the requirement of an overt act.

14   To sustain its burden of proof with respect to each of the five~~six~~ charged

15   conspiracies ~~charged in the Indictment~~ upon which you will be asked to render

16   verdicts, the Government must show beyond a reasonable doubt that at least one

17   overt act was committed in furtherance of the particular conspiracy by at least one

18   of the coconspirators – not necessarily by one of the Defendants on trial here – in

19   the Southern District of New York, within a particular period of time.

20

**Final Version of Charge** ~~DRAFT (2) – Reflecting Charge Conference and Consideration of Subsequent Submissions~~

1        The overt act requirement is simple.  There must have been something

2    more than mere agreement: some overt step or action must have been taken by at

3    least one of the conspirators in furtherance of the conspiracy.

4

5        The Indictment sets forth numerous overt acts the Government alleges

6    were done by conspirators in furtherance of the charged conspiracies.  I will not

7    read all of the overt acts listed in the Indictment because, in order for the

8    Government to satisfy the overt act requirement, it is not necessary for the

9    Government to prove that any of the overt acts specifically alleged in the

10   Indictment were committed.  Indeed, you may find that overt acts were committed

11   that were not alleged in the Indictment at all.  In short, it is sufficient for the

12   Government to show that the Defendant you are considering, or one of his or her

13   alleged coconspirators, knowingly committed at least one overt act in furtherance

14   of the particular conspiracy during the time frame of the conspiracy.  You must,

15   however, be unanimous on what the particular overt act was for each particular

16   conspiracy charge.

17

18       An overt act, standing alone, may be an innocent, lawful act.

**Final Version of Charge** ~~DRAFT (2) – Reflecting Charge Conference and Consideration of Subsequent Submissions~~

1    Frequently, however, an apparently innocent act sheds its harmless character if it is

2    a step in carrying out, promoting, aiding or assisting the conspiratorial scheme.

3    You are therefore instructed that the overt act does not have to be an act that in and

4    of itself is criminal or constitutes an objective of the conspiracy.

5

6          Because there is a limit on how much time the Government has to

7    obtain an indictment, with respect to the charges in Counts One, Two, Three~~,~~ and

8    ~~Five~~ and Sixteen, you cannot return a verdict of a guilty as to a particular

9    Defendant unless you find that the Government has proven, beyond a reasonable

10   doubt, that an overt act was committed in furtherance of each charged conspiracy

11   after November 17, 2005, by one of the coconspirators (or, if securities fraud is the

12   only object on which you agree unanimously for the relevant conspiracy, that an

13   overt act was committed after November 17, 2004).  Your findings as to the

14   specific act and the relevant time frame must be unanimous.

15

16         With respect to the conspiracy charge against Mr. Bonventre in Count

17   Four, you cannot return a verdict of guilty unless you find that the Government has

18   proven, beyond a reasonable doubt, that an overt act was committed in furtherance

**Final Version of Charge**DRAFT (2) – Reflecting Charge Conference and Consideration of Subsequent Submissions

1    of that conspiracy after October 1, 2006.  Your finding as to the specific act and the

2    relevant time frame must be unanimous.

3

4

5                      **CONSPIRACY –**
6           **TIME FRAME OF CONSPIRACY:**
7    **(COUNTS ONE, TWO, THREE, FOUR,** FIVE **AND SIXTEEN)**
8
9              The Indictment charges that the conspiracy alleged in Count One

10   existed from at least in or about the early 1970s up to and including on or about

11   December 11, 2008.

12

13             The Indictment charges that the conspiracy alleged in Count Two

14   existed from at least in or about 2003 up to and including on or about December

15   11, 2008.

16

17             The Indictment charges that the conspiracy alleged in Count Three

18   existed from at least in or about 1992 up to and including on or about December

19   11, 2008.

20

**Final Version of Charge** ~~DRAFT (2) – Reflecting Charge Conference and Consideration of Subsequent Submissions~~

1    The Indictment charges that the conspiracy alleged in Count Four

2    existed from at least in or about 1991 up to and including on or about December

3    11, 2008.

4

5    ~~The Indictment charges that the conspiracy alleged in Count Five~~

6    ~~existed from at least in or about 1998 up to and including on or about December~~

7    ~~11, 2008.~~

8

9    The Indictment charges that the conspiracy alleged in Count Sixteen

10   existed from at least in or about 2002 up to and including on or about 2007.

11

12   It is not essential that the Government prove that the conspiracy

13   started and ended in any specific month.  Indeed, it is sufficient if you find that the

14   charged conspiracy was in fact ~~the charged conspiracy was~~ formed and that it

15   existed for some time within the period set forth in the Indictment, and that at least

16   one overt act was committed in furtherance of the charged conspiracy within that

17   period.  You must, however, make a finding as to whether an overt act in

18   furtherance of each of the charged conspiracies was committed after a specific

**Final Version of Charge**~~DRAFT (2) – Reflecting Charge Conference and Consideration of Subsequent Submissions~~

1    date, or dates, as I explained a few minutes ago.

2

3

4                        **OVERVIEW OF THE SUBSTANTIVE CHARGES:**
5               **(COUNTS SIX THROUGH FIFTEEN, AND SEVENTEEN, AND**
6         **EIGHTEEN AND TWENT THROUGH THIRTY-THREE**~~THROUGH~~
7                                ~~THIRTY-THREE~~**)**
8
9                    I will now instruct you regarding the substantive counts of the

10   Indictment.

11

12

13                    Count Six of the Indictment charges all of the Defendants with

14   committing securities fraud.

15

16

17                    Count Seven charges Defendants DANIEL BONVENTRE, JO ANN

18   CRUPI, JEROME O'HARA and GEORGE PEREZ with committing securities

19   fraud.

20

21

**Final Version of Charge**~~DRAFT (2) – Reflecting Charge Conference and Consideration of Subsequent Submissions~~

1    Count Eight charges Defendant DANIEL BONVENTRE with

2    committing securities fraud.

3

4

5    Count Nine charges all of the Defendants with falsifying the books

6    and records of a broker-dealer.

7

8

9    Count Ten charges Defendants DANIEL BONVENTRE, JO ANN

10   CRUPI, JEROME O'HARA and GEORGE PEREZ with falsifying the books and

11   records of a broker-dealer.

12

13

14   Count Eleven charges Defendant DANIEL BONVENTRE with

15   falsifying the books and records of a broker-dealer.

16

17

18

**Final Version of Charge**~~DRAFT (2) – Reflecting Charge Conference and Consideration of Subsequent Submissions~~

1    Count Twelve charges all of the Defendants with falsifying the books

2    and records of an investment adviser.

3

4

5    Count Thirteen charges Defendants DANIEL BONVENTRE, JO

6    ANN CRUPI, JEROME O'HARA, and GEORGE PEREZ with falsifying the

7    books and records of an investment adviser.

8

9

10    Count Fourteen charges Defendant DANIEL BONVENTRE with

11    falsifying the books and records of an investment adviser.

12

13

14    Count Fifteen charges Defendant DANIEL BONVENTRE with

15    causing false and misleading filings to be made with the SEC.

16

17

18    Count Seventeen charges Defendant JO ANN CRUPI with bank

**Final Version of Charge**~~DRAFT (2) – Reflecting Charge Conference and Consideration of Subsequent Submissions~~

1  fraud.

2

3

4  Count Eighteen charges Defendant DANIEL BONVENTRE with

5  bank fraud.

6

7

8  ~~Count Nineteen charges Defendant DANIEL BONVENTRE with~~

9  ~~making a false filing to the U.S. Department of Labor in violation of the ERISA~~

10  ~~laws.~~

11

12

13  Each of these substantive counts also charges the Defendant or

14  Defendants with aiding and abetting the commission of the charged crime.

15

16

17  Count Twenty charges Defendant DANIEL BONVENTRE with

18  making and subscribing to a false income tax return for the year 2003.

**Final Version of Charge**~~DRAFT (2) – Reflecting Charge Conference and Consideration of Subsequent Submissions~~

1

2          Count Twenty-One charges Defendant DANIEL BONVENTRE with

3    making and subscribing to a false income tax return for the year 2004.

4

5

6          Count Twenty-Two charges Defendant DANIEL BONVENTRE with

7    making and subscribing to a false income tax return for the year 2006.

8

9

10          Count Twenty-Three charges Defendant DANIEL BONVENTRE

11    with making and subscribing to a false income tax return for the year 2007.

12

13

14          Count Twenty-Four charges Defendant DANIEL BONVENTRE with

15    corruptly obstructing the lawful administration of the Internal Revenue laws.

16

17

18          Counts Twenty-Five through Twenty-Nine charge Defendant

**Final Version of Charge**~~DRAFT (2) – Reflecting Charge Conference and Consideration of Subsequent Submissions~~

1    ANNETTE BONGIORNO with tax evasion, for the years 2004 through 2008.

2

3

4            Count Thirty charges Defendant ANNETTE BONGIORNO with

5    corruptly obstructing the lawful administration of the Internal Revenue laws.

6

7

8            Counts Thirty-One through Thirty-Three charge Defendant JO ANN

9    CRUPI with Tax Evasion for the tax years 2004, 2007 and 2008.

10

11           As you may have noticed, all of the objectives of the conspiracy

12   charges, with the exception of mail fraud, are also charged as substantive offenses.

13

14           Before I give you further detailed instructions as to what it takes to

15   prove these substantive charges, let me further clarify the difference between the

16   conspiracy counts, which are charged in Counts One, Two, Three, Four,~~ Five~~ and

17   Sixteen, and the substantive counts, which are charged in Counts Six through

18   Fifteen,~~ and~~ Seventeen and Eighteen and Ninteen through Thirty-Three of the

**Final Version of Charge**DRAFT (2) – Reflecting Charge Conference and Consideration of Subsequent Submissions

1    Indictment.

2

3           A conspiracy, as I said, is a separate crime of agreeing to commit an

4    unlawful objective.  Here, the Government contends that the substantive violations

5    alleged to be objects of the conspiracies actually occurred.  With the exception of

6    mail fraud, Defendants are charged in the Indictment with committing the

7    substantive offenses that are the alleged objects of the conspiracy, as well as with

8    conspiracy itself.

9

10          I will now instruct you on the substantive crimes charged in the

11   Indictment.

12

13

14          **SECURITIES FRAUD - THE STATUTE AND RULE 10B-5:**
15          **(COUNTS SIX, SEVEN AND EIGHT)**
16
17
18          Count Six, Seven and Eight of the Indictment charge that the

19   Defendants committed securities fraud in connection with their work at Madoff

20   Securities.

**Final Version of Charge**DRAFT (2) – Reflecting Charge Conference and Consideration of Subsequent Submissions

1

2          Count Six charges Defendants DANIEL BONVENTRE, ANNETTE

3    BONGIORNO, JO ANN CRUPI, JEROME O'HARA AND GEORGE PEREZ as

4    follows:

5

6          [The Court reads Count Six of the Indictment (Indictment ¶ 94).]

