THE LAW OFFICES OF
# ANDREW J. FRISCH

40 FULTON STREET  
23rd FLOOR  
NEW YORK, NEW YORK 10038

(212) 285-8000  
FAX: (646) 304-0352  
WWW.ANDREWFRISCH.COM

March 7, 2014

BY ECF  
The Honorable Laura Taylor Swain  
United States District Judge  
Southern District of New York  
500 Pearl Street  
New York, New York 10007

      Re: United States v. Daniel Bonventre, et al.  
         Criminal Docket No. 10-227 (LTS)

Dear Judge Swain:

      On behalf of Daniel Bonventre, we write to request a correction to the redacted S10 Indictment provided by the government. We identified the paragraph at issue on the record just before Your Honor delivered the preliminary jury instruction, and thereafter emailed Mr. Schwartz, providing the paragraph number and proposing the correction, but he has elected not to advise us of the government's position.

      Paragraph 47 of the indictment immediately follows allegations of Mr. Madoff's payments to Mr. Bonventre that are the subject of tax charges against him, and immediately precedes allegations of untaxed benefits that are the subject of tax charges against Ms. Crupi. The second, third and fourth sentences of the paragraph should be omitted:

> **Other Benefits.** In addition to the cash and other benefits that the defendants received directly, Madoff allowed his co-conspirators to benefit financially in various indirect ways, as well. For example, in or about December 2007, DANIEL BONVENTRE, the defendant, arranged for his son to receive a "no show" job at Madoff Securities. That is, although BONVENTRE's son never actually worked at Madoff Securities, he received a salary and benefits, including health insurance coverage and participation in Madoff Securities's 401(k) plan. In connection with arranging for this no-show job, BONVENTRE caused Madoff Securities employees responsible for overseeing employee benefits, such

as Craig Kugel and Eric Lipkin, to file Annual Returns, known as Forms 5500, with the United States Department of Labor, which contained false information.

While the allegation of the "no-show" job remains in the case notwithstanding the Court's dismissal of Counts Five and Nineteen relating to the Form 5500, the alleged "no-show" job no more belongs in the indictment than Jeffrey Ferraro's sleeping or any other allegation not directly tethered to a specific charge. The second, third and fourth sentences of the paragraph related directly to the dismissed charges, and therefore should be removed from the indictment.

Respectfully Submitted,

/s

Andrew J. Frisch

cc: All Counsel