SERCARZ & RIOPELLE, LLP
810 SEVENTH AVENUE, SUITE 620
NEW YORK, NEW YORK 10019

1-212-586-4900
FACSIMILE 1-212-586-1234
www.sercarzandriopelle.com

ROLAND G. RIOPELLE
MAURICE H. SERCARZ*

*ADMITTED IN NY & NJ

March 12, 2014

BY ECF FILING and EMAIL

Hon. Laura Taylor Swain
United States District Judge
Southern District of New York
500 Pearl Street, Rm. 755
New York, NY 10007

      Re: United States v. Annette Bongiorno, et al.,
        S2 10 Cr. 228 (LTS)

Dear Judge Swain:

  I write to request that the Court instruct the jury tomorrow morning that, after further consideration, my argument concerning the government's decision not to charge Mrs. Bongiorno for making a false statement during her proffer session was permissible in the circumstances presented by this case.

  It is well established that the government's charging decisions may be relevant in a criminal case. United States v. White, 692 F.3d 235, 246-247 (2d Cir. 2012). As the Court in White stated: "We hold, therefore, that the Government's charging decisions may be proper subjects for cross-examination and argument if otherwise admissible.... The district court in this case, therefore, committed legal error when it ruled categorically that 'the government's charging decisions are not proper subjects for cross-examination and argument.'" Id., at 246.

  In the present case, the government's summation was replete with allegations that my client, Mrs. Bongiorno, lied during her testimony, despite the fact that her testimony was consistent with the statements she made during her proffer session in January 2009. See, e.g., Tr. 11,032 ("The government submits that neither the testimony of Ms. Bongiorno or Mr. Bonventre was credible."). By making this argument, the government opened the door to the argument which I made in response, which was, effectively, if my client was a liar, she was a liar in January 2009, and she was not charged with lying in her proffer session. My argument was nothing more than a straightforward rebuttal of the government's argument, based on the facts in the record, which demonstrate that a witness who lies in a proffer session may be charged with a false statement to a federal

SERCARZ & RIOPELLE, LLP

officer. Indeed, the proffer agreements in evidence state that (e.g., AB 3507-3, copy enclosed), and the testimony confirms that witnesses in this case were warned that they could be charged with false statements if they were to dissemble during a proffer session. See, e.g., Tr. 10,388-89 (copy enclosed).

    When Mr. Jackson made his objection to my argument, we proceeded to the sidebar as Your Honor's rules require. During our discussion of the matter off the record, Mr. Jackson expressed the view that witnesses cannot be charged with making a false statement in a proffer session, at which point I told him that the government's proffer agreements state to the contrary, and that Martha Stewart was an example of a person charged with making a false statement in a proffer session. At that point, I understood Mr. Jackson to be persuaded that I was right about this issue, and I did not understand that he was pressing his objection. That is why I continued to make the argument I made after our consultation. I am not accusing Mr. Jackson of sandbagging me on this point by requesting the instruction that he did later in the proceedings, and I am sure he would not do such a thing. But I believed he did not object to my continuing to argue the point in the way I did. I may have been mistaken in my impression, but that is what I thought.

    I end by reminding the Court that at other points in my argument, I argued the issue of the government's charging decisions to the jury without objection and without any rebuke by the Court. For example, I argued that the jury should consider the fact that the government did not charge Mr. Kugel with tax evasion or failing to file a tax return, even though he admitted that he had not filed a tax return in years. Nobody suggested that argument was improper, and I submit it was not, because it went straight to the issue of Mr. Kugel's bias and his relationship with the government, which I am sure everyone recognized was fair game. Thus, at least on this issue, everyone agrees that an argument on the government's charging decision was appropriate (there was no objection from the government to this argument, which was, I submit, an acknowledgment of its propriety). So there seems to be no doubt that we all recognize, as the <u>White</u> opinion holds, that there are times when argument concerning the government's charging decisions is entirely appropriate. And I continue to assert that the government's decision not to charge Mrs. Bongiorno with violating 18 U.S.C. Section 1001 (making a false statement to a federal officer) was a fair point to make in rebuttal to the prosecution's argument that she lied during her testimony at trial, since that testimony was entirely consistent with her statements to the government in January 2009.

    For all these reasons, the Court's instruction to the jury that "the reasons for charging decisions are not a matter for consideration by the jury" (Tr. 11,539) was legal error, which I ask the Court to correct. I ask the Court to do so by advising the jury that it can be correct for counsel to argue the government's charging decisions in some cases, and that it was appropriate for counsel to do so here with respect to the fact that Mrs. Bongiorno was not charged with making any false statement in her January 2009 interview with the government. And then, I ask the Court to simply remind the jury that the lawyers' arguments are not evidence, and that they should keep that principle in mind.

SERCARZ & RIOPELLE, LLP

I ask the Court to give such an instruction in the morning, so that the lingering effect of the Court's error may be alleviated.

Respectfully submitted,

Roland G. Riopelle

Enc.

Cc: All counsel (By email and ECF Filing)

3