**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

June 12, 2014

BY ECF

Honorable Laura Taylor Swain
United States District Judge
Southern District of New York
500 Pearl Street, Suite 1320
New York, New York 10007

   Re:  ***United States v. Daniel Bonventre, et al.***
       **No. S10 10 Cr. 228 (LTS)**

Dear Judge Swain:

  We write in brief response to Mr. Krantz's letter of yesterday afternoon, which requests that the Court order the Government to produce a copy of the PowerPoint slides used in its rebuttal summation to George Perez, so that he may incorporate them into his reply papers as an exhibit.  As we explained to all defense counsel, given that four of the five defendants have specifically challenged aspects of the Government's jury addresses, and that the Government has replied in part that its arguments were fair response to the defendants' summations, the Government believes it is appropriate for the slides used by *all* counsel to be made a part of the record in this case.  Accordingly, the Government respectfully requests that the Court order all parties to preserve and file electronically copies of any slides used by that party, both in opening statements and in summations.

  We believe it is particularly appropriate for each party to file its own slides, moreover, because certain caveats or qualifications will necessarily need to be made, since no party requested that the slides be preserved at the time of trial.  (To the extent that particular slides were at issue, counsel of course did an excellent job of making a contemporaneous record, *see, e.g.,* Tr. at 11531-32 (specifying that Ms. Bongiorno's closing slides including photographs of Anthony Weiner, Elliot Spitzer, Rob Ford, and Jimmy Swaggart.))  When we responded to Mr. Krantz's initial request, for example, the Government noted that "for the rebuttal slides, as you will recall, [the Government] had to make several adjustments during the course of [its] presentation. We will do our best to reconstruct what was presented to the jury, but we are not certain that every iteration of every slide was preserved (nor, of course, was there a request to preserve them, and accordingly you all did a fine job of making a record when the contents of a particular slide were relevant)."  Similarly, Ms. Yuhas responded, on behalf of George Perez, that "[i]n the courtroom, I made some last-minute adjustments on the slides (in particular, slide 12), which I did not ultimately save.  So, I did my best to re-create it in the version that I am sending to you.  Please also note that the order of the slides might not be the order in which we

presented them to the jury, though I think it is very close."  Presumably the other parties may
need to provide similar explanations.  Allowing each party to file their own slides, under any
appropriate cover letter or declaration, will therefore ensure maximal accuracy of the trial record.

       Thank you for your consideration.


                                        Respectfully,

                                    /s/  Matthew L. Schwartz
                                  MATTHEW L. SCHWARTZ
                                  JOHN T. ZACH
                                  RANDALL W. JACKSON
                                  Assistant United States Attorneys
                                  Tel.:  (212) 637-1945

cc:    BY ECF

       All defense counsel