**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

June 25, 2014

BY ECF

Honorable Laura Taylor Swain
United States District Judge
Southern District of New York
500 Pearl Street, Suite 755
New York, New York 10007

    Re:    *United States* v. *Daniel Bonventre, et al.*
            No. S10 10 Cr. 228 (LTS)

Dear Judge Swain:

    Pursuant to the Court's orders dated March 31, 2014 (ECF Nos. 806-810), the Government must provide the Court with a proposed preliminary order of forfeiture as to each defendant "no later than" two weeks before that defendant's sentencing, including, if the order is not on consent, a description of the Government's evidentiary basis for the forfeiture and a statement as to whether a hearing will be necessary. Defense counsel is to respond within one week of receiving the Government's submission.

    Having now begun to discuss forfeiture in earnest with each of the five defendants who was convicted at trial, it is apparent that there will be some areas of disagreement with at least some, if not all, of the defendants. Moreover, as to certain of the defendants, there may be substantial or total disagreement, in a forfeiture that the Government will argue should reach numerous assets and include a multi-billion dollar money judgment.

    The Government therefore writes to propose a course of action, entirely consistent with the Court's orders, which will allow the parties' positions on forfeiture to be fleshed out more fully in advance of sentencing. In particular, although some defendants have indicated that they believe a hearing is necessary, the Government believes that many, if not all, disputed issues can be resolved on the papers, without an in-person evidentiary hearing. If nothing else, the Government's proposal will significantly narrow and sharpen the areas of dispute and the scope of any potential hearing. Accordingly, the Government proposes the following expanded schedule for forfeiture matters:

- Four weeks prior to sentencing – *i.e.*, next Monday, Tuesday, or Wednesday, depending on the defendant – the Government will submit a proposed preliminary order of forfeiture, along with a description of the evidentiary basis for its position and a statement as to whether the parties believe an evidentiary hearing is necessary.

> In particular, the Government anticipates providing the Court and the defendants with declarations supporting the Government's forfeiture theories (subject to supplementation), which will themselves provide a sufficient evidentiary basis for the forfeiture. Where we are aware of the defendants' disagreements, the declarations will address those particular arguments to the extent necessary.

- Consistent with the Court's orders, one week later – conveniently on the same day that the defendant's sentencing submission is due, July 7, 8, or 9, 2014 (depending on the defendant) – the defendants shall respond to the Government's submission by indicating areas of disagreement, including which of the Government's declarants the defendants believe should be subject to cross-examination, and why. If the defendants anticipate putting forward affirmative evidence in opposition to the forfeiture, the defendants should submit that evidence through declarations, as well.

- One week after that – two weeks before sentencing, and simultaneously with the Government's sentencing submissions on July 14, 15, or 16, 2014 – the Government will reply, including with any supplemental evidence and a statement as to whether any defense witnesses should be subject to cross-examination, and why.

The Court can then determine whether an evidentiary hearing is necessary (if the defendants persist in that view) well before sentencing, and can schedule any such hearing in advance of sentencing. For example, the Court could schedule a status conference later in the week of July 14, 2014 (when the Government's reply papers are due), such that if a hearing is necessary, it could be held the following week. This would also permit the parties to submit additional briefing after any hearing, but before sentencing, to the extent it would be helpful to the Court.

The Government respectfully submits that this schedule will permit the parties to preview any contested forfeiture issues well in advance of sentencing, so that sentencing can go forward – including with respect to forfeiture – in the last week of July. Moreover, this schedule corresponds to the existing schedule for sentencing submissions, which will create efficiencies for the parties and the Court.[1]

---

[1] We are in receipt of the letters to Your Honor (dated June 23, 2014) and to Chief Judge Preska (dated June 25, 2014) suggesting that the criminal forfeiture should be "consolidated" with the civil forfeiture proceedings pending before Chief Judge Preska. The Government is responding to those letters separately today, but notes that criminal and civil forfeiture arise under different statutes, permit different remedies, and require some different proof. The proposal in this letter is solely with respect to the criminal forfeiture, which is part of each defendant's sentencing.

Thank you for your consideration of this request.

Respectfully submitted,

 /s/  Matthew L. Schwartz
MATTHEW L. SCHWARTZ
JOHN T. ZACH
RANDALL W. JACKSON
PAUL M. MONTELEONI
Assistant United States Attorneys
Tel.:  (212) 637-1945

cc: BY ECF

All defense counsel