# KRANTZ & BERMAN LLP

Larry H. Krantz
Marjorie E. Berman

Wendy Gerstmann Powell
*Special Counsel*

Kimberly A. Yuhas

David V. Kirby
Aaron Twersky
*Of Counsel*

Writer's E-mail
lkrantz@krantzberman.com

July 2, 2014

**BY E-MAIL**

Honorable Laura Taylor Swain
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    <u>U.S. v. Bonventre, et al., 10 Cr. 228 (LTS)</u>

Dear Judge Swain:

    We write on behalf of George Perez.

    By letter yesterday, Andrew Frisch called to the Court's attention the recent decision by Judge Gardephe in *United States v. Gilberto Valle,* 12 CR 847 (PGG), which decision granted the defendant's motions under both Rule 29 and Rule 33 as to the principal count of the indictment. Mr. Frisch pointed out that the decision was relevant because it addressed the issue of improper rebuttal summation.

    We write to draw the Court's attention to Judge Gardephe's legal discussion as to the principles governing both Rule 29 and Rule 33 motions. Although post-trial briefing in this matter is completed, we respectfully submit this letter because we believe that Judge Gardephe's distillation of the law – and his application of those principles -- is highly relevant to our pending post-trial motions under both of these rules.

    Specifically, in granting the defendant's Rule 29 motion, Judge Gardephe summarized the legal standard as follows, at pages 43-45:

> "[I]f [courts] are to be faithful to the constitutional requirement that no person may be convicted unless the Government has proven guilt beyond a reasonable doubt, . . . [they] must take seriously [their] obligation to assess the record to determine, as *Jackson* instructs, whether a jury could *reasonably* find guilt beyond a reasonable doubt." *United States v. Clark*, 740 F.3d 808, 811 (2d Cir. 2014) (emphasis in original). While a defendant challenging a jury's verdict "carries a heavy burden," *Oguns*, 921 F.2d at 449, that "burden is not an impossible one." *United States v. Kapelioujnyj*, 547 F.3d 149, 152-53 (2d Cir. 2008) (citing *United States v. Jones*, 393 F.3d 107, 111 (2d Cir. 2004)). Moreover, "a conviction based on

speculation and surmise alone cannot stand." *United States v. D'Amato*, 39 F.3d 1249, 1256 (2d Cir. 1994). "[T]he government must introduce sufficient evidence to allow the jury to reasonably infer that each essential element of the crime charged has been proven beyond a reasonable doubt." *Id.* (citing *Jackson*, 443 U.S. at 319; *United States v. Macklin*, 671 F.2d 60, 65 (2d Cir. 1982)). "The evidence, in other words, must be of such persuasive quality that a jury could reasonably find the essential elements *beyond a reasonable doubt* on the basis of that evidence." *United States v. Jackson*, 368 F.3d 59, 63 (2d Cir. 2004) (emphasis in original).

In assessing a sufficiency challenge, a court "'looks at the "evidence in its totality"'" and collectively, *United States v. Lorenzo*, 534 F.3d 153, 159 (2d Cir. 2008) (quoting *United States v. Glenn*, 312 F.3d 58, 63 (2d Cir. 2002) (quoting *United States v. Autuori*, 212 F.3d 105, 114 (2d Cir. 2000))), "'not in isolation but in conjunction.'" *Mariani*, 725 F.2d at 865 (quoting *United States v. Geaney*, 417 F.2d 1116, 1121 (2d Cir. 1969)).

Moreover, while a jury is "permitted to enter an unassailable but unreasonable verdict of 'not guilty,'" it does not have the "power to enter an unreasonable verdict of guilty." *Jackson*, 443 U.S. at 318 n.10 (citing *United Bhd. of Carpenters & Joiners of Am. v. United States*, 330 U.S. 395, 408 (1947)). Accordingly, in reviewing a sufficiency challenge, "'specious inferences are not indulged, because [it] would not satisfy the [Constitution] to have a jury determine that the defendant is *probably* guilty.'" *Lorenzo*, 534 F.3d at 159 (quoting *United States v. Rodriguez*, 392 F.3d 539, 544 (2d Cir. 2004) (quoting *Sullivan v. Louisiana*, 508 U.S. 275, 278 (1993))) (emphasis and alterations in original) (internal quotation marks and citations omitted).

Finally, the Second Circuit has made clear that "'[i]f the evidence viewed in the light most favorable to the prosecution gives equal or nearly equal circumstantial support to theory of guilt and a theory of innocence, then a reasonable jury must necessarily entertain a reasonable doubt.'" *Coplan*, 703 F.3d at 69 (quoting *United States v. Huezo*, 546 F.3d 174, 193 (2d Cir. 2008)) (alteration in original); *see also D'Amato*, 39 F.3d at 1256 ("[T]he government must do more than introduce evidence 'at least as consistent with innocence as with guilt.'" (quoting *United States v. Mulheren*, 938 F.2d 364, 372 (2d Cir. 1991))). Accordingly, a district court must grant a defendant's Rule 29 motion where the evidence "viewed in the light most favorable to the government, remains, at best, in equipoise." *Coplan*, 703 F.3d at 69.

