*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

September 19, 2014

BY ECF

Honorable Laura Taylor Swain
United States District Judge
Southern District of New York
500 Pearl Street, Suite 1320
New York, New York 10007

    Re:    *United States v. Daniel Bonventre, et al.*
                No. S10 10 Cr. 228 (LTS)

Dear Judge Swain:

      We write in response to the letter dated earlier today from counsel for George Perez, on behalf of all defendants, requesting that the Court modify its September 18, 2014 Order, principally so that the defendants can "address with the Court the question of whether the Government has now made out a prima facie case for forfeiture as to each defendant" before they identify the witnesses that they seek to call or cross-examine at a hearing on forfeiture. In essence, the defendants ask that the Court further defer the topic of what a forfeiture hearing should look like until it decides that the Government has proven that forfeiture is appropriate at all.

      The problem with this argument is that it is precisely the one that defendants made at the July 29, 2014, hearing, and which the Court ruled on. At that hearing, defense counsel similarly asked that their request for a hearing be deferred until the Court determined that the Government had made out a *prima facie* case for forfeiture. The Court summarized:

> So before I hear from the government, am I hearing at this point that the defendants' request, made at least by some defendants – that the request made by some defendants in their forfeiture papers for an evidentiary hearing in which the government has the burden of putting forward its prima facie case, is withdrawn or at least modified at this point in favor of a request that the Court make a finding on this closed set of papers as to whether the government has made its prima facie case in this closed set of papers?

(7/29/2014 Tr. at 40). After all five of the defendants confirmed that was their request, (*id.* at 41), and after hearing from the Government, the Court held:

> The government has sustained its burden of making the prima facie case that each of these defendants knew, at some point before it was all over, that incorrect information was going out to customers, and the Madoff Securities IA operation was premised on a set of representations to customers about what was being done that was, in fact, not being done. And that is the bare necessary predicate for queuing up the issue of forfeiture liability.

(7/29/2014 Tr. at 48). Thus, the Court was already confronted with precisely the request that defendants make in their most recent letter, and already held that the Government met its burden of proof.

The Court then went on to conclude that it would take further briefing on the question of *when* the defendants achieved that knowledge, and thus what quantum of proceeds were reasonably foreseeable to each of them – the subject of the current supplemental briefing. But the Court warned that, "to the extent that anyone is contending that further evidentiary proceedings are necessary in any of these submissions, I need that flagged for me and not buried in footnote No. 29 on Page 42." (*Id.* at 53)

As the Court observed in its September 18, 2014 Order, several of the defendants have "expressed, at least conditionally, a request for a hearing." (9/18/2014 Order at 1). But no defendant indicated what witnesses they wanted to call or cross-examine, or on what issue a hearing was necessary. The Government understands yesterday's Order to be addressed to those questions.

Accordingly, we contacted defense counsel yesterday and requested to meet and confer with them at their convenience today, consistent with the Court's order, about what witnesses they believed were necessary at a hearing and to discuss scheduling. We noted that, to the extent that the defendants wanted to call or cross-examine any Government witnesses, we would need to arrange for the production of those witnesses and potentially the production of associated 3500 material, as well. The Government further noted that it continues to believe that no live witnesses are necessary, and that we intended to submit at any forfeiture hearing the trial record, the declarations submitted in aid of forfeiture (from Paul Roberts and Matthew Greenblatt), and associated documents and exhibits. In response, defense counsel told us they were unprepared to discuss the issue today, but would speak with us on Monday; in the meanwhile, we received a copy of defense counsel's letter this afternoon.

In our view, as set forth above, the Court has already answered the question of whether the Government has made out a *prima facie* case of forfeitability. There is no asserted basis to reconsider that decision; rather, defense counsel simply ignores the Court's prior ruling and seeks to raise the issue anew. The Government has also indicated the evidentiary showing that we intend to make at a forfeiture hearing, which is based solely on documents and does not rely

on any live witnesses.[1]  The defendants must now answer the question that the Court put to them at the July 29 hearing, and put to them again in yesterday's order:  what witnesses do they want to call or cross-examine at a hearing, for what purpose?  The Government therefore respectfully requests that the Court require the defendants to comply with yesterday's order, and require the parties to submit a letter by Wednesday indicating what witnesses will be tendered for direct and cross-examination, and to agree on a schedule for the proceedings.

       Finally, the Government respectfully requests a brief extension of the day on which our reply papers are due.  The reply is presently due on Wednesday, which is the same day as the joint letter is due.  When the Court initially set the briefing schedule, however, the defendants were supposed to have identified what witnesses and topics they wanted to cover at a hearing in their opposition papers.  The defendants having failed to do so in their opposition papers, the Government respectfully requests that it be permitted to submit its reply on Friday – a mere two day's extension – so that we can respond to the hearing request from the defendants.  In particular, the Government has all along maintained that the forfeiture hearing in this case does not need to involve any live witnesses, and we expect to adhere to that view – but we can only do so intelligently and in a way that can be helpful to the Court if we know what it is that the defendants are requesting.

       In sum, the Government respectfully requests that the Court enforce its September 18, 2014 Order, and that it grant the Government a two-day extension, until Friday the 26th, in which to file its reply papers.  Thank you for your consideration.

Respectfully,

 /s/  Matthew L. Schwartz
MATTHEW L. SCHWARTZ
JOHN T. ZACH
RANDALL W. JACKSON
Assistant United States Attorneys
Tel.:  (212) 637-1945

cc:     BY ECF

        All defense counsel

---

[1]     As defense counsel notes, the Government may file additional documentary evidence with its reply papers.  We presently expect any such documents to be limited solely to financial institution records relating to JoAnn Crupi, which go to the issue of the "lowest intermediate balance" in certain of the accounts associated with her.  As such, the new documents do not reasonably affect the identity of witnesses any party would want to call at a forfeiture hearing.