NEW YORK
LONDON
SINGAPORE
PHILADELPHIA
CHICAGO
WASHINGTON, DC
SAN FRANCISCO
SILICON VALLEY
SAN DIEGO
BOSTON
HOUSTON
LOS ANGELES
HANOI
HO CHI MINH CITY
ATLANTA



*FIRM and AFFILIATE OFFICES*

BALTIMORE
WILMINGTON
MIAMI
BOCA RATON
PITTSBURGH
NEWARK
LAS VEGAS
CHERRY HILL
LAKE TAHOE
MYANMAR
OMAN
*A GCC REPRESENTATIVE OFFICE
OF DUANE MORRIS*

MEXICO CITY
ALLIANCE WITH
MIRANDA & ESTAVILLO

ERIC R. BRESLIN
DIRECT DIAL: +1 973 424 2063
PERSONAL FAX: +1 973 556 1552
*E-MAIL:* erbreslin@duanemorris.com

*www.duanemorris.com*

October 6, 2014


**VIA ECF**

Hon. Laura Taylor Swain
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY  10007-1312

Re:   **United States v. Crupi, 10-cr-228 (LTS)**

Dear Judge Swain:

We write with regard to the government's forfeiture application against Ms. Crupi, specifically as regards "Schedule A," which seeks to seize significant specific assets from Ms. Crupi and her partner.  On October 1, 2014, the government filed its latest revised proposed forfeiture order for Ms. Crupi.  This is now the fifth attempt by the government to articulate its "best case" against specific assets that reflects the needed elements of logic and coherence.  In each attempt, the specific property sought by the government has decreased.  This is no coincidence.  For the Court's reference, we attach herewith a chart that demonstrates the government's shifting position with regard to specific assets, along with its five proposed forfeiture orders.

Furthermore, since July 22, 2014 we have received at least five disks of additional material, comprising thousands of pages, produced to us by the government that, it informs us, it has only just received.  The new material consists of bank statements, bank documents, and spreadsheets of account activity that appear to have been created by the government.  Yet, even the government's work product is merely a spreadsheet of account activity, with no attempt made to differentiate between clean and tainted funds.

The government's ever evolving positions, along with its blizzard of new discovery, makes it clear that the government did not even begin to analyze these specific assets until after it filed the First Proposed Order.  Nor does it appear that the government has yet reached stasis,



Hon. Laura Taylor Swain
October 6, 2014
Page 2

as it submitted a new proposed order (the Fifth Proposed Order), just last week. The government's position has been, and remains, little more than guess work. We respectfully suggest that by its own unsteady hand the government's entire proposed forfeiture order has been shown to be suspect, unreliable, and not supported by evidence sufficient to meet even the burden of a preponderance of the evidence.

We also write to inform the Court that, because the government relies only on the trial record and handful of trial exhibits, there is no one to cross examine and we will not be calling any witnesses. Rather, we believe we will be able to reiterate at oral argument the weakness of the government's positions. However, we note that in one of Agent Roberts' myriad declarations, he relied heavily on information obtained from an unnamed individual working for the Trustee, who provided certain evidence regarding Ms. Crupi's accounts at Madoff Securities. (See, e.g., Aug. 20, 2014 Superseding Decl. by Special Agent Paul Roberts, ¶ 267.) This unnamed individual relied on an unnamed and undisclosed database. While the Court is not bound by the rules of evidence, we submit that this anonymous evidence is wholly unreliable. Such anonymous evidence is an anathema to the adversarial process and a violation of the spirit, if not the letter, of the right to confront one's accuser. We respectfully request that the Court give such evidence no weight, and that the government not be permitted to rely upon it at oral argument.

We thank the Court for its courtesy.


Respectfully Submitted,


_____/s/_____
Eric R. Breslin


cc:    All counsel (*via ECF*)

**October 6, 2014**
**ATTACHMENT A**
**United States v. Crupi, 10-cr-228 (LTS)**


**Government's Proposed Forfeiture of Specific property**

| Property Sought | Value of property sought | | | | |
|---|---|---|---|---|---|
| | **First Proposed Order**<br>**July 1, 2014** | **Second Proposed Order**<br>**July 21, 2014** | **Third Proposed Order**<br>**August 20, 2014** | **Fourth Proposed Order**<br>**Sept. 25, 2014** | **Fifth Proposed Order**<br>**October 1, 2014** |
| 1081 Barnegat Lane Mantoloking, NJ (Beach House) | 100% | 100% | 100% | 100% | 100% |
| 436 Grove St., Westfield, NJ (Family Home) | 100% | 63% | 63% | 63% | 63% |
| Bowen Account TD 785-87**0624** | 100% | 79% | 79% | 49% | 49% |
| Bowen Account TD 7853499**338** | 100% | $6,362.62 | $3,990.62 | $0 | $0 |
| Bowen Crupi Account TD 7850351**268** | 100% | $2,617.79 | $2617.79 | $2,617.79 | $978.54 |
| Bowen Account TD 7870002**792** | 100% | 100% | 100% | 100% | 100% |
| Crupi Account TD 786-06**5391** (IRA Account) | 100% | 80% | 80% | 80% | 80% |
| Duane Morris Trust Account | 100% | $15,000 | $8,115.69 | $3990.62 | $3990.62 |

**First Proposed Order**

**July 1, 2014**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------x
                                    :
UNITED STATES OF AMERICA
                                    :    PRELIMINARY ORDER
        -v.-                             OF FORFEITURE AS TO SPECIFIC
                                    :    PROPERTY/MONEY JUDGMENT
JOANN CRUPI,
        a/k/a "Jodi,"              :    S10 10 CR. 228 (LTS)

             Defendant.            :

-----------------------------------x

        WHEREAS, on or about July 29, 2013, JOANN CRUPI a/k/a

"Jodi" (the "defendant"), among others, was charged in a

thirty-three-count Superseding Indictment, S10 10 CR. 228 (LTS) (the

"Indictment"), with conspiracy to defraud Madoff Securities

investment advisory clients, in violation 18 U.S.C. § 371 (Count

One); conspiracy to commit securities fraud and to falsify books and

records relating to audits of Madoff securities, in violation of 18

U.S.C. § 371 (Count Two); two counts of securities fraud, in

violation of 15 U.S.C. §§ 78j(b) and 78ff; 17 C.F.R. § 240.240.10b-5;

18 U.S.C. § 2 (Counts Six and Seven); two counts of falsifying records

of a broker-dealer in violation of 15 U.S.C. §§ 78q(a) and 78ff; 17

C.F.R. §§ 240.17a-3; 18 U.S.C. § 2 (Counts Nine and Ten); two counts

of falsifying records of an investment adviser in violation of 15

U.S.C. §§ 80b-4 and 80b-17; 17 C.F.R. §§ 275.204-2; and 18 U.S.C.

