KRANTZ & BERMAN LLP

Larry H. Krantz
Marjorie E. Berman

Wendy Gerstmann Powell
*Special Counsel*

Kimberly A. Yuhas

David V. Kirby
Aaron Twersky
*Of Counsel*

Writer's E-mail
lkrantz@krantzberman.com

June 15, 2015

**BY ECF and HAND DELIVERY**

Honorable Laura Taylor Swain
United States District Judge
Southern District of New York
500 Pearl Street, 8th Floor Mailroom
New York, New York 10007
Fax:  212-805-0426

  Re: <u>U.S. v. Bonventre, et al., 10 Cr. 228 (LTS)</u>

Dear Judge Swain:

  As you know, we represent George Perez, and we write with an application related to the record on appeal to the Second Circuit in the above-referenced matter.  Specifically, we write to request that the Court unseal the FBI interview report regarding the Government's interview of former FBI agent Keith Kelly, dated December 18, 2013 (the "Report"), so that we may include that report in the appellate record.  The Report was reviewed by the Court *ex parte, in camera*, during the trial of this matter.  At the conclusion of Your Honor's review, no disclosure was ordered, and the Report was sealed.

  We seek its unsealing at this time so that we may include it in the appellate record and determine if we have any appellate issues regarding the Government's refusal to turn the Report over to the defense, or as to the Court's denial of our application that the Report be produced.  Since our appellate brief is due on July 21, 2015, we respectfully ask that this application be resolved reasonably in advance of that date.

  **<u>The Facts Justifying this Application</u>**

  As the Court may recall, the testimony of Matthew Cohen was hotly contested at trial. Specifically, Mr. Cohen testified at trial to an alleged "confession" from Mr. Perez, supposedly made to Mr. Cohen in early 2009.  However, Mr. Cohen had been interviewed by the prior prosecution team in 2011 and made no mention of Mr. Perez's alleged statement.  Instead, at the prior interview, Mr. Cohen reported a statement from Mr. Perez that was exculpatory, rather than inculpatory.  Further, the current prosecution team had no knowledge of the alleged "confession" until just days before trial.

To:  Hon. Laura Taylor Swain
June 15, 2015
Page 2 of 3

      Initial briefing related to this issue commenced on November 11, 2013, which was triggered by Mr. Cohen's claim, in his trial testimony, that he (Cohen) had immediately reported Mr. Perez's alleged incriminating statement to former FBI Agent Keith Kelly at the time it was made.  *See* 10-CR-228, ECF Docket Nos. 529, 530, 548.  Since there were no FBI reports supporting this claim, the defense asked that the prosecution team be required to make inquiry of former Agent Kelly (among others), in order to determine if his recollection contradicted that of Mr. Cohen's.  The Court denied Mr. Perez's application by Order, dated December 4, 2013, but suggested that "the Government may not fully comprehend the scope of its *Brady/Giglio* obligation."  *See* 10-CR-228, ECF Docket No. 558 at 3.  Specifically, in its Order, the Court held that: "If any individuals to whom Mr. Cohen claims to have communicated the statement prior to trial has a definitive recollection that Mr. Cohen made no such disclosure, the impact on the jury's assessment of Mr. Cohen's credibility could conceivably be significant."  *See id.* at 4.

      Subsequent to this Order, the Government announced in open court the following:

> [W]e spoke yesterday to the only person that Mr. Cohen identified that he actually relayed the statement to, which was a former FBI Agent Keith Kelly. We asked him about his recollection. His recollection was entirely consistent with Mr. Cohen's testimony, so we don't think we have any disclosure obligation in that respect.  In the event that we choose to call former Agent Kelly as a witness to prove the prior consistent statement, we will obviously provide the notes of that and the 302 as 3500 material to the defense. I wanted to provide that update so that there was a clear record of the steps the government had taken.

Trial Tr. 6483:4-15, annexed as Exhibit A.

      After making this announcement, the Government removed Keith Kelly from its witness list, and refused to turn over the report of his interview.  The defense then made an application requesting that the Court review Agent Kelly's 3500 material *in camera*, so that the Court could determine whether there was any basis for its disclosure.  *See* 10-CR-228, ECF Docket No. 640 at 8-9.  Furthermore, the Government stated on the record that it had no objection to our request for an *in camera* review by the Court.  *See* Trial Tr. at 8610:13-18, annexed as Exhibit B.

      Subsequently, the Court announced on the record: "I did review the 302 regarding the interview with Agent Kelly.  There is nothing in there that warrants disclosure at this juncture.  I have directed [the Courtroom Deputy] to file that 302 material under seal labeled '302 notes re Agent Kelly 12/18/13.'"  Trial Tr. at 8631:25-8632:4, annexed as Exhibit C.

### The Report Should be Unsealed at this Time

      We respectfully ask that the Report be unsealed at this time, so that it may be made a part of the appellate record.  We make this request so that we may determine whether there are appropriate appellate arguments based on the information contained therein, specifically, whether the Report should have been turned over by the Government either as *Brady* material or

as information "material to preparing the defense." *See* Fed. R. Crim. P. 16(a)(1)(E)(i).  The law is clear that the sealing of documents is disfavored, and that there must be a compelling reason for such sealing.  *See, e.g., Istithmar World PJSC v. Amato*, 2013 WL 66478, at *3 (S.D.N.Y. Jan. 7, 2013) ("There is a strong presumption that judicial proceedings and documents are a matter of public record . . . . The Court must therefore determine whether the party seeking to seal the records has rebutted the strong presumption of access.").  Here, whatever compelling reason may have existed *during* the trial, it is plainly inapplicable at this time.  Indeed, there is nothing about the Report (as far as we know) that involves confidential government information or any other information that should not be in the public domain.  Thus, it should be unsealed and made a part of the appellate record.  As the Seventh Circuit stated in *Milam v. Dominick's Finer Foods*:

> A judicial decision based on information that has been withheld from counsel (in addition to the parties and the public) is extraordinary and requires a compelling justification, which no one in this case has articulated.  This appeal cannot proceed in an orderly fashion under a veil of unexplained secrecy. . . . The affidavit therefore is unsealed and placed in the public record.

567 F.3d 830, 832 (7th Cir. 2009).

Similarly, under the circumstances presented here, the Report at issue should be unsealed at this time.  Simply put, there is no longer any compelling reason for its sealing, and we have no ability to vindicate our appellate rights with respect to this issue without having an opportunity to examine the Report.

We thank the Court for its consideration of this letter.

                                                                              Respectfully submitted,

                                                                              Larry H. Krantz

cc:      All Counsel (By ECF)