7

8          Count Seven charges Defendants DANIEL BONVENTRE, JO ANN

9    CRUPI, JEROME O'HARA AND GEORGE PEREZ as follows:

10

11         [The Court reads Count Seven of the Indictment (Indictment ¶ 96).]

12

13         Count Eight charges Defendant DANIEL BONVENTRE as follows:

14

15         [The Court reads Count Eight of the Indictment (Indictment ¶ 98).]

16

17

18         The relevant statute for these securities fraud counts is Section 10(b)

19    of the Securities Exchange Act of 1934, which is codified as Title 15, United States

**Final Version of Charge** ~~DRAFT (2) – Reflecting Charge Conference and Consideration of Subsequent Submissions~~

1    Code, Section 78j(b). Section 10(b) provides, in pertinent part, that:

2

3                    It shall be unlawful for any person, directly or

4                    indirectly, by the use of any means or

5                    instrumentality of interstate commerce or of the

6                    mails, or of any facility of any national securities

7                    exchange . . .  To use or employ, in connection

8                    with the purchase or sale of any security registered

9                    on a national securities exchange or any security

10                   not so registered, . . . any manipulative or

11                   deceptive device or contrivance in contravention of

12                   such rules and regulations as the [SEC] may

13                   prescribe as necessary or appropriate in the public

14                   interest or for the protection of investors.

15

16                   Based on its authority under this statute, the SEC has issued a number

17   of rules and regulations, one of which, known as Rule 10b-5, is relevant here.  Rule

18   10b-5 reads as follows:

19

**Final Version of Charge** ~~DRAFT (2) – Reflecting Charge Conference and Consideration of Subsequent Submissions~~

1          It shall be unlawful for any person, directly or

2          indirectly, by the use of any means or

3          instrumentality of interstate commerce, or of the

4          mails, or of any facility of any national securities

5          exchange, (a) To employ any device, scheme, or

6          artifice to defraud, (b) To make any untrue

7          statement of a material fact or to omit to state a

8          material fact necessary in order to make the

9          statements made, in light of the circumstances

10         under which they were made, not misleading, or

11         (c) To engage in any act, practice, or course of

12         business which operates or would operate as a

13         fraud or deceit upon any person, in connection

14         with the purchase or sale of any security.

15

16         ~~With respect to the charges in Counts Six, Seven and Eight, you must~~

17         ~~decide whether the Government has proven beyond a reasonable doubtthat the~~

18         ~~Defendant you are considering committed, or caused to be committed, an act of~~

**Final Version of Charge** ~~DRAFT (2) – Reflecting Charge Conference and Consideration of Subsequent Submissions~~

1  ~~securities fraud after November 17, 2004.  Your decision as to whether the act was~~

2  ~~fraudulent, and as to the timing of the act, must be unanimous.~~

3

4

5  ## SECURITIES FRAUD-ELEMENTS:
6  ## (COUNTS SIX, SEVEN AND EIGHT)
7
8  To prove a violation of Section 10(b), the Government must prove

9  each of the following elements beyond a reasonable doubt for each Defendant

10  charged:

11

12  <u>First</u>, that in connection with the purchase or sale of securities, the

13  Defendant you are considering did any one or more of the following:

14
15  (1) employed a device, scheme or artifice to defraud, or

16

17  (2) made an untrue statement of a material fact or omitted to state a material

18  fact which made what was said, under the circumstances, misleading, or

19

20  (3) engaged in an act, practice or course of business that operated, or would

**Final Version of Charge**~~DRAFT (2) – Reflecting Charge Conference and Consideration of Subsequent Submissions~~

1    operate, as a fraud or deceit upon a purchaser or seller;

2

3        **Second**, that the Defendant you are considering acted knowingly,

4    willfully and with the intent to defraud a purchaser or seller; and

5

6        **Third**, that the Defendant you are considering used or caused to be

7    used, any means or instruments of transportation or communication in interstate

8    commerce or the mails in furtherance of the fraudulent conduct.

9

10        I will now explain these elements in more detail.

11

12

13

14

15        **SECURITIES FRAUD FIRST ELEMENT -**

16        **FRAUDULENT ACT:**

17        **(COUNTS SIX, SEVEN AND EIGHT)**

18

19        The first element that the Government must prove beyond a

20    reasonable doubt is that, in connection with the purchase or sale of securities, the

21    Defendant you are considering did any one or more of the following:

**Final Version of Charge**~~DRAFT (2) – Reflecting Charge Conference and Consideration of Subsequent Submissions~~

1

2　　　　　(1) employed a device, scheme or artifice to defraud, or

3

4　　　　　(2) made an untrue statement of a material fact or omitted to state a material

5　　　　　fact which made what was said, under the circumstances, misleading, or

6

7　　　　　(3) engaged in an act, practice or course of business that operated, or would

8　　　　　operate, as a fraud or deceit upon a purchaser or seller.

9

10　　　　　　It is not necessary for the Government to establish all three types of

11　unlawful conduct in connection with the purchase or sale of securities.  Any one

12　will be sufficient for a conviction if you so find.  However, you must be unanimous

13　as to which type of unlawful conduct took place.

14

15　　　　　　The statute requires that the defendant's action be **"in connection**

16　**with"** the purchase or sale of securities.  You need not find that the Defendant you

17　are considering actually participated in any specific purchase or sale of a security if

18　you find that the Defendant participated, or agreed to participate, in fraudulent

**Final Version of Charge**DRAFT (2) – Reflecting Charge Conference and Consideration of Subsequent Submissions

1    conduct that was "in connection with" a purchase or sale of securities.

2

3           The requirement that the fraudulent conduct be "in connection with" a

4    purchase or sale of securities is satisfied so long as there was some nexus or

5    relation between the allegedly fraudulent conduct and the sale or purchase of

6    securities.

7

8           Fraudulent conduct may be "in connection with" the purchase or sale

9    of securities if you find that the alleged fraudulent conduct "touched upon" a

10   securities transaction.  It is not a defense to a charge of participation in an overall

11   scheme to defraud that the Defendant you are considering was not involved in the

12   scheme from its inception or played only a minor role with no contact with the

13   investors and purchasers of the securities in question.  It is also no defense that the

14   Defendant or persons with whom the Defendant acted did not control any actual

15   securities in the course of the fraud.  Nor is it necessary for you to find that the

16   individual Defendant was or would be the actual seller of the securities.  It is

17   sufficient if the misrepresentation or omission of material fact involved the

18   purchase or sale of securities.

**Final Version of Charge**~~DRAFT (2) – Reflecting Charge Conference and Consideration of Subsequent Submissions~~

1      By the same token, the Government need not prove that a Defendant

2  personally made the misrepresentation or that he or she omitted the material fact.

3  It is sufficient if the Government establishes that the Defendant caused the

4  statement to be made or the fact to be omitted.  With regard to the alleged

5  misrepresentations and omissions, you must determine whether the statements

6  were true or false when made, and, in the case of alleged omissions, whether the

7  omissions were materially and deliberately misleading.

8

9      The statute provides that securities fraud can be committed by

10  employing a **"device, scheme, or artifice to defraud."**  A "device, scheme or

11  artifice to defraud" is merely a plan for the accomplishment of any fraudulent or

12  deceitful objective.  Fraud is a general term which embraces all ingenious efforts

13  and means that individuals devise to take advantage of others.  It includes all kinds

14  of manipulative and deceptive acts.  The fraudulent or deceitful conduct alleged

15  need not relate to the actual investment value of the securities involved in this case.

16

17      Securities fraud can also be committed through **false or fraudulent**

18  **statements and omissions.**  A statement, representation, claim, or document is

**Final Version of Charge** ~~DRAFT (2) – Reflecting Charge Conference and Consideration of Subsequent Submissions~~

1    false if it is untrue when made and was known to be untrue, at the time it was

2    made, by the person making it or causing it to be made.  A representation or

3    statement is fraudulent if it was falsely made with the intention to deceive.  The

4    concealment of material facts in a manner that makes what is said or represented

5    deliberately and materially misleading may also constitute false or fraudulent

6    statements under the statute.

7

8            The deception need not be based upon spoken or written words alone.

9    The arrangement of the words, or the circumstances in which they are used, may

10   convey the false and deceptive appearance.

11

12           A false or fraudulent statement or omission must concern a **"material**

13   **fact"** to violate the statute.  If you find that the Government has established beyond

14   a reasonable doubt that a statement was false or a statement was omitted rendering

15   the statements that were made misleading, you must next determine whether the

16   statement or omission was material under the circumstances.

17

18           The word "material" is used to describe the kind of false statements or

**Final Version of Charge** ~~DRAFT (2) – Reflecting Charge Conference and Consideration of Subsequent Submissions~~

1  omissions that are wrongful under the fraud statutes.  A material fact is one that

2  would have been important to a reasonable investor in making an investment

3  decision.  We use the word "material" to distinguish between the kinds of

4  statements we care about and those that are of lesser significance.

5

6         If you find that the deception involved the making of material

7  misrepresentations or omissions of material facts, it does not matter whether the

8  intended victims were gullible buyers or sophisticated investors, because the

9  securities laws protect the gullible and unsophisticated as well as the experienced

10  investor.

11

12         Nor does it matter whether the alleged unlawful conduct was or would

13  have been successful, or whether the Defendant you are considering profited or

14  would have received any benefit as a result of the alleged scheme.  Success is not

15  an element of a violation of Section 10(b) or Rule 10b-5.  However, if you find that

16  the Defendant you are considering expected to or did profit from the alleged

17  scheme, you may consider that in relation to the element of intent, which I will

18  discuss in a moment.

1

2

### SECURITIES FRAUD SECOND ELEMENT - KNOWLEDGE, INTENT AND WILLFULNESS: (COUNTS SIX, SEVEN AND EIGHT)

6
7          The second element that the Government must establish beyond a

8    reasonable doubt is that the individual Defendant you are considering participated

9    in the scheme to defraud knowingly, willfully and with the intent to defraud a

10   purchaser or seller.