* * *

On a Rule 29 motion, "[w]here ... the issue is one of intent, the question is whether 'the inferences [in favor of the Government] are sufficiently supported to permit a rational juror to find that th[is] element, like all elements, is established beyond a reasonable doubt.'" *United States v. Workman*, 80 F.3d 688, 699 (2d Cir. 1996) (quoting *Martinez*, 54 F.3d at 1043) (second alteration in *Workman*). "A conspiracy conviction cannot be sustained unless the government established beyond a reasonable doubt that the defendant had the *specific intent* to violate the substantive statute." *United States v. Hassan*, 578 F.3d 108, 123 (2d Cir. 2008) (emphasis in original) (citing *United States v. DiTommaso*, 817 F.2d 201, 218 (2d

Cir. 1987)). Thus, a motion for a judgment of acquittal must be granted where, "in order to find the essential element of criminal intent beyond a reasonable doubt, a rational juror would have to speculate." *United States v. Stewart*, 305 F. Supp. 2d 368, 370 (S.D.N.Y. 2004) (emphasis in original).

We believe these principles are fully applicable to our pending motions under Rule 29, and ask that the Court consider Judge Gardephe's distillation of the law, and his application of those principles, in reaching its own determination on the pending motions.

Moreover, in conditionally granting the defendant's Rule 33 motion, Judge Gardephe summarized the law as follows, at pages 94-95:

> On a defendant's motion, a court may "vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33. "Rule 33 confers broad discretion upon a trial court to set aside a jury verdict and order a new trial to avert a perceived miscarriage of justice." *United States v. Sanchez*, 969 F.2d 1409, 1413 (2d Cir. 1992). Courts may not only grant a Rule 33 motion where the evidence is legally insufficient, *see United States v. Leslie*, 103 F.3d 1093, 1100-01 (2d Cir. 1997), but also where a jury's verdict is contrary to the weight of the evidence. *United States v. Ferguson*, 246 F.3d 129, 136 (2d Cir. 2001) ("We cannot say that the district judge abused her discretion when she concluded that the weight of the evidence showed that [the defendant] was an outside hit man and not a [gang] member acting to further that membership.").
>
> The Second Circuit has explained that [t]he ultimate test on a Rule 33 motion is whether letting a guilty verdict stand would be a manifest injustice. The trial court must be satisfied that competent, satisfactory and sufficient evidence in the record supports the jury verdict. The district court must examine the entire case, take into account all facts and circumstances, and make an objective evaluation. There must be a real concern that an innocent person may have been convicted. Generally, the trial court has broader discretion to grant a new trial under Rule 33 than to grant a motion for acquittal under Rule 29, but it nonetheless must exercise the Rule 33 authority sparingly and in the most extraordinary circumstances. *Id.* at 134 (internal citations and quotation marks omitted).
>
> Under Rule 33, "[i]n the exercise of its discretion, the court may weigh the evidence and credibility of witnesses." *Autuori*, 212 F.3d at 120 (citing *Sanchez*, 969 F.2d at 1413). However, "[t]he district court must strike a balance between weighing the evidence and credibility of witnesses and not 'wholly usurp[ing]' the role of the jury." *Ferguson*, 246 F.3d at 133 (quoting *Autuori*, 212 F.3d at 120) (alteration in *Ferguson*). Finally, in contrast to a Rule 29 motion, a district court need not view the evidence in the light most favorable to the Government. *United States v. Lopac*, 411 F. Supp. 2d 350, 359 (S.D.N.Y. 2006) (citing *United States v. Ferguson*, 49 F. Supp. 2d 321, 323 (S.D.N.Y. 1999), *aff'd*, 246 F.3d 129 (2d Cir. 2001)).

We believe that these legal principles are equally applicable to our pending motions under Rule 33, and ask that the Court consider Judge Gardephe's decision on this issue as well.

Finally, we want to draw the Court's attention to a decision by Judge Glasser that was issued on June 27, 2014, in *United States v. Santiago,* 05 CR 590 (ILG). In that decision Judge Glasser granted a defendant's *coram nobis* petition. In so doing, Judge Glasser discussed the general principles governing the conduct of an Assistant United States Attorney, and made the following relevant observation, at pages 10-11:

> On April 1, 1940, then Attorney General Robert H. Jackson delivered an address titled "The Federal Prosecutor" to the United States Attorneys assembled at their Second Annual Conference in Washington, D.C. He concluded his inspiring speech as follows:
>
>> The qualities of a good prosecutor are . . . elusive and . . . impossible to define . . . . A sensitiveness to fair play and sportsmanship is perhaps the best protection against the abuse of power, and the citizen's safety lies in the prosecutor who tempers zeal with human kindness, who seeks truth and not victims, who serves the law and not factional purposes, and who approaches his task with humanity.
>
> That address was called to mind as I read the Government's Memorandum of Law in Opposition to This Petition for Writ of Coram Nobis. Gov't's Mem. Throughout that Memorandum, [the defendant] is described as having "lied," was "lying," maintained her "lies." Gov't's Mem. at 3, 7, 8, 9, 18. Not once in that Memorandum is there a reference to an acknowledgment of the pressure to lie to which she was subjected and the extent to which she was manipulated by [her superiors at Merrill Lynch].

While Judge Glasser's decision was issued in a wholly different context, we believe that his comments about the role of the prosecutor are fully applicable to our post-trial motions in this case. Indeed, we earnestly believe that the prosecutors here strayed from these bedrock principles, leading to convictions that are flawed for the reasons we have previously set forth. Accordingly, we ask that the Court consider Judge Glasser's opinion in determining the post-trial motions that are pending in this matter.

Thank you for your consideration of this letter.

Respectfully submitted,

Larry H. Krantz

cc:     All Counsel (By ECF)