§ 2 (Counts Twelve and Thirteen); conspiracy to commit bank fraud

in violation of 18 U.S.C. § 1349 (Count Sixteen); bank fraud in

violation of 18 U.S.C. § 1344 and 2 (Count Seventeen); and three counts of tax evasion in violation of 26 U.S.C. § 7201 (Counts Thirty-One through Thirty-Three);

WHEREAS, the Indictment included a forfeiture allegation, seeking forfeiture to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, of all property, real and personal, that constitutes or is derived, directly or indirectly, from proceeds traceable to the commission of the offenses charged in Counts One, Two, Six, Seven, Nine, and Ten of the Indictment, including, but not limited to, a sum of money representing the amount of proceeds obtained as a result of the said offenses, to wit, approximately $170 billion, and all property traceable thereto, for which the defendants are jointly and severally liable; and a forfeiture allegation, pursuant to 18 U.S.C. § 982, seeking forfeiture of all property constituting or derived from proceeds obtained directly or indirectly as a result of the offenses charged in Counts Sixteen and Seventeen of the indictment, and all property traceable to such property, including but not limited to a sum of money representing the amount of proceeds obtained as a result of the said offenses, to wit, approximately $3,585,000, and all property traceable thereto;

WHEREAS, on or about March 24, 2014, the jury returned a guilty verdict against the defendant as to Counts One, Two, Six,

2

Seven, Nine, Ten, Twelve, Thirteen, Sixteen, Seventeen, and Thirty-One through Thirty-Three of the Indictment;

WHEREAS, the Court finds the United States is entitled to a money judgment in the amount of $158,641,153,591 in United States currency, representing the proceeds obtained as a result of the offenses charged in Counts One, Two, Six, Seven, Nine, Ten, Sixteen, and Seventeen of the Indictment pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982, and 28 U.S.C. § 2461, and a money judgment in the amount of $3,417,804.26 in United States currency, representing the proceeds obtained as a result of the offenses charged in Counts Sixteen and Seventeen, pursuant to 18 U.S.C. § 982;

WHEREAS, the Court finds that the assets identified in Schedule A attached hereto (the "Specific Property") constitute or are derived from proceeds traceable to the commission of the offenses charged in Counts One, Two, Six, Seven, Nine, Ten, Sixteen and Seventeen of the Indictment;

IT IS HEREBY ORDERED THAT:

1.   As a result of the offenses charged in Counts One, Two, Six, Seven, Nine, and Ten of the Indictment, of which the defendant was found guilty following a jury trial, a money judgment in the amount of $158,641,153,591 in United States currency (the "First Money Judgment") shall be entered against the defendant, for which she shall be jointly and severally liable as to any forfeiture

money judgment entered against her codefendants in this case, DANIEL BONVENTRE, ANNETTE BONGIORNO, JEROME O'HARA, GEORGE PEREZ, ERIC S. LIPKIN, DAVID L. KUGEL, ENRICA COTELESSA-PITZ, CRAIG KUGEL, IRWIN LIPKIN, PETER MADOFF, and PAUL J. KONIGSBERG, as well as any forfeiture money judgment entered against BERNARD L. MADOFF in *United States* v. *Madoff*, 09 Cr. 213 (DC), DAVID G. FRIEHLING in *United States* v. *Friehling*, 09 Cr. 700 (AKH), and FRANK DIPASCALI in *United States* v. *DiPascali*, 09 Cr. 764 (RJS) (S.D.N.Y.).

2.    As a result of the offenses charged in Counts Sixteen and Seventeen of the Indictment, of which the defendant was found guilty following a jury trial, a money judgment in the amount of $3,417,804.26 in United States currency (the "Second Money Judgment") shall be entered against the defendant.

3.    As a result of the offenses charged in Counts One, Two, Six, Seven, Nine, Ten, Sixteen, and Seventeen of the Indictment, all of the defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

4.    Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, upon entry of this Preliminary Order of Forfeiture as to Specific Property/Money Judgment at sentencing, this Preliminary Order of Forfeiture as to Specific Property/Money

4

Judgment is final as to the defendant, JOANN CRUPI, a/k/a "Jodi," and shall be deemed part of the sentence of the defendant, and shall be included in the judgment of conviction therewith.

      5.    Upon entry of this Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States Marshals Service is authorized to seize the Specific Property and hold the Specific Property in its secure, custody and control.

      6.    Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States shall publish for at least thirty (30) consecutive days on the official government internet forfeiture site, www.forfeiture.gov, notice of this Preliminary Order of Forfeiture as to Specific Property/Money Judgment. Any person, other than the defendant in this case, claiming an interest in the Specific Property must file a petition within sixty (60) days from the first day of publication of the notice on this official government internet site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

      7.    This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, shall be signed by the petitioner

under penalty of perjury, and shall set forth the nature and extent
of the petitioner's right, title and interest in the Specific Property
and any additional facts supporting the petitioner's claim and the
relief sought, pursuant to Title 21, United States Code, Section
853(n).

8.    Pursuant to Rule 32.2(b)(6)(A) of the Federal Rules
of Criminal Procedure, the Government shall send notice to any person
who reasonably appears to be a potential claimant with standing to
contest the forfeiture in the ancillary proceeding.

9.    Upon adjudication of all third-party interests, this
Court will enter a Final Order of Forfeiture with respect to the
Specific Property pursuant to Title 21, United States Code, Section
853(n) and Rule 32.2(c)(2) of the Federal Rules of Criminal
Procedure, in which all third-party interests will be addressed.  If
finally forfeited to the United States, the Specific Property and
the Civil Forfeiture Property shall be applied in partial
satisfaction of the Money Judgments.

10.    All payments on the outstanding Money Judgments shall
be made by postal money order, bank or certified check, made payable,
in this instance, to the United States Marshals Service, and
delivered by mail to the United States Attorney's Office, Southern
District of New York, Attn: Money Laundering and Asset Forfeiture

Unit, One St. Andrew's Plaza, New York, New York 10007, and shall indicate the defendant's name and case number.

11. Upon execution of this Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and pursuant to Title 21, United States Code, Section 853, the United States Marshals Service shall be authorized to deposit the payments on the Money Judgment in the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

12. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure.

13. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, upon entry of this Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas, pursuant to Rule 45 of the Federal Rules of Civil Procedure.

14. The Clerk of the Court shall forward three certified copies of this Preliminary Order of Forfeiture as to Specific Property/Money Judgment to Assistant United States Attorney Paul M.

Monteleoni, Money Laundering and Asset Forfeiture Unit, One St.

Andrew's Plaza, New York, New York, 10007.


SO ORDERED:

_____         _____
HONORABLE LAURA TAYLOR SWAIN                        DATE
UNITED STATES DISTRICT JUDGE

## SCHEDULE A

The Court finds that the following assets (the "Specific Property") are subject to forfeiture:

a. ALL RIGHT, TITLE AND INTEREST IN THE REAL PROPERTY AND APPURTENANCES KNOWN AS 1081 BARNEGAT LANE, MANTOLOKING, NEW JERSEY, 08738, SHOWN ON THE MUNICIPAL TAX MAP OF THE BOROUGH OF MANTOLOKING, OCEAN COUNTY, NEW JERSEY, AS LOT 33, BLOCK 24 (the "Mantoloking Property");

b. ALL RIGHT, TITLE AND INTEREST IN THE REAL PROPERTY AND APPURTENANCES KNOWN AS 436 GROVE STREET, WESTFIELD, NEW JERSEY, 07090, SHOWN ON THE TAX MAP OF THE TOWNSHIP OF WESTFIELD, UNION COUNTY, NEW JERSEY, AS BLOCK 4204, LOT 8.02 (the "Westfield Property");

c. ALL FUNDS ON DEPOSIT IN ACCOUNT NO. 785-870624 AT TD AMERITRADE, HELD IN THE NAME OF JUDITH GAIL BOWEN (the "0624 Account");