11

12          As I explained earlier, "knowingly" means to act voluntarily and

13   deliberately, rather than mistakenly or inadvertently, while "willfully" means to act

14   knowingly and purposely, with an intent to do something the law forbids.  "Intent

15   to defraud" in the context of the securities laws means to act knowingly and with

16   intent to deceive.  The question of whether a person acted knowingly, willfully and

17   with intent to defraud is a question of fact for you to determine, like any other fact

18   question.  This question involves one's state of mind.  Direct proof of knowledge

19   and fraudulent intent is almost never available.  It would be a rare case where it

20   could be shown that a person wrote or stated that as of a given time in the past he

**Final Version of Charge** ~~DRAFT (2) – Reflecting Charge Conference and Consideration of Subsequent Submissions~~

1    committed an act with fraudulent intent.  Such direct proof is not required.  The

2    ultimate facts of knowledge and criminal intent, though subjective, may be

3    established by circumstantial evidence, based upon a person's outward

4    manifestations, his words, his conduct, his acts and all the surrounding

5    circumstances disclosed by the evidence and the rational or logical inferences that

6    may be drawn therefrom.

7

8               What is referred to as drawing inferences from circumstantial

9    evidence is no different from what people normally mean when they say, "use your

10   common sense."  Using your common sense means that, when you come to decide

11   whether the defendant possessed or lacked an intent to defraud, you don't limit

12   yourself to what the defendant said, but you also look at what he or she did and

13   what others did in relation to the defendant and, in general, everything that

14   occurred.  Circumstantial evidence, if believed, is of no less value than direct

15   evidence.  In either case, the essential elements of the crime charged must be

16   established beyond a reasonable doubt.

17

18               Since an essential element of the crime charged is intent to defraud, it

**Final Version of Charge** ~~DRAFT (2) – Reflecting Charge Conference and Consideration of Subsequent Submissions~~

1  follows that good faith on the part of a defendant (that is, belief in the truth of the

2  matter asserted and lack of intent to defraud) is a complete defense to a charge of

3  securities fraud.  A defendant, however, has no burden to establish a defense of

4  good faith.  The burden is on the Government to prove fraudulent intent and

5  consequent lack of good faith beyond a reasonable doubt.  Under the anti-fraud

6  statutes, even false representations or statements or omissions of material facts do

7  not amount to a fraud unless done with fraudulent intent.  However misleading or

8  deceptive conduct may be, it is not fraudulent if it was carried out in good faith.

9  An honest belief by a defendant in the truth of the representations made is a good

10  defense, however inaccurate the statements may turn out to be.

11

12          In considering whether or not a defendant acted in good faith, you are,

13  however, instructed that a belief by the defendant, if such belief existed, that

14  ultimately everything would work out so that no investors would lose any money

15  does not require a finding by you that he acted in good faith.  No amount of honest

16  belief on the part of a defendant that the scheme will ultimately make a profit for

17  the investors will excuse fraudulent actions or knowingly false representations by

18  him.

**Final Version of Charge** ~~DRAFT (2) – Reflecting Charge Conference and Consideration of Subsequent Submissions~~

1         As a practical matter, then, to sustain any fraud charge against a

2  particular Defendant, the Government must establish beyond a reasonable doubt

3  that the particular Defendant you are considering knew that his or her conduct as a

4  participant in the alleged scheme was calculated to deceive and nonetheless, he or

5  she associated himself with the alleged fraudulent scheme.

6

7         To conclude on this element, if you find that the Government has not

8  proven beyond a reasonable doubt that the Defendant in question was a knowing

9  participant in the scheme and had the intent to defraud, then you must acquit that

10  Defendant.

11

12         On the other hand, if you find that the Government has established

13  beyond a reasonable doubt not only the first element, namely, the existence of a

14  scheme to defraud, but also this second element, that the individual Defendant you

15  are considering was a knowing participant and acted with intent to defraud, then

16  you must proceed to consider the third element, as to which I am about to instruct

17  you.

18

**Final Version of Charge**~~DRAFT (2) – Reflecting Charge Conference and Consideration of Subsequent Submissions~~

1   **SECURITIES FRAUD THIRD ELEMENT -**
2   **INTERSTATE COMMERCE:**
3   **(COUNTS SIX, SEVEN AND EIGHT)**
4
5           The third and final element that the Government must prove beyond a

6   reasonable doubt is that the Defendant you are considering knowingly used, or

7   caused to be used, the mails or the instrumentalities of interstate commerce in

8   furtherance of the scheme to defraud or fraudulent conduct.  It is not necessary that

9   the Defendant in question be or would have been directly or personally involved in

10  any mailing or use of an instrumentality of interstate commerce.  If the conduct

11  alleged would naturally and probably result in the use of the mails or an

12  instrumentality of interstate commerce, this element would be satisfied.

13

14

15          Nor is it necessary that the items sent through the mails or

16  communicated through an instrumentality of interstate commerce did or would

17  contain the fraudulent material, or anything criminal or objectionable.  The matter

18  mailed or communicated may be entirely innocent so long as it is in furtherance of

19  the alleged scheme to defraud or fraudulent conduct.  The use of the mails or

20  instrumentality of interstate commerce need not be central to the execution of the

**Final Version of Charge** ~~DRAFT (2) – Reflecting Charge Conference and Consideration of Subsequent Submissions~~

1    scheme or even be incidental to it.  All that is required is that the use of the mails

2    or instrumentality of interstate commerce bear some relation to the object of the

3    alleged scheme or fraudulent conduct.

4

5             In fact, the actual purchase or sale of a security need not be

6    accompanied by the use of the mails or instrumentality of interstate commerce, so

7    long as the mails or instrumentality of interstate commerce are used in furtherance

8    of the scheme and the Defendant is still engaged in actions that are part of a

9    fraudulent scheme when the mails or the instrumentalities of interstate commerce

10   are used.

11

12             With respect to the charges in Counts Six, Seven and Eight, you cannot

13   return a verdict of guilty as to any particular defendant unless you find that the

14   Government has proven beyond a reasonable doubt that the Defendant you are

15   considering committed, or caused to be committed, an act of securities fraud after

16   November 17, 2004.  Your decision as to whether the act was fraudulent, and as to

17   the timing of the act, must be unanimous.

18

1

2

3
4
## FALSIFYING RECORDS OF A BROKER-DEALER:
## (COUNTS NINE, TEN AND ELEVEN)

5
6          Counts Nine, Ten, and Eleven charge the Defendants with falsifying,

7   or causing the falsification of, the books and records of a broker-dealer, here,

8   Madoff Securities.

9

10          Count Nine charges Defendants DANIEL BONVENTRE, ANNETTE

11  BONGIORNO, JO ANN CRUPI, JEROME O'HARA and GEORGE PEREZ as

12  follows:

13

14          [The Court reads Count Nine of the Indictment (Indictment ¶ 100).]

15

16          Count Ten charges Defendant DANIEL BONVENTRE, JO ANN

17  CRUPI, JEROME O'HARA and GEORGE PEREZ as follows:

18

19          [The Court reads Count Ten of the Indictment (Indictment ¶ 102).]

20

**Final Version of Charge**~~DRAFT (2) – Reflecting Charge Conference and Consideration of Subsequent Submissions~~

1    Count Eleven charges Defendant DANIEL BONVENTRE as follows:

2

3    [The Court reads Count Eleven of the Indictment (Indictment ¶ 94).]

4

5    Title 15 of the United States Code, Section 78c, defines "**broker**" as

6    "any person engaged in the business of effecting transactions in securities for the

7    account of others."  The statute also defines a "**dealer**" as "any person engaged in

8    the business of buying and selling securities . . . for such person's own account

9    through a broker or otherwise."  Federal law requires that companies which are

10   registered as broker-dealers, maintain certain records as prescribed by the SEC.

11   The records include client account statements, trade confirmations, trade blotters,

12   order entry and execution reports, commission reports, documents relating to the

13   profit, loss, and revenue, security receipt, delivery and custody reports, general

14   ledgers, stock records, and reports derived from the general ledgers and stock

15   records.  The record keeping requirements are established by Title 17 of the Code

16   of Federal Regulations, Section 240.17a-3.  Title 15 of the United States Code,

17   Section 78q(a), generally requires registered broker-dealers to "make and keep for

18   prescribed periods such records, furnish such copies thereof, and make and

1    disseminate such reports as the Commission, by rule, prescribes as necessary or

2    appropriate in the public interest, for the protection of investors, or otherwise."

3

4            Counts Nine, Ten and Eleven also charge violations of Section 32 of

5    the Securities Exchange Act of 1934, Title 15 of the United States Code, Section

6    78ff.  Section 78ff provides in relevant part:

7
8            [A]ny person who willfully and knowingly makes,

9            or causes to be made, any statement in any

10           application, report, or document required to be filed

11           under this chapter or any rule or regulation

12           thereunder . . . which statement was false or

13           misleading with respect to any material fact [shall

14           be guilty of a crime].

15

16           This section is the general provision of the federal securities laws that

17   makes it unlawful to willfully violate any provision of the Securities Exchange Act

18   of 1934, or any rule or regulation under that Act, by making materially false and

19   misleading statements in applications, reports, and documents required to be filed

1    with the SEC.

2

3

### FALSIFYING RECORDS OF A BROKER DEALER - ELEMENTS OVERVIEW: (COUNTS NINE, TEN AND ELEVEN)

4
5
6
7

8          For each of Counts Nine, Ten and Eleven, to establish a violation of

9    Title 15 of the United States Code, Sections 78q(a) and 78ff, the Government must

10   prove each of the following elements beyond a reasonable doubt:

11

12          First, that Madoff Securities was a registered broker-dealer that was

13   required under the Securities Exchange Act of 1934 to make and keep the records

14   charged in that Count; and

15

16          Second, that the Defendant you are considering knowingly and

17   willfully made, or caused to be made, a materially false or misleading statement in

18   those records.  Now I will explain these two elements in more detail.

19

20

**Final Version of Charge**~~DRAFT (2) – Reflecting Charge Conference and Consideration of Subsequent Submissions~~

## FALSIFYING RECORDS OF A BROKER DEALER
## FIRST ELEMENT - REQUIRED RECORDS:
## (COUNTS NINE, TEN AND ELEVEN)

1
2
3
4
5          With respect to each of Counts Nine, Ten and Eleven, respectively,

6    the Government must show, first, that Madoff Securities was registered as a

7    broker-dealer and was required by the Securities Exchange Act of 1934 to maintain

8    the records charged in that Count.  If the Government has not proven that Madoff

9    Securities was a registered broker-dealer, you must acquit the Defendants of all of

10   the charges in Counts Nine, Ten and Eleven.