d. ALL FUNDS ON DEPOSIT IN ACCOUNT NO. 7850349338 AT TD BANK, HELD IN THE NAME OF JUDITH G. BOWEN (the "9338 Account");

e. ALL FUNDS ON DEPOSIT IN ACCOUNT NO. 7850351268 AT TD BANK, HELD IN THE NAME OF JO ANN CRUPI OR JUDITH G. BOWEN (the "1268 Account");

f. ALL FUNDS ON DEPOSIT IN ACCOUNT NO. 7870002792 AT TD BANK, HELD IN THE NAME OF JUDITH G. BOWEN (the "2792 Account");

g. ALL FUNDS ON DEPOSIT IN IRA ACCOUNT NO. 786-065391 AT TD AMERITRADE, HELD IN THE NAME OF JO ANN CRUPI (the "5391 Account");

h. ALL FUNDS HELD ON ACCOUNT FOR JOANN CRUPI BY DUANE MORRIS LLP, 744 BROAD STREET, NEWARK, NJ 07102-3889 EXCEPT FOR THOSE EARNED BUT NOT DRAWN AS OF DECEMBER 21, 2010 (the "Duane Morris Funds");

and all property traceable thereto.

A-1

**Second Proposed Order**

**July 21, 2014**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------x
                                    :
UNITED STATES OF AMERICA
                                    :   PRELIMINARY ORDER
         -v.-                           OF FORFEITURE AS TO SPECIFIC
                                    :   PROPERTY/MONEY JUDGMENT
JOANN CRUPI,
         a/k/a "Jodi,"             :   S10 10 CR. 228 (LTS)

                 Defendant.        :

-----------------------------------x

         WHEREAS, on or about July 29, 2013, JOANN CRUPI a/k/a

"Jodi" (the "defendant"), among others, was charged in a

thirty-three-count Superseding Indictment, S10 10 CR. 228 (LTS)(the

"Indictment"), with conspiracy to defraud Madoff Securities

investment advisory clients, in violation 18 U.S.C. § 371 (Count

One); conspiracy to commit securities fraud and to falsify books and

records relating to audits of Madoff securities, in violation of 18

U.S.C. § 371 (Count Two); two counts of securities fraud, in

violation of 15 U.S.C. §§ 78j(b) and 78ff; 17 C.F.R. § 240.240.10b-5;

18 U.S.C. § 2 (Counts Six and Seven); two counts of falsifying records

of a broker-dealer in violation of 15 U.S.C. §§ 78q(a) and 78ff; 17

C.F.R. §§ 240.17a-3; 18 U.S.C. § 2 (Counts Nine and Ten); two counts

of falsifying records of an investment adviser in violation of 15

U.S.C. §§ 80b-4 and 80b-17; 17 C.F.R. §§ 275.204-2; and 18 U.S.C.

§ 2 (Counts Twelve and Thirteen); conspiracy to commit bank fraud

in violation of 18 U.S.C. § 1349 (Count Sixteen); bank fraud in

violation of 18 U.S.C. § 1344 and 2 (Count Seventeen); and three counts of tax evasion in violation of 26 U.S.C. § 7201 (Counts Thirty-One through Thirty-Three);

WHEREAS, the Indictment included a forfeiture allegation, seeking forfeiture to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, of all property, real and personal, that constitutes or is derived, directly or indirectly, from proceeds traceable to the commission of the offenses charged in Counts One, Two, Six, Seven, Nine, and Ten of the Indictment, including, but not limited to, a sum of money representing the amount of proceeds obtained as a result of the said offenses, to wit, approximately $170 billion, and all property traceable thereto, for which the defendants are jointly and severally liable; and a forfeiture allegation, pursuant to 18 U.S.C. § 982, seeking forfeiture of all property constituting or derived from proceeds obtained directly or indirectly as a result of the offenses charged in Counts Sixteen and Seventeen of the indictment, and all property traceable to such property, including but not limited to a sum of money representing the amount of proceeds obtained as a result of the said offenses, to wit, approximately $3,585,000, and all property traceable thereto;

WHEREAS, on or about March 24, 2014, the jury returned a guilty verdict against the defendant as to Counts One, Two, Six,

2

Seven, Nine, Ten, Twelve, Thirteen, Sixteen, Seventeen, and Thirty-One through Thirty-Three of the Indictment;

WHEREAS, the Court finds the United States is entitled to a money judgment in the amount of $158,641,153,591 in United States currency, representing the proceeds obtained as a result of the offenses charged in Counts One, Two, Six, Seven, Nine, and Ten of the Indictment pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982, and 28 U.S.C. § 2461, and a money judgment in the amount of $3,417,804.26 in United States currency, representing the proceeds obtained as a result of the offenses charged in Counts Sixteen and Seventeen, pursuant to 18 U.S.C. § 982;

WHEREAS, the Court finds that the assets identified in Schedule A attached hereto (the "Specific Property") constitute or are derived from proceeds traceable to the commission of the offenses charged in Counts One, Two, Six, Seven, Nine, Ten, Sixteen and Seventeen of the Indictment;

IT IS HEREBY ORDERED THAT:

1.    As a result of the offenses charged in Counts One, Two, Six, Seven, Nine, and Ten of the Indictment, of which the defendant was found guilty following a jury trial, a money judgment in the amount of $158,641,153,591 in United States currency (the "First Money Judgment") shall be entered against the defendant, for which she shall be jointly and severally liable as to any forfeiture

3

money judgment entered against her codefendants in this case, DANIEL
BONVENTRE, ANNETTE BONGIORNO, JEROME O'HARA, GEORGE PEREZ, ERIC S.
LIPKIN, DAVID L. KUGEL, ENRICA COTELESSA-PITZ, CRAIG KUGEL, IRWIN
LIPKIN, PETER MADOFF, and PAUL J. KONIGSBERG, as well as any
forfeiture money judgment entered against BERNARD L. MADOFF in *United
States* v. *Madoff*, 09 Cr. 213 (DC), DAVID G. FRIEHLING in *United States*
v. *Friehling*, 09 Cr. 700 (AKH), and FRANK DIPASCALI in *United States*
v. *DiPascali*, 09 Cr. 764 (RJS) (S.D.N.Y.).

2.   As a result of the offenses charged in Counts Sixteen
and Seventeen of the Indictment, of which the defendant was found
guilty following a jury trial, a money judgment in the amount of
$3,417,804.26 in United States currency (the "Second Money
Judgment") shall be entered against the defendant.

3.   As a result of the offenses charged in Counts One,
Two, Six, Seven, Nine, Ten, Sixteen, and Seventeen of the Indictment,
all of the defendant's right, title and interest in the Specific
Property is hereby forfeited to the United States for disposition
in accordance with the law, subject to the provisions of Title 21,
United States Code, Section 853.

4.   Pursuant to Rule 32.2(b)(4) of the Federal Rules of
Criminal Procedure, upon entry of this Preliminary Order of
Forfeiture as to Specific Property/Money Judgment at sentencing,
this Preliminary Order of Forfeiture as to Specific Property/Money

Judgment is final as to the defendant, JOANN CRUPI, a/k/a "Jodi," and shall be deemed part of the sentence of the defendant, and shall be included in the judgment of conviction therewith.

5.    Upon entry of this Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States Marshals Service is authorized to seize the Specific Property and hold the Specific Property in its secure, custody and control.