11

12          Registered broker-dealers are required to make and keep certain

13   records as prescribed by the SEC.  These records include client account statements,

14   trade confirmations, trade blotters, order entry and execution reports, security

15   receipt, delivery and custody records, general ledgers setting forth all assets and

16   liabilities, income expenses and capital accounts of the broker dealer, stock

17   records, and reports derived from the general ledgers and stock records.  If you

18   find that the Government has proven beyond a reasonable doubt that Madoff

19   Securities was registered with the SEC as a broker-dealer under the Securities

20   Exchange Act of 1934, then it was required to make and keep these records and the

**Final Version of Charge**DRAFT (2) – Reflecting Charge Conference and Consideration of Subsequent Submissions

1    first element is satisfied.

2

3

4                    **FALSIFYING RECORDS OF A BROKER DEALER**
5                      **SECOND ELEMENT - FALSITY:**
6                      **(COUNTS NINE, TEN AND ELEVEN)**
7

8                    The Government next must prove, with respect to each of Counts

9    Nine, Ten and Eleven, that the individual Defendant you are considering

10   knowingly and willfully made, or caused to be made, materially false and

11   fraudulent statements in the records you are considering.

12
13                   A statement or representation is "false" if it was untrue when made,

14   and known at the time to be untrue by the person making it or causing it to be

15   made.  A representation or statement is fraudulent if it was falsely made with the

16   intention to deceive.  The concealment of material facts in a manner that makes

17   what is said or represented deliberately and materially misleading may also

18   constitute false or fraudulent statements under the statute.

19

20                   I have defined the term "material" for you previously and you should

21   use that definition here.  I have also defined the terms "knowingly" and "willfully".

**Final Version of Charge** ~~DRAFT (2) – Reflecting Charge Conference and Consideration of Subsequent Submissions~~

1    Those same definitions, and the defense of good faith, apply here.  A statement

2    made with a good faith belief in its accuracy does not amount to a false statement

3    and is not a crime.  This is so even if the statement, is in fact, erroneous.

4

5            To establish this element, the Government need not prove that the

6    Defendant in question himself or herself physically made or otherwise personally

7    prepared the statements in question.  It is sufficient if the Government has proved

8    that the Defendant in question knowingly and willfully caused materially false

9    information to be included in a required record by some person.

10

11            Now, each of Counts Nine, Ten and Eleven is based on a different set

12    of records required to be maintained by Madoff Securities as a broker-dealer.

13

14            Count Nine charges that Defendants DANIEL BONVENTRE,

15    ANNETTE BONGIORNO, JO ANN CRUPI, JEROME O'HARA and GEORGE

16    PEREZ made, or caused to be made, fraudulent required books and records

17    including client account statements and trade confirmations.

18

**Final Version of Charge** ~~DRAFT (2) – Reflecting Charge Conference and Consideration of Subsequent Submissions~~

1     Count Ten charges that Defendants DANIEL BONVENTRE, JO

2     ANN CRUPI, JEROME O'HARA and GEORGE PEREZ made, or caused to be

3     made, fraudulent required books and records including client account statements,

4     trade blotters, order entry and execution reports, commission reports, Depository

5     Trust Corporation ("DTC") reports, documents relating to the profit, loss and

6     revenue of Madoff Securities, and General Ledgers and/or stock records.

7

8     Count Eleven charges that Defendant DANIEL BONVENTRE made,

9     or caused to be made, fraudulent required books and records including general

10    ledgers, stock records, and/or reports derived from the general ledgers and stock

11    records.

12

13    The Government contends that each of these types of records

14    maintained by Madoff Securities contained a number of materially false statements

15    and misleading omissions.  The Government is not required to prove all of these

16    false statements and omissions.  However, in order to convict a Defendant on the

17    false broker-dealer books and records charge or charges against that Defendant,

18    each juror must agree with each of the other jurors that the same statement in the

**Final Version of Charge** ~~DRAFT (2) – Reflecting Charge Conference and Consideration of Subsequent Submissions~~

1      same required record that you are considering was in fact materially false or

2      misleading.  You need not unanimously agree on each such statement alleged, but,

3      you may not convict the individual Defendant you are considering of a particular

4      count, unless you find unanimously that the Government has proven beyond a

5      reasonable doubt that at least one particular statement in a required record was

6      materially false and misleading and that the Defendant you are considering

7      knowingly and willfully made the statement or caused it to be made.

8

9              With respect to the charges in Counts Nine, Ten and Eleven, you

10     cannot return a verdict of guilty as to a particular Defendant unless you find that

11     the Government has proven beyond a reasonable doubt that the Defendant you are

12     considering made, or caused to be made, a fraudulent statement in a required

13     record after November 17, 2005.  Your decisions as to whether the particular

14     statement was fraudulent, and as to the timing of the statement, must be

15     unanimous.

16

17

18

**Final Version of Charge**~~DRAFT (2) – Reflecting Charge Conference and Consideration of Subsequent Submissions~~

1
2 ## FALSIFYING RECORDS OF AN INVESTMENT ADVISER -
3 ## GENERAL OVERVIEW:
4 ## (COUNTS TWELVE, THIRTEEN AND FOURTEEN)
5
6 Counts Twelve, Thirteen, and Fourteen charge the Defendants with

7 falsifying, or causing the falsification of, the books and records of an investment

8 adviser, here, Madoff Securities.

9

10 Count Twelve charges Defendants DANIEL BONVENTRE,

11 ANNETTE BONGIORNO, JO ANN CRUPI, JEROME O'HARA and GEORGE

12 PEREZ as follows:

13

14 [The Court reads Count Twelve of the Indictment (Indictment ¶ 106).]

15

16 Count Thirteen charges Defendants DANIEL BONVENTRE, JO

17 ANN CRUPI, JEROME O'HARA and GEORGE PEREZ as follows:

18

19 [The Court reads Count Thirteen of the Indictment (Indictment ¶

20 108).]

21

**Final Version of Charge**~~DRAFT (2) – Reflecting Charge Conference and Consideration of Subsequent Submissions~~

1    Count Fourteen charges Defendant DANIEL BONVENTRE as

2    follows:

3

4    [The Court reads Count Fourteen of the Indictment (Indictment ¶

5    110).]

6

7    Federal law requires that companies which are investment advisers

8    and make use of the mails or any instrumentalities of interstate commerce in

9    connection with their business, make and keep records as prescribed by SEC rules.

10   These records include client account statements, trade confirmations, trade blotters,

11   order entry and execution reports, commission reports, documents relating to the

12   profit, loss, and revenue of the investment adviser, security receipt, delivery and

13   custody records, financial statements, internal audit working papers, general

14   ledgers, stock records, and reports derived from the general ledgers and stock

15   records.

16

17   Title 15 of the United States Code, Section 80b-4, requires investment

18   advisers to "make and keep for prescribed periods such records . . . furnish such

1   copies thereof, and make and disseminate such reports as the [SEC], by rule, may

2   prescribe as necessary or appropriate in the public interest or for the protection of

3   investors."  These counts also charge violations of Title 15 of the United States

4   Code, Section 80b-17. Section 80b-17 provides in relevant part:

5

6           Any person who willfully violates any provision of

7           this subchapter, or any rule, regulation, or order

8           promulgated by the Commission under authority

9           thereof, shall [-be guilty of a crime].

10
11          This statute makes it unlawful to willfully violate the provisions of

12   law that require investment advisers to maintain records required by the SEC.

13

14
15   **FALSIFYING RECORDS OF AN INVESTMENT ADVISER -**
16   **ELEMENTS OF THE OFFENSE:**
17   **(COUNTS TWELVE, THIRTEEN AND FOURTEEN)**
18

19           For each of Counts Twelve, Thirteen, and Fourteen, to establish a

20   violation of Title 15 of the United States Code, Sections 80b-4 and 80b-17, the

21   Government must prove each of the following four elements beyond a reasonable

**Final Version of Charge**~~DRAFT (2) – Reflecting Charge Conference and Consideration of Subsequent Submissions~~

1    doubt:

2

3              <u>First</u>, that Madoff Securities was a registered or unregistered

4    investment adviser;

5

6              <u>Second</u>, that Madoff Securities made use of the mails or any

7    instrumentalities of interstate commerce in connection with its investment advisory

8    business;

9

10              <u>Third</u>, that Madoff Securities was required by law to make and keep

11    the records charged in that Count;

12

13              <u>Fourth</u>, that the individual Defendant you are considering knowingly

14    and willfully caused Madoff Securities to fail to make and keep those records

15    required by law.

16

17              Now I will explain these four elements in more detail.

18

1

2

3

## FALSIFYING RECORDS OF AN INVESTMENT ADVISER - FIRST ELEMENT: (COUNTS TWELVE, THIRTEEN AND FOURTEEN)

With respect to each of Counts Twelve, Thirteen, and Fourteen, respectively, the Government must show, first, that at the relevant time Madoff Securities was an investment adviser that was registered or required to be registered under section 203 of the Investment Advisers Act.  An **investment adviser** is "any person who, for compensation, engages in the business of advising others, either directly or through publications or writings, as to the value of securities or as to the advisability of investing in, purchasing, or selling securities, or who, for compensation and as part of a regular business, issues or promulgates analyses or reports concerning securities," with certain exceptions not applicable here.  An investment adviser must register with the SEC unless it qualifies for an exception from the Act's registration requirements.  None of the exceptions applies here.

1    I instruct you that Madoff Securities registered as an investment

2    adviser as of August 25, 2006.

3

4

5    **FALSIFYING RECORDS OF AN INVESTMENT ADVISER**
6    **SECOND ELEMENT - USE OF THE MAILS:**
7    **(COUNTS TWELVE, THIRTEEN AND FOURTEEN)**
8
9    The Government next must prove, with respect to each of Counts

10   Twelve, Thirteen, and Fourteen, that Madoff Securities made use of the mails or

11   any instrumentalities of interstate commerce in connection with its investment

12   advisory business.  The use of the mails or any instrumentalities of interstate

13   commerce can be from one state to another, or just within a state or even a single

14   city; it does not matter, as long as the United States mails or any instrumentalities

15   of interstate commerce were used.  "Instrumentalities of interstate commerce"

16   include the national telephone system, even when used only for local calls, the

17   internet, and email systems, even when used only within one state.

18

19   The mailing or use of an instrumentality of interstate commerce need

20   not involve a false record or any fraudulent representation.  Moreover, it is not

1    necessary for the defendant to be directly or personally involved in the mailing or

2    use of an instrumentality of interstate commerce.