6.    Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States shall publish for at least thirty (30) consecutive days on the official government internet forfeiture site, www.forfeiture.gov, notice of this Preliminary Order of Forfeiture as to Specific Property/Money Judgment.  Any person, other than the defendant in this case, claiming an interest in the Specific Property must file a petition within sixty (60) days from the first day of publication of the notice on this official government internet site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

7.    This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, shall be signed by the petitioner

under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title and interest in the Specific Property and any additional facts supporting the petitioner's claim and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

8.    Pursuant to Rule 32.2(b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

9.    Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n) and Rule 32.2(c)(2) of the Federal Rules of Criminal Procedure, in which all third-party interests will be addressed.   If finally forfeited to the United States, the Specific Property and the Civil Forfeiture Property shall be applied in partial satisfaction of the Money Judgments.

10.   All payments on the outstanding Money Judgments shall be made by postal money order, bank or certified check, made payable, in this instance, to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Asset Forfeiture

Unit, One St. Andrew's Plaza, New York, New York 10007, and shall indicate the defendant's name and case number.

11.    Upon execution of this Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and pursuant to Title 21, United States Code, Section 853, the United States Marshals Service shall be authorized to deposit the payments on the Money Judgment in the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

12.    The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure.

13.    Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, upon entry of this Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas, pursuant to Rule 45 of the Federal Rules of Civil Procedure.

14.    The Clerk of the Court shall forward three certified copies of this Preliminary Order of Forfeiture as to Specific Property/Money Judgment to Assistant United States Attorney Paul M.

7

Monteleoni, Money Laundering and Asset Forfeiture Unit, One St.

Andrew's Plaza, New York, New York, 10007.


SO ORDERED:


_____           _____
HONORABLE LAURA TAYLOR SWAIN                             DATE
UNITED STATES DISTRICT JUDGE

# SCHEDULE A

The Court finds that the following assets (the "Specific Property") are subject to forfeiture:

a. ALL RIGHT, TITLE AND INTEREST IN THE REAL PROPERTY AND APPURTENANCES KNOWN AS 1081 BARNEGAT LANE, MANTOLOKING, NEW JERSEY, 08738, SHOWN ON THE MUNICIPAL TAX MAP OF THE BOROUGH OF MANTOLOKING, OCEAN COUNTY, NEW JERSEY, AS LOT 33, BLOCK 24 (the "Mantoloking Property");

b. ALL RIGHT, TITLE AND INTEREST IN 63 PERCENT OF THE VALUE OF THE REAL PROPERTY AND APPURTENANCES KNOWN AS 436 GROVE STREET, WESTFIELD, NEW JERSEY, 07090, SHOWN ON THE TAX MAP OF THE TOWNSHIP OF WESTFIELD, UNION COUNTY, NEW JERSEY, AS BLOCK 4204, LOT 8.02 (the "Westfield Property");

c. 79 PERCENT OF THE VALUE OF ALL FUNDS OR OTHER PROPERTY HELD IN ACCOUNT NO. 785-870624 AT TD AMERITRADE, HELD IN THE NAME OF JUDITH GAIL BOWEN (the "0624 Account");

d. $6,362.62 ON DEPOSIT IN ACCOUNT NO. 7850349338 AT TD BANK, HELD IN THE NAME OF JUDITH G. BOWEN (the "9338 Account");

e. $2,617.79 ON DEPOSIT IN ACCOUNT NO. 7850351268 AT TD BANK, HELD IN THE NAME OF JO ANN CRUPI OR JUDITH G. BOWEN (the "1268 Account");

f. ALL FUNDS ON DEPOSIT IN ACCOUNT NO. 7870002792 AT TD BANK, HELD IN THE NAME OF JUDITH G. BOWEN (the "2792 Account");

g. 80 PERCENT OF THE VALUE OF ALL FUNDS OR OTHER PROPERTY HELD IN IRA ACCOUNT NO. 786-065391 AT TD AMERITRADE, HELD IN THE NAME OF JO ANN CRUPI (the "5391 Account");

h. $15,000 HELD ON ACCOUNT FOR JOANN CRUPI BY DUANE MORRIS LLP, ONE RIVERFRONT PLAZA, 1037 RAYMOND BOULEVARD, SUITE 1800, NEWARK, NJ 07102-5429 EXCEPT FOR THOSE EARNED BUT NOT DRAWN AS OF DECEMBER 21, 2010 (the "Duane Morris Funds");

and all property traceable thereto.

A-1

**Third Proposed Order**

**August 20, 2014**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
                                                        :
UNITED STATES OF AMERICA
                                                        :    PRELIMINARY ORDER OF
        -v.-                                                 FORFEITURE AS TO SPECIFIC
                                                        :    PROPERTY/MONEY JUDGMENT
JOANN CRUPI,
        a/k/a "Jodi,"                                   :    S10 10 CR. 228 (LTS)

                        Defendant.                      :

-------------------------------------------------------x

        WHEREAS, on or about July 29, 2013, JOANN CRUPI a/k/a "Jodi" (the

"defendant"), among others, was charged in a thirty-three-count Superseding Indictment, S10 10

CR. 228 (LTS) (the "Indictment"), with conspiracy to defraud Madoff Securities investment

advisory clients, in violation 18 U.S.C. § 371 (Count One); conspiracy to commit securities fraud

and to falsify books and records relating to audits of Madoff securities, in violation of 18 U.S.C.

§ 371 (Count Two); two counts of securities fraud, in violation of 15 U.S.C. §§ 78j(b) and 78ff; 17

C.F.R. § 240.240.10b-5; 18 U.S.C. § 2 (Counts Six and Seven); two counts of falsifying records of

a broker-dealer in violation of 15 U.S.C. §§ 78q(a) and 78ff; 17 C.F.R. §§ 240.17a-3; 18 U.S.C. §

2 (Counts Nine and Ten); two counts of falsifying records of an investment adviser in violation of

15 U.S.C. §§ 80b-4 and 80b-17; 17 C.F.R. §§ 275.204-2; and 18 U.S.C. § 2 (Counts Twelve and

Thirteen); conspiracy to commit bank fraud in violation of 18 U.S.C. § 1349 (Count Sixteen); bank

fraud in violation of 18 U.S.C. § 1344 and 2 (Count Seventeen); and three counts of tax evasion in

violation of 26 U.S.C. § 7201 (Counts Thirty-One through Thirty-Three);

        WHEREAS, the Indictment included a forfeiture allegation, seeking forfeiture to

the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, of all property, real

and personal, that constitutes or is derived, directly or indirectly, from proceeds traceable to the

commission of the offenses charged in Counts One, Two, Six, Seven, Nine, and Ten of the Indictment, including, but not limited to, a sum of money representing the amount of proceeds obtained as a result of the said offenses, to wit, approximately $170 billion, and all property traceable thereto, for which the defendants are jointly and severally liable; and a forfeiture allegation, pursuant to 18 U.S.C. § 982, seeking forfeiture of all property constituting or derived from proceeds obtained directly or indirectly as a result of the offenses charged in Counts Sixteen and Seventeen of the indictment, and all property traceable to such property, including but not limited to a sum of money representing the amount of proceeds obtained as a result of the said offenses, to wit, approximately $3,585,000, and all property traceable thereto;