3

4

5

6          **FALSIFYING RECORDS OF AN INVESTMENT ADVISER**
7              **THIRD ELEMENT - REQUIRED RECORDS:**
8          **(COUNTS TWELVE, THIRTEEN AND FOURTEEN)**
9
10         With respect to each of Counts Twelve, Thirteen, and Fourteen,

11    respectively, the Government must show that Madoff Securities was required by

12    law to maintain the records charged in that Count in its capacity as an investment

13    adviser.  I have already instructed you that investment advisers who make use of

14    the mails or any instrumentalities of interstate commerce in connection with their

15    business are required to make and keep records as prescribed by the SEC.

16

17         If you find that the Government has proven that at the relevant time

18    that Madoff Securities was an investment adviser required to be registered with the

19    SEC, and that it made use of the mails or any instrumentalities of interstate

20    commerce in connection with its business, the records it was required to keep

**Final Version of Charge** ~~DRAFT (2) – Reflecting Charge Conference and Consideration of Subsequent Submissions~~

1    included: client account statements, trade confirmations, trade blotters, order entry

2    and execution reports, security receipt, delivery and custody records, financial

3    statements and internal audit papers relating to the business of the investment

4    adviser, general ledgers, stock records, and reports derived from the general

5    ledgers and stock records.

6

7              If you further find that the Government has proven that Madoff

8    Securities, as an investment adviser, had or purported to have custody or

9    possession of securities or funds of any client, Madoff Securities was also required

10   to keep and maintain additional documents, including copies of confirmations of

11   all transactions effected by or for the account of a client.

12

13             Count Twelve charges that Defendants DANIEL BONVENTRE,

14   ANNETTE BONGIORNO, JO ANN CRUPI, JEROME O'HARA and GEORGE

15   PEREZ caused Madoff Securities to keep false and fraudulent books and records

16   including client account statements and trade confirmations.

17

18             Count Thirteen charges that, in connection with the SEC and KPMG

1    audits, Defendants DANIEL BONVENTRE, JO ANN CRUPI, JEROME O'HARA

2    and GEORGE PEREZ caused Madoff Securities to keep false and fraudulent

3    books and records including client account statements, trade blotters, order entry

4    and execution reports, commission reports, DTC reports, documents relating to the

5    profit, loss and revenue of Madoff Securities, and/or stock records.

6

7             Count Fourteen charges that Defendant DANIEL BONVENTRE

8    caused Madoff Securities to keep false and fraudulent books and records including

9    general ledgers, stock records and/or reports derived from the general ledgers or

10   stock records.

11

12

13   **FALSIFYING RECORDS OF AN INVESTMENT ADVISER**

14   **FOURTH ELEMENT - FAILURE TO MAKE AND KEEP REQUIRED**

15   **RECORDS:**

16   **(COUNTS TWELVE, THIRTEEN AND FOURTEEN)**

17

18             The Government next must prove, with respect to each of Counts

19   Twelve, Thirteen and Fourteen, that the individual Defendant you are considering

20   knowingly and willfully caused Madoff Securities to fail to make and keep those

21   records required by law.

**Final Version of Charge** ~~DRAFT (2) – Reflecting Charge Conference and Consideration of Subsequent Submissions~~

1      I have defined the terms and "knowingly" and "willfully".  Those

2   same definitions apply here, as does the defense of good faith.  A good faith belief

3   on the part of an individual Defendant that Madoff Securities made and kept those

4   records required by law is a complete defense to these charges, even if that belief

5   was erroneous.

6

7      To establish this element, the Government need not prove that the

8   defendant in question physically made or otherwise personally prepared or

9   personally failed to maintain those records required by law.  It is sufficient if the

10  Government has proved that the Defendant in question knowingly and willfully

11  caused Madoff Securities to fail to make and keep required records.

12

13      Now, each of Counts Twelve, Thirteen and Fourteen is based on a

14  separate set of records maintenance requirements from those that applied to

15  Madoff Securities as an investment adviser.  The Government contends that each

16  of these records was knowingly and willfully improperly maintained at Madoff

17  Securities.  The Government is not required to prove all of these failures to make

18  and keep required records of an investment adviser.  However, in order to convict

**Final Version of Charge** ~~DRAFT (2) – Reflecting Charge Conference and Consideration of Subsequent Submissions~~

1  an individual Defendant on a particular count, each juror must agree with each of

2  the other jurors that the particular Defendant you are considering knowingly and

3  willfully caused the particular record that you are considering to be improperly

4  maintained.  You need not unanimously agree on each such record alleged, but, in

5  order to convict the Defendant you are considering of a particular count, you must

6  unanimously agree upon at least <u>one</u> such record that you find that the particular

7  Defendant knowingly and willfully caused Madoff Securities to fail to make and

8  keep as required by law.

9

10           With respect to the charges in Counts Twelve, Thirteen and Fourteen,

11  you cannot return a guilty verdict as to any Defendant unless you find that  the

12  Government has proven beyond a reasonable doubt that the Defendant you are

13  considering caused Madoff Securities to fail to make and keep at least one required

14  book or record after November 17, 2004.  Your decisions as to whether the

15  particular book or record was not made and kept as required by law, and as to the

16  timing of the conduct, must be unanimous as to each individual Defendant.

17

18

## FALSE FILING WITH THE SEC – OVERVIEW:
## (COUNT FIFTEEN)

1
2
3

4        Count Fifteen of the Indictment charges DANIEL BONVENTRE, the

5    defendant, with aiding and abetting the filing of a false and misleading Madoff

6    Securities FOCUS report with the SEC.  I will explain the concept of "aiding and

7    abetting" in more detail later.

8

9        Count Fifteen charges Defendant DANIEL BONVENTRE as follows:

10

11       [The Court reads Count Fifteen of the Indictment (Indictment ¶ 112).]

12

13       In order for DANIEL BONVENTRE to be found guilty on this count,

14   the Government must prove each of the following three elements beyond a

15   reasonable doubt:

16

17       First, that Madoff Securities was required by the Securities Exchange

18   Act of 1934 to file the FOCUS report identified in Count Fifteen;

19

**Final Version of Charge**~~DRAFT (2) – Reflecting Charge Conference and Consideration of Subsequent Submissions~~

1    <u>Second</u>, that an individual knowingly and willfully made, or caused to

2    be made, a materially false or misleading statement in the FOCUS report; and

3

4    <u>Third</u>, that DANIEL BONVENTRE aided and abetted the filing of

5    the materially false and misleading FOCUS report.

6

7    I have already defined the words "knowingly" "willfully," and

8    "materially," and you should apply those definitions here.  The defense of good

9    faith, which I have discussed earlier, applies to this charge as well.

10

11
12    **BANK FRAUD OVERVIEW:**
13    **(COUNTS SEVENTEEN AND EIGHTEEN)**
14
15    Count Seventeen of the Indictment charges that the Defendant JO

16    ANN CRUPI committed bank fraud in connection with loans on behalf of David

17    Kugel, Craig Kugel, and Heather Kugel.  Count Eighteen of the Indictment charges

18    that Defendant DANIEL BONVENTRE committed bank fraud in connection with

19    loans obtained for Madoff Securities.

20

**Final Version of Charge**~~DRAFT (2) – Reflecting Charge Conference and Consideration of Subsequent Submissions~~

1    Count Seventeen charges Defendant JO ANN CRUPI as follows:

2

3

4    [The Court reads Count Seventeen of the Indictment (Indictment ¶
5    119).]
6

7

8    Count Eighteen charges Defendant DANIEL BONVENTRE as

9    follows:

10

11    [The Court reads Count Eighteen of the Indictment (Indictment ¶

12    121).]

13

14

15    These counts charge violations of Title 18, United States Code,

16    Section 1344, the federal bank fraud statute.  In order to establish a particular

17    Defendant's guilt of this crime, the Government must prove the following two

18    elements:

19

**Final Version of Charge** ~~DRAFT (2) – Reflecting Charge Conference and Consideration of Subsequent Submissions~~

1       <u>First</u>, that the defendant engaged in a course of conduct concerning a

2       material matter that was designed to deceive a federally chartered or insured

3       financial institution into releasing property.  A material matter is one that would

4       reasonably be expected to be of concern to a reasonable and prudent person in

5       relying upon the representation or statement in making a decision; and

6

7       <u>Second</u>, that the Defendant you are considering intended to victimize

8       the institution by exposing it to actual or potential loss.

9

10      In order to prove a particular Defendant or Defendants guilty of bank

11      fraud, the Government is not required to prove that the bank was actually injured

12      or even potentially injured by the Defendant's actions.  The Government must,

13      however, prove that the Defendant intended that the bank would suffer actual or

14      potential injury.  The Government must prove that the Defendant's conduct was

15      knowing and willful, as I have defined those terms for you earlier.  The defense of

16      good faith, which I have discussed earlier, applies to these charges as well.

17

18

19      **FALSIFYING STATEMENTS IN RELATION TO DOCUMENTS**

**Final Version of Charge**~~DRAFT (2) – Reflecting Charge Conference and Consideration of Subsequent Submissions~~

1
2
3
4

~~**REQUIRED BY ERISA:**~~
~~**(COUNT NINETEEN)**~~

~~Count Nineteen charges Defendant DANIEL BONVENTRE with~~

~~making false statements in a government filing in connection with the employment~~

~~of his son, Daniel M. Bonventre, at Madoff Securities.~~

5

6

7

8   ~~Count Nineteen of the Indictment charges Defendant DANIEL~~

9   ~~BONVENTRE as follows:~~

10

11   ~~[The Court reads Count Nineteen of the Indictment (Indictment ¶ 123).]~~

12

13   ~~The Employee Retirement Income Security Act, or "ERISA," is a law~~

14   ~~which requires certain documents to be filed with the United States Department of~~

15   ~~Labor.  These documents include the records of a company's employee welfare~~

16   ~~benefit plans and employee pension benefit plans.  Count Nineteen alleges a~~

17   ~~violation of Title 18, Section 1027.  The three elements of that offense are that:~~

18

19   ~~First, the defendant made, or knowingly caused to be made,  a false~~

20   ~~statement;~~

**Final Version of Charge**DRAFT (2) – Reflecting Charge Conference and Consideration of Subsequent Submissions

1

2          Second, the falsification was knowing and willful; and

3

4          Third, that the statement was made in a document required by ERISA.

5

6          The terms "employee welfare benefit plan" and "welfare plan" mean

7    any plan, fund, or program which is maintained by an employer or by an employee

8    organization, or by both, to the extent that such plan, fund, or program was

9    established or is maintained for the purpose of providing for its participants or their

10   beneficiaries, through the purchase of insurance or otherwise, medical, surgical, or

11   hospital care or benefits, or benefits in the event of sickness, accident, disability,

12   death or unemployment, or vacation benefits, apprenticeship or other training

13   programs, or day care centers, scholarship funds, or prepaid legal services.  These

14   terms also refer to any plan, fund or program which provides retirement income to

15   employees or results in a deferral of income by employees for periods extending to

16   the termination of covered employment or beyond.