WHEREAS, on or about March 24, 2014, the jury returned a guilty verdict against the defendant as to Counts One, Two, Six, Seven, Nine, Ten, Twelve, Thirteen, Sixteen, Seventeen, and Thirty-One through Thirty-Three of the Indictment;

WHEREAS, the Court finds the United States is entitled to a money judgment in the amount of $158,641,153,591 in United States currency, representing the proceeds obtained as a result of the offenses charged in Counts One, Two, Six, Seven, Nine, and Ten of the Indictment pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982, and 28 U.S.C. § 2461, and a money judgment in the amount of $3,417,804.26 in United States currency, representing the proceeds obtained as a result of the offenses charged in Counts Sixteen and Seventeen, pursuant to 18 U.S.C. § 982;

WHEREAS, the Court finds that the assets identified in Schedule A attached hereto (the "Specific Property") constitute or are derived from proceeds traceable to the commission of the offenses charged in Counts One, Two, Six, Seven, Nine, Ten, Sixteen and Seventeen of the Indictment;

2

IT IS HEREBY ORDERED THAT:

1.      As a result of the offenses charged in Counts One, Two, Six, Seven, Nine, and Ten of the Indictment, of which the defendant was found guilty following a jury trial, a money judgment in the amount of $158,641,153,591 in United States currency (the "First Money Judgment") shall be entered against the defendant, for which she shall be jointly and severally liable as to any forfeiture money judgment entered against her codefendants in this case, DANIEL BONVENTRE, ANNETTE BONGIORNO, JEROME O'HARA, GEORGE PEREZ, ERIC S. LIPKIN, DAVID L. KUGEL, ENRICA COTELESSA-PITZ, CRAIG KUGEL, IRWIN LIPKIN, PETER MADOFF, and PAUL J. KONIGSBERG, as well as any forfeiture money judgment entered against BERNARD L. MADOFF in *United States* v. *Madoff*, 09 Cr. 213 (DC), DAVID G. FRIEHLING in *United States* v. *Friehling*, 09 Cr. 700 (AKH), and FRANK DIPASCALI in *United States* v. *DiPascali*, 09 Cr. 764 (RJS) (S.D.N.Y.).

2.      As a result of the offenses charged in Counts Sixteen and Seventeen of the Indictment, of which the defendant was found guilty following a jury trial, a money judgment in the amount of $3,417,804.26 in United States currency (the "Second Money Judgment") shall be entered against the defendant.

3.      As a result of the offenses charged in Counts One, Two, Six, Seven, Nine, Ten, Sixteen, and Seventeen of the Indictment, all of the defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

4.      Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, upon entry of this Preliminary Order of Forfeiture as to Specific Property/Money Judgment at sentencing, this Preliminary Order of Forfeiture as to Specific Property/Money Judgment is final

3

as to the defendant, JOANN CRUPI, a/k/a "Jodi," and shall be deemed part of the sentence of the defendant, and shall be included in the judgment of conviction therewith.

5.      Upon entry of this Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States Marshals Service is authorized to seize the Specific Property and hold the Specific Property in its secure, custody and control.

6.      Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States shall publish for at least thirty (30) consecutive days on the official government internet forfeiture site, www.forfeiture.gov, notice of this Preliminary Order of Forfeiture as to Specific Property/Money Judgment.   Any person, other than the defendant in this case, claiming an interest in the Specific Property must file a petition within sixty (60) days from the first day of publication of the notice on this official government internet site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

7.      This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title and interest in the Specific Property and any additional facts supporting the petitioner's claim and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

8.      Pursuant to Rule 32.2(b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

9.      Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n) and Rule 32.2(c)(2) of the Federal Rules of Criminal Procedure, in which all third-party interests will be addressed.   If finally forfeited to the United States, the Specific Property and the Civil Forfeiture Property shall be applied in partial satisfaction of the Money Judgments.

10.      All payments on the outstanding Money Judgments shall be made by postal money order, bank or certified check, made payable, in this instance, to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Asset Forfeiture Unit, One St. Andrew's Plaza, New York, New York 10007, and shall indicate the defendant's name and case number.

11.      Upon execution of this Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and pursuant to Title 21, United States Code, Section 853, the United States Marshals Service shall be authorized to deposit the payments on the Money Judgment in the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

12.      The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure.

13.      Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, upon entry of this Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas, pursuant to Rule 45 of the Federal Rules of Civil Procedure.

14.     The Clerk of the Court shall forward three certified copies of this

Preliminary Order of Forfeiture as to Specific Property/Money Judgment to Assistant United

States Attorney Paul M. Monteleoni, Money Laundering and Asset Forfeiture Unit, One St.

Andrew's Plaza, New York, New York, 10007.


SO ORDERED:


_____          _____
HONORABLE LAURA TAYLOR SWAIN                         DATE
UNITED STATES DISTRICT JUDGE

# SCHEDULE A

The Court finds that the following assets (the "Specific Property") are subject to forfeiture:

a. ALL RIGHT, TITLE AND INTEREST IN THE PROCEEDS OF THE SALE OF THE REAL PROPERTY AND APPURTENANCES KNOWN AS 1081 BARNEGAT LANE, MANTOLOKING, NEW JERSEY, 08738, SHOWN ON THE MUNICIPAL TAX MAP OF THE BOROUGH OF MANTOLOKING, OCEAN COUNTY, NEW JERSEY, AS LOT 33, BLOCK 24 (the "Mantoloking Funds");

b. ALL RIGHT, TITLE AND INTEREST IN 63 PERCENT OF THE VALUE OF THE REAL PROPERTY AND APPURTENANCES KNOWN AS 436 GROVE STREET, WESTFIELD, NEW JERSEY, 07090, SHOWN ON THE TAX MAP OF THE TOWNSHIP OF WESTFIELD, UNION COUNTY, NEW JERSEY, AS BLOCK 4204, LOT 8.02 (the "Westfield Property");

c. 79 PERCENT OF THE VALUE OF ALL FUNDS OR OTHER PROPERTY HELD IN ACCOUNT NO. 785-870624 AT TD AMERITRADE, HELD IN THE NAME OF JUDITH GAIL BOWEN (the "0624 Account");

d. $3990.62 ON DEPOSIT IN ACCOUNT NO. 7850349338 AT TD BANK, HELD IN THE NAME OF JUDITH G. BOWEN (the "9338 Account");

e. $2,617.79 ON DEPOSIT IN ACCOUNT NO. 7850351268 AT TD BANK, HELD IN THE NAME OF JO ANN CRUPI OR JUDITH G. BOWEN (the "1268 Account");

f. ALL FUNDS ON DEPOSIT IN ACCOUNT NO. 7870002792 AT TD BANK, HELD IN THE NAME OF JUDITH G. BOWEN (the "2792 Account");

g. 80 PERCENT OF THE VALUE OF ALL FUNDS OR OTHER PROPERTY HELD IN IRA ACCOUNT NO. 786-065391 AT TD AMERITRADE, HELD IN THE NAME OF JO ANN CRUPI (the "5391 Account");

h. $8115.69 HELD ON ACCOUNT FOR JOANN CRUPI BY DUANE MORRIS LLP, ONE RIVERFRONT PLAZA, 1037 RAYMOND BOULEVARD, SUITE 1800, NEWARK, NJ 07102-5429 EXCEPT FOR THOSE FUNDS EARNED BUT NOT DRAWN AS OF DECEMBER 21, 2010 (the "Duane Morris Funds");

and all property traceable thereto.