17

18          An employee welfare benefit plan is subject to ERISA if it is

19   established or maintained by an employer engaged in commerce or in any industry

**Final Version of Charge**DRAFT (2) – Reflecting Charge Conference and Consideration of Subsequent Submissions

1    or activity affecting commerce, or by an employee organization or organizations

2    representing employees engaged in commerce or any industry or activity affecting

3    commerce, or by both such an employer and employee organization(s).  The term

4    "commerce" means trade, traffic, commerce, transportation, or communication

5    between any State and any place outside thereof.  The term "industry or activity

6    affecting commerce" means any activity, business, or industry in commerce or in

7    which a labor dispute would hinder or obstruct commerce or the free flow of

8    commerce.

9

10           Before you may convict DANIEL BONVENTRE on this count, you

11    must find beyond a reasonable doubt that the Madoff Securities benefit plan at

12    issue in this case was an employee welfare benefit plans subject to ERISA, that he

13    knew that the statement or statements in question were false, and that he knew they

14    would be reported to the Department of Labor in a document required to be filed

15    under ERISA.

16

17

18    **AIDING AND ABETTING: WILLFULLY CAUSING A CRIME**
19    **(COUNTS SIX, SEVEN, EIGHT, NINE, TEN, ELEVEN, TWELVE,**

**Final Version of Charge**~~DRAFT (2) – Reflecting Charge Conference and Consideration of Subsequent Submissions~~

1  **THIRTEEN, FOURTEEN, FIFTEEN, SEVENTEEN AND~~,~~ EIGHTEEN ~~AND~~**
2  **~~NINETEEN~~)**
3
4  In Counts Six, Seven, Eight, Nine, Ten, Eleven, Twelve, Thirteen,

5  Fourteen, Fifteen, Seventeen and~~,~~ Eighteen ~~and Nineteen~~ (that is, all of the

6  substantive charges except for the tax charges that I will discuss later), the

7  Defendants are charged as aiders and abettors in addition to being charged as

8  principals.  Thus, the Government does not contend that the Defendants personally

9  committed every physical act or crime charged in the Indictment.  Instead, it

10  contends that each Defendant charged performed certain acts and caused others to

11  physically do certain acts.

12

13  Section 2(b) of the aiding and abetting statute, which makes it a crime

14  to willfully cause another to commit a crime, reads as follows:

15

16  Whoever willfully causes an act to be done which if

17  directly performed by him or another would be an

18  offense against the United States [is punishable as a

19  principal].

20

**Final Version of Charge**~~DRAFT (2) – Reflecting Charge Conference and Consideration of Subsequent Submissions~~

1   What does the word **"principal"** mean here?  It means a person who

2   physically commits the substantive crime that is charged.

3

4   What does the term **"willfully caused"** mean? It does not mean that

5   the Defendant himself need have physically committed the crime or supervised or

6   participated in the actual criminal conduct charged in the Indictment.

7

8   For purposes of your consideration of these Counts, the meaning of

9   the term "willfully caused" can be found in the answers to the following questions:

10

11   <u>First</u>, did the individual Defendant you are considering *intend* to

12   commit the substantive crime charged in the particular Count that you are

13   considering?  As an example, if you are considering the Securities Fraud charge in

14   Count Six, you must determine whether the individual Defendant you are

15   considering intended that investors would be deceived by Madoff Securities

16   account documentation.

17

18   <u>Second</u>, did the individual Defendant you are considering

**Final Version of Charge** ~~DRAFT (2) – Reflecting Charge Conference and Consideration of Subsequent Submissions~~

1   intentionally cause another person to take the action described in the Count of the

2   Indictment that you are considering?  Again using Count Six as an example only,

3   you must determine whether the individual Defendant you are considering

4   <span style="color:red">intentionally</span> caused another person to issue false account documentation to

5   Madoff Securities investors.

6

7          You may not find that a Defendant aided and abetted a crime unless

8   you find that the Government has proven that another person took the action

9   resulting in the commission of the offense and that the Defendant you are

10  considering "willfully caused" the commission of the offense, as I have just

11  defined that term for you.

12

13         I will now turn to the remaining counts of the Indictment, which

14  charge tax-related crimes.

15

16

17  **SUBSCRIBING TO FALSE INDIVIDUAL TAX RETURN FOR THE TAX**
18  **YEARS 2003, 2004, 2006, 2007 - GENERAL:**
19  **(COUNTS TWENTY, TWENTY-ONE, TWENTY-TWO, AND TWENTY-**
20  **THREE)**

**Final Version of Charge**~~DRAFT (2) – Reflecting Charge Conference and Consideration of Subsequent Submissions~~

1

2          Counts Twenty, Twenty-One, Twenty-Two and Twenty-Three each

3    charge Defendant DANIEL BONVENTRE with filing a false or fraudulent tax

4    return in the years 2003, 2004, 2006 and 2007, respectively, as specified in the

5    Indictment.

6

7

8          Count Twenty of the Indictment charges Defendant DANIEL

9    BONVENTRE as follows:

10

11          [The Court reads Count Twenty of the Indictment (Indictment ¶ 125).]

12

13

14          Count Twenty-One of the Indictment charges Defendant DANIEL

15    BONVENTRE as follows:

16

17          [The Court reads Count Twenty-One of the Indictment (Indictment ¶

18    127 ).]

19

**Final Version of Charge**DRAFT (2) – Reflecting Charge Conference and Consideration of Subsequent Submissions

1    Count Twenty-Two of the Indictment charges Defendant DANIEL

2    BONVENTRE as follows:

3

4        [The Court reads Count Twenty-Two of the Indictment (Indictment ¶

5    129).]

6

7

8        Count Twenty-Three of the Indictment charges Defendant DANIEL

9    BONVENTRE as follows:

10

11       [The Court reads Count Twenty-Three of the Indictment (Indictment ¶

12   131).]

13

14

15       Counts Twenty to Twenty-Three of the Indictment allege that

16   DANIEL BONVENTRE violated Section 7206(1) of Title 26 of the United States

17   Code, which provides that:

18

**Final Version of Charge** ~~DRAFT (2) – Reflecting Charge Conference and Consideration of Subsequent Submissions~~

1          Any person who . . . [w]illfully makes and

2          subscribes any return, statement, or other

3          document, which contains or is verified by a written

4          declaration that it is made under the penalties of

5          perjury, and which he does not believe to be true

6          and correct as to every material matter [shall be

7          guilty of a crime.]

8

9          In the course of your deliberations concerning the determination of

10    whether any particular portion of the defendant's income was taxable, you should

11    consider income which may have been illegally acquired, as well as funds which

12    the evidence indicates have been lawfully acquired.

13

14          If you find from the evidence that the defendant received taxable

15    income and failed to report it as the law requires, it makes no difference in

16    determining the defendant's tax liability whether such income was lawfully or

17    unlawfully acquired.

18

**Final Version of Charge**~~DRAFT (2) – Reflecting Charge Conference and Consideration of Subsequent Submissions~~

## SUBSCRIBING TO FALSE INDIVIDUAL TAX RETURN FOR THE TAX YEARS 2003, 2004, 2006, 2007 - ELEMENTS OF THE OFFENSE: (COUNTS TWENTY, TWENTY-ONE, TWENTY-TWO, AND TWENTY-THREE)

In order to prove the Defendant, Daniel Bonventre, guilty of filing a false or fraudulent tax return, the Government must prove each of the following four elements beyond a reasonable doubt:

<u>First</u>, that the Defendant made or caused to be made, a federal income tax return for the year in question which he verified to be true;

<u>Second</u>, that the tax return was false as to a material matter;

<u>Third</u>, that the Defendant signed the return willfully and knowing it was false; and

<u>Fourth</u>, that the return contained a written declaration that it was made under the penalty of perjury.

**Final Version of Charge**~~DRAFT (2) – Reflecting Charge Conference and Consideration of Subsequent Submissions~~

1    The false statement in the return must be material.  In this context,

2    "material" means that it must be essential to an accurate determination of the

3    defendant's tax liability.  The Government must also prove that the Defendant

4    knew that the statement was false as to that material matter.  I have already defined

5    the terms "willfully," and "knowingly," and those definitions apply here.  The

6    defense of good faith, which I have discussed earlier, applies to these charges as

7    well.

8

9    Thus, in order for the Government to prove willfulness, it must

10   establish beyond a reasonable doubt that the Defendant acted voluntarily and

11   intentionally, with the specific intent to violate the law by making a statement that

12   the Defendant knew was false, when it was the legal duty of the Defendant to

13   answer truthfully, and the defendant knew that it was his legal duty to answer

14   truthfully.

~~15~~

~~16~~

17

18

**Final Version of Charge**~~DRAFT (2) – Reflecting Charge Conference and Consideration of Subsequent Submissions~~

1
2
3
4

# OBSTRUCTING AND IMPEDING TAX LAW ADMINISTRATION - GENERAL: (COUNTS TWENTY-FOUR AND THIRTY)

5    Counts Twenty-Four and Thirty charge Defendants DANIEL

6    BONVENTRE and ANNETTE BONGIORNO, respectively, with corruptly

7    obstructing and impeding the due administration of the internal revenue laws.  The

8    Indictment charges as follow:

9

10    Count Twenty-Four of the Indictment charges defendant DANIEL

11    BONVENTRE as follows:

12

13    [The Court reads Count Twenty-Four of the Indictment (Indictment ¶

14    133.)]

15

16

17    Count Thirty of the Indictment charges Defendant ANNETTE

18    BONGIORNO as follows:

19

20    [The Court reads Count Thirty of the Indictment (Indictment ¶ 137.)]

**Final Version of Charge**DRAFT (2) – Reflecting Charge Conference and Consideration of Subsequent Submissions

1

2

3            The Indictment alleges that defendants DANIEL BONVENTRE and

4     ANNETTE BONGIORNO violated Section 7212(a) of Title 26 of the United

5     States Code, which provides, in pertinent part, that:

6

7                  Whoever corruptly . . . obstructs or impedes, or

8                  endeavors to obstruct or impede, the due

9                  administration of [the internal revenue laws shall

10                 be guilty of a crime].