A-1

**Fourth Proposed Order**

**September 25, 2014**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------x
                               :

UNITED STATES OF AMERICA

                               :     PRELIMINARY ORDER OF

     -v.-                           FORFEITURE AS TO SPECIFIC

                               :     <u>PROPERTY/MONEY JUDGMENT</u>

JOANN CRUPI,

      a/k/a "Jodi,"                :     S10 10 CR. 228 (LTS)

              Defendant.       :

--------------------------------------------------------x

          WHEREAS, on or about July 29, 2013, JOANN CRUPI a/k/a "Jodi" (the "defendant"), among others, was charged in a thirty-three-count Superseding Indictment, S10 10 CR. 228 (LTS) (the "Indictment"), with conspiracy to defraud Madoff Securities investment advisory clients, in violation 18 U.S.C. § 371 (Count One); conspiracy to commit securities fraud and to falsify books and records relating to audits of Madoff securities, in violation of 18 U.S.C. § 371 (Count Two); two counts of securities fraud, in violation of 15 U.S.C. §§ 78j(b) and 78ff; 17 C.F.R. § 240.240.10b-5; 18 U.S.C. § 2 (Counts Six and Seven); two counts of falsifying records of a broker-dealer in violation of 15 U.S.C. §§ 78q(a) and 78ff; 17 C.F.R. §§ 240.17a-3; 18 U.S.C. § 2 (Counts Nine and Ten); two counts of falsifying records of an investment adviser in violation of 15 U.S.C. §§ 80b-4 and 80b-17; 17 C.F.R. §§ 275.204-2; and 18 U.S.C. § 2 (Counts Twelve and Thirteen); conspiracy to commit bank fraud in violation of 18 U.S.C. § 1349 (Count Sixteen); bank fraud in violation of 18 U.S.C. § 1344 and 2 (Count Seventeen); and three counts of tax evasion in violation of 26 U.S.C. § 7201 (Counts Thirty-One through Thirty-Three);

          WHEREAS, the Indictment included a forfeiture allegation, seeking forfeiture to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, of all property, real and personal, that constitutes or is derived, directly or indirectly, from proceeds traceable to the

commission of the offenses charged in Counts One, Two, Six, Seven, Nine, and Ten of the Indictment, including, but not limited to, a sum of money representing the amount of proceeds obtained as a result of the said offenses, to wit, approximately $170 billion, and all property traceable thereto, for which the defendants are jointly and severally liable; and a forfeiture allegation, pursuant to 18 U.S.C. § 982, seeking forfeiture of all property constituting or derived from proceeds obtained directly or indirectly as a result of the offenses charged in Counts Sixteen and Seventeen of the indictment, and all property traceable to such property, including but not limited to a sum of money representing the amount of proceeds obtained as a result of the said offenses, to wit, approximately $3,585,000, and all property traceable thereto;

WHEREAS, on or about March 24, 2014, the jury returned a guilty verdict against the defendant as to Counts One, Two, Six, Seven, Nine, Ten, Twelve, Thirteen, Sixteen, Seventeen, and Thirty-One through Thirty-Three of the Indictment;

WHEREAS, the Court finds the United States is entitled to a money judgment in the amount of $158,641,153,591 in United States currency, representing the proceeds obtained as a result of the offenses charged in Counts One, Two, Six, Seven, Nine, and Ten of the Indictment pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982, and 28 U.S.C. § 2461, and a money judgment in the amount of $3,417,804.26 in United States currency, representing the proceeds obtained as a result of the offenses charged in Counts Sixteen and Seventeen, pursuant to 18 U.S.C. § 982;

WHEREAS, the Court finds that the assets identified in Schedule A attached hereto (the "Specific Property") constitute or are derived from proceeds traceable to the commission of the offenses charged in Counts One, Two, Six, Seven, Nine, Ten, Sixteen and Seventeen of the Indictment;

IT IS HEREBY ORDERED THAT:

1.     As a result of the offenses charged in Counts One, Two, Six, Seven, Nine, and Ten of the Indictment, of which the defendant was found guilty following a jury trial, a money judgment in the amount of $158,641,153,591 in United States currency (the "First Money Judgment") shall be entered against the defendant, for which she shall be jointly and severally liable as to any forfeiture money judgment entered against her codefendants in this case, DANIEL BONVENTRE, ANNETTE BONGIORNO, JEROME O'HARA, GEORGE PEREZ, ERIC S. LIPKIN, DAVID L. KUGEL, ENRICA COTELESSA-PITZ, CRAIG KUGEL, IRWIN LIPKIN, PETER MADOFF, and PAUL J. KONIGSBERG, as well as any forfeiture money judgment entered against BERNARD L. MADOFF in *United States* v. *Madoff*, 09 Cr. 213 (DC), DAVID G. FRIEHLING in *United States* v. *Friehling*, 09 Cr. 700 (AKH), and FRANK DIPASCALI in *United States* v. *DiPascali*, 09 Cr. 764 (RJS) (S.D.N.Y.).

2.     As a result of the offenses charged in Counts Sixteen and Seventeen of the Indictment, of which the defendant was found guilty following a jury trial, a money judgment in the amount of $3,417,804.26 in United States currency (the "Second Money Judgment") shall be entered against the defendant.

3.     As a result of the offenses charged in Counts One, Two, Six, Seven, Nine, Ten, Sixteen, and Seventeen of the Indictment, all of the defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

4.     Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, upon entry of this Preliminary Order of Forfeiture as to Specific Property/Money Judgment at sentencing, this Preliminary Order of Forfeiture as to Specific Property/Money Judgment is final

3

as to the defendant, JOANN CRUPI, a/k/a "Jodi," and shall be deemed part of the sentence of the

defendant, and shall be included in the judgment of conviction therewith.

5.     Upon entry of this Preliminary Order of Forfeiture as to Specific

Property/Money Judgment, the United States Marshals Service is authorized to seize the Specific

Property and hold the Specific Property in its secure, custody and control.

6.     Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6)

of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the

Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United

States shall publish for at least thirty (30) consecutive days on the official government internet

forfeiture site, www.forfeiture.gov, notice of this Preliminary Order of Forfeiture as to Specific

Property/Money Judgment.   Any person, other than the defendant in this case, claiming an

interest in the Specific Property must file a petition within sixty (60) days from the first day of

publication of the notice on this official government internet site, or no later than thirty-five (35)

days from the mailing of actual notice, whichever is earlier.

7.     This notice shall state that the petition shall be for a hearing to adjudicate

the validity of the petitioner's alleged interest in the Specific Property, shall be signed by the

petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right,

title and interest in the Specific Property and any additional facts supporting the petitioner's claim

and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

8.     Pursuant to Rule 32.2(b)(6)(A) of the Federal Rules of Criminal Procedure,

the Government shall send notice to any person who reasonably appears to be a potential claimant

with standing to contest the forfeiture in the ancillary proceeding.

4

9.       Upon adjudication of all third-party interests, this Court will enter a Final

Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code,

Section 853(n) and Rule 32.2(c)(2) of the Federal Rules of Criminal Procedure, in which all

third-party interests will be addressed.   If finally forfeited to the United States, the Specific

Property and the Civil Forfeiture Property shall be applied in partial satisfaction of the Money

Judgments.