11

12

13     **OBSTRUCTING AND IMPEDING TAX LAW ADMINISTRATION -**
14     **ELEMENTS OF THE OFFENSE:**
15     **(COUNTS TWENTY-FOUR AND THIRTY)**

16

17            In order to prove the Defendants DANIEL BONVENTRE and

18     ANNETTE BONGIORNO guilty of the crimes charged in Counts Twenty-Four

19     and Thirty, the Government must prove each of the two following elements beyond

**Final Version of Charge** ~~DRAFT (2) – Reflecting Charge Conference and Consideration of Subsequent Submissions~~

1    a reasonable doubt:

2

3            <u>First</u>, that the individual ~~D~~defendant you are considering acted

4    corruptly; and

5

6            <u>Second</u>, that the individual ~~D~~defendant you are considering acted with

7    the intent to impede or obstruct the due administration of federal tax laws.

8

9            To act corruptly simply means to act with the intent to secure an

10   unlawful advantage or benefit either for oneself or for another.  The due

11   administration of the internal revenue laws refers to the uncorrupted and

12   unimpeded collection of taxes by the federal government.

13

14           Because there is a limit on how much time the Government has to

15   obtain an indictment, you cannot return a verdict of guilty on Count Twenty-Four

16   or on Count Thirty unless you find that the Government has proven, beyond a

17   reasonable doubt, that the Defendant you are considering committed an act after

18   October 1, 2006, that was designed to corruptly obstruct the IRS.  Your findings as

**Final Version of Charge**~~DRAFT (2) – Reflecting Charge Conference and Consideration of Subsequent Submissions~~

1    to the particular act committed and as to the time frame must be unanimous.

2

3

4    **<u>TAX EVASION- GENERAL:</u>**
5    **<u>(COUNTS TWENTY-FIVE TO TWENTY-NINE AND THIRTY TO</u>**
6    **<u>THIRTY-THREE</u>)**
7
8    In Counts Twenty-Five through Twenty-Nine, the Indictment charges

9    Defendant ANNETTE BONGIORNO with evasion of income tax.  In Counts

10    Thirty-One through Thirty-Three, the Indictment charges Defendant JO ANN

11    CRUPI with evasion of income tax.

12

13    The Indictment charges as follows:

14

15    Counts Twenty-Five through Twenty-Nine charge Defendant

16    ANNETTE BONGIORNO as follows:

17

18    [The Court reads Counts Twenty-Five through Twenty-Nine of the

19    Indictment (Indictment ¶ 135).]

20

21

**Final Version of Charge**~~DRAFT (2) – Reflecting Charge Conference and Consideration of Subsequent Submissions~~

1    Count Twenty-Five of the Indictment charges that, for the 2004 tax

2    year, Defendant ANNETTE BONGIORNO falsely reported on her tax return that

3    her taxable income was $96,943 when her approximate actual taxable income was

4    $185,008 and that the approximate additional income tax due and owing was $27,

5    425.

6

7

8    Count Twenty-Six of the Indictment charges that, for the 2005 tax

9    year, Defendant ANNETTE BONGIORNO falsely reported on her tax return that

10   her taxable income was $59,470 when her approximate actual taxable income was

11   $122,403 and that the approximate additional income tax due and owing was

12   $18,616.

13

14

15   Count Twenty-Seven of the Indictment charges that, for the 2006 tax

16   year, Defendant ANNETTE BONGIORNO falsely reported on her tax return that

17   her taxable income was $54,792 when her approximate actual taxable income was

18   $122,112 and that the approximate additional income tax due and owing was

19   $20,201.

**Final Version of Charge**~~DRAFT (2) – Reflecting Charge Conference and Consideration of Subsequent Submissions~~

1

2          Count Twenty-Eight of the Indictment charges that, for the 2007 tax

3   year, Defendant ANNETTE BONGIORNO falsely reported on her tax return that

4   her taxable income was $579,085 when her approximate actual taxable income was

5   $640,606 and that the approximate additional income tax due and owing was

6   $17,220.

7

8

9          Count Twenty-Nine of the Indictment charges that, for the 2007 tax

10  year, Defendant ANNETTE BONGIORNO falsely reported on her tax return that

11  her taxable income was $65,467 when her approximate actual taxable income was

12  $116,977 and that the approximate additional income tax due and owing was

13  $17,220.

14

15

16         Counts Thirty-One through Thirty-Three charge Defendant JO ANN

17  CRUPI as follows:

18

19         [The Court reads Count Thirty-One through Thirty-Three of the

**Final Version of Charge**~~DRAFT (2) – Reflecting Charge Conference and Consideration of Subsequent Submissions~~

1    Indictment (Indictment ¶ 139).]

2

3

4    Count Thirty-One of the Indictment charges that, for the 2004 tax

5    year, Defendant JO ANN CRUPI falsely reported on her tax return that her taxable

6    income was $104,418 when her approximate actual taxable income was $170,290

7    and that the approximate additional income tax due and owing was $13,341.

8

9

10   Count Thirty-Two of the Indictment charges that, for the 2007 tax

11   year, Defendant JO ANN CRUPI falsely reported on her tax return that her taxable

12   income was $0 when her approximate actual taxable income was $34,700 and that

13   the approximate additional income tax due and owing was  $7,955.

14

15   Count Thirty-Three of the Indictment charges that, for the 2008 tax

16   year, Defendant JO ANN CRUPI falsely reported on her tax return that her taxable

17   income was $2,534,045 when her approximate actual taxable income was

18   $2,589,665 and that the approximate additional income tax due and owing was

19   $19,467.

**Final Version of Charge**~~DRAFT (2) – Reflecting Charge Conference and Consideration of Subsequent Submissions~~

1

2     The Indictment alleges that the Defendants ANNETTE BONGIORNO

3 AND JO ANN CRUPI violated Section 7201 of Title 26 of the United States Code,

4 which provides, in pertinent part, that:

5

6     Any person who willfully attempts in any manner

7     to evade or defeat any tax imposed by [the Internal

8     Revenue Code shall be guilty of a crime].

9

10

11          **TAX EVASION -**
12          **ELEMENTS:**
13 **(COUNTS TWENTY-FIVE TO TWENTY-NINE AND THIRTY TO**
14          **THIRTY-THREE)**
15

16     In order to prove the crime of tax evasion, the Government must

17 establish beyond a reasonable doubt each of the following three elements:

18

19     <u>First</u>, that the individual Defendant you are considering owed

20 substantially more federal income tax for the calendar year specified in the charge

**Final Version of Charge**~~DRAFT (2) – Reflecting Charge Conference and Consideration of Subsequent Submissions~~

1    than was declared due on her income tax return;

2

3    Second, that the individual Defendant you are considering committed

4    the affirmative act constituting tax evasion that is described in the relevant Count

5    of the Indictment; and

6

7    Third, that the individual Defendant you are considering acted

8    willfully.

9

10

## TAX EVASION FIRST ELEMENT -
## TAX DUE:
## (COUNTS TWENTY-FIVE TO TWENTY-NINE AND THIRTY TO THIRTY-THREE)

11
12
13
14
15

16    The first element of the tax evasion offense which the Government

17    must prove is that the Defendant you are considering owed substantially more

18    federal income tax for the specified calendar year than the tax declared on her

19    income tax return.

20

**Final Version of Charge**~~DRAFT (2) – Reflecting Charge Conference and Consideration of Subsequent Submissions~~

1    The Government does not have to prove the exact amount the

2    ~~Dd~~efendant owes.  Nor does the Government have to prove that all of the tax

3    charged in the Indictment was evaded.

4

5

6

7    <u>**TAX EVASION SECOND ELEMENT -**</u>
8    <u>**AFFIRMATIVE ACT CONSTITUTING EVASION:**</u>
9    <u>**(COUNTS TWENTY-FIVE TO TWENTY-NINE AND THIRTY TO**</u>
10   <u>**THIRTY-THREE)**</u>
11

12   The second element of the tax evasion offense which the Government

13   must prove is that the individual Defendant you are considering committed the

14   affirmative act constituting tax evasion described in the relevant Count of the

15   Indictment.

16

17   The Internal Revenue Code makes it a crime to attempt, in any

18   manner, to evade or defeat any income tax imposed by law.

19

20   There are many different ways in which a tax may be evaded, or an

1   attempt may be made to evade it.  In this case, the Indictment alleges that the

2   Defendants engaged in the specific activities I referenced when reading these

3   Counts of the Indictment.

4

5

6

7   **TAX EVASION THIRD ELEMENT -**
8   **WILLFULNESS:**
9   **(COUNTS TWENTY-FIVE TO TWENTY-NINE AND THIRTY TO**
10   **THIRTY-THREE)**

11

12   The third element of the tax evasion offense which the Government

13   must prove is that the individual Defendant you are considering acted knowingly

14   and willfully.

15

16   To satisfy this element, the Government must prove beyond a

17   reasonable doubt that the Defendant knew that she owed substantially more federal

18   income tax for the specified calendar year than was declared on her income tax

19   return.  Whether or not the Defendant had this knowledge is a question of fact to be

20   determined by you on the basis of all of the evidence.  Of course, an act is done

**Final Version of Charge** ~~DRAFT (2) – Reflecting Charge Conference and Consideration of Subsequent Submissions~~

1   knowingly only if it is done purposely and deliberately and not because of mistake,

2   accident, negligence, actual belief that the amounts received were not taxable

3   income or other innocent reason.  Simply filing a tax return that might be incorrect

4   or incomplete, is not by itself a crime.

5

6           In this regard, I instruct you that the Internal Revenue Code provides

7   that the fact that an individual's name is signed to a return is evidence that the

8   return was actually signed by that person.  In other words, unless there is evidence

9   in the case which leads you to conclude otherwise, you may find that a tax return

10   was in fact signed by the person whose name appears to be signed on it.  If the

11   evidence leads you to conclude, beyond a reasonable doubt, that the individual

12   Defendant you are considering signed her tax return, you may, but are not required

13   to, draw the inference that the individual Defendant you are considering had

14   knowledge of the contents of the return.

15

16

17          **TAX EVASION - UNLAWFULLY RECEIVED INCOME:**
18          **(COUNTS TWENTY-FIVE TO TWENTY-NINE AND THIRTY TO**
19                        **THIRTY-THREE)**
20

**Final Version of Charge** ~~DRAFT (2) – Reflecting Charge Conference and Consideration of Subsequent Submissions~~

1    In the course of your deliberations concerning the determination of

2    whether any particular portion of the defendant's income was taxable, you should

3    consider income which may have been illegally acquired, as well as funds which

4    the evidence indicates have been lawfully acquired.

5

6    If you find from the evidence that the individual Defendant you are

7    considering received taxable income and failed to report it as the law requires, it

8    makes no difference in determining the Defendant's tax liability whether such

9    income was lawfully or unlawfully acquired.