10.       All payments on the outstanding Money Judgments shall be made by postal

money order, bank or certified check, made payable, in this instance, to the United States Marshals

Service, and delivered by mail to the United States Attorney's Office, Southern District of New

York, Attn: Money Laundering and Asset Forfeiture Unit, One St. Andrew's Plaza, New York,

New York 10007, and shall indicate the defendant's name and case number.

11.       Upon execution of this Preliminary Order of Forfeiture as to Specific

Property/Money Judgment, and pursuant to Title 21, United States Code, Section 853, the United

States Marshals Service shall be authorized to deposit the payments on the Money Judgment in the

Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

12.       The Court shall retain jurisdiction to enforce this Order, and to amend it as

necessary, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure.

13.       Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure,

upon entry of this Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the

United States Attorney's Office is authorized to conduct any discovery needed to identify, locate

or dispose of forfeitable property, including depositions, interrogatories, requests for production of

documents and the issuance of subpoenas, pursuant to Rule 45 of the Federal Rules of Civil

Procedure.

5

14.    The Clerk of the Court shall forward three certified copies of this

Preliminary Order of Forfeiture as to Specific Property/Money Judgment to Assistant United

States Attorney Paul M. Monteleoni, Money Laundering and Asset Forfeiture Unit, One St.

Andrew's Plaza, New York, New York, 10007.


SO ORDERED:


_____          _____
HONORABLE LAURA TAYLOR SWAIN                DATE
UNITED STATES DISTRICT JUDGE

6

# SCHEDULE A

The Court finds that the following assets (the "Specific Property") are subject to forfeiture:

a.  ALL RIGHT, TITLE AND INTEREST IN THE PROCEEDS OF THE SALE OF THE REAL PROPERTY AND APPURTENANCES KNOWN AS 1081 BARNEGAT LANE, MANTOLOKING, NEW JERSEY, 08738, SHOWN ON THE MUNICIPAL TAX MAP OF THE BOROUGH OF MANTOLOKING, OCEAN COUNTY, NEW JERSEY, AS LOT 33, BLOCK 24 (the "Mantoloking Funds");

b.  ALL RIGHT, TITLE AND INTEREST IN 63 PERCENT OF THE VALUE OF THE REAL PROPERTY AND APPURTENANCES KNOWN AS 436 GROVE STREET, WESTFIELD, NEW JERSEY, 07090, SHOWN ON THE TAX MAP OF THE TOWNSHIP OF WESTFIELD, UNION COUNTY, NEW JERSEY, AS BLOCK 4204, LOT 8.02 (the "Westfield Property");

c.  49 PERCENT OF THE VALUE OF ALL FUNDS OR OTHER PROPERTY HELD IN ACCOUNT NO. 785-870624 AT TD AMERITRADE, HELD IN THE NAME OF JUDITH GAIL BOWEN (the "0624 Account");

d.  $2,617.79 ON DEPOSIT IN ACCOUNT NO. 7850351268 AT TD BANK, HELD IN THE NAME OF JO ANN CRUPI OR JUDITH G. BOWEN (the "1268 Account");

e.  ALL FUNDS ON DEPOSIT IN ACCOUNT NO. 7870002792 AT TD BANK, HELD IN THE NAME OF JUDITH G. BOWEN (the "2792 Account");

f.  80 PERCENT OF THE VALUE OF ALL FUNDS OR OTHER PROPERTY HELD IN IRA ACCOUNT NO. 786-065391 AT TD AMERITRADE, HELD IN THE NAME OF JO ANN CRUPI (the "5391 Account");

g.  $3990.62 HELD ON ACCOUNT FOR JOANN CRUPI BY DUANE MORRIS LLP, ONE RIVERFRONT PLAZA, 1037 RAYMOND BOULEVARD, SUITE 1800, NEWARK, NJ 07102-5429 EXCEPT FOR THOSE FUNDS EARNED BUT NOT DRAWN AS OF DECEMBER 21, 2010 (the "Duane Morris Funds");

and all property traceable thereto.

A-1

**Fifth Proposed Order**

**October 1, 2014**

Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x

                                              :

UNITED STATES OF AMERICA

                                              :     PRELIMINARY ORDER OF

    -v.-                                       FORFEITURE AS TO SPECIFIC

                                              :     <u>PROPERTY/MONEY JUDGMENT</u>

JOANN CRUPI,

       a/k/a "Jodi,"                         :     S10 10 CR. 228 (LTS)

                         Defendant.       :

---------------------------------------------------------x

        WHEREAS, on or about July 29, 2013, JOANN CRUPI a/k/a "Jodi" (the "defendant"), among others, was charged in a thirty-three-count Superseding Indictment, S10 10 CR. 228 (LTS) (the "Indictment"), with conspiracy to defraud Madoff Securities investment advisory clients, in violation 18 U.S.C. § 371 (Count One); conspiracy to commit securities fraud and to falsify books and records relating to audits of Madoff securities, in violation of 18 U.S.C. § 371 (Count Two); two counts of securities fraud, in violation of 15 U.S.C. §§ 78j(b) and 78ff; 17 C.F.R. § 240.240.10b-5; 18 U.S.C. § 2 (Counts Six and Seven); two counts of falsifying records of a broker-dealer in violation of 15 U.S.C. §§ 78q(a) and 78ff; 17 C.F.R. §§ 240.17a-3; 18 U.S.C. § 2 (Counts Nine and Ten); two counts of falsifying records of an investment adviser in violation of 15 U.S.C. §§ 80b-4 and 80b-17; 17 C.F.R. §§ 275.204-2; and 18 U.S.C. § 2 (Counts Twelve and Thirteen); conspiracy to commit bank fraud in violation of 18 U.S.C. § 1349 (Count Sixteen); bank fraud in violation of 18 U.S.C. § 1344 and 2 (Count Seventeen); and three counts of tax evasion in violation of 26 U.S.C. § 7201 (Counts Thirty-One through Thirty-Three);

        WHEREAS, the Indictment included a forfeiture allegation, seeking forfeiture to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, of all property, real and personal, that constitutes or is derived, directly or indirectly, from proceeds traceable to the

commission of the offenses charged in Counts One, Two, Six, Seven, Nine, and Ten of the

Indictment, including, but not limited to, a sum of money representing the amount of proceeds

obtained as a result of the said offenses, to wit, approximately $170 billion, and all property

traceable thereto, for which the defendants are jointly and severally liable; and a forfeiture

allegation, pursuant to 18 U.S.C. § 982, seeking forfeiture of all property constituting or derived

from proceeds obtained directly or indirectly as a result of the offenses charged in Counts Sixteen

and Seventeen of the indictment, and all property traceable to such property, including but not

limited to a sum of money representing the amount of proceeds obtained as a result of the said

offenses, to wit, approximately $3,585,000, and all property traceable thereto;

WHEREAS, on or about March 24, 2014, the jury returned a guilty verdict against

the defendant as to Counts One, Two, Six, Seven, Nine, Ten, Twelve, Thirteen, Sixteen,

Seventeen, and Thirty-One through Thirty-Three of the Indictment;

WHEREAS, the Court finds the United States is entitled to a money judgment in

the amount of $158,641,153,591 in United States currency, representing the proceeds obtained as a

result of the offenses charged in Counts One, Two, Six, Seven, Nine, and Ten of the Indictment

pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982, and 28 U.S.C. § 2461, and a money judgment in the

amount of $3,417,804.26 in United States currency, representing the proceeds obtained as a result

of the offenses charged in Counts Sixteen and Seventeen, pursuant to 18 U.S.C. § 982;

WHEREAS, the Court finds that the assets identified in Schedule A attached hereto

(the "Specific Property") constitute or are derived from proceeds traceable to the commission of

the offenses charged in Counts One, Two, Six, Seven, Nine, Ten, Sixteen and Seventeen of the

Indictment;

2

IT IS HEREBY ORDERED THAT:

1.      As a result of the offenses charged in Counts One, Two, Six, Seven, Nine, and Ten of the Indictment, of which the defendant was found guilty following a jury trial, a money judgment in the amount of $158,641,153,591 in United States currency (the "First Money Judgment") shall be entered against the defendant, for which she shall be jointly and severally liable as to any forfeiture money judgment entered against her codefendants in this case, DANIEL BONVENTRE, ANNETTE BONGIORNO, JEROME O'HARA, GEORGE PEREZ, ERIC S. LIPKIN, DAVID L. KUGEL, ENRICA COTELESSA-PITZ, CRAIG KUGEL, IRWIN LIPKIN, PETER MADOFF, and PAUL J. KONIGSBERG, as well as any forfeiture money judgment entered against BERNARD L. MADOFF in *United States* v. *Madoff*, 09 Cr. 213 (DC), DAVID G. FRIEHLING in *United States* v. *Friehling*, 09 Cr. 700 (AKH), and FRANK DIPASCALI in *United States* v. *DiPascali*, 09 Cr. 764 (RJS) (S.D.N.Y.).

2.      As a result of the offenses charged in Counts Sixteen and Seventeen of the Indictment, of which the defendant was found guilty following a jury trial, a money judgment in the amount of $3,417,804.26 in United States currency (the "Second Money Judgment") shall be entered against the defendant.

3.      As a result of the offenses charged in Counts One, Two, Six, Seven, Nine, Ten, Sixteen, and Seventeen of the Indictment, all of the defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

4.      Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, upon entry of this Preliminary Order of Forfeiture as to Specific Property/Money Judgment at sentencing, this Preliminary Order of Forfeiture as to Specific Property/Money Judgment is final

3

as to the defendant, JOANN CRUPI, a/k/a "Jodi," and shall be deemed part of the sentence of the defendant, and shall be included in the judgment of conviction therewith.

5.      Upon entry of this Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States Marshals Service is authorized to seize the Specific Property and hold the Specific Property in its secure, custody and control.

6.      Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States shall publish for at least thirty (30) consecutive days on the official government internet forfeiture site, www.forfeiture.gov, notice of this Preliminary Order of Forfeiture as to Specific Property/Money Judgment.   Any person, other than the defendant in this case, claiming an interest in the Specific Property must file a petition within sixty (60) days from the first day of publication of the notice on this official government internet site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

7.      This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title and interest in the Specific Property and any additional facts supporting the petitioner's claim and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

8.      Pursuant to Rule 32.2(b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

9.      Upon adjudication of all third-party interests, this Court will enter a Final

Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code,

Section 853(n) and Rule 32.2(c)(2) of the Federal Rules of Criminal Procedure, in which all

third-party interests will be addressed.   If finally forfeited to the United States, the Specific

Property and the Civil Forfeiture Property shall be applied in partial satisfaction of the Money

Judgments.

10.      All payments on the outstanding Money Judgments shall be made by postal

money order, bank or certified check, made payable, in this instance, to the United States Marshals

Service, and delivered by mail to the United States Attorney's Office, Southern District of New

York, Attn: Money Laundering and Asset Forfeiture Unit, One St. Andrew's Plaza, New York,

New York 10007, and shall indicate the defendant's name and case number.

11.      Upon execution of this Preliminary Order of Forfeiture as to Specific

Property/Money Judgment, and pursuant to Title 21, United States Code, Section 853, the United

States Marshals Service shall be authorized to deposit the payments on the Money Judgment in the

Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

12.      The Court shall retain jurisdiction to enforce this Order, and to amend it as

necessary, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure.

13.      Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure,

upon entry of this Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the

United States Attorney's Office is authorized to conduct any discovery needed to identify, locate

or dispose of forfeitable property, including depositions, interrogatories, requests for production of

documents and the issuance of subpoenas, pursuant to Rule 45 of the Federal Rules of Civil

Procedure.

5

14. The Clerk of the Court shall forward three certified copies of this Preliminary Order of Forfeiture as to Specific Property/Money Judgment to Assistant United States Attorney Paul M. Monteleoni, Money Laundering and Asset Forfeiture Unit, One St. Andrew's Plaza, New York, New York, 10007.


SO ORDERED:


_____          _____
HONORABLE LAURA TAYLOR SWAIN                DATE
UNITED STATES DISTRICT JUDGE

## SCHEDULE A

The Court finds that the following assets (the "Specific Property") are subject to forfeiture:

a.  ALL RIGHT, TITLE AND INTEREST IN THE PROCEEDS OF THE SALE OF THE REAL PROPERTY AND APPURTENANCES KNOWN AS 1081 BARNEGAT LANE, MANTOLOKING, NEW JERSEY, 08738, SHOWN ON THE MUNICIPAL TAX MAP OF THE BOROUGH OF MANTOLOKING, OCEAN COUNTY, NEW JERSEY, AS LOT 33, BLOCK 24 (the "Mantoloking Funds");

b.  ALL RIGHT, TITLE AND INTEREST IN 63 PERCENT OF THE VALUE OF THE REAL PROPERTY AND APPURTENANCES KNOWN AS 436 GROVE STREET, WESTFIELD, NEW JERSEY, 07090, SHOWN ON THE TAX MAP OF THE TOWNSHIP OF WESTFIELD, UNION COUNTY, NEW JERSEY, AS BLOCK 4204, LOT 8.02 (the "Westfield Property");

c.  49 PERCENT OF THE VALUE OF ALL FUNDS OR OTHER PROPERTY HELD IN ACCOUNT NO. 785-870624 AT TD AMERITRADE, HELD IN THE NAME OF JUDITH GAIL BOWEN (the "0624 Account");

d.  $978.54 ON DEPOSIT IN ACCOUNT NO. 7850351268 AT TD BANK, HELD IN THE NAME OF JO ANN CRUPI OR JUDITH G. BOWEN (the "1268 Account");

e.  ALL FUNDS ON DEPOSIT IN ACCOUNT NO. 7870002792 AT TD BANK, HELD IN THE NAME OF JUDITH G. BOWEN (the "2792 Account");

f.  80 PERCENT OF THE VALUE OF ALL FUNDS OR OTHER PROPERTY HELD IN IRA ACCOUNT NO. 786-065391 AT TD AMERITRADE, HELD IN THE NAME OF JO ANN CRUPI (the "5391 Account");

g.  $3990.62 HELD ON ACCOUNT FOR JOANN CRUPI BY DUANE MORRIS LLP, ONE RIVERFRONT PLAZA, 1037 RAYMOND BOULEVARD, SUITE 1800, NEWARK, NJ 07102-5429 EXCEPT FOR THOSE FUNDS EARNED BUT NOT DRAWN AS OF DECEMBER 21, 2010 (the "Duane Morris Funds");

and all property traceable thereto.