10

11

12    **CONSCIOUS AVOIDANCE**

13    As I have explained, each Count charged in the Indictment requires

14    the Government to prove beyond a reasonable doubt that each individual

15    Defendant that you are considering acted "knowingly," because he or she had

16    knowledge of particular material facts.  In determining whether a Defendant acted

17    knowingly, you may consider whether he or she deliberately closed his or her eyes

18    to what would otherwise have been obvious to him or her, and acted with

1   deliberate disregard of the facts.  However, I caution you that the Government

2   cannot prove a Defendant's knowledge of a particular fact merely by showing that

3   the Defendant was careless, foolish, negligent, inattentive or reckless.  To find

4   knowledge on this basis, it is not sufficient that the particular Defendant may not

5   have tried hard enough to learn the truth.

6

7           Thus, if you find there is proof beyond a reasonable doubt that the

8   Defendant you are considering was aware of a high probability of a material fact's

9   existence, and that he or she consciously and deliberately took action to avoid

10  learning the truth of that fact, you may find that the Defendant had knowledge of

11  that material fact.  However, if the Defendant actually believed that a particular

12  material fact did not exist, then you may not conclude that he or she acted

13  knowingly, and you must acquit.

14

15          It is entirely up to you, as the judges of the facts, to determine whether

16  the Defendant deliberately closed his or her eyes and any inferences to be drawn

17  from the evidence on this issue.  Lastly, in the context of a conspiracy, if you find

18  that a conspiracy existed, before you may convict any Defendant you must find

1   that the particular Defendant you are considering knew there was an illegal

2   conspiracy and that he or she intentionally joined it.  You may not apply the

3   principle of conscious avoidance as I have defined it to decide whether or not the

4   Defendant you are considering intentionally joined a conspiracy.  You may,

5   however, find that the Defendant joined the conspiracy even if he or she did not

6   actually know the details of the conspiracy's aims or unlawful objectives, if you

7   find that the Defendant consciously and deliberately avoided knowing the truth

8   about the conspiracy's aims and objectives.

9

10

11   **<u>VENUE</u>**

12       In addition to the elements I have described for you, you must decide

13   whether the alleged criminal acts in this case occurred within the Southern District

14   of New York.  The Government has offered evidence that some of the events

15   occurred in Manhattan.  I instruct you that Manhattan, the Bronx and Westchester

16   County are all in the Southern District of New York.

17

18       I should note that on this issue – and this issue alone – the

**Final Version of Charge** ~~DRAFT (2) – Reflecting Charge Conference and Consideration of Subsequent Submissions~~

1    Government need not prove venue beyond a reasonable doubt, but only by a mere

2    preponderance of the evidence. Thus, the Government has satisfied its venue

3    obligations if you conclude that it is more likely than not that the activity at issue

4    occurred in the Southern District of New York.  If you find that the Government

5    has failed to prove this venue requirement, then you must acquit the defendant you

6    are considering of this charge.

7

8

9

10

11                              **VARIANCE IN DATES**

12            It does not matter if the Indictment alleges that a specific transaction

13    or event occurred on or about a certain date or month and the testimony indicates

14    that in fact it was a different date or month.  The law requires only a substantial

15    similarity between the dates and months alleged in the  Indictment and the dates

16    and months established by the evidence.

17

18

19                        **CONCLUSION OF INSTRUCTIONS**

**Final Version of Charge**DRAFT (2) – Reflecting Charge Conference and Consideration of Subsequent Submissions

1        This completes my instructions of the law.

2                                    *******

**Final Version of Charge**DRAFT (2) – Reflecting Charge Conference and Consideration of Subsequent Submissions

## SELECTION OF THE FOREPERSON, RIGHT TO SEE EXHIBITS AND REVIEW TESTIMONY; COMMUNICATIONS WITH THE COURT

4        Now, for some general instructions that will guide you in your

5  deliberations. You will shortly retire to the jury room to begin your deliberations.

6  When you retire to the jury room, you must have a foreperson.  That person will

7  preside over the deliberations and speak for you here in open court.  Other than

8  those functions, the foreperson will have no greater nor lesser authority than any

9  other juror.

11        It is my custom to select the foreperson of the jury.  Accordingly, I

12  am now selecting juror number [_____] as your foreperson.

14        When you retire to the jury room to deliberate, you will be provided

15  with a list of the exhibits that have been admitted into evidence.  You may request

16  to see any of the exhibits. You may also request to review any of the testimony.

17  Please remember that it is not always easy to locate what you might want, so be as

18  specific as you possibly can in your requests.

20        I remind you that any notes you may have taken during trial are

**Final Version of Charge**~~DRAFT (2) – Reflecting Charge Conference and Consideration of Subsequent Submissions~~

1   simply an aid to your personal memory.  They are not to be shared.  Because the

2   notes may be inaccurate or incomplete, they may not be given any greater weight

3   or influence than the recollections of other jurors about the facts or the conclusions

4   to be drawn from the facts in determining the outcome of the case.  Any difference

5   between a juror's recollection and a juror's notes should always be settled by asking

6   to review the court reporter's transcript on that point.  You must base your

7   determination of the facts and, ultimately, your verdict, on the court record rather

8   than on your notes.

9

10                    During your deliberations, you must not communicate by any means

11   with or provide any information about this case, or anything or anyone having to

12   do with it, to anyone who is not part of the 12-member deliberating jury.  You may

13   not communicate with outsiders directly, in writing or by using any electronic

14   device or media, such as a telephone, cell phone, smart phone, iPhone, or

15   computer; the internet, any internet service, or any text or instant messaging; or

16   any internet chat room, blog, website or social networking platform such as

17   Facebook, LinkedIn, YouTube, or Twitter, to communicate to anyone any

18   information about this case or to conduct any research about this case until I accept

**Final Version of Charge**~~DRAFT (2) – Reflecting Charge Conference and Consideration of Subsequent Submissions~~

1   your verdict.  You must continue to refrain from receiving any outside information

2   about this case.

3

4              Each of your requests, and any communication with the Court,

5   should be made to me in writing, initialed by your foreperson, and given to the

6   U.S. Marshal, who will be available outside the jury room throughout your

7   deliberations.  After consulting with counsel, I will respond to any question or

8   request you have as promptly as possible, either in writing or by having you return

9   to the courtroom so that I can speak with you in person.

10

11

12            **DUTY TO DELIBERATE AND NEED FOR UNANIMITY**

13            The Government, to prevail as to each individual Defendant with

14  respect to each Count of the Indictment, must prove the essential elements of the

15  crime charged beyond a reasonable doubt, as I have already explained in these

16  instructions.  If the Government succeeds, your verdict should be guilty; if the

17  Government fails, your verdict should be not guilty.

18

19            To report a verdict, your decision must be unanimous.

**Final Version of Charge** ~~DRAFT (2) – Reflecting Charge Conference and Consideration of Subsequent Submissions~~

1           Your function is to weigh the evidence in the case and determine

2   whether or not the Defendant you are considering is guilty, as to each crime with

3   which that Defendant is charged in the Indictment, solely upon the basis of such

4   evidence.

5

6           Each of you must decide the case for yourself, after consideration,

7   with your fellow jurors, of the evidence of the case.  You should not hesitate to

8   change an opinion when convinced that it is erroneous.  However, you are not

9   bound to surrender your honest convictions concerning the effect or weight of the

10   evidence for the mere purpose of returning a verdict or solely because of the

11   opinion of other jurors.  Discuss and weigh your respective opinions

12   dispassionately, without regard to sympathy, without regard to prejudice or favor

13   for either party, and adopt that conclusion which in your good conscience appears

14   to be in accordance with the truth.

15

16           Again, each of you must make his or her own decision about the

17   proper outcome of this case based on your consideration of the evidence and your

18   discussions with your fellow jurors.  In short, your verdict as to each charge and

**Final Version of Charge**~~DRAFT (2) – Reflecting Charge Conference and Consideration of Subsequent Submissions~~

1   each Defendant, whether you find a Defendant guilty or not guilty, must reflect

2   your conscientious decision as to how the issues should be decided.  And your

3   decision must be unanimous.  That is, in order to return a verdict, it is necessary

4   that each juror agree to it.

5

6          After you have reached a verdict, your foreperson completes and

7   signs the verdict form and will advise the Marshal outside your door that you have

8   reached a verdict and are ready to return to the courtroom.

9

10         If you are divided, do <u>not</u> report how the vote stands, and if you have

11  reached a verdict do not report what it is until you are asked in open court.

12

13         Please remain silent, in your seats, while I confer briefly with

14  counsel.

15

16         **[SIDEBAR RE: ANY OBJECTIONS TO CHARGE]**

17

18         At this time I will thank, and excuse from deliberations for now, the

**Final Version of Charge**~~DRAFT (2) – Reflecting Charge Conference and Consideration of Subsequent Submissions~~

1   [six] alternate jurors.  All of us in this courtroom are grateful for your faithful and

2   attentive participation in these proceedings.  Even though you are being excused

3   from deliberating for now, you may be called to join the deliberations if that

4   becomes necessary in the future.  Accordingly, I am not releasing you from your

5   oath as jurors or from your obligations of confidentiality at this time.  You must

6   continue to follow my instructions to keep your views to yourself, to steer clear of

7   all outside information and views about the case, and not to discuss the case, or

8   anyone or anything having to do with it, in any way, with any one at all.

9

10          Please give Ms. Ng telephone numbers at which you can be reached,

11   and be prepared to return to the courthouse on two hours' notice if called to do so.

12   If you are not recalled during the deliberations, Ms. Ng will notify you after the

13   deliberations have ended.  Jurors [_____], thank you.  Please accompany Ms. Ng

14   to the jury room to gather your belongings and let her verify your contact

15   information.

16

17          We will all remain here quietly, in our seats, until Ms. Ng returns.

18

**Final Version of Charge**~~DRAFT (2) – Reflecting Charge Conference and Consideration of Subsequent Submissions~~

1    The Marshal will now be sworn and you will retire to the jury room

2    to begin your deliberations.  You must only deliberate when all 12 of you are

3    present in the room.  You may deliberate today until _____ p.m., and tomorrow

4    and each succeeding week-day as necessary.  You must not discuss the case, or

5    anything or anyone having anything to do with it, in any way, outside the jury

6    room, when fewer than all 12 of you are present, or with anyone who is not a

7    member of this 12 member jury.  You may not do any outside research or consult

8    any outside sources, electronic or otherwise.  Leave all notes, exhibits and case

9    related material in the jury room at all times.  The Marshal will bring you back to

10   the courtroom for dismissal.

11

12           [Deputy Clerk swears Marshal in.]

13

14           Mr. Marshal, please escort the jury to the jury room